**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SONOS, INC., | |
| Plaintiff, | |
| vs. | Case No. 6:20-cv-00881-ADA |
| GOOGLE LLC, | |
| Defendant. | |

## GOOGLE LLC'S RULE 12(B)(3) MOTION TO STAY OR DISMISS PURSUANT TO THE FIRST-TO-FILE RULE

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................... 1

II.     BACKGROUND ..................................................................... 2

     A.      The First-Filed California Action ............................................ 2

     B.      The Second-Filed Texas Action .............................................. 3

     C.      The Court In The First-Filed Case Is Considering The First-To-File Issues ................................................................................ 3

     D.      The Parties Agreed To Litigate In California. ............................. 3

III.    LEGAL STANDARD ............................................................... 4

     A.      First-To-File Rule ............................................................... 4

IV.     ARGUMENT ......................................................................... 5

     A.      This Case Should Be Stayed Or Dismissed Pursuant To The First-To-File Rule. ................................................................................ 5

          1.      This Case And The California Action Are Substantially Similar. .. 6

          2.      This Court Should Stay This Case Pending The Outcome Of Sonos's Motion To Dismiss In The California Action. .................. 7

          3.      In The Alternative, The Court Should Decline To Exercise Jurisdiction And Dismiss The Case Pursuant To Rule 12(b)(3)..... 8

          4.      No Compelling Circumstances Exist That Would Justify Departing From The First-To-File Rule......................................................... 9

               (a)      The Northern District Is The Most Convenient Forum..... 10

V.      CONCLUSION ..................................................................... 17

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amerifreight, Inc. v. Belacon Pallet Servs., LLC,*
No. 2:15-cv-5607 RSWL (JPRx), 2015 U.S. Dist. LEXIS 189989 (C.D. Cal. Nov. 10, 2015) ...................................................................................................................5

*Cameron Int'l Corp. v. Nitro Fluids L.L.C.,*
No. 6:20-cv-00125-ADA, 2020 WL 3259809 (W.D. Tex. June 16, 2020) .............. passim

*Cummins-Allison Corp. v. Glory Ltd.,*
No. 2–03–CV–358TJ, 2004 WL 1635534 (E.D. Tex. May 26, 2004) ...............................7

*DataQuill, Ltd. v. Apple Inc.,*
No. A–13–CA–706–SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) .......................13

*Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC,*
No. 18-CV-413 LY, 2018 WL 5539929 (W.D. Tex. Oct. 29, 2018) ...............................14

*Gateway Mortg. Grp., L.L.C. v. Lehman Bros. Holdings, Inc.,*
694 Fed. App'x. 225 (5th Cir. 2017) .............................................................................9

*Google LLC v. Sonos, Inc.,*
No. 3-20-cv-06754 (N.D. Cal. Sep. 28, 2020) ................................................................2

*In re Acer America Corp.,*
626 F.3d 1252 (Fed. Cir. 2010) .....................................................................................15

*In re Adobe Inc.,*
823 Fed.App'x. 929 (Fed. Cir. 2020) ...........................................................................17

*In re Apple Inc.,*
No. 2020-135, – F.3d –, 2020 WL 6554063 (Fed. Cir. Nov. 9, 2020) ......................16, 17

*In re Genentech,*
566 F.3d 1338 (Fed. Cir. 2009) ................................................................................11, 16

*In re Google Inc.,*
No. 17-0107, 2017 WL 977038 (Fed. Cir.  Feb. 23, 2017) ...........................................11

*In re Hoffmann-La Roche Inc.,*
587 F.3d 1333 (Fed. Cir. 2009) ................................................................................12, 16

*In re Nintendo Co., Ltd.,*
589 F.3d 1194 (Fed. Cir. 2009) .....................................................................................11

*In re Nitro Fluids LLC,*
No. 20-142, – F.3d –, 2020 WL 6301719  (Fed. Cir. Oct. 28, 2020). ......................1, 5, 10

*In re Volkswagen of Am. Inc.,*
545 F.3d 304 (5th Cir. 2008) .........................................................................................10

*Lear Siegler Services v. Ensil Int'l. Corp.*, No. SA-05-CA-0679-XR, 2005 WL 2645008
(W.D. Tex. Sep.. 20, 2005) ......................................................................................8

*Mann Mfg., Inc. v. Hortex, Inc.*,
439 F.2d 403 (5th Cir. 1971)................................................................................5, 8

*Pacesetter Sys. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982)......................................................................................9

*Parallel Networks, LLC v. Microsoft Corp.*,
No. 2:09-cv-172, 2009 WL 10708739 (E.D. Tex. Aug. 3, 2009) .................................6, 7

*Platt v. Nash*,
No. 4:16-CV-00294, 2016 U.S. Dist. LEXIS 142265 (E.D. Tex. Oct. 14, 2016) .............5

*Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co., Inc.*,
No. SA:04-CA-864-XR, 2005 WL 357657 (W.D. Tex. Feb. 1, 2005) ......................9, 10

