**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SONOS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-cv-00881-ADA |
| GOOGLE LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**SONOS, INC.'S OPPOSITION TO GOOGLE LLC'S RULE 12(B)(3) MOTION TO STAY
OR DISMISS PURSUANT TO THE FIRST-TO-FILE RULE**

Google's Rule 12(B)(3) Motion to Stay or Dismiss Pursuant to the First-to-File Rule is dead on arrival. Google asks this Court to "stay this case while the California court considers which case should proceed." Dkt. 22 at 1. The problem for Google, of course, is that Judge Alsup has already decided that *this* case should proceed. Ex. B. ("Alsup Order") at 3. In fact, Google now *admits* that its motion is moot. Dkt. 25 at 5 ("Google is willing to withdraw its existing Rule 12(b)(3) motion now that it is moot"). But instead of withdrawing an admittedly moot motion, Google seeks to waste the Court's and Sonos's time and resources by insisting that briefing on its motion go forward.

Prior to filing this opposition, Sonos asked Google to confirm that in light of the Court's recent guidance, Sonos need not file this opposition. Despite having already admitted its motion was moot, Google responded that "our understanding is that Sonos should be filing a response to our 12(b)(3) motion today." Ex. A. Google's insistence that this briefing go forward is the definition of frivolous. There is no reasonable basis for Google to continue with this motion because (as Google acknowledges by describing the motion as "moot"), the relevant question has already been decided.

### 1. Google's Motion is Moot

On Monday afternoon, September 28, 2020, Sonos sent Google a courtesy copy of a patent infringement complaint along with a note telling Google that Sonos intended to file the complaint the next day (on Tuesday) in the Western District of Texas. Dkt. 22-4. Google's response was to race into court in its preferred venue (the Northern District of California) Monday evening with a bare-bones complaint for declaratory judgment. Sonos moved to dismiss Google's declaratory judgment complaint both because it was a bad faith anticipatory suit and because the complaint

1

failed to adequately plead a claim for declaratory judgment of non-infringement. The case was then assigned to Judge Alsup.

In ruling in Sonos's favor, Judge Alsup concluded that "Google's choice of forum carries no weight, nor does the fact that it managed to file first." Ex. B at 3. Accordingly, Judge Alsup decided "the proper course is to stay this case and defer to Judge Albright's ruling on Google's just filed motion to transfer under Section 1404 … . If the judge grants such a motion, the undersigned will take the case. If he denies such a motion then our case will remain stayed indefinitely in favor of the Texas action." *Id.* at 5.[1]

At the same time that Judge Alsup was considering Sonos's motion, Google filed the present motion to stay or dismiss. The entire premise of Google's motion is that Google's Northern District case should be considered "first filed" and should move forward in lieu of this proceeding. *See* Dkt. 22 at 1 ("Given the overlap, the Court should stay this case while the California court considers which case should proceed"); *see also id.* ("If Judge Alsup denies Sonos's motion to dismiss, the issues raised by Sonos's Complaint in this case will be completely resolved by Google's declaratory judgement action in the Northern District").[2] Google reaffirmed as recently as this week that "Google's existing motion is a Motion to Stay or Dismiss ***based on a first-filed case***." Dkt. 25 at 3-4 (emphasis added).

Judge Alsup has fully considered, and rejected, Google's contention that its Northern District declaratory judgment complaint be considered a "first filed" case. Google should not be

---

[1] According to Google, "Judge Alsup was mistaken when he stated that Google had filed a 1404(a) motion to transfer." Dkt. 25 at 4. But Google intends to file such a motion shortly. *Id.* at 5.

[2] While Google's Motion also discusses the 1404(a) transfer factors, it refused to allow Sonos to treat the motion as a transfer motion. *See* Dkt. 25. Instead, Google intends to file a separate motion to transfer under 28 U.S.C. § 1404(a). *Id.* at 5. In light of this, and the Court's direction to Google that it should file a separate transfer motion, the 1404-based arguments in Google's pending motion are moot.

allowed to revisit that issue here. *Cf. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (holding that, "as a rule courts should be loathe to [revisit prior decisions of its own or of a coordinate court] in the absence of extraordinary circumstances"). Revisiting the Northern District's decision would also be contrary to the purpose of the first-to-file rule. The first-to-file rule is a "generally recognized doctrine of federal comity" which recognizes that "[f]ederal district courts are courts of coordinate jurisdiction and equal rank, and must exercise care to avoid interference with each other's affairs and duplicative litigation." *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). By refusing to withdraw this motion, Google asks this Court to entirely disregard principles of comity and to improperly review the decision made by a coordinate court.

### 2. Google Seeks an Improper Extension

Google's refusal to withdraw its motion appears to be an improper attempt to delay its obligation to respond to Sonos's complaint. Nearly two weeks have elapsed since Judge Alsup's order. And as of the time of this filing, 65 days have elapsed since Google was served with the Complaint. *See* Dkt. 13. Google has yet to file and answer, and now seeks an additional four weeks to do so. Dkt. 25 at 5. By refusing to timely withdraw its motion to dismiss *and* making Sonos file an opposition brief, Google is simply trying to buy additional time before it need file an answer. The Court should not countenance such behavior.

\*       \*       \*

In light of Judge Alsup's order expressly rejecting Google's argument that its Northern District case is "first filed", and Google's own acknowledgment that this motion is moot, the present motion must be denied.

Dated:  December 3, 2020.    Respectfully submitted,

By_____/s/ Mark D. Siegmund_____
_____/s/ Mark D. Siegmund

Jeffrey L. Johnson
Texas Bar No. 24029638
ORRICK, HERRINGTON & SUTCLIFFE LLP
609 Main Street, 40th Floor
Houston, TX 77002
Telephone:  713.658.6400
Facsimile:  713.658.6401
jj@orrick.com

Clement Seth Roberts (admitted *pro hac vice*)
California Bar No. 209203
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Telephone:  415.773.5484
Facsimile:  415.773.5759
croberts@orrick.com

Bas de Blank (admitted *pro hac vice*)
California Bar No. 191487
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Blvd.
Menlo Park, CA 94205
Telephone:  650.614.7343
Facsimile:  650.614.7401
bdeblank@orrick.com

Alyssa Caridis (admitted *pro hac vice*)
California Bar No. 260103
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone:  213.612.2372
Facsimile:  213.612.2499
acaridis@orrick.com

George I. Lee (admitted *pro hac vice*)
Illinois Bar No. 6225430
Sean M. Sullivan (admitted *pro hac vice*)
Illinois Bar No. 6230605
Rory P. Shea (admitted *pro hac vice*)
Illinois Bar No. 6290745

J. Dan Smith (admitted *pro hac vice*)
Illinois Bar No. 6300912
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone: 312.754.9602
Facsimile: 312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Attorneys for Plaintiff Sonos, Inc*.