IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>            Plaintiff,<br><br>     vs.<br><br>GOOGLE LLC,<br><br>            Defendant. | Case No. 6:20-cv-00881-ADA |

**DECLARATION OF DANIEL S. FRIEDLAND IN SUPPORT OF
<u>GOOGLE LLC'S MOTION TO TRANSFER</u>**

I, Daniel Friedland, declare and state as follows:

1. I am a People Analytics Manager at Google LLC ("Google"). I have been a Google employee since 2016. I live and work in the San Francisco Bay Area. If called as a witness, I could and would testify competently to the information contained herein.

2. Google has been headquartered in Northern California since its founding in 1998. It is currently headquartered in Mountain View, California, which is located in the Northern District of California.

3. Google's Mountain View headquarters, which includes offices in neighboring Sunnyvale (collectively referred to as "Mountain View"), is the strategic center of Google's business. As of September 2020, the Mountain View headquarters housed approximately ▮ employees, the largest location for Google's U.S. employees. As of September 2020, Google also had approximately ▮ other employees in San Francisco, California and other smaller offices also within the Northern District of California. As of September 2020, approximately ▮ of Google's approximately ▮ total U.S. employees, including engineers, product managers, marketers, executives, and staff, are based in the Northern District of California.

4. As of September 2020, Google had approximately ▮ employees in Austin, Texas, comprising approximately ▮ of Google's approximately ▮ total U.S. employees.

5. I understand that the accused functionalities in this litigation include (1) casting playback of Google Play Music, YouTube Music, or YouTube from a device to a Cast receiver, (2) creating and managing speaker groupings for media playback, and (3) certain aspects of Google's Room EQ feature (collectively, the "Accused Functionalities"). I have made efforts to identify the persons with relevant knowledge regarding these functionalities as they relate to the accused products in this case, which I understand include Chromecast, Chromecast Ultra,

Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point in conjunction with the Google Play Music app, YouTube app, YouTube Music app and Google's Pixel phones, tablets, and laptops.

    a.    With respect to casting playback of queues from a device to a Cast receiver for Google Play Music, I understand that ▬▬▬ and ▬▬▬ two technical leads for this project at different points in time, are both based in the San Francisco Bay Area.  Neither ▬▬▬ recall anyone from Google's Texas offices working on the design and development of this functionality.

    b.    With respect to casting playback of queues from a device to a Cast receiver for YouTube Music and YouTube, I understand that ▬▬▬ a technical lead for this project, is based in the San Francisco Bay Area.  ▬▬▬ does not recall anyone from Google's Texas offices working on the design and development of this functionality.

    c.    I understand that ▬▬▬ the technical lead on the Cast SDK, which is used by Google Play Music, YouTube Music and YouTube, is based in the San Francisco Bay Area.

    d.    With respect to creating and managing speaker groupings for media playback, I understand that ▬▬▬ the primary engineers on this project, are all based in the San Francisco Bay Area.  They do not recall anyone from Google's Texas offices working on the design and development of this functionality.

e. With respect to the Room EQ feature, I understand that ████████, the technical lead for this feature, is based in the San Francisco Bay Area. ████ does not recall anyone from Google's Texas offices working on the design and development of this functionality.

f. I understand that ████████ the product manager for the Room EQ and grouping functionality, is based in the San Francisco Bay Area. ████ does not recall anyone from Google's Texas offices working on the design and development of this functionality.

g. I understand that ████████ a Finance Director whose area of responsibility includes the Chromecast, Home, and Nest products, is based in the San Francisco Bay Area.

6. I understand that this litigation involves allegations regarding certain agreements between Google and Sonos, including the ████████████████████████████████████ ████████████████████████████ I have made efforts to identify the persons with relevant knowledge with respect to these agreements.

a. I understand that ████████ a Google employee who was involved in negotiating ████████████████████████████████████████ ████████████████ with Sonos, is based in the San Francisco Bay Area. ████ ████████ does not recall anyone from Google's Texas offices working on the negotiation of these agreements.

b. I understand that ████████ and ████████ Google engineers who worked with Sonos pursuant to at least the ████████████████████████████

4

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ are based in the San Francisco Bay Area.

7.  As a matter of Google practice, documents in Google's possession about its products and services are normally created and maintained by the employees working on those products and services. The employees with relevant knowledge of this litigation are located primarily in the San Francisco Bay Area, meaning the relevant documents in this case would be created and maintained in the San Francisco Bay Area.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct. Executed on January 7, 2021 in Oakland, CA.

By: _____
      Daniel S. Friedland