**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SONOS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:20-cv-00881-ADA |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**PLAINTIFF SONOS, INC.'S MOTION FOR LEAVE TO
AMEND OR SUPPLEMENT COMPLAINT**

## I.      INTRODUCTION

Sonos moves to amend or supplement the Complaint by adding a claim for infringement of U.S. Patent No. 10,848,885.  The Amended Complaint that Sonos seeks to file is attached hereto as Exhibit A.  The '885 Patent issued almost two months after Sonos filed its Complaint and only six weeks before Sonos notified Google of its intention to amend the complaint.  The deadline for any such motion is over eight months away.  *See* ECF No. 31.  The '885 Patent is a continuation of the already-asserted '206 Patent, and Sonos seeks to assert the '885 Patent against already-accused Google products.  Sonos's motion to add the '885 Patent to this action, therefore, is both timely and efficient.

Google cannot establish any bad faith, prejudice, or futility stemming from this amendment.  Nor will this proposed amendment have any impact on the *Markman* or trial schedule.  In fact, on January 8, 2021, Sonos provided Google with both its Amended Complaint, as well as its proposed Supplemental Infringement Contentions directed at the '885 Patent (which are attached hereto as Exhibit B).  The Court should thus grant Sonos leave to amend or supplement its complaint to add the '885 Patent.

## II.     PROCEDURAL BACKGROUND

Sonos sued Google on September 29, 2020, alleging infringement of five patents—U.S. Patent Nos. 9,967,615; 10,779,033; 9,344,206; 10,469,966; and 9,219,460—based on Google's Chromecast-enabled computing devices and media players.  *See* ECF No. 1.  On December 12, 2020, Sonos served its preliminary infringement contentions.  *See* ECF No. 28.  Google only answered the complaint after Sonos provided Google with Sonos's draft Amended Complaint and Supplemental Infringement Contentions.   Google has not served preliminary invalidity contentions.  And the parties have not yet begun the claim construction process.  The only

substantive motion practice to date relates to Google's concededly moot motion to stay or dismiss[1] based on Google's declaratory judgment action in the Northern District of California.  *See* Dkt Nos. 22, 26, 27; *see also Google LLC v. Sonos, Inc.*, No. 3:20-cv-06754-LB ("DJ Action"), ECF No. 1.[2]

On January 5, 2021, the Court entered a Scheduling Order, setting a *Markman* hearing for June 4, 2021, the deadline to amend pleadings as September 24, 2021, and trial for June 6, 2022. *See* ECF No. 31.

On January 8, Sonos notified Google of its intention to amend the Complaint to add the '885 Patent and requested a meet-and-confer.  At the same time, Sonos attached its proposed Amended Complaint as well as its proposed Supplemental Infringement Contentions.

The parties then held a meet-and-confer on January 11.  Sonos explained that it did not believe any existing dates in the case schedule needed to be changed (particularly with respect to the currently asserted claims), but expressed a willingness to extend some deadlines for the '885 Patent modestly, while still keeping the scheduled June 4, 2021 *Markman* date.  Google indicated that it would consider this and suggest a proposed schedule.  On Wednesday, January 13, Google responded by (1) seeking a stay of all proceedings in this case pending Google's transfer motion, (2) suggesting an accelerated schedule for venue discovery and briefing on Google's transfer motion, and/or (3) if neither (1) nor (2) were acceptable, asking to push ***all*** deadlines eight weeks. Exhibit C.  The parties are therefore at an impasse.

---

[1] Google refused to withdraw this motion earlier, even after admitting that it is moot.  And Google has still yet to withdraw this motion, after serving an answer last Friday.

[2] On November 20, 2020, the DJ Action was stayed based on Google's "ramshackle complaint" filed "at the twelfth hour, purely to beat patent owner to a courthouse – not even by a full day, but by a matter of hours."  *See* DJ Action, ECF No. 36 at 3-4.  On December 10, 2020, Google conceded that its motion to stay or dismiss this case is moot.  *See* ECF 27.

## III.    ARGUMENT

Motions to amend pleadings prior to the deadline to amend are governed by Federal Rule of Civil Procedure 15.  Under Rule 15, the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15 thus "evinces a bias in favor of granting leave to amend, and a district court must possess a substantial reason to deny a request."  *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (internal quotation marks omitted).  In deciding a motion to amend, the Court considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.  *See Froman v. Davis*, 371 U.S. 178, 182 (1962).  All five factors support granting Sonos leave to amend here.

Sonos diligently seeks leave to amend its complaint—for the first time—to add the newly-issued '885 Patent, a continuation of the asserted '206 Patent, to this action.  As noted above, this case is still at an early procedural stage.  This motion comes eight months before the deadline to amend pleadings and only six weeks after issuance of the '885 Patent.  Sonos seeks to amend the complaint now, nearly a month before Google must serve its preliminary invalidity contentions and two months before the parties will exchange proposed claim constructions, to avoid any undue delay.

Moreover, the addition of the '885 Patent to this action will avoid the unnecessary duplication of Sonos filing another patent infringement case against Google that would result in multiple cases related to the same patent family asserted against the same accused devices.  Thus, by allowing the parties to address the related '885 Patent alongside the already asserted patents, the Court will avoid the need for multiple trials and streamline the underlying claim construction, invalidity, and infringement arguments.

Google cannot demonstrate "bad faith or dilatory motive." *Froman*, 371 U.S. at 182. This motion is both prompt and timely. As Sonos seeks amendment prior to any substantive discovery or related motion practice, and the same week the Court entered a Scheduling Order, the addition of the '885 Patent will not impact the case schedule. Moreover, because the '885 Patent is "substantially similar to the patents contained in the original complaint, it would be economically beneficial to the parties to resolve all the issues in a single proceeding." *TruePosition, Inc. v. Allen Telecom, Inc.*, No. CIV.A.01-823 GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002).

