**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SONOS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:20-cv-00881-ADA |
| GOOGLE LLC, | § § | |
| Defendant. | § § § § | |

**PLAINTIFF SONOS, INC.'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO AMEND OR SUPPLEMENT COMPLAINT**

**I.     INTRODUCTION**

Google does not "in principle" oppose Sonos's request to add the '885 Patent. Resp. at 1. Instead, Google spends its entire response insisting that the Scheduling Order must be adjusted by eight weeks for all dates between now and the *Markman* hearing (including the Markman hearing itself) *for all patents*. *Id.* Google's position is an obvious delay tactic, as it presents no reason why such a delay is necessary. The Court should grant Sonos's motion to amend the Complaint and, if the Court is inclined to adjust the schedule, adopt Sonos's proposed deadlines.

**II.    ARGUMENT**

Google fails to identify *any* reason that the Scheduling Order for all patents needs to be adjusted. Nor can it. The addition of the '885 Patent has *no* bearing on the validity of the already-asserted patents such that Google needs any additional time to evaluate and prepare its invalidity contentions and claim construction arguments. Google's attempt to adjust the schedule for every deadline for all patents over the next five months is a clear delay tactic. Such an adjustment is also unreasonable. While Google *says* that only the dates through *Markman* need to be adjusted, Google's 8-week delayed schedule would inherently bleed into the remaining post-*Markman* deadlines. There is simply no reason that the entire case schedule needs to be reworked in light of the addition of a single patent, especially a patent related to, and sharing a specification with, two already asserted patents.

Moreover, Google does not dispute that a targeted schedule for the '885 Patent can easily merge into the existing deadlines. Nor does Google assert that it is incapable of meeting Sonos's proposed deadlines. In fact, conspicuously missing from Google's submission is *any* statement that it is unable to meet the deadlines that Sonos proposes. Instead, Google summarily claims that it is "unnecessarily prejudiced" by the shortened timeframe (but provides no explanations of such prejudice). Resp. at 3. This argument fails for at least two reasons. First, Google ignores that its

invalidity contentions at this early stage are *preliminary*. Under the Scheduling Order, Google may amend its contentions over the next six months. *See* Dkt. 31 at 1, n.1. Any "prejudice" that Google suffers from having to produce invalidity contentions for the '885 Patent on a shortened schedule is easily cured by this Court's built-in procedures. Second, Google ignores that the '885 Patent stems from the same family as, and shares a specification with, two patents already asserted in this case. As Google has already begun its investigations of those related patents, an abbreviated schedule for the '885 Patent is entirely reasonable—especially given Sonos served Google with its preliminary '885 Patent infringement contentions over two weeks ago.

Finally, Google complains that Sonos will have had more time to develop its infringement contentions than Google will for its invalidity contentions. But that is the case for every plaintiff in every litigation. Due diligence and an adequate pre-filing investigation are *required* prior to bringing a lawsuit. Sonos should not be penalized for ensuring it had adequate grounds to assert the '885 Patent and preparing the necessary paperwork before moving to amend. Nor did the Scheduling Order require Sonos to rush to add the '885 Patent, as the deadline for such an amendment is nearly eight months away. Any notion that Sonos did not move quickly enough here, particularly given that the '885 Patent issued at the end of November 2020, is simply unfounded

### III. CONCLUSION

For the foregoing reasons, Sonos respectfully requests the Court grant Sonos leave to amend the Complaint to add the '885 Patent. If the Court is inclined to adjust the Scheduling Order, Sonos requests the Court adopt Sonos's proposal, summarized below.

-4-

|  | **Existing Deadline** | **Sonos's Proposed Deadline for '885 Patent Only** | **Google's Proposed Deadline for All Patents** |
|---|---|---|---|
| Defendant's Preliminary Invalidity Contentions | February 5, 2021 | February 19, 2021 | April 2, 2021 |
| Exchange claim terms for construction | February 19, 2021 | February 24, 2021 | April 16, 2021 |
| Exchange proposed claim constructions | March 5, 2021 | All remaining dates the same | April 30, 2021 |
| Disclose extrinsic evidence | March 12, 2021 |  | May 7, 2021 |
| Meet and confer to narrow disputed terms and exchange revised list of terms and constructions | March 19, 2021 |  | May 14, 2021 |
| Plaintiff files Opening claim construction brief | March 26, 2021 |  | May 21, 2021 |
| Defendant files Responsive claim construction brief | April 16, 2021 |  | June 11, 2021 |
| Plaintiff files Reply claim construction brief | April 30, 2021 |  | June 25, 2021 |
| Defendant files Sur-Reply claim construction brief | May 14, 2021 |  | July 9, 2021 |
| Submit Joint Claim Construction Statement | May 19, 2021 |  | July 14, 2021 |
| Submit optional technical tutorials | May 21, 2021 |  | July 16, 2021 |
| *Markman* hearing | June 4, 2021 |  | July 30, 2021 |

Dated: January 27, 2021					ORRICK, HERRINGTON & SUTCLIFFE LLP

							BY:   */s/ Alyssa Caridis*

							Jeffrey Johnson, Bar No. 24029638
							jj@orrick.com
							609 Main Street, 40th Floor
							Houston, TX  77002
							Telephone:	+1 713 658 6400
							Facsimile:	+1 713 658 6401

							Clement Seth Roberts
							croberts@orrick.com
							The Orrick Building
							405 Howard Street
							San Francisco, CA  94105-2669
							Telephone:	+1 415 773 5700
							Facsimile:	+1 415 773 5759

							Alyssa Caridis
							acaridis@orrick.com
							777 South Figueroa Street, Suite 3200
							Los Angeles, CA  90017
							Telephone:	+1 213 612 2362
							Facsimile:	+1 213 612 2499

							Bas de Blank
							basdeblank@orrick.com
							1000 Marsh Blvd.
							Menlo Park, CA  94025
							Telephone:	+1 650 614 7343
							Facsimile:	+1 650 614 7401

							George I. Lee
							lee@ls3ip.com
							Sean M. Sullivan
							sullivan@ls3ip.com
							Rory P. Shea
							shea@ls3ip.com
							J. Dan Smith
							smith@ls3ip.com
							Lee Sullivan Shea & Smith LLP
							656 W. Randolph Street, Floor 5W
							Chicago, IL  60661
							Telephone:	+1 312 754 9602
							Facsimile:	+1 312 754 9603

        Mark D. Siegmund
        Law Firm of Walt Fair, PLLC
        1508 North Valley Mills Drive
        Waco, Texas 76710
        Telephone: (254) 772-6400
        Facsimile: (254) 772-6432

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 27, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Alyssa Caridis*
Alyssa Caridis
