```
                     IN THE UNITED STATES DISTRICT COURT
                      FOR THE WESTERN DISTRICT OF TEXAS
                               WACO DIVISION

 SONOS, INC.                          *      January 29, 2021
                                      *
 VS.                                  * CIVIL ACTION NO. W-20-CV-881
                                      *
 GOOGLE LLC                           *

              BEFORE THE HONORABLE ALAN D ALBRIGHT
                  DISCOVERY HEARING (via Zoom)

 APPEARANCES:

 For the Plaintiff:        Jeffrey Lance Johnson, Esq.
                           Orrick, Herrington & Sutcliffe LLP
                           609 Main, 40th Floor
                           Houston, TX 77002

                           Clement Seth Roberts, Esq.
                           Orrick, Herrington & Sutcliffe
                           405 Howard Street
                           San Francisco, CA 94105

                           Mark D. Siegmund, Esq.
                           Law Firm of Walt Fair, PLLC
                           1508 N. Valley Mills Drive
                           Waco, TX 76710

                           Alyssa Caridis, Esq.
                           Orrick Herrinton & Sutcliffe LLP
                           777 South Figueroa St., Suite 3200
                           Los Angeles, CA 90017

                           George I. Lee, Esq.
                           Lee Sullivan Shea & Smith LLP
                           656 W. Randolph St., Floor 5W
                           Chicago, IL 60661

 For the Defendant:        Melissa J. Baily, Esq.
                           Jordan R. Jaffe, Esq.
                           Lindsay M. Cooper, Esq.
                           Quinn Emanuel Urquhart & Sullivan LLP
                           50 California Street, 22nd Floor
                           San Francisco, CA 94105
```

```
                          Paige Arnette Amstutz, Esq.
                          Stephen Burbank, Esq.
                          Scott, Douglass & McConnico, LLP
                          303 Colorado Street, Suite 2400
                          Austin, TX 78701

Court Reporter:           Kristie M. Davis, CRR, RMR
                          PO Box 20994
                          Waco, Texas 76702-0994
                          (254) 340-6114
```

    Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
04:29   1              (January 29, 2021, 4:29 p.m.)
04:29   2              DEPUTY CLERK:  Court calls Waco Case 6:20-CV-881, Sonos,
04:30   3    Inc. versus Google LLC for a discovery hearing.
04:30   4              THE COURT:  If I could hear announcements from the
04:30   5    counsel, please, starting with plaintiff.
04:30   6              MR. SIEGMUND:  Good afternoon, Your Honor.  This is Mark
04:30   7    Siegmund for plaintiff Sonos, Inc.  And with me today I have
04:30   8    Clem Roberts, Alyssa Caridis, Jeffrey Johnson with Orrick.  And
04:30   9    then I also have Mr. George Lee with Lee Sullivan Shea & Smith.
04:30  10              Mr. Roberts will be the main speaker today, Your Honor.
04:30  11              THE COURT:  Very good.
04:30  12              MR. ROBERTS:  And, Your Honor, this is Mr. -- (audio
04:30  13    interruption).  I apologize.  I'm having some problems with my
04:30  14    camera.  I assure you, I dressed up pretty in a suit and
04:30  15    everything, but I can't get my camera to work.
04:30  16              THE COURT:  Believe me, after this week I've had with my
04:30  17    technology, I'm very sympathetic and empathetic, so that's
04:30  18    fine.
04:31  19              MS. AMSTUTZ:  Good afternoon, Judge Albright.  Paige
04:31  20    Amstutz and Stephen Burbank are here for Google.  We're joined
04:31  21    by our co-counsel at Quinn Emanuel, Melissa Baily, Jordan
04:31  22    Jaffee and Lindsay Cooper.  And also with us is in-house
04:31  23    counsel for Google, Susan Kim.
04:31  24              Ms. Baily will be addressing the Court today for Google.
04:31  25              THE COURT:  Okay.  And tell me again who is going to be --
```

04:31  1   Mr. Siegmund, who's going to be speaking on behalf of the
04:31  2   plaintiff?
