IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

SONOS, INC.,

    Plaintiff,

vs.

GOOGLE LLC,

    Defendant.

Case No. 6:20-cv-00881-ADA

JURY TRIAL DEMANDED

**GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
SONOS'S SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I.  SONOS'S WILLFULNESS ALLEGATIONS SHOULD BE DISMISSED ....................... 1

    A.  Sonos Has Not Adequately Pled Pre-Suit Knowledge For The '033, '966, And '885 Patents ................................................................................................ 1

        1.  Sonos Fails To Show Pre-Suit Knowledge For The '033 And '966 Patents ..................................................................................................... 2

        2.  Sonos Fails To Show Pre-Suit Knowledge For The '885 Patent ................. 4

    B.  Sonos Has Not Adequately Pled Egregious Conduct ............................................. 5

II.  SONOS'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED ......................................................................................................................... 7

III.  GOOGLE'S MOTION IS TIMELY ................................................................................. 8

IV.  CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

### Cases

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
    672 F.3d 1335 (Fed. Cir. 2012) ................................................................................................ 4

*Bui v. Chandler*,
    No. 6:20-cv-00071-ADA-JCM, 2020 WL 3270833 (W.D. Tex. July 17, 2020) ....... 10, 11

*Doe v. Columbia-Brazoria Indep. Sch. Dist.*,
    855 F.3d 681 (5th Cir. 2017) .................................................................................................. 11

*Evolved Wireless, LLC v. Samsung Elecs. Co.*,
    No. CV 15-545-SLR-SRF, 2016 WL 1019667 (D. Del. Mar. 15, 2016) ...................... 4, 5

*Flash-Control, LLC v. Intel Corp.*,
    No. 1:19-cv-01107, Dkt. 35 (W.D. Tex. Oct. 31, 2019) ..................................................... 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ................................................................................................................. 9

*Google v. Sonos*,
    No. 3:20-cv-06754-LB, Dkt. No. 11 ...................................................................................... 5

*Great Plains Trust Co. v. Morgan Stanley Dean Writer & Co.*,
    313 F.3d 305 (5th Cir. 2002) .................................................................................................. 11

*Intellectual Ventures I LLC v. Toshiba Corp.*,
    66 F. Supp. 3d 495 (D. Del. 2014) ......................................................................................... 5

*King v. Dogan*,
    31 F.3d 344 (5th Cir. 1994) .................................................................................................... 13

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*,
    No. CV 17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018) ............................................. 7

*McGowan v. Ditech Financial, LLC*,
    No. 15-cv-3155, 2018 WL 4346722 (N.D. Tex. 2018) .................................................... 12

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 18-cv-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ....................................... 7

*Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
    472 F.3d 377 (E.D. Mich. July 13, 2020) ............................................................................ 7

*Momentum Mktg. Sales & Serv., Inc. v. Curves Int'l, Inc.*,
    No. 6:07-cv-0048-WSS, 2009 WL 10669901 (W.D. Tex. July 28, 2009) ................ 10, 11

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
    No. 6:14–cv–1017–Orl–22KRS, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ............. 4

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) .................. 7, 8

*Rel., SBC Concession Plan v. SBC Commc'ns, Inc.*,
    430 F. Supp. 2d 642 (W.D. Tex. 2006) ........................................................................... 12

*Shire ViroPharma Inc. v. CSL Behring LLC*,
    No. CV 17-414, 2018 WL 326406 (D. Del. Jan. 8, 2018) ................................................ 7

*Sparling v. Doyle*,
    No. EP-13-cv-00323-DCG, 2014 WL 12489990 (W.D. Tex. Oct. 23, 2014) ........... 10, 11

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) .................................... 3, 4

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
    No. 19-cv-1687, 2021 WL 1134687 (D. Del. Mar. 24, 2021) .................................. 2, 3, 5

## **Rules**

Fed. R. Civ. P. 12(h)(2) ................................................................................................................ 11

Local Rule 7 .................................................................................................................................. 6

Sonos's allegations of willful and indirect infringement for the '033, '966 and '885 patents should be dismissed because Sonos cannot plead that Google had the requisite knowledge. This Court has consistently held that a plaintiff cannot use the filing of a complaint to satisfy the knowledge requirement for pleading willful and indirect infringement.

