# EXHIBIT 10

**Subject:** RE: Sonos v. Google - Meet and Confer
**Date:** Friday, April 16, 2021 at 4:45:21 PM Central Daylight Time
**From:** Marc Kaplan
**To:** Cole Richter, Jordan Jaffe
**CC:** Sonos-WDTX0881-service, mark waltfairpllc.com, QE-Sonos3, Paige Amstutz, LS3 Team

Cole,

At Sonos's request, Google provides the disclosures below to supplement the indefiniteness discussions between Google and Sonos during the meet and confer process. These disclosures are made strictly subject to Google's reservation of rights to supplement or modify the following information and arguments. Sonos requested a brief written preview of reasons that the claim terms below are indefinite, which Google provides below. Google's arguments regarding indefiniteness are not limited to these disclosures and these disclosures are not intended to restrict Google's arguments in any way. Claim construction discovery has just begun and therefore Google reserves its rights to supplement or modify the following reasons and arguments based on any such discovery or based on Sonos's claim construction briefing. Google reserves the rights to argue all terms or phrases that are disclosed in its invalidity contentions as indefinite. Google further hereby fully incorporates by reference its invalidity contentions into these disclosures.

| Term | Reason for Indefiniteness |
|---|---|
| "zone scene identifying a group configuration associated with two or more of the plurality of independent playback devices"<br><br>"[first / second] zone scene comprising a [first / second] predefined grouping of zone players including at least the first zone player and a [second / third] zone player that are to be configured for synchronous playback of media when the [first / second] zone scene is invoked"<br><br>"data defining the second zone scene" | These phrases are indefinite because, read in light of the patent's specification and prosecution history, they fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention. For example, the term "group configuration" is not distinguishable from "zone scene" as described in the specification or under Sonos's theories. As another example, a person of ordinary skill is unable to discern with reasonable certainty what it means to be a "zone scene" "identifying" a "group configuration" and what information is required to identify. As a further example, it is unclear how a "zone scene" could "comprise" a "predefined grouping." It is also unclear what it means for "data" to "define" a "zone scene," particularly given the ambiguities above. |
|  | These phrases are indefinite because, read in light of the patent's specification and prosecution history, they fail to inform, with reasonable |

| | |
|---|---|
| "zone configuration characterizes one or more zone scenes" | certainty, those skilled in the art about the scope of the invention. For example, the term "zone configuration" is not distinguishable from "zone scene" as described in the specification or under Sonos's theories. As another example, a person of ordinary skill is unable to discern with reasonable certainty what it means for a "zone configuration" to "characterize" a "zone scene" and what information is required to be a characterization. |
| "a media particular playback system" | This phrase is indefinite because, read in light of the patent's specification and prosecution history, it fails to inform, with reasonable certainty, those skilled in the art about the scope of the invention. For example, the phrase "media particular playback system" is ambiguous. Sonos's proposed construction attempts to fix this ambiguity by simply deleting the term particular, but each term in the claim should be construed to have meaning. |
| "group configuration" | These phrases are indefinite because, read in light of the patent's specification and prosecution history, they fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention. For example, the term "group configuration" is not distinguishable from "zone scene" or "zone configuration" as described in the specification or under Sonos's theories. |
| "wherein the instruction comprises an instruction" | The phrase is indefinite because, read in light of the patent's specification and prosecution history, it fails to inform, with reasonable certainty, those skilled in the art about the scope of the invention. For example, it is ambiguous how something can "comprise" itself. As another example, a person of ordinary skill is unable to discern with reasonable certainty what comprises one instruction versus a separate instruction. |
| "zone configuration" | These phrases are indefinite because, read in light of the patent's specification and prosecution history, they fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention. For example, the term "zone configuration" is not distinguishable from "zone scene" as described in the specification or under Sonos's theories. |
| "causing the selectable indication of the at least one of the one or more zone scenes to be displayed" | This phrase is indefinite because, read in light of the patent's specification and prosecution history, it fails to inform, with reasonable certainty, those skilled in the art about the scope of the invention. For example, the phrase lacks antecedent basis, making the scope of the claim ambiguous. |

