# EXHIBIT 23

| | |
|---|---|
| **From:** | Hannah Santasawatkul <Hannah_Santasawatkul@txwd.uscourts.gov> |
| **Sent:** | Monday, June 14, 2021 3:13 PM |
| **To:** | Mark (waltfairpllc) |
| **Cc:** | Sonos-WDTX0881-service; LS3 Team; QE-Sonos3; pamstutz@scottdoug.com |
| **Subject:** | RE: Sonos v. Google - 6:20-cv-00881 - Venue Discovery Dispute |

Good afternoon Counsel,

The Court is currently in trial and will not be able to accommodate a hearing. However, the Court will rule as follows:

1. The Court will order Plaintiff to tailor its Requests for Production. The Court finds that the current requests are overly broad and unduly burdensome. However, the Court believes that there is relevant information beyond what Defendant has produced relating to the accused products beyond the accused functionalities. The Court orders the Plaintiff to tailor its requests more specifically to certain relevant employees rather than a broad sweeping generalized list of "employees… whose roles related to the accused products."
2. The Court will order that Google to respond to Sonos's Interrogatories because the Google Cloud Platform is relevant to the "Google Cloud Server" functionality. The Court does not have the exact language of the interrogatories, to the extent that Google believes the interrogatories to be overly broad, Google may object to certain buckets of information included by the interrogatories. The Court rejects Google's alternative relief "limited to an *identification of the number* of employees whose roles relate any aspect of the google cloud platform in the western district of Texas." Sonos is entitled to more than the mere number of employees. Please meet and confer and let me know if you are unable to reach a compromise in view of the Court's rulings above.
3. The Court finds that Google's requested information regarding how the parties collaborated, subject matter of collaboration, and proprietary information shared is not relevant to the venue transfer analysis beyond the actual Collaboration Agreement. If Google believes it needs additional information relevant to the applicability of the forum selection clause, the Court would like Google to send the Forum Selection Clause highlighted with corresponding requested buckets of information that relate to specific language of the forum selection clause.
4. The Court will deny Google's requested relief.

Please let me know if you have any other questions!

Best,
Hannah



**Hannah Santasawatkul**
Law Clerk to the Honorable Alan D Albright
United States District Court, Western District of Texas
Direct: 254-750-1520
Hannah_Santasawatkul@txwd.uscourts.gov

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Monday, June 14, 2021 4:07 PM

**To:** Hannah Santasawatkul <Hannah_Santasawatkul@txwd.uscourts.gov>
**Cc:** Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>; LS3 Team <LS3_team@ls3ip.com>; QE-Sonos3 <qe-sonos3@quinnemanuel.com>; pamstutz@scottdoug.com
**Subject:** Sonos v. Google - 6:20-cv-00881 - Venue Discovery Dispute

**CAUTION - EXTERNAL:**


Good afternoon Hannah,

The parties jointly submit the attached document and ask for the Court's assistance in resolving the disputes outlined in the document. Also included are two exhibits referenced by the parties.

Please let us know if the Court is able to accommodate a hearing on the issues, or if the Court needs any additional information from us.

Sincerely,

Mark Siegmund
Counsel for Sonos

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.