*Ruckus Wireless, Inc. v. Harris Corp.*,
No. 11-CV-01944-LHK, 2012 U.S. Dist. LEXIS 22336 (N.D. Cal. Feb. 22, 2012), .........8

*Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*,
614 F. Supp. 2d 772 (E.D. Tex. 2009)......................................................................6, 7

*Save Power Ltd. v. Syntek Finance Corp.*,
121 F.3d 947 (5th Cir. 1997)................................................................................5, 10

*SIPCO, LLC v. Emerson Elec. Co.*,
No. 6:15-CV-907, 2016 WL 7743496 (E.D. Tex. July 1, 2016)....................................6

*Sutter Corp. v. P & P Indus., Inc.*,
125 F.3d 914 (5th Cir. 1997)....................................................................................5

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*,
815 F.Supp. 994 (E.D. Tex. 1993) ...........................................................................8

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
200 F.3d 795 (Fed. Cir. 1999)..................................................................................8

*VOIP-Pal.com, Inc. v. Apple Inc.*,
No. 6:20-cv-275-ADA, Dkt. 43 (W.D. Tex. Sept. 29, 2020) ..........................................7

<u>STATUTES</u>

28 U.S.C. § 1404(a) .................................................................................................3, 10

<u>RULES</u>

Fed. R. Civ. P. 45(c)(1)(A).........................................................................................15

Fed. R. Civ. P. 45(c)(1)(B)..........................................................................................13

## I.   <u>INTRODUCTION</u>

Defendant Google LLC ("Google") respectfully moves to stay or dismiss this case under the first-to-file rule.  The first-to-file rule dictates that "the court in which an action is first filed should determine whether subsequently filed cases involving substantially similar issues should proceed."  *Cameron Int'l Corp. v. Nitro Fluids L.L.C.*, No. 6:20-cv-00125-ADA, 2020 WL 3259809, at \*2 (W.D. Tex. June 16, 2020), *abrogated on other grounds by In re Nitro Fluids LLC*, No. 20-142, – F.3d –, 2020 WL 6301719 at \*2-3 (Fed. Cir. Oct. 28, 2020).

This is the second-filed case between the parties because Google filed a declaratory judgment action in the Northern District of California (the "Northern District") the day before Sonos filed this case.  And there is no question that the two cases raise "substantially similar issues."  Indeed, this case is a mirror image of the California case because they involve the exact same patents and accused products.

Given the overlap, the Court should stay this case while the California court considers which case should proceed.  Sonos has already moved to dismiss Google's first-filed case in favor of this one, and the parties have fully briefed those issues.  The Honorable William H. Alsup, who is presiding over the first-filed case, is holding a hearing on Sonos's motion to dismiss today.

In the alternative, the Court may decline to exercise jurisdiction and dismiss this case.  If Judge Alsup denies Sonos's motion to dismiss, the issues raised by Sonos's Complaint in this case will be completely resolved by Google's declaratory judgment action in the Northern District.  The infringement claims before this Court are compulsory counterclaims to Google's declaratory non-infringement claims in California, and Sonos has stated that it will present its infringement claims in the Northern District should the case proceed there.

Under Fifth Circuit law and principles of comity, once a court determines that the two cases are "substantially similar," that is the end of the analysis. Google recognizes that this Court has gone further and analyzed the convenience factors typically considered in motions to transfer under 28 U.S.C. § 1404(a) when analyzing whether there are any "compelling circumstances" that warrant departure from the first-to-file rule. But to the extent the Court utilizes the 28 U.S.C. § 1404(a) factors in evaluating whether compelling circumstances exist in this case, those factors do not weigh in favor of proceeding in this District. Sonos has not identified any relevant witnesses or evidence in this District, and this District does not bear any relevant connection to this case.

## II.   BACKGROUND

### A.   The First-Filed California Action

On September 28, 2020, Sonos sent Google a copy of a proposed complaint it said it would file in this District the next day. Cooper Decl. Ex. 1. Upon receiving Sonos's letter, Google investigated Sonos's allegations and filed a declaratory judgment action in the Northern District of California. *Google LLC v. Sonos, Inc.*, No. 3-20-cv-06754 (N.D. Cal. Sep. 28, 2020) (the "California Action"). Cooper Decl., Ex. 2. The California Action seeks a declaratory judgment that certain Chromecast, Home, Nest, Google Play Music, YouTube and Pixel products[1] do not infringe United States Patent Nos. 9,967,615 ("the '615 patent"); 10,779,033 ("the '033 patent"), 9,344,206 ("the '206 patent"); 10,469,966 ("the '966 patent"); and 9,219,460 ("the '460 patent"). Cooper Decl. Ex. 2. The California Action is the first-filed case.

---

[1]   The full list of products at issue in the California case includes Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, Nest Wifi Point, YouTube Music app, Google Play Music app, YouTube app, Google Home app, and Pixel phones, tablets, and laptops. Cooper Decl. Ex. 2.