Nor will Google suffer any prejudice from the addition of the '885 Patent to this action. Where, like here, "discovery is in its earliest stages, amendment of the complaint will not deprive [the defendant] of the opportunity to present facts or evidence or otherwise prepare and present its case." *Id.* In this instance, in light of the Court's schedule, Google will have "ample time to adequately respond to allegations of infringement based on the ['885] patent." *Tendler Cellular of Texas, LLC v. Mercedes-Benz USA, LLC*, Civil Action No. 6:11-CV-178, 2012 WL 12905979, at *1 (E.D. Tex. Apr. 3, 2012). To the extent Google argues that it is prejudiced based on the minimal delay caused by "the need to conduct additional discovery and patent analysis," courts have rejected that argument as "completely unavailing." *See Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C 10-05525 SBA, 2012 WL 3155554, at *3-4 (N.D. Cal. Aug. 2, 2012).

Google similarly cannot argue that this amendment would be futile. The allegations of infringement Sonos seeks to add are based on a newly-issued patent not yet before this Court. And the proposed Amended Complaint and Supplemental Infringement Contentions attached hereto specifically chart Google's infringement of the '885 Patent with the same level of detail with which each prior claim was adequately pleaded (and which the Court's Order Governing Case Proceedings requires).

Finally, and in the alternative, Sonos should be allowed to supplement its Complaint under Federal Rule of Civil Procedure 15(d).  Rule 15(d) provides that the Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Supplemental pleadings under Rule 15(d) "are generally favored because they promote judicial economy and convenience by permitting courts to dispose of related claims and issues in one matter." *Ziptronix*, 2012 WL 3155554, at *3.  Sonos filed its original complaint on September 29, 2020, nearly two months before the '885 Patent issued.  Google's infringement of the '885 Patent thus postdates Sonos's original pleading and may properly be added as a Rule 15(d) supplemental pleading.  Motions under Rule 15(d), moreover, are governed by the same legal standard as Rule 15(a). *See Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983).  As established above, Google cannot establish any undue delay, bad faith, prejudice, or futility in this amendment.  On the contrary, Sonos has diligently and in good faith sought the addition of the '885 Patent to this action.

## IV.    PROPOSED SCHEDULE

The '885 Patent shares the same specification with, and is related to, two patents already asserted in this case—the '206 and '966 Patents.  Google has been in possession of Sonos's Amended Complaint and Supplemental Infringement Contentions, both of which detail its theories about the '885 Patent, since January 8, 2021.  Moreover, Google is free to amend preliminary invalidity contentions, without leave, "so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material."  ECF 31 at 1 n.1.

In light of all this, Sonos does not believe that any change to the Scheduling Order is necessary—and certainly no change of schedule is necessary for the existing patents.  However,

to the extent Google thinks more time is necessary, Sonos believes that the current schedule can accommodate it.  Specifically, the deadline for preliminary invalidity contentions and exchange of claim terms for the '885 Patent can be moved as follows, while keeping all other dates the same:

|  | **Existing Deadline** | **Deadline for '885 Patent** |
|---|---|---|
| Defendant's Preliminary Invalidity Contentions | February 5, 2021 | February 19, 2021 |
| Exchange claim terms for construction | February 19, 2021 | February 24, 2021 |
| All remaining dates the same | | |

## V.    CONCLUSION

For the foregoing reasons, Sonos respectfully requests leave to amend, or in the alternative, to supplement, its Complaint to add the '885 Patent.

Dated: January 14, 2021                          ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                 BY:   _/s/ Alyssa Caridis_____

                                                 Jeffrey Johnson, Bar No. 24029638
                                                 jj@orrick.com
                                                 609 Main Street, 40th Floor
                                                 Houston, TX  77002
                                                 Telephone:        +1 713 658 6400
                                                 Facsimile:        +1 713 658 6401

                                                 Clement Seth Roberts
                                                 croberts@orrick.com
                                                 The Orrick Building
                                                 405 Howard Street
                                                 San Francisco, CA  94105-2669
                                                 Telephone:        +1 415 773 5700
                                                 Facsimile:        +1 415 773 5759

                                                 Alyssa Caridis
                                                 acaridis@orrick.com
                                                 777 South Figueroa Street, Suite 3200
                                                 Los Angeles, CA  90017
                                                 Telephone:        +1 213 612 2362
                                                 Facsimile:        +1 213 612 2499

                                                 Bas de Blank
                                                 basdeblank@orrick.com
                                                 1000 Marsh Blvd.
                                                 Menlo Park, CA  94025
                                                 Telephone:        +1 650 614 7343
                                                 Facsimile:        +1 650 614 7401

                                                 George I. Lee
                                                 lee@ls3ip.com
                                                 Sean M. Sullivan
                                                 sullivan@ls3ip.com
                                                 Rory P. Shea
                                                 shea@ls3ip.com
                                                 J. Dan Smith
                                                 smith@ls3ip.com
                                                 Lee Sullivan Shea & Smith LLP
                                                 656 W. Randolph Street, Floor 5W
                                                 Chicago, IL  60661
                                                 Telephone:        +1 312 754 9602
                                                 Facsimile:        +1 312 754 9603

Mark D. Siegmund
Law Firm of Walt Fair, PLLC
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

Attorneys for Plaintiff

**<u>CERTIFICATE OF CONFERENCE</u>**

The undersigned hereby certifies that on January 11, 2021, counsel conferred with respect to this motion as required by Local Rule CV-7(i), and Defendant's counsel did not agree to the relief sought.  This motion and the relief requested herein are thus opposed.

*/s/ Alyssa Caridis*
Alyssa Caridis

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on January 14, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Alyssa Caridis*
Alyssa Caridis