04:31  3          MR. SIEGMUND:  Mr. Clem Roberts, Your Honor.
04:31  4          THE COURT:  Okay.  Thank you.  Very good.
04:31  5          I'm happy to take up whatever issues you'd like for me to.
04:31  6          MR. ROBERTS:  Thank you, Your Honor.  This is Mr. Roberts.
04:31  7          We have moved to amend the complaint to add the '885
04:31  8   patent to the case.  The '885 patent is a continuation of the
04:31  9   '206 patent which is already asserted in the case, and it also
04:32  10  has the same specification with the '996 patent which is also
04:32  11  in the case.  So the patent that we're adding is the same
04:32  12  family as two other patents that are in the case.
04:32  13         THE COURT:  Okay.
04:32  14         MR. ROBERTS:  As I understand it, Google does not oppose
04:32  15  in principle our adding a patent to the case, but they have
04:32  16  asked or made their approval conditional upon extending all of
04:32  17  the deadlines, including the Markman deadline, for eight weeks.
04:32  18  And that is really where this dispute lies.
04:32  19         In our view the schedule that we have for claim
04:32  20  construction ought not to be affected for, I would say, three
04:32  21  reasons.  Reason No. 1:  The invalidity contentions that are
04:32  22  due between now and the time to claim construction under Your
04:32  23  Honor's rulings are preliminary, and they can be freely
04:33  24  amended.
04:33  25         And so even if or to the extent Google needs additional

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
| 04:33 | 1  | time to complete its search for prior art, there's nothing           |
| 04:33 | 2  | about providing its preliminary invalidity contentions that          |
| 04:33 | 3  | would result in any prejudice to them.  We understand and            |
| 04:33 | 4  | expect that they may decide they need additional prior art that      |
| 04:33 | 5  | they're going to add later, but that shouldn't be an issue           |
| 04:33 | 6  | that's prejudicial to them.                                          |
| 04:33 | 7  |     THE COURT:  Mr. Roberts, tell me when the Markman's              |
| 04:33 | 8  | currently set.                                                       |
| 04:33 | 9  |     MR. ROBERTS:  The Markman is, I believe, currently set for       |
| 04:33 | 10 | June 4th.                                                            |
| 04:33 | 11 |     THE COURT:  And when are -- I'm sorry.  When are                 |
| 04:33 | 12 | invalidity contentions due?                                          |
| 04:33 | 13 |     MR. ROBERTS:  So the invalidity contentions are due              |
| 04:33 | 14 | February 5th.                                                        |
| 04:33 | 15 |     THE COURT:  February -- say that again.  February 5th?           |
| 04:33 | 16 |     MR. ROBERTS:  February 5.  Yes.                                  |
| 04:34 | 17 |     THE COURT:  Okay.                                                |
| 04:34 | 18 |     MR. ROBERTS:  And we had proposed to push that out to            |
| 04:34 | 19 | February 19 for the '885 patent.  So for this one patent, if         |
| 04:34 | 20 | they need a few additional weeks even to get their preliminary       |
| 04:34 | 21 | contentions together, we had said no problem.  We had pushed it      |
| 04:34 | 22 | to February 19th, and that's in the joint chart that we had          |
| 04:34 | 23 | submitted to Your Honor this morning.                                |
| 04:34 | 24 |     THE COURT:  Okay.  I'm going to put you all -- I'll be           |
| 04:34 | 25 | back in just a few seconds.  Is this Hannah's case?                  |

```
04:34   1              MR. ROBERTS:  Yes, sir.
04:34   2              THE COURT:  Okay.  I'll be back in a few seconds.
04:38   3              (Pause in proceedings.)
04:38   4              THE COURT:  Okay.  Here's what we're going to do.  I know
04:38   5   everyone would like to argue, but it would just spoil the
04:38   6   ending.  I think I can figure out what I might do.