Sonos's Response (Dkt. No. 56, "Opposition" or "Opp.") fails to address these cases. Sonos admits that a plaintiff cannot plead willful and indirect infringement based on the filing of the complaint alone. Nevertheless, Sonos contends that this case is different because (1) for the '033 and '966 patents, Sonos sent Google with what it called a "courtesy copy" of the complaint less than 24 hours before the complaint was filed, and (2) for the '885 patent, Sonos provided a copy of its proposed amended complaint in connection with the Court-mandated meet and confer on Sonos's motion for leave to amend. Thus, the key questions presented by Sonos's Opposition are whether a plaintiff can satisfy the knowledge requirement for pleading willful and indirect infringement by providing a complaint (1) a day before filing it or (2) during a required meet and confer requesting leave to add a patent to the case. Courts in other districts have squarely rejected this type of gamesmanship and this Court should do the same.

Sonos also argues that Google's motion is untimely because Google answered a prior version of Sonos's complaint. Sonos concedes that this argument does not apply to Google's motion with respect to the '885 patent. And this Court and others in this District have rejected this procedural argument, instead addressing the merits of the motion either as a Rule 12(b)(6) motion or as a Rule 12(c) motion. Sonos has not presented any compelling reason why the Court should not treat Google's motion the same way. The Court should grant Google's motion.

I. **SONOS'S WILLFULNESS ALLEGATIONS SHOULD BE DISMISSED**

    A.    **Sonos Has Not Adequately Pled Pre-Suit Knowledge For The '033, '966, And '885 Patents**

Sonos does not dispute that a plaintiff cannot use the filing of a complaint to satisfy the

knowledge requirement for pleading willful infringement. Sonos also does not dispute that it must allege facts to establish pre-suit knowledge of the '033, '966 and '885 patents. Mot. at 3; Opp. at 6-10. Sonos contends that it has established pre-suit knowledge for the '033 and '966 patents by providing Google with a copy of the original complaint the day before it was filed, and for the '885 patent by providing Google with a copy of the amended complaint in connection with the meet-and-confer on Sonos's motion for leave to add the '885 patent. Unsurprisingly, Sonos does not cite any case holding (or suggesting) that this type of eleventh-hour notice satisfies the pre-suit notice requirement. Sonos also fails to distinguish the cases in Google's motion, which found this type of sham notice insufficient for pleading willfulness.

1. *Sonos Fails To Show Pre-Suit Knowledge For The '033 And '966 Patents*

Sonos does not dispute that its complaint "cannot form the basis of pre-suit knowledge *at the time of filing*." Opp. at 7-8 (emphasis in the original). And Sonos does not address the cases Google cited in its motion establishing this point. Mot. at 3-5. Instead, Sonos argues that when sent one day prior, its complaint *can* form the basis for pre-suit knowledge. Opp. at 7-8. But there is no substantive difference between a defendant learning of a patent from a plaintiff's complaint a day before suit is filed and the defendant learning of the patent from the filing of that same complaint. Adopting Sonos's position would render the pre-suit notice requirement meaningless and open the door to gamesmanship because every plaintiff in any patent infringement case could plead willfulness simply by providing the defendant with a copy of its complaint shortly before filing.[1] Indeed, in this case, the copy of the complaint Sonos provided already alleged that Google

---

[1] Sonos makes a passing argument that Google should be deemed to have "five months" of notice because the operative complaint is the Second Amended Complaint. Opp. at 9. Sonos's argument is contrary to law. *See Zapfraud, Inc. v. Barracuda Networks, Inc.*, No. 19-cv-1687, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021) (plaintiff cannot plead willfulness "where defendant's knowledge is based solely on the content of that complaint or a prior version of the

was infringing willfully, confirming that Sonos's actions were an attempt to use the complaint to improperly "create a claim." Mot. at 4 (citing *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019)). The Court should not endorse this behavior.

Sonos suggests that its willfulness allegations should stand because it "does not need to 'prove its case at the pleading stage.'" Opp. at 7. To the extent Sonos is suggesting that it may uncover evidence to support different willfulness allegations through discovery, the proper course of action is dismissing Sonos's insufficient allegations now and allowing Sonos to move for leave to amend later in the case if it does uncover such evidence. As they are pled now, Sonos's allegations are insufficient. Mot. at 6-7 (citing cases dismissing willful infringement allegations at the pleading stage because one day of notice did not satisfy the pre-suit notice requirement).