Thanks,
Marc

---

**From:** Cole Richter [mailto:richter@ls3ip.com]
**Sent:** Thursday, April 15, 2021 1:04 PM
**To:** Marc Kaplan <marckaplan@quinnemanuel.com>; Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Cc:** Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>; mark waltfairpllc.com <mark@waltfairpllc.com>; QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Paige Amstutz <pamstutz@scottdoug.com>; LS3 Team <LS3_team@ls3ip.com>

**Subject:** RE: Sonos v. Google - Meet and Confer

**[EXTERNAL EMAIL]**

Marc,

I think there is some misunderstanding between the parties regarding this process. Each party has proposed terms that that party believes should be construed. For the terms for which Google offered a construction, Sonos believes no construction is necessary because there is no ambiguity with the plain meaning of those terms. *See, e.g., I/P Engine, Inc. v. AOL, Inc.*, 874 F. Supp. 2d 510, 516 (E.D. Va. 2012) ("[T]he Court need not provide a new definition or rewrite a term when the Court finds the term's plain and ordinary meaning is sufficient.") (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed.Cir.2008)). The fact that Sonos disagrees that a construction is necessary does not obligate us to correct your proposed construction or offer a competing one. For this reason, we doubt any further conferral on these terms is going to be fruitful as we don't think a construction is appropriate in any event. In other words, there is no "construction" of those terms that we are willing to agree on at this point.

Nevertheless, when asked during the meet and confer why we wouldn't agree to certain of Google's constructions, we endeavored to explain. For instance, we explained that your construction for "invoke" was too narrow because it required the application of a "parameter" or "setting," and we explained that your construction of "cloud" was too broad because it encompassed all data and services accessible over any type of "network." Again, our disagreement with these constructions doesn't obligate us to correct them for you. You asked us to further consider these terms. We have. And our position is that no construction is necessary. We asked you to consider our proposals for "transport control." You haven't responded at all.

We attempted to confer in good faith to understand which 10 (or fewer) terms Google is asking the Court to construe and to understand the basis for alleging that more than 10 terms are indefinite. You could offer neither. Instead, you used the meet and confer to ask us to define our constructions, define words in isolation, and to articulate what we consider the plain and ordinary meaning of certain terms to be. Ironically, when asked to reciprocate, you couldn't.

Regarding indefiniteness, you did not provide any information other than to articulate your non-infringement position for one term. That had nothing to do with indefiniteness. We appreciate your willingness to provide further information on your indefiniteness positions. We are unsure why you haven't provided that yet. To be sure, we await this as well as an identification of the 10 (or fewer) terms you plan to ask the Court to construe or hold indefinite. We asked for that information on Tuesday's meet and confer, and again by 5pm last night, but have not received it. Please send it by the close of business today.

Best,
Cole

**From:** Marc Kaplan <marckaplan@quinnemanuel.com>
**Sent:** Wednesday, April 14, 2021 9:02 PM
**To:** Cole Richter <richter@ls3ip.com>; Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Cc:** Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>; mark waltfairpllc.com <mark@waltfairpllc.com>; QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Paige Amstutz <pamstutz@scottdoug.com>; LS3 Team <LS3_team@ls3ip.com>
**Subject:** RE: Sonos v. Google - Meet and Confer

Cole,

We are attempting to meet and confer in good faith with Sonos to narrow the disputed issues for claim construction.  At this point, however, we cannot tell what we would need to do in order to bridge the gap between the parties.  Simply saying that Google's proposed constructions are "too broad or too narrow" covers essentially everything and does not provide any guidance to Google as to the real dispute between the parties.  We fully expect that Sonos will be providing more details about why Google's proposals are incorrect in its briefing, and to avoid having Sonos brief an issue that is not actually in dispute, we again request that Sonos consider providing substantive feedback regarding Google's proposals.