### B.      The Second-Filed Texas Action

The day after Google filed the California Action, Sonos filed the instant case.  Dkt. 1.  This case is the mirror image of the California Action, involving infringement allegations for the same accused products and the same five patents-in-suit.  *See* Dkt. 1 *and* Cooper Decl. Ex. 2.  This case is the second-filed case.

### C.      The Court In The First-Filed Case Is Considering The First-To-File Issues

Sonos moved to dismiss the first-filed California Action on October 12, 2020, and the parties have fully briefed the first-to-file issues before the California court.  Cooper Decl. Exs. 3, 4, 5.  Among other things, the parties have fully briefed whether the Northern District is a more convenient forum under the 28 U.S.C. § 1404(a) factors, which Federal Circuit and Ninth Circuit law requires the first-filed court to consider as part of its first-to-file analysis, and (as Sonos contends) whether any exceptions to the first-to-file rule apply.  *Id.*[2]  The Honorable William H. Alsup, who is presiding over the first-filed case, is holding a hearing on Sonos's motion to dismiss today.  Cooper Decl. Ex. 6.

### D.      The Parties Agreed To Litigate In California.

Sonos and Google have a long history of collaboration.  Dkt. 1 ¶¶ 11-15 (Dkt. 1 ¶ 12 (noting that "Sonos worked with Google to integrate the Google Play Music service into the Sonos ecosystem" and, as a result of these efforts, "Google Play Music launched on the Sonos platform in 2014").  Sonos's Complaint puts this collaboration at issue.  *See e.g.*, *id.* at ¶ 11 ("Google sought to work with Sonos and, through those efforts, gained access to Sonos's engineers, products, and technology.  All too quickly, however, Google shifted focus and began to develop and sell products that copied Sonos's technology and infringed Sonos's patents."), *id.* ¶ 14 ("Just eighteen months

---

[2]      Google maintains that the Northern District is a more convenient forum to litigate this dispute under 28 U.S.C. § 1404(a), and specifically reserves its right to file a motion to transfer in this District should Judge Alsup grant Sonos's motion to dismiss.

later [after the launch of Google Play Music on the Sonos platform in 2014], in 2015, Google

began willfully infringing Sonos's patents.  On information and belief, Google used the knowledge

it had gleaned from Sonos to build and launch its first wireless multi-room audio product –

Chromecast Audio.").

Both Sonos and Google are based in California.  Dkt. 1 ¶¶ 1, 43-44.  Accordingly,

throughout the collaboration that Sonos discusses in its Complaint, Google and Sonos repeatedly

agreed that California law would govern disputes relating to their relationship and that such

disputes would be resolved in California.  For example, in the parties' ███████████████████

█████████████████████  Sonos and Google agreed to litigate disputes regarding the agreement in

████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

Cooper Decl. Ex. 7 § 10.2 (emphasis added).  The parties' ██████████████████████

specifically incorporates the forum selection clause from the parties' █████████████████████

█████████████  agreement.  Cooper Decl. Ex. 8 § 1.1 ███████████████████████

████████████████████████████████████████████████

█████████████████████  Cooper Decl. Ex. 7 § 10.2.

## III.    LEGAL STANDARD

### A.    First-To-File Rule

This Court applies Fifth Circuit law on procedural, non-patent issues.[3]  *Cameron Int'l*, 2020

WL 3259809, at *2.  The Fifth Circuit follows the "first-to-file" rule in determining how district

---

[3]    In the parties' briefing in the California Action, both sides agreed that Federal Circuit precedent applies to the first-to-file analysis.  Cooper Decl. Ex. 3, 4.  Google recognizes that this Court has applied Fifth Circuit precedent to these issues (*Cameron Int'l*, 2020 WL 3259809, at *2), and that the Federal Circuit has accepted this Court's use of Fifth Circuit precedent.  *In re: Nitro*, 2020 WL 6301719, at *2 n.2.

courts should address substantially similar issues in separately-filed cases. *Id.* (*citing Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)). The first-to-file rule dictates that "the court in which an action is first filed should determine whether subsequently filed cases involving substantially similar issues should proceed." *Id.* The first-to-file rule also provides that "the first-filed court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated" while the first-filed court considers the first-to-file issues. *Id.* "Once the likelihood of substantial overlap between the two suits has been demonstrated, it [i]s no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) *citing Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971).