04:38   7              I'm going to grant the motion to add the '885 patent.  I'm
04:38   8   going to move the Markman until Thursday, July 1st.  Whatever
04:38   9   dates you have currently will shift back accordingly, which
04:38  10   will give the defendant an additional month on their invalidity
04:38  11   contentions with respect to the '885.  All the other dates will
04:38  12   shift accordingly.
04:38  13              And you can check with Hannah.  We'll get an order out, or
04:38  14   check with Hannah.  I'm not sure whether we'll do it in the
04:39  15   morning or the afternoon on July 1st.  I believe that's a
04:39  16   Thursday.
04:39  17              MR. ROBERTS:  Thank you.  This is Mr. Roberts.
04:39  18              THE COURT:  Does that take care of it, Mr. Roberts?
04:39  19              MR. ROBERTS:  It does.
04:39  20              The only other thing I'd raise, Your Honor, is two things
04:39  21   for your -- so you know.  We gave Google notice last night that
04:39  22   we're going to be dropping the '460 patent from the case as
04:39  23   well.  So we're going to remove one patent from the case.
04:39  24   And --
04:39  25              THE COURT:  And they're opposing it, right?
```

04:39  1      MR. ROBERTS:  They're not opposing us removing that
04:39  2  patent, I don't think.
04:39  3      (Laughter.)
04:39  4      THE COURT:  I was kidding.  Go ahead.
04:39  5      MR. ROBERTS:  And the other thing, Your Honor, is Google's
04:39  6  filed a motion to stay all of the proceedings, everything
04:39  7  pending the decision on their motion to transfer.  We haven't
04:39  8  briefed that yet, but if Your Honor had a view about that and
04:39  9  wanted to give us an indication of whether we would need to
04:39 10  brief that, we'd be happy to brief it if you feel you need
04:39 11  briefing.
04:39 12      THE COURT:  No.  You don't need to brief that.  You can --
04:40 13  I'm going to deny it.  However, again -- gosh, I wonder how
04:40 14  many times I can be mandamused in one year.  But if you all
04:40 15  would be kind enough to -- is the briefing done on the motion
04:40 16  to transfer?
04:40 17      MR. ROBERTS:  No.  It's not, Your Honor.  We served
04:40 18  discovery on them pursuant to your new ground rules, and they
04:40 19  have not yet responded.
04:40 20      THE COURT:  Okay.  Let's do this, because sometimes I
04:40 21  don't even know things are ripe, and people are unhappy that I
04:40 22  haven't ruled on them.  As a general rule, what I try -- the
04:40 23  way we're set up -- and my two favorite law clerks are on this
04:40 24  call on either side, so I'm sure they've advised you of this
04:40 25  anyway.  But the way we -- what we try and accomplish in every

| | | |
|---|---|---|
| 04:40 | 1 | case is getting the motion ruled on in advance of the Markman, |
| 04:40 | 2 | which I think is the first substantive issue that would require |
| 04:41 | 3 | me to have jurisdiction for. |
| 04:41 | 4 | And so here what I would recommend that you all do -- let |
| 04:41 | 5 | me see.  It's the defendant's motion to transfer. |
| 04:41 | 6 | Ms. Amstutz, as soon as the motion is ripe for |
| 04:41 | 7 | consideration, motion, response, reply, as soon as you all have |
| 04:41 | 8 | filed your reply, let Hannah know and we will set a hearing on |
| 04:41 | 9 | it.  It won't be immediately, but we will get a hearing set on |
| 04:41 | 10 | it.  And it sounds to me like it will all be done -- especially |
| 04:41 | 11 | since I've moved the Markman back, I will -- I just need to |
| 04:41 | 12 | have the hearing in advance of July 1st, but we will rule on |
| 04:41 | 13 | the motion before we have the hearing. |
| 04:41 | 14 | Obviously if we keep it, we'll have the Markman.  If we |
| 04:41 | 15 | don't keep it, we won't have a Markman.  But just let us |
| 04:42 | 16 | know -- Google should let us know through their counsel when |
| 04:42 | 17 | it's ripe, and then Hannah can set a hearing for us. |
| 04:42 | 18 | MR. ROBERTS:  Okay, Your Honor.  Thank you. |
| 04:42 | 19 | MS. AMSTUTZ:  Thank you. |
| 04:42 | 20 | THE COURT:  You bet.  July 1st is probably in the window |
| 04:42 | 21 | where I don't know what we'll be doing in terms of live |
| 04:42 | 22 | hearings and not -- could everyone mute?  I can hear someone |
| 04:42 | 23 | and I'm having -- we will be transitioning back to having at |
| 04:42 | 24 | least some live hearings, hopefully by July 1st. |
| 04:42 | 25 | And also in my courtroom now where I may start having more |

```
04:42  1   Markmans in Waco, for this reason we will be able to have them
04:42  2   live in court and also be able to use Zoom so that clients and
04:42  3   other people can attend.  So we may have the best of both
04:42  4   worlds.