Sonos's reliance on *Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-cv-00026-DC, 2019 WL 3818048 (W.D. Tex. Jun. 13, 2019) (Opp. at 8 and 9) is misplaced. After *Frac Shack* was decided, this Court clarified that the filing of the complaint does not establish pre-suit notice. Mot. at 3-4 (citing cases). In dismissing a "post-suit willfulness" claim, the Court stated that it was "mak[ing] clear" that the complaint cannot serve as pre-suit notice. *Id*. (*Flash-Control, LLC v. Intel Corp.*, No. 1:19-cv-01107, Dkt. 35 at 15:24-16:11 (W.D. Tex. Oct. 31, 2019)).[2]

Sonos's attempts to distinguish Google's remaining cases also fail. Sonos argues that *Orlando* is distinguishable because the copy of the complaint Sonos provided to Google was "far more detailed" than the plaintiff's letter in *Orlando*. Opp. at 7-8. But *Orlando*'s conclusion that pre-suit knowledge was lacking did not rest on the amount of detail in the plaintiff's letter.

---

complaint filed in the same lawsuit"). Sonos's argument also defies logic because it would permit plaintiffs to establish pre-suit knowledge by simply amending their complaint after filing.

[2] Sonos's citation to *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012) is inapposite. *Aspex* has nothing to do with willfulness. It addresses whether res judicata bars a party from pursuing claims on products sold during the pendency of an earlier suit.

*Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14–cv–1017–Orl–22KRS, 2015 WL 1246500, at *11-12 (M.D. Fla. Mar. 16, 2015). It rested on its timing: "The Court is not convinced that sending a letter merely one day before filing a lawsuit confers on a defendant the requisite knowledge." *Id.* at *11-12. Sonos similarly argues that *Evolved* and *Intellectual Ventures* are distinguishable because they involved a different level of notice (Opp. at 8-9), but independent of any discussion regarding the sufficiency of the notice, both cases held that providing notice one day before filing the complaint is insufficient. *Evolved Wireless, LLC v. Samsung Elecs. Co.*, No. CV 15-545-SLR-SRF, 2016 WL 1019667, at *4 (D. Del. Mar. 15, 2016) (addressing "timing argument" separate from substance of notice letter); *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 499-500 (D. Del. 2014) ("*Moreover*, notice of the infringement risk via the letter written only one day before" is insufficient) (emphasis added).[3]

  2.  *Sonos Fails To Show Pre-Suit Knowledge For The '885 Patent*

For the '885 patent, Sonos's allegations of pre-suit knowledge are even more strained. The '885 patent did not even issue until November 24, 2020, almost two months ***after*** this case was filed. Thus, Sonos cannot rely on a day-before copy of the complaint for notice as it does with the '033 and '966 patents. Instead, for the '885 patent, Sonos relies solely on the copy of the

---

[3] Sonos asks the Court to bless its pre-suit notice allegations because Google "turned around and filed its own declaratory judgment complaint based on those claims within eleven hours" of receiving Sonos's complaint. Opp. at 9. Citing *Evolved*, Sonos argues that this shows the "notice timeline [was] sufficient" because Google "had enough time to file some form of response." Opp. at 9. Sonos's argument mischaracterizes *Evolved*, which found that a letter sent "***fifty-two days***" prior to the filing of the lawsuit provided enough time to form a response. *Evolved*, 2016 WL1019667, *4 (emphasis added). The court contrasted this with a letter or complaint sent "one day" before, which the court concluded would ***not*** be sufficient because a defendant cannot take any action to avoid alleged infringement in one day. *Id*. Sonos's argument that Google could become a willful infringer in one day is also inconsistent with the representations it made in the co-pending Northern District of California action. In that action, Sonos argued that Google's declaratory judgment action for non-infringement of the '033 and '966 patents should be dismissed because there was "literally no way" Google could have investigated Sonos's claims within one day. *Google v. Sonos*, No. 3:20-cv-06754-LB, Dkt. No. 11 at 7-8. And to the extent Google's declaratory judgment complaint is relevant at all, it cuts *against* willfulness because it shows Google has a good faith basis to believe it does not infringe. In other words, Google did not ignore a risk of infringement—it promptly addressed it and pled its basis for non-infringement.

amended complaint it sent Google in connection with the Court-ordered meet and confer on its motion for leave. Sonos does not cite any case endorsing this unprecedented use of the meet-and-confer process to create a willfulness allegation. *See* Mot. at 5. And since Google filed its motion, at least one court has granted a motion to dismiss under these circumstances. *Zapfraud*, 2021 WL 1134687, at *4 (dismissing willfulness where plaintiff sent defendant a copy of an amended complaint in connection with the motion for leave to filed the amended complaint adding the patent to the case).