For example, for the "zone scenes" term, both Sonos and Google proposed this term—by itself.  But now Sonos has chosen not to construe that term by itself, but instead as part of a larger phrase that Google originally proposed.  When we asked what about Google's construction of the term by itself was incorrect, Sonos was unable or unwilling to provide that information.  Again, we expect that Sonos will have a detailed position that it will take in its opening brief, and we are asking to receive that information now so that Google does not need to (for example) modify its construction in its opposition brief to bridge a gap or overcome a dispute that could be remedied during the meet and confer process.  As we understand it, that is one of the primary purposes of this meet and confer process.

To be clear, we are not asking Sonos to provide anything beyond the substance of its claim construction positions.  We expect that Sonos will provide more information than "too narrow" or "too broad" when briefing these issues.  We therefore request that Sonos at least attempt to explain why Google's construction is incorrect or is inconsistent with the plain meaning, so that we can attempt to narrow the disputed issues for the Court.

Regarding your request that Google provide an explanation for why particular claim terms are indefinite, Google already provided some of that information during our meet and confer and is willing to provide further information, but does so on the assumption that Sonos intends to reciprocate and provide the information requested above.  The meet and confer process should be a two-way street, with both sides explaining their positions and attempting to resolve the disputes.  Google is fully committed to that process and will provide Sonos with the information that it has requested.  If there is a particular time that you would like to set for an exchange of this information, or if another meet and confer call would be helpful, please let us know.

Thank you,
Marc

---

**From:** Cole Richter [mailto:richter@ls3ip.com]
**Sent:** Tuesday, April 13, 2021 10:52 PM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Cc:** Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>; mark waltfairpllc.com <mark@waltfairpllc.com>; QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Paige Amstutz <pamstutz@scottdoug.com>; LS3 Team <LS3_team@ls3ip.com>
**Subject:** RE: Sonos v. Google - Meet and Confer

**[EXTERNAL EMAIL]**

Jordan,

In light of our conferral, we've considered the terms you asked us to further consider but do not feel that any articulation of the plain and ordinary meaning of these terms or construction of certain words in isolation is necessary or appropriate at this time. When asked, I explained during our conferral where we considered Google's proposed constructions regarding these terms to be too broad or too narrow. If Google wants to offer any revised constructions, we will consider them.

We propose the parties simultaneously exchange at 5pm CT Wednesday their respective lists of 10 (or fewer) terms for which they are asking the Court to construe or arguing are indefinite. For any allegedly indefinite term, please provide a description of Google's indefiniteness position with respect to that term as neither Google's identification of preliminary claim constructions nor Google's invalidity contentions articulates an indefiniteness theory (beyond simply identifying which terms Google contends are allegedly indefinite). Let us know if you're amenable to this plan.

Please let us know if further conferral this week would be productive.

Best,
Cole

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Tuesday, April 13, 2021 12:48 PM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>; QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Cc:** Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>; Paige Amstutz <pamstutz@scottdoug.com>
**Subject:** RE: Sonos v. Google - Meet and Confer

Adding Paige to this thread. Can you all circulate dial-in information?

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // **jordanjaffe@quinnemanuel.com**

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Friday, April 09, 2021 3:01 PM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Cc:** Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Subject:** RE: Sonos v. Google - Meet and Confer

**[EXTERNAL EMAIL]**

Hi Jordan,

1:30 pm PT works with us.

Sincerely,

Mark

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Friday, April 9, 2021 2:04 PM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>; QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Cc:** Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Subject:** RE: Sonos v. Google - Meet and Confer

How about Tuesday afternoon PT?  We can start at 1:30 PM PT.

**Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 //** jordanjaffe@quinnemanuel.com

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Thursday, April 08, 2021 6:53 AM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; QE-Sonos3 <qe-sonos3@quinnemanuel.com>
**Cc:** Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Subject:** Sonos v. Google - Meet and Confer

**[EXTERNAL EMAIL]**

Hi Jordan,

We would like to set up a meet and confer early next week to discuss narrowing claim terms for construction. Can you please provide your team's availability for a call?

Sincerely,

**Mark Siegmund**
**Walt Fair, PLLC**
mark@waltfairpllc.com
1508 North Valley Mills Drive
Waco, Texas  76710-4462
Telephone: (254) 772-6400
Fax: (254) 772-6432
waltfairpllc.com