## IV.   ARGUMENT

### A.   This Case Should Be Stayed Or Dismissed Pursuant To The First-To-File Rule.

The California Action is the first-filed case, and the first-to-file rule applies. Consistent with that rule, Google respectfully requests that this Court stay this case until Judge Alsup decides which case will proceed or, in the alternative, dismiss this case without prejudice.[4]

---

[4] In the California Action, Sonos has argued that the anticipatory and bad faith exceptions to the first-to-file rule apply, which warrants dismissing the California Action or transferring it to this District. Cooper Decl. Ex. 3. As Google explained in the parties' briefing before the California court, these exceptions do not apply. The anticipatory suit exception exists to prevent forum shopping and Google was not forum shopping because the Northern District is its home district. Google's complaint was also not brought in bad faith: Google does not infringe and thus has a basis for alleging non-infringement. In any event, as explained in more detail herein, the applicability of any exceptions to the first-filed rule are for the court in the first-filed case to decide. *See Platt v. Nash*, No. 4:16-CV-00294, 2016 U.S. Dist. LEXIS 142265, at *5 (E.D. Tex. Oct. 14, 2016) ("the question of whether the first-filed action was an improper anticipatory filing is for the first-filed court to determine"); *Amerifreight, Inc. v. Belacon Pallet Servs., LLC*, No. 2:15-cv-5607 RSWL (JPRx), 2015 U.S. Dist. LEXIS 189989, at *10 (C.D. Cal. Nov. 10, 2015) (first-filed court is the appropriate forum to determine whether an equitable exception, such as bad faith, to the first-to-file rule applies).

##### 1.    *This Case And The California Action Are Substantially Similar.*

Under Fifth Circuit law, the first inquiry is whether the cases are substantially similar. *Cameron Int'l*, 2020 WL 3259809, at *2; *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 775 (E.D. Tex. 2009) (describing the first determination as "whether the actions are so duplicative, or involve such substantially similar issues, that one court should decide both actions."). In the patent context, two cases are "substantially similar" if they involve "the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *SIPCO, LLC v. Emerson Elec. Co.*, No. 6:15-CV-907, 2016 WL 7743496, at *2 (E.D. Tex. July 1, 2016).

The two cases here are more than just "substantially similar"—this case is a mirror image of the California Action. In this case, Sonos alleges that Google's Chromecast, Home, Nest, Google Play Music, YouTube and Pixel products infringe the five patents-in-suit. Dkt. 1. In the California Action, Google seeks a declaration that the same products do not infringe the same five patents. *Supra* § II.A.

Sonos agrees that the cases are substantially similar. Cooper Decl. Ex. 3 at 5 (acknowledging that the two cases involve "the same parties and issues"). And courts consistently deem mirror-image patent infringement and declaratory judgment actions to be "substantially similar" for the purposes of the first-to-file rule when they involve the same patents. *E.g., Sanofi-Aventis*, 614 F. Supp. 2d at 775 (mirror image infringement and declaratory judgment claims involving the same patent were "substantially similar" for the purposes of the first-to-file analysis); *Parallel Networks, LLC v. Microsoft Corp.,* No. 2:09-cv-172, 2009 WL 10708739, at *3 (E.D. Tex. Aug. 3, 2009) (same).

> **2.     *This Court Should Stay This Case Pending The Outcome Of Sonos's Motion To Dismiss In The California Action.***

It is well-established that it is the responsibility of the first-filed court to decide which of the two cases should proceed.  *Cameron Int'l*, 2020 WL 3259809, at *2 (W.D. Tex. June 16, 2020) ("The first-to-file rule dictates that the court in which an action is first filed should determine whether subsequently filed cases involving substantially similar issues should proceed"); *Parallel Networks*, 2009 WL 10708739, at *2 (the first-filed court is the one that will decide "whether the second suit filed must be dismissed, stayed, or transferred and consolidated"); *Cummins-Allison Corp. v. Glory Ltd.*, No. 2–03–CV–358TJ, 2004 WL 1635534, at *3 (E.D. Tex. May 26, 2004) ("[T]he 'first-to-file' rule gives the ***first-filed*** court the responsibility to determine which case should proceed.") (emphasis in original).  And the issues that need to be resolved by the first-filed court are already under consideration as Judge Alsup is holding a hearing on Sonos's motion to dismiss the California Action today.

Under similar circumstances, courts have stayed the second-filed case until the first-filed court has resolved issues related to the first-to-file rule.  In *Sanofi*, the court addressed a patent infringement case that was filed three days after a declaratory judgment action on the same issues.  The court stayed the second-filed case pending resolution of "concerns regarding jurisdiction" in the first-filed case.  614 F. Supp. 2d at 782.  In *VOIP-Pal.com, Inc. v. Apple Inc.*, No. 6:20-cv-275-ADA, Dkt. 43 (W.D. Tex. Sept. 29, 2020), Apple and other defendants urged this Court to stay the actions while the Northern District considered the parties' motions to dismiss based on the first-filed rule.  This Court granted the parties' motion to stay "until the Northern District of California enters an order on the pending motions to dismiss."  *Id.*; *see also Parallel Networks*, 2009 WL 10708739, at *3 (staying second-filed patent infringement case pending resolution of defendant's motion to dismiss in the first-filed declaratory judgment case); *Lear Siegler Services v. Ensil Int'l. Corp.*, No. SA-05-CA-0679-XR, 2005 WL 2645008, at *3 (W.D. Tex. Sep.. 20, 2005) (same);

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F.Supp. 994, 999 (E.D. Tex. 1993) (same).