04:43  5        And so as we get closer, I would say late May, early June,
04:43  6   whoever it is that's communicating with Hannah ought to help --
04:43  7   ought to remind us we need to figure out where -- whether the
04:43  8   Markman will be in person or not.
04:43  9        I'm actually happy, if the lawyers are happy, to do it by
04:43 10   Zoom.  You know, I did 50 Zoom Markmans last year and I thought
04:43 11   they went great.  I thought they went great in part because all
04:43 12   the clients could attend without having to travel.  The lawyers
04:43 13   could attend without having to travel.  And the very best thing
04:43 14   was, you could allow some younger -- well, everyone on this
04:43 15   call is younger than me, but less experienced lawyers to get to
04:43 16   argue things without them having to travel to Austin or Waco to
04:43 17   do it, which I thought was a good thing as well.
04:43 18        So if the parties in this case decide a Zoom hearing is
04:43 19   fine, it's certainly fine with me.  With the preliminary
04:43 20   constructions, I don't think I've had any problem being able to
04:44 21   understand, you know, arguments and stuff.  And I've gotten
04:44 22   pretty comfortable with them.
04:44 23        But if you'd rather do it in person, and we're doing
04:44 24   things in person in July and people can travel and all that,
04:44 25   which I don't know about now, let us know and we can take it up
```

```
04:44   1   early June.
04:44   2       I'll start with Mr. Siegmund.  Is there anything else we
04:44   3   need to take up on behalf of the plaintiff?
04:44   4       MR. SIEGMUND:  No, sir.  I think that covers it, and have
04:44   5   a good weekend, Judge.
04:44   6       THE COURT:  You bet.
04:44   7       And I feel bad if I didn't give equal dignity.
04:44   8   Mr. Burbank, is there anything else that we need to do on
04:44   9   behalf of Google?  This is your chance to talk.  Don't blow it.
04:44  10       MR. BURBANK:  I don't think so, Your Honor, but I'll let
04:44  11   Ms. Baily jump in.
04:44  12       THE COURT:  I think someone else may have been trying to
04:44  13   tell me yes.  So I'm happy to hear it.
04:44  14       MS. BAILY:  Your Honor, this is Melissa Baily for Google.
04:44  15   I heard everything you said and I appreciate it.  I'm just
04:45  16   flagging for the Court that I would have to look at it more
04:45  17   closely.  Based on the schedule as you articulated it for the
04:45  18   Markman hearing and as I understand the venue dispute schedule
04:45  19   to play out, it may be difficult under that schedule to get
04:45  20   venue done first.
04:45  21       And just so you know, in our motion it wasn't just a
04:45  22   motion to stay, it also had some alternative proposals for
04:45  23   being able to get venue done quickly and ahead of Markman.  So
04:45  24   I heard everything you said.  I just need to look at it more
04:45  25   closely.  And I just wanted to flag for you that, you know,
```

```
04:45   1    we'll make it work as best we can to get venue teed up for you
04:45   2    before Markman.
04:45   3         THE COURT:  Well, if you have any problem -- I'm going
04:45   4    to -- what I'm going to do at the moment is, which I don't very
04:45   5    often really do, is punt this back to you all, to tell you my
04:45   6    preference would be to -- strong preference would be to handle
04:46   7    the motion to transfer in advance.  I think that's what's best.