Google explained in its motion that accepting Sonos's position—that the knowledge requirement of willfulness may be satisfied through a copy of the amended complaint sent during the meet and confer—would mean that virtually any amended complaint adding a new patent could give rise to a claim for willfulness. Mot. at 5-6. Sonos responds that Google is "wrong" because "knowledge of a patent alone is not sufficient for a willful infringement pleading." Opp. at 9. But under Local Rule 7(h)-(i), a plaintiff must provide a defendant with a copy of the amended complaint during the meet-and-confer process that outlines the plaintiff's infringement allegations. If this copy of the complaint constitutes pre-suit notice, then any defendant could allege, as Sonos does here, that the defendant willfully infringes simply because (1) it had pre-suit knowledge of the patent based on the copy of the amended complaint sent during the meet and confer; (2) after receiving the allegations of infringement in the amended complaint the defendant knew or should have known of its infringement; and (3) defendant continued to sell its products. If these allegations are found to be sufficient, defendants will face willful infringement allegations merely because they participated in the meet-and-confer requirements. The Court should not permit these types of litigation tactics. Sonos's willfulness allegations for the '885 patent should be dismissed.

**B.    Sonos Has Not Adequately Pled Egregious Conduct**

Sonos admits that it must plead facts that raise a plausible inference that Google "knew, or

should have known, that its conduct amounted to infringement," but ignores authority from this District in favor of that from another circuit for the proposition that it does not need to plead egregiousness. Opp. at 10-11 (citing *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, No. CV 17-313, 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018) and *Shire ViroPharma Inc. v. CSL Behring LLC*, No. CV 17-414, 2018 WL 326406, at *3 (D. Del. Jan. 8, 2018)). Sonos is incorrect. In this District, a plaintiff must allege "the egregious behavior required under *Halo*." Mot. at 7 (citing *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-cv-309, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018)).[4]

Sonos points to one case from this District to suggest that egregiousness allegations are not required. *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019). Opp. at 10. But *Parity Networks* did not hold that egregiousness is not a requirement of pleading willful infringement. Rather, the court in *Parity* denied a defendant's motion to dismiss when the plaintiff pled willfulness based on (1) multiple letters it sent to the defendant regarding the patents-in-suit, (2) defendant's multi-month delay before providing any response, (3) defendant's representation that it would respond in "due course," and (4) the fact that defendant failed to provide a response for more than two years. *Parity Networks*, 2019 WL 3940952, at *3. None of these facts are present here.

In any event, Sonos has neither pled facts showing egregiousness *nor* facts showing that Google knew, or should have known, that its conduct amounted to infringement of the patents.

Sonos lists eight allegations that it contends satisfy the egregiousness requirement. Opp. at 11-12. Most are facially implausible and none are legally sufficient. Allegations (1) to (4) relate to collaborations and discussions between the parties that took place *before* Sonos claims it

---

[4] Moreover, "numerous district courts have concluded that an allegation of willful infringement without evidence of egregiousness is futile." *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F.3d 377, 383 (E.D. Mich. July 13, 2020) (collecting cases from various districts and dismissing willfulness claims).

provided Google with notice of the patents and before any of the three relevant patents issued.[5] Opp. at 11-12 (citing SAC ¶¶ 12, 14-29).  Sonos cannot show Google knew or should have known that its conduct would infringe patents that did not yet exist and for which Sonos had not yet provided notice—let alone that this conduct was egregious.  Allegations (5) and (6) merely contend that Google received a copy of the complaint and continued to sell products.  *Id*.  As discussed above, the authority Google cited in its Motion (and that Sonos ignored) rejects these types of allegations as "ill-suited" for pleading willfulness.  Mot. at 7-8.  Allegation (7) vaguely asserts that Google's infringement is part of a strategy to "vacuum up invaluable consumer data" without any specific allegations about Google's knowledge of patents, and allegation (8) is not even directed at the patents at issue here, but rather different patents from different litigations.