### 3. *In The Alternative, The Court Should Decline To Exercise Jurisdiction And Dismiss The Case Pursuant To Rule 12(b)(3).*

In the alternative, the Court may decline to exercise jurisdiction and dismiss the second-filed case without prejudice. *Mann Mfg.*, 439 F.2d at 408; *Cameron Int'l*, 2020 WL 3259809, at *2 ("When related cases are pending before two federal courts, the court in which the case was last filed may refuse jurisdiction if the issues raised by the cases substantially overlap.").

If Judge Alsup denies Sonos's motion to dismiss, the issues raised by Sonos's Complaint in this case will be resolved by Google's declaratory judgment action in the Northern District. Indeed, the infringement claims that Sonos has presented to this Court are compulsory counterclaims to Google's declaratory non-infringement claims in the Northern District, and Sonos has stated that it will present its infringement claims there if required. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 801 (Fed. Cir. 1999) (infringement claim is a compulsory counterclaim to a declaratory judgment claim of non-infringement for the same patent). If Judge Alsup grants Sonos's motion, he can either transfer that case to an appropriate forum or dismiss it without prejudice. In any event, Sonos will be able to pursue its infringement claims in an appropriate forum.

Courts in similar situations have dismissed, rather than transferred, mirror-image claims like the ones Sonos asserts here. In *Ruckus Wireless, Inc. v. Harris Corp.*, No. 11-CV-01944-LHK, 2012 U.S. Dist. LEXIS 22336, at *15-16 (N.D. Cal. Feb. 22, 2012), the court dismissed mirror-image declaratory judgment claims that were filed six days after patentee's infringement complaint. Crucial to the court's analysis was the fact that "the Court [wa]s not aware of and Ruckus ha[d] not suggested that there [we]re any bars to Ruckus's bringing its compulsory counterclaims in the [first-filed] Florida Action." *Id.* The court dismissed plaintiff's claims

without prejudice and instructed plaintiff to refile them before the first-filed court. *Id.*  Similarly, in *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982), the Ninth Circuit affirmed dismissal of mirror-image patent infringement claims where "[n]o apparent bar existed to a presentation of Pacesetter's claims and defenses before the [first-filed] court," which was "capable of efficiently resolving all issues."[5]

As in *Ruckus Wireless* and *Pacesetter*, there is no bar to Sonos bringing its infringement claims in the Northern District.  Indeed, if the case proceeds in that district, Sonos will be required to do so.  Accordingly, the Court may properly decline to exercise jurisdiction over this second-filed case and dismiss it under Rule 12(b)(3).

### 4.   *No Compelling Circumstances Exist That Would Justify Departing From The First-To-File Rule.*

Under Fifth Circuit law, "[o]nce the likelihood of substantial overlap between the two suits had been demonstrated, it [i]s no longer up to the court in Texas to resolve the question of whether both should be allowed to proceed."  *Save Power,* 121 F.3d at 950.  Principles of judicial comity likewise require that the question of which case should proceed should be reserved for the court in the first-filed case, especially when, as here, the first-filed case is currently considering those issues.  *Id*; *Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co., Inc.*, No. SA:04-CA-864-XR, 2005 WL 357657, at *2 (W.D. Tex. Feb. 1, 2005) (principle behind the first-to-file rule is to avoid duplicative litigation, avoid rulings that may tread upon the authority of sister courts, and avoid piecemeal resolution of issues that call for a uniform result).

Google recognizes that this Court has sometimes gone further and analyzed the 28 U.S.C. § 1404(a) convenience factors in connection with analyzing whether there are any "compelling

---

[5]   The Fifth Circuit has reached the same result in the non-patent context as well.  *Gateway Mortg. Grp., L.L.C. v. Lehman Bros. Holdings, Inc.*, 694 Fed. App'x. 225, 226 (5th Cir. 2017) (affirming dismissal of second-filed declaratory judgment action where the first-filed case implicated substantially similar issues, and where the plaintiff could always "return to the Southern District of Texas if its claims are not fully resolved in the Southern District of New York").

circumstances" that warrant departure from the first-to-file rule. *Cameron Int'l*, 2020 WL 3259809, at \*5. However, in this case, unlike *Cameron International*, the court in the first-filed case is already considering those factors in connection with the first-to-file analysis—and it is doing so at Sonos's urging. Under these circumstances, this court should defer to the California court's assessment. *Save Power*, 121 F.3d at 950; *Rooster Prods.*, 2005 WL 357657, at \*2.

In any event, even if this Court were to consider the 28 U.S.C. § 1404(a) factors now, no "sufficiently compelling circumstances" warrant a refusal to apply the first-to-file rule. In evaluating transfer under § 1404(a), courts in this Circuit first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh eight private and public factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive[;] … [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interests decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id*. at 315 (internal quotations and citation omitted).