04:46   8         If Google can -- and I'm putting this on you only because
04:46   9    my guess is the issues are the plaintiff's going to want
04:46  10    discovery, and how we get the discovery done in advance of how
04:46  11    the -- and so I'm not picking on Google.  I'm just
04:46  12    acknowledging the reality of the way this works.  If Google
04:46  13    can, for lack of a better word, cooperate, or whatever you want
04:46  14    to use, and get to the plaintiffs as quickly as possible
04:46  15    whatever information that the plaintiff thinks they need for
04:46  16    this motion, that's one way of accomplishing it.  But I'm not
04:46  17    saying Google has to do anything other than what they think is
04:46  18    appropriate.
04:46  19         If the plaintiff feels like there's information from
04:46  20    Google they want that Google feels is inappropriate, that's why
04:46  21    I'm here.  I'm happy to hear that as well.
04:47  22         But what I'm going to do is punt this for a little while
04:47  23    and see how you all are able to deal with getting whatever
04:47  24    discovery the plaintiff thinks it needs to the discovery
04:47  25    quickly enough that they can file the motion quickly enough so
```

```
04:47  1   that I can hear the motion in advance of the Markman.  If you
04:47  2   all need my intervention, if you all -- by you all, I mean
04:47  3   either party or both -- feel like you need my intervention to
04:47  4   help make that happen or for me to push back the Markman, I'm
04:47  5   happy to do that.
04:47  6          MS. BAILY:  Your Honor, I appreciate that.  I think even
04:47  7   if we were to, you know, get everything resolved in a
04:47  8   cooperative way, just the normal rules, I think, would make it
04:47  9   hard for us to get venue done first, even if there were no
04:47  10  issues.  So I heard what you said and we'll do the best we can
04:47  11  and come back to you if we think that it's not going to play
04:47  12  out that way.
04:47  13         THE COURT:  And if I need to shorten the times for
04:48  14  response and reply, I'm happy to do that as well.  In other
04:48  15  words, I try to be as lawyer-friendly as possible.  And I've
04:48  16  done just about -- everything that you all are doing, I've done
04:48  17  on both sides.  So I appreciate -- and I've had cases where,
04:48  18  you know, the judge didn't get to the motion to transfer in
04:48  19  time, and I understand why it's frustrating.  So I want to be
04:48  20  sympathetic to that and try and get that resolved as well.
04:48  21         MS. BAILY:  Thank you, Your Honor.
04:48  22         THE COURT:  So I am -- I'll make myself as available as
04:48  23  you all need me to to help out, if you see that's what needs
04:48  24  happen.
04:48  25         MS. BAILY:  Thank you, Your Honor.
```

04:48  1      THE COURT: But I still want to give Mr. Burbank the last
04:48  2  chance to chat, because...
04:48  3      MR. BURBANK: I think that's all for defendant, Your
04:48  4  Honor. Unless Paige disagrees, I think we're good.
04:49  5      THE COURT: Very good. Thank you all. I hope you have a
04:49  6  wonderful weekend, and I hope I see those of you who live near
04:49  7  me in the near future. Take care.
04:49  8      (Hearing adjourned at 4:49 p.m.)

```
1  UNITED STATES DISTRICT COURT )
2  WESTERN DISTRICT OF TEXAS    )
3
4       I, Kristie M. Davis, Official Court Reporter for the
5  United States District Court, Western District of Texas, do
6  certify that the foregoing is a correct transcript from the
7  record of proceedings in the above-entitled matter.
8       I certify that the transcript fees and format comply with
9  those prescribed by the Court and Judicial Conference of the
10 United States.
11      Certified to by me this 8th day of February 2021.
12
                              /s/ Kristie M. Davis
13                            KRISTIE M. DAVIS
                              Official Court Reporter
14                            800 Franklin Avenue
                              Waco, Texas 76701
15                            (254) 340-6114
                              kmdaviscsr@yahoo.com
16
17
18
19
20
21
22
23
24
25
```