II. **SONOS'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED**

Sonos's Opposition confirms that its indirect infringement allegations raise the same issue with respect to pre-suit knowledge.  Sonos's Response merely incorporates by reference the arguments it makes in its discussion of willfulness.  Opp. at 12.  For the same reason they were insufficient to establish knowledge for willfulness, Sonos's allegations regarding sending Google a copy of its complaint are insufficient to establish knowledge for indirect infringement.

Regarding willful blindness, Sonos ignores the authorities cited by Google and fails to identify any "deliberate action" Google took "to avoid confirming a high probability of wrongdoing" such that Google "can almost be said to have actually known the critical facts," as is required.  Mot. at 9 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011)).  Instead, Sonos repeats its allegations of pre-suit notice, namely that Google provided "no indication that it is willing to stop infringing" after Sonos provided a copy of its complaint to

---

[5] As mentioned, the '885 patent did not issue until two months after the initial complaint was filed in this case.  The '966 patent issued on Nov. 5, 2019 and the '033 patent issued on Sept. 15, 2020—14 days before the initial complaint was filed.

Google the day before filing suit. Opp. at 13 (allegations (1) and (2)). But again, this Court has held that actual knowledge or willful blindness cannot be shown based on the filing of a complaint. Mot. at 9-10. For the same reasons discussed above, the complaint Sonos provided Google one day before initiating this lawsuit should not count either. Sonos's remaining allegations relate to collaborations and discussions from *before* it allegedly provided Google with notice of the patents, and thus are irrelevant. Opp. at 13 (citing SAC ¶¶ 17-24, 26-30).

### III. <u>GOOGLE'S MOTION IS TIMELY</u>

Sonos also argues that Google's motion is "untimely and improper" because "Google filed an answer to Sonos's original Complaint." Opp. at 4-5.[6] But this Court and other courts in this District have rejected this argument, choosing instead to treat the Rule 12(b)(6) motion as timely or construing the motion as a Rule 12(c) motion for judgment on the pleadings. *Bui v. Chandler*, No. 6:20-cv-00071-ADA-JCM, 2020 WL 3270833, *2 (W.D. Tex. July 17, 2020) (Albright, J.) (rejecting argument that Rule 12(b)(6) motion was "untimely" merely because plaintiff had previously filed an answer); *see also Sparling v. Doyle*, No. EP-13-cv-00323-DCG, 2014 WL 12489990, *4 (W.D. Tex. Oct. 23, 2014) (discussing the approaches and collecting cases). Sonos does not cite any case declining to consider a Rule 12(b)(6) motion as untimely.

In *Bui*, this Court stated that it may "consider motions to dismiss under Rule 12(b)(6), even after an answer has been filed." *Bui*, 2020 WL 3270833, *2 ("Defendant is mistaken in its assertion that Plaintiffs' Motions to Dismiss under Rule 12(b)(6) are untimely."). Sonos argues *Bui* is distinguishable because the defendant "moved in the alternative under Rule 12(c)." Opp at 5. This distinction is not material; courts treat a 12(b)(6) motion as timely even when Rule 12(c) is not mentioned. *Momentum Mktg. Sales & Serv., Inc. v. Curves Int'l, Inc.*, No. 6:07-cv-0048-WSS,

---

[6] Sonos admits that this argument does not apply to Google's motion to dismiss with respect to the '885 patent because that patent was not included in the original complaint. Opp. at 4-5.

2009 WL 10669901, *1 (W.D. Tex. July 28, 2009) (holding "motion pursuant to Rule 12(b)(6) is not prohibited" by a prior response without discussing Rule 12(c)); *id*. Dkt. No. 163 ("12(b)(6)" motion not mentioning Rule 12(c)).  The Court should treat Google's motion as timely.[7]