The Federal Circuit recently held that the balance of convenience factors must favor "keeping the case in the second-filed court" in order for there to be compelling circumstances that would justify an exception to the first-filed rule. *In re Nitro Fluids*, 2020 WL 6301719 at \*2 (Fed. Cir. Oct. 28, 2020). The party that filed the second-filed case—here, Sonos—bears the burden of proof on this issue. *Id.* at \*2.

**(a)   The Northern District Is The Most Convenient Forum.**

**(i)   Sonos Could Have Brought Its Case In The Destination Venue.**

Sonos could have brought its case in the Northern District of California. Google is a California-based company. Google has been headquartered in Northern California since its

founding in 1998, and it is currently headquartered in Mountain View, California, which is located in the Northern District.  Declaration of Daniel S. Friedland ("Friedland Decl.") ¶ 2.  Furthermore, in connection with the collaboration Sonos put at issue in its Complaint, the parties repeatedly agreed to litigate in California.  *Supra* § II.II.D; Cooper Decl. Ex. 7.

### (ii)    The Private Interest Factors Weigh Heavily In Favor Of Venue In The Northern District.

Relevant party and third-party evidence is located in the Northern District, and Sonos has not identified any witnesses in this District who have relevant information.  The private interest factors therefore weigh heavily of venue in the Northern District of California.

### A)    *Convenience Of The Parties And Witnesses Favors Venue In The Northern District.*

"The convenience of the witnesses is probably the single most important factor in the transfer analysis."  *In re Genentech,* 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal citation omitted).  In this case, because numerous witnesses are based in California and no known witnesses are based in Texas, this factor strongly favors venue in the Northern District.  *In re Google Inc.*, No. 17-0107, 2017 WL 977038, at *3 (Fed. Cir.  Feb. 23, 2017) (California, not Texas, was the proper venue where "the vast majority of Google's employees—in particular those responsible for projects relating to the accused products—work and reside in the Northern District"); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (Washington, not Texas, was the proper venue where "[a]ll of the identified key witnesses in this case are in Washington, Japan, Ohio, and New York" and "[n]o witnesses live in Texas"); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (North Carolina, not Texas, was the proper venue where the "accused drug was developed and tested" there and relevant witnesses resided there, and Texas had "no connection" to the case).

*Google Witnesses.*  Google's main offices are located in the Northern District, and over █% of the company's U.S. employees—more than ████ people—work there.  Friedland Decl.

¶ 3.  The Google witnesses that are responsible for the development of (1) Google's Room EQ feature, which Sonos accuses of infringing the '460 patent (Dkt. 1 at 82-83), (2) the functionality that allows casting playback of Google Play Music, YouTube Music, or YouTube to a Cast receiver, which Sonos accuses of infringing the '615 and '033 patents (*id.* at 24-39), and (3) the functionality that allows creating and managing speaker groupings for media playback, which Sonos accuses of infringing the '206 and '966 patents (*id.* at 59-78), are based primarily in the Bay Area.  Friedland Decl. ¶¶ 5-11 (identifying nine individuals by name who served as technical leads, product managers and primary engineers working on the accused functionalities).  The witness with knowledge of the financials relating to the accused products is also located in the Northern District.  *Id.* ¶ 12.  In an ITC case between Sonos and Google involving the same accused products, 15 of the 17 Google witnesses who were deposed are located in the Northern District.  Declaration of James Judah ("Judah Decl.") ¶¶ 2-3.  Given that two of the patents asserted in this case are related to patents asserted in that action, several of these witnesses likely have information relevant to this case, as well.  *Id.*; Friedland Decl. ¶¶ 6, 9, 11-12.  None of the Google employees who were deposed in that case were located in Texas.  Judah Decl. ¶ 2.

In its briefing before the Northern District, Sonos speculated that there are "likely" witnesses in the Western District because "Google has a significant presence in Austin, within the Western District of Texas, and employs engineers in that district who are likely to be knowledgeable about the accused products and functionalities."  Cooper Decl. Ex. 3 at 11.  But Sonos has not identified any particular relevant witnesses in the Western District, and it did not depose any in the parties' pending ITC case involving the same products.  The Court therefore can—and should—reject Sonos's speculative argument.  *See DataQuill, Ltd. v. Apple Inc.,* No. A–13–CA–706–SS, 2014 WL 2722201, at *5 (W.D. Tex. June 13, 2014) (factor weighed in favor of transfer where "[t]here is no dispute [defendant] has a presence in this district, but that presence

is unrelated to this litigation").  More to the point, Google is not aware of any likely witnesses in this District.  *See* Friedland Decl. ¶¶ 5-12.  Indeed, none of the Google employees who were deposed in the ITC action were based in Google's Austin office.  Judah Decl. ¶¶ 2-3.