Alternatively, if the Court decides to take a more restrictive reading of Rule 12, it should follow the "approach, utilized by the Fifth Circuit, [which] is to simply construe such a motion as a Rule 12(c) motion for judgment on the pleadings." *Sparling*, 2014 WL 12489990, *4 (construing 12(b)(6) motion as a 12(c) motion and considering the merits); *see also Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686 (5th Cir. 2017) ("district court did not abuse its discretion in considering the … Rule 12(b)(6) motion" and noting that the district court could have alternatively treated the motion as a "rule 12(c) motion").  There is no dispute that Google's motion would be timely under Rule 12(c), and the standard to be applied is the same.  *Great Plains Trust Co. v. Morgan Stanley Dean Writer & Co.*, 313 F.3d 305 n.8 (5th Cir. 2002); *see also* Fed. R. Civ. P. 12(h)(2) ("[f]ailure to state a claim" defense is not waived and "may be raised… by a motion under Rule 12(c)" after filing an answer).  To the extent Sonos is asking the Court to order Google to refile its motion under Rule 12(c), the Court should not do so—Fifth Circuit precedent and "the interests of efficiency and judicial economy are best served by construing Defendant's motion as having been brought under Rule 12(c) and considering the merits of Defendant's arguments." *McGowan v. Ditech Financial, LLC*, No. 15-cv-3155, 2018 WL 4346722 (N.D. Tex. 2018).[8]

---

[7] Sonos also attempts to distinguish *Bui* on the grounds that "Google put off answering Sonos's complaint for over five months." Opp. at 5.  Sonos does not attempt to explain why this fact distinguishes *Bui*, but in any event, Google answered Sonos's complaint **before** its deadline to do so.  Google was not required to answer Sonos's complaint until the Court resolved its initial motion to dismiss (Dkt. 22), which still has not happened.  Despite this, Google answered Sonos's complaint on January 8, 2021, almost three months ago.

[8] Sonos briefly urges the Court to dismiss Google's 12(b)(6) arguments because "Google did not plead any affirmative defense under Rule 12(b)(6)" in its answer. Opp. at 4.  To the extent Sonos is suggesting Google waived its 12(b)(6) argument by not including it in its prior

Tellingly, Sonos does not cite any case refusing to consider a Rule 12(b)(6) motion as untimely. The sole case Sonos relies upon, *Stoffels ex. Rel., SBC Concession Plan v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642, 647-49 (W.D. Tex. 2006), held that defendant's Rule 12(b)(6) motion should be considered. Although Sonos cites a portion of the decision quoting Professors Wright & Miller's statement that "the filing of an amended complaint will not revive the right" to present defenses that were previously available, Sonos omits to mention that the Court went on to find that it was not "uncommon" for courts to consider a 12(b)(6) motion after a prior response has been filed and that Courts should do so "when delay is not a concern." *Id*. at 649.

Sonos vaguely alleges that the Court should refuse to consider Google's motion because Google has engaged in "litigation tactics." Opp. at 5. Google disagrees that this allegation is relevant, but in any event Google denies it has engaged in "litigation tactics." Google filed the California action after Sonos provided Google with a copy of its complaint to manufacture pre-suit knowledge for this action. Mot. at 6. To the extent either party is engaged in litigation tactics, it is Sonos, not Google. And although Sonos alleges that Google "refused to withdraw its initial motion and has yet to do so" (Opp. 2, n.2), Sonos fails to mention that Google agreed that its initial motion to dismiss is moot and does not oppose an order denying its motion. Dkt. 27.[9]

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Google's motion. Pursuant to L.R. CV 7(h), Google requests an oral hearing on the foregoing motion.

---

answer, the Court should reject this argument. A "Rule 12(b)(6) defense is so basic that it cannot be waived" (*see Stoffels*, 430 F. Supp. 2d 649), and under Rule 12(h)(2), the defense of "[f]ailure to state a claim . . . may be raised" after an answer.

[9]  To the extent there is any ambiguity as to the status of Google's initial motion, it was mooted as soon as Sonos filed its first amended complaint, which superseded its original complaint and left Google with nothing further to withdraw. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect"); *Calvin Lee Miller v. City of Yoakum*, No. V-09-35, 2009 WL2855054, *2 (finding motion to dismiss original complaint was mooted by filing of amended complaint).

DATED: March 30, 2021         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _/s/ Charles K. Verhoeven_
Charles K. Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Melissa Baily (*pro hac vice*)
melissabaily@quinnemanuel.com
Jordan Jaffe (*pro hac vice*)
jordanjaffe@quinnemanuel.com
Lindsay Cooper (*pro hac vice*)
lindsaycooper@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875 6600
Facsimile:    (415) 875 6700

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

*Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 30, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Charles K. Verhoeven*
Charles K Verhoeven