*Sonos Witnesses.*  Sonos is headquartered in Santa Barbara, California (Dkt. 1 at 1), which is much closer to the Northern District than to Waco or any other division in this District.  Sonos also has a significant presence in the Northern District, with an office in San Francisco.  Cooper Decl. Ex. 9.  Sonos does not have any offices in Texas.  *Id.*

From what Google has been able to discover to date, most of the relevant Sonos witnesses, including two of the three named inventors on the Asserted Patents who still work at Sonos, are based in Santa Barbara and therefore much closer to the Northern District than this District.  *See* Dkt. 1-3, 1-4 *and* Cooper Decl. Ex. 10 (Robert A. Lambourne, named inventor on '206 and '966 patents, based in Santa Barbara); Dkt. 1-5 (William H. Bush, named inventor on '460 patent, based in Santa Barbara).  The only non-California named inventor is based in a suburb of Boston, Massachusetts, which has direct flights to the Bay Area but not to Waco, Texas.  *See* Dkt. 1-1, 1-2 *and* Cooper Decl. Ex. 11 (Arthur Coburn IV, named inventor on '615 and '033 patents, based in Lexington, MA); Cooper Decl. Ex. 27.

These Sonos witnesses may be within the subpoena power of the Northern District, but they are not within the subpoena power of the Western District.  Fed. R. Civ. P. 45(c)(1)(B) (party witnesses can be compelled to testify at trial "within the state where the person resides, is employed, or regularly transacts business, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense").[6]  Indeed, of the nine Sonos witnesses who were deposed in the parties' pending ITC action, many of whom likely have

---

[6]  The final named inventor is based in a suburb of Boston, MA, which has direct flights to the Bay Area but not to Waco, Texas, and as mentioned above traveled to the Northern District to meet with Google in the past.  Cooper Decl. Ex. 36.

information relevant to this case as well, five were located in California. Judah Decl. ¶ 4. None was from Texas. *Id.*

**Third-Party Witnesses.** Courts ruling on transfer motions have emphasized that "[w]hile the convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue, it is the convenience of **non-party witnesses** which is accorded the most weight." *Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC*, No. 18-CV-413 LY, 2018 WL 5539929, at *7 (W.D. Tex. Oct. 29, 2018) (internal quotations omitted; emphasis in original). At least one of the California-based named inventors on the patents-in-suit no longer works at Sonos, and thus is a third party. *See* Dkt. 1-1, 1-2 *and* Cooper Decl. Ex. 12 (Joni Hoadley, named inventor on '615 and '033 patents, based in Santa Barbara). And, to the extent third-party prior art witnesses will be important to this litigation, Google has identified a number of such witnesses based in the Northern District:

- **Ravi Rajapakse**. Mr. Rajapakse is the named inventor on U.S. Patent No. 8,239,559, which discloses a system for playing back audio among groups of devices and zones. Cooper Decl. Ex. 13. Mr. Rajapakse's work is relevant prior art for the '206 and '966 patents, which Sonos contends cover allowing a user to control audio players in a multi-zone system. Mr. Rajapakse is based in the Northern District. Cooper Decl. Ex. 14.

- **Jan F. Jannink and Timothy E. DeGraw**. Messrs. Jannink and DeGraw are named inventors on U.S. Patent Publication No. 2008/0120501 A1, which relates to remote playlist sharing. Cooper Decl. Ex. 15. This publication is also relevant prior art for the '615 and '033 patents. Messrs. Jannink and DeGraw are based in the Northern District. Cooper Decl. Exs. 16, 17.

- **Pandora**. Pandora is an Oakland, California-based subscription music streaming service and the assignee of U.S. Patent No. 7,720,686 B2, which relates to providing personalized playlists to users remotely. Cooper Decl. Ex. 18. This patent invention is also relevant prior art for the '615 and '033 patents. Pandora and the named inventors of the '686 patent are all based in the Northern District. Cooper Decl. Exs. 19, 20, 21.

- **Dolby Laboratories**. Dolby is a San Francisco-based audio technology company and the assignee of European Patent No. 2986034B1, which relates to equalization. Cooper Decl. Ex. 22. This patent, whose named inventor is Alan J. Seefeldt, is prior art to the '460 patent, which Sonos also contends relates to

equalization.  Dolby and Mr. Seefeldt are both based in the Northern District.
Cooper Decl. Exs. 23, 24.

These third-party witnesses are all within the subpoena power of the Northern District of
California, but not this Court.  *See* Fed. R. Civ. P. 45(c)(1)(A) (third-party witnesses can be
compelled to testify at trial "within 100 miles of where the person resides, is employed, or regularly
transacts business in person").  By contrast, Google is not aware of any relevant third parties in
Texas.  *See* Judah Decl. ¶ 2.

\*     \*     \*     \*

Hailing key party and non-party witnesses from their homes in California to another state
and a district where no relevant witnesses reside would be a burdensome undertaking.  There are
no direct flights from California to Waco, Texas.  Cooper Decl. Ex. 25.  Conversely, if this case
remains in the Northern District, Google employees and third-party prior art witnesses could
readily travel back and forth between the courthouse and their homes, a far more convenient
arrangement.  A Northern District venue would also be more convenient for Sonos's southern
California-based witnesses:  there are multiple non-stop flights between Santa Barbara and SFO
airports each day (Cooper Decl. Ex. 26), and the distance is drivable for those who prefer not to
fly.

In ordinary circumstances, witnesses who have to leave home for trial "incur significant
expenses for airfare, meals, and lodging," as well as "'personal costs associated with being away
from work, family, and community.'"  *In re Acer America Corp*., 626 F.3d 1252, 1255 (Fed. Cir.
2010).  Given the current global pandemic and health and safety restrictions, interstate travel poses
an entirely new risk on top of what was otherwise already an inconvenience.  The cost,
inconvenience and public health risk associated with air travel to this District is significant—
particularly given that, if this case remains in the Northern District, many witnesses could travel
to the courthouse by car.  This factor weighs heavily in favor of venue in the Northern District.

          **B)**     *Ease Of Access To The Evidence Favors Venue In The Northern District.*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *Genentech*, 566 F.3d at 1345. "Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.*

Google researches, designs and develops the accused functionality in the Northern District. Friedland Decl. ¶¶ 5-11. Sonos also maintains an office in the Northern District, suggesting that Sonos documents are located there, as well. Cooper Decl. Ex. 9. And prior art witnesses and evidence are also located in the Northern District. *Supra* § A). In contrast, there is no indication that any relevant evidence is located in this District.

        **(iii)**     **The Public Interest Factors Weigh In Favor Of The Venue In The Northern District.**

The public interest factors also weigh in favor of venue in the Northern District. Most importantly, the Northern District has a strong local interest in this dispute. Both parties maintain offices in the Northern District. *Supra* § II.II.D. Google was founded in the Northern District and still maintains its headquarters and largest U.S. offices there. Friedland Decl. ¶¶ 2-3. Google also designed and developed the accused functionality there. *Id*. ¶¶ 5-11. The claims in this case thus "call[] into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community." *In re Hoffman-La Roche*, 587 F. 3d at 1336. By contrast, this District has very little if any interest in this dispute. *In re Apple Inc.*, No. 2020-135, – F.3d –, 2020 WL 6554063, at *9 (Fed. Cir. Nov. 9, 2020) (finding that this factor weighs in favor of transfer where Apple's contacts with the Western District of Texas were limited to its "general presence in WDTX," which was itself "untethered to the lawsuit").

The remaining public interest factors are neutral. Both forums are equally familiar with the applicable law. Sonos may suggest that this case will proceed to trial faster in this District, but the case is proceeding just as fast if not faster in the Northern District. In any event, the Federal

Circuit has determined that this factor should be given little weight as time to trial "appears to be the most speculative" of the factors in the transfer analysis. *Genentech*, 566 F.3d at 1347; *In re Adobe Inc*., 823 Fed.App'x. 929, 932 (Fed. Cir. 2020) (holding that this factor should not be treated as dispositive since there is no evidence of an "appreciable difference in docket congestion" between the Northern District and the Western District as of July 2020); *see also In re Apple Inc.,* No. 2020-135, – F.3d –, 2020 WL 6554063, at *8 (Fed. Cir. Nov. 9, 2020) (noting that "a court's general ability to set a fast-paced schedule is not particularly relevant to this factor").

*   *   *   *   *

The Northern District is a clearly more convenient forum, and the convenience factors do not weigh in favor of keeping the case in this District. There are no compelling circumstances that would justify departing from the first-to-file rule.

## V.   <u>CONCLUSION</u>

Pursuant to Rule 12(b)(3) and the first-to-file rule, Google respectfully requests that the Court stay this action pending the outcome of the Motion to Transfer in the Northern District of California or, in the alternative, dismiss it without prejudice.

DATED:  November 19, 2020       QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Paige Arnette Amstutz*
    Charles K. Verhoeven (*pro hac vice* pending)
    charlesverhoeven@quinnemanuel.com
    Melissa Baily (*pro hac vice* pending)
    melissabaily@quinnemanuel.com
    Jordan Jaffe (*pro hac vice* pending)
    jordanjaffe@quinnemanuel.com
    Lindsay Cooper (*pro hac vice* pending)
    lindsaycooper@quinnemanuel.com
    QUINN EMANUEL URQUHART & SULLIVAN LLP
    50 California Street, 22nd Floor
    San Francisco, California 94111-4788
    Telephone:     (415) 875 6600
    Facsimile:     (415) 875 6700

    Paige Arnette Amstutz
    Texas State Bar No. 00796136
    SCOTT, DOUGLASS & MCCONNICO, LLP
    303 Colorado Street, Suite 2400
    Austin, TX  78701
    Telephone:  (512) 495-6300
    Facsimile:  (512) 495-6399
    pamstutz@scottdoug.com

    *Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 19, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

    */s/ Paige Arnette Amstutz*
    Paige Arnette Amstutz