```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TEXAS
                            WACO DIVISION

SONOS, INC.                        *      June 22, 2021
                                   *
VS.                                * CIVIL ACTION NO. W-20-CV-881
                                   *
GOOGLE LLC                         *

             BEFORE THE HONORABLE ALAN D ALBRIGHT
                  DISCOVERY HEARING (via Zoom)

APPEARANCES:

For the Plaintiff:       Sean M. Sullivan, Esq.
                         Matthew J. Sampson, Esq.
                         Cole Richter, Esq.
                         Lee Sullivan Shea & Smith LLP
                         656 W. Randolph Street, Floor 5w
                         Chicago, IL 60661

                         Alyssa Caridis, Esq.
                         Orrick Herrinton & Sutcliffe LLP
                         777 South Figueroa St., Suite 3200
                         Los Angeles, CA 90017

                         Mark D. Siegmund, Esq.
                         Law Firm of Walt Fair, PLLC
                         1508 N. Valley Mills Drive
                         Waco, TX 76710

For the Defendant:       Lindsay M. Cooper, Esq.
                         Quinn Emanuel Urquhart & Sullivan LLP
                         50 California Street, 22nd Floor
                         San Francisco, CA 94105

                         Paige Arnette Amstutz, Esq.
                         Stephen Burbank, Esq.
                         Scott, Douglass & McConnico, LLP
                         303 Colorado Street, Suite 2400
                         Austin, TX 78701

Court Reporter:          Kristie M. Davis, CRR, RMR
                         PO Box 20994
                         Waco, Texas 76702-0994
                         (254) 340-6114
    Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
```

1          (June 22, 2021, 3:16 p.m.)

2          DEPUTY CLERK:  Discovery hearing in Civil Action

3    W:20-CV-881, styled Sonos, Incorporated versus Google LLC.

4          MR. SIEGMUND:  Good afternoon, Your Honor.  This is Mark

5    Siegmund on behalf of plaintiff Sonos.  With me today is Alyssa

6    Caridis from Orrick.  Also with us is Sean Sullivan, Matt

7    Sampson and Cole Richter from Lee Sullivan Shea & Smith.

8          Myself and Mr. Sullivan will be doing the majority of

9    speaking today on behalf of plaintiff.

10         THE COURT:  Very good.  Welcome to all.

11         MR. BURBANK:  Good afternoon, Your Honor.  Paige Amstutz

12   and Stephen Burbank with Scott Douglas & McConnico on behalf of

13   Google.  With us is our co-counsel, Lindsay Cooper from Quinn

14   Emanuel, and also with us is Patrick Weston, who is in-house

15   counsel for Google.

16         Ms. Amstutz will be handling the procedural issues

17   regarding the transfer briefing, and Ms. Cooper will handle the

18   substantive discovery disputes.

19         THE COURT:  Always good to have dueling law clerks --

20   former law clerks on the -- there's equity of dignity here with

21   one on each side.  So -- and of course one of you's my

22   favorite.

23         So I'll let you all take up whatever the issues are.

24         MS. AMSTUTZ:  Your Honor, I think the procedural issues

25   are pretty low-hanging fruit, if the Court would like to tackle

1 those first.

2 　　　THE COURT:  Sure.

3 　　　MS. AMSTUTZ:  On behalf of Google, I come to the Court
4 with two very specific asks with regard to the upcoming
5 transfer reply brief.

6 　　　The first is, we would ask for a modest four-day extension
7 on the reply brief deadline.

8 　　　The second is, we would ask for five additional pages in
9 addition to the five pages afforded under the current version
10 of the local rules.

11 　　　With regard to the timing issue, by way of background, as
12 Sonos pointed out in its e-mail, back in mid-May we negotiated
13 a briefing schedule whereby Sonos would file its response brief
14 on June 15th, which was last Tuesday, and Google would file its
15 reply brief on June 25th, which is this upcoming Friday.

16 　　　We've now ask to extend that deadline to Tuesday,
17 June 29th, which is four days on its face but actually only two
18 business days.  Sonos has not agreed to any extension, but I
19 want to give the Court very briefly three reasons why it's
20 warranted here.

21 　　　First, on June 8th, the Court entered its amended order on
22 venue briefing, which sets the default deadline for replies at
23 two weeks past the response date.  Our request falls directly
24 in line with what the presumptive deadline is going to be in
25 this Court going forward.  June 29th falls exactly two weeks

1  after the response deadline.

2  When we negotiated that briefing schedule back in mid-May,
3  we did not have Sonos' response obviously.  But now we do, and
4  it is very fulsome.  It's -- there's a lot to address, and
5  there's 46 exhibits we have to deal with in our reply.

6  And lastly, Your Honor, that briefing schedule was
7  negotiated in the context of a July 15th Markman hearing.  The
8  parties diligently wanted to give the Court plenty of time to
9  get through the transfer issues before that Markman hearing.

10  Yesterday the Court moved the Markman hearing by three
11  weeks to August 6th, so any adverse impact that a four-day
12  extension would have had on the Court's ability to rule on the
13  transfer issue is diminished given that the Markman hearing is
14  now pushed out until August 6th.  So with that, we ask for the
15  four days.

16  But for a lot of those same reasons, if not the -- all of
17  them, we also need five additional pages in addition to the
18  five afforded under the current rule.  And I say the "current
19  rule" because, as I pointed out to Sonos' counsel, those local
20  rules are about to be amended.  The amendments, as the Court
21  knows, are literally sitting on the Fifth Circuit's desk, and
22  the operative rule here, Rule 7(e), is going to be amended to
23  allow ten pages for a reply brief in the context of a motion to
24  transfer.  So again, our request is completely in line with
25  that forthcoming rule change.

1        So, Judge, in sum -- oh, I will say, in our
2   meet-and-confers, Sonos has agreed to give us seven pages, not
3   ten.  So really I'm asking for three beyond what they've agreed
4   to.
5        So, Judge, we would ask for that four-day extension, the
6   five additional pages for a total of ten, and I assure the
7   Court, and I hope the Court knows, that if Google did not
8   really need this, I would not be burdening the Court with these
9   types of procedural issues.
10       MR. SIEGMUND:  Your Honor, if I can very briefly respond
11  to that.
12       THE COURT:  Sure.
13       MR. SIEGMUND:  Your Honor, I think I can save the Court a
14  little bit of time here.
15       Regarding the timing issue, our position's pretty simple
16  on this matter.  We think that the parties should abide by the
17  agreements they enter into, especially whenever they're filed
18  with the Court.  However, now that we understand that Google's
19  position is that they are requesting an extension of time on
20  the parties' agreement, we're okay with June 29th.
21       So we are not opposed to them filing their reply brief on
22  June 29th rather than what the parties agreed to, which was the
23  24th.  So we're okay with that --
24       THE COURT:  I've heard of deathbed conversions.  This is
25  sort of like a hearing with the Judge convert.  I probably

1  ought to write a book about this, so...
2      MR. SIEGMUND:  So we are -- we're okay with that, Your
3  Honor.  However, we don't believe that doubling Google's reply
4  brief to ten pages is a reasonable request, given that this is
5  a motion to transfer venue and this is a non-dispositive
6  motion.
7      As Your Honor's aware, the local rules provide for a
8  five-page reply brief.  Not only that, I -- even if the Western
9  District of Texas local rules are pending before the Fifth
10 Circuit, the Court's OGP says five pages for a reply brief
11 concerning a motion to transfer venue, and that's on Page 5 of
12 the OGP.
13     So for this non-dispositive motion, we do not think that
14 doubling the amount of pages is reasonable.  And as Ms. Amstutz
15 suggested, we did suggest a compromise of seven pages, and we
16 think that's reasonable.
17     THE COURT:  I thought you were going to point out that
18 your brethren, Stephen Burbank, was acting with some level of
19 treason and -- as a former law clerk in arguing that anyone
20 should get more pages since I'm sure there was time when he
21 joined in with my other law clerks in saying any amount of
22 pages is too much.
23     But tell me again how long your response was.
24     MR. SIEGMUND:  Your Honor, our response was exactly in
25 line with the OGP, 15 pages.

1          THE COURT:  What I'm going to do is, I will -- just say,
2  I'll split the baby.  I'll give the defendant eight pages.  And
3  so -- but they have to keep the same font, like, you can't make
4  little -- I'm kidding.
5          So what else do we have to take up?
6          MS. COOPER:  Your Honor, we've also got a discovery
7  dispute regarding venue.  Before I get into the issues, I just
8  wanted to note that Patrick Weston, in-house counsel at Google,
9  I think he's trying to get into the Zoom.  I'm not sure if
10 somebody needs to let him in, but I just wanted to mention that
11 in case that is the case.
12         With respect to the issues, Google is asking for
13 information from Sonos regarding certain forum selection
14 clauses in certain agreements between the parties.
15         Google's transferred -- move to transfer based on these
16 forum selection clauses.  They require that disputes regarding
17 the agreement be litigated in California, and the parties
18 executed six of these agreements between 2013 and 2015.
19         The key agreement about which we're seeking discovery is
20 called the "Content Integration Agreement," or the CIA, and the
21 parties have a dispute about what that agreement covers.
22         Google's position is that the agreement applies to the
23 parties' collaboration during this time period, 2013 to 2015.
24 During that time period, the parties collaborated on the
25 functionality that Sonos is now accusing of infringing two of

1  the patents-in-suit.  The parties worked closely together for
2  two years.  They worked closely together on the functionality
3  that's now accused in this case.
4       Google and Sonos had NDAs and other agreements covering
5  that relationship.  Google allowed Sonos to be part of its
6  confidential development process.
7       That's our position.  These agreements apply to that
8  collaboration and they relate to this case and they require
9  this case to be transferred.
10      Sonos doesn't agree with us, but they haven't actually
11 told us their position as to what the agreements do cover.  All
12 they've said is, we don't think Google has met its burden to
13 demonstrate that the agreements, you know, relate to this case
14 or relate to the parties collaboration.
15      But the question before you is a question for Sonos, which
16 is:  If the agreements don't apply to the collaboration, then
17 what do they apply to?
18      We'd like to get an answer to this question so we can
19 address Sonos' position in our reply brief rather than seeing
20 it for the first time on surreply.  And we think it's
21 important, because Sonos can't argue that we haven't met our
22 burden to show the agreement applies while at the same time
23 withholding their position on that very issue.
24      MR. SULLIVAN:  Your Honor, this is Sean Sullivan.  Could I
25 respond to that briefly?

1       THE COURT: Of course. That's why we're here.

2       MR. SULLIVAN: Thank you, Your Honor.

3       So yeah. I think there's a little bit of -- the CIAs are
4  really a red herring here. They're not related to the
5  infringement issues in this case.

6       So just by way of background, and a lot of this is laid
7  out in our opposition brief to the transfer motion as well, but
8  the patents have a priority date here back to 2011.

9       These agreements, which are covering a very narrow
10 commercial implementation of a feature, between Sonos and
11 Google aren't relevant to whether or not Google's products
12 infringe Sonos' patents. Those agreements were in 2013.

13      There's no argument here by Google that there's some type
14 of a breach of that agreement, that there's some type of an
15 ownership defense or a license defense from that agreement
16 here. They just aren't relevant to the issue of venue that
17 we're dealing with here.

18      The forum selection clauses are tied to and related to
19 that agreement. That agreement is not at issue here in this
20 case as far as any defenses go from Google's standpoint.

21      Google tries to argue that, well, it's the whole
22 collaboration that is relevant to some inequitable defenses
23 that we may have. Again, that's fine for purposes of
24 substantive discovery on the merits, but that's not relevant to
25 the issue of venue. It's not relevant because that forum

1  selection clause and that agreement is not at issue here.
2         MS. COOPER:  Your Honor, if I could respond to that.
3         The fact that the patents claim priority to before this
4  agreement actually demonstrates why this agreement is so
5  relevant.
6         If Sonos had patents covering the functionality that the
7  parties worked on together between 2013 and 2015 but actually
8  invented it in 2011, what we would expect to see is an
9  explanation from Sonos, you know, when they first started
10 working together, we know all about this; we invented this two
11 years ago.
12        That didn't happen.  Instead what we see is Sonos working
13 closely with Google, supporting them, helping them develop the
14 accused functionality, posing technical questions to them,
15 giving feedback to them.  At no point in the collaboration did
16 they ever say, we have patents that read on a product you're
17 developing.
18        It's this behavior, coupled with the execution of the CIA,
19 which actually provides that any intellectual property coming
20 out of the collaboration is owned by Google, that gives rise to
21 our equitable defenses.
22        Our position is not that this case should be transferred
23 because we have an express license to Sonos' patents or that we
24 own Sonos' patents.  That's not our position.
25        Our position is that the case should be transferred

1   because the agreement is one part of the course of conduct that
2   Sonos participated in that led us to understand that it either
3   had no intellectual property rights that bared on the
4   functionality we were developing or that it didn't intend to
5   enforce any intellectual property rights it had.
6        MR. SULLIVAN:  Go ahead, Your Honor.
7        THE COURT:  I'm missing -- Ms. Cooper, I -- hopefully when
8   I say this now, when I say, I don't understand something, it's
9   not like if you spoke in Mandarin, I'd say I don't understand
10  Mandarin.  I understand what you just argued.
11       I don't understand why it's relevant to venue.  I'm not
12  able to -- I mean, what you're asking for is something that I
13  think you will certainly be entitled to in full discovery.
14       My understanding, generally speaking, I'm relatively
15  strict with discovery prior to the Markman unless it has some
16  real relationship to venue, and I'm not following that here.
17       I certainly understand why it may be -- it may be the key
18  document at trial, I get that.  But for right now, all I'm --
19  all I care about for right now is:  Does the case belong here
20  or somewhere else?
21       And I can't figure out why this document would change my
22  mind in one direction or the other.
23       MS. COOPER:  If I could respond to that.
24       So the document we're talking about, the CIA, it
25  incorporates a California forum selection clause.  So the

1  document we're talking about is actually the basis for our
2  motion to transfer.
3      THE COURT: Got it. Okay. Got it. So -- yes, sir,
4  Mr. Sullivan.
5      MR. SULLIVAN: Your Honor -- yeah.
6      So there is a forum selection clause, again, for that
7  agreement. If there was a breach of that agreement, if there
8  was a license in that agreement, then it might be implicated.
9      But like you said, Your Honor, it's not relevant -- the
10 collaboration's not relevant to venue. This agreement --
11 there's no way that the forum selection clause is being invoked
12 in this case. There's no breach of the agreement. There's no
13 argument that there's a license or an ownership issue here
14 as -- pursuant to that agreement --
15     THE COURT: Mr. Sullivan, it sounds to me like we're
16 talking about one discrete document, is that fair, or something
17 that's a relatively discrete document or documents?
18     MR. SULLIVAN: Well, the agreement is, you know, is an
19 agreement, but they're asking for all the discovery that is
20 related to the collaboration.
21     You know, I think she pointed out it's 2013 to 2015.
22 They're asking for all the stuff that the parties talked about
23 and discussed and did as part of the collaboration, and I agree
24 that's going to be relevant at some point.
25     It's just -- the only way this whole thing is relevant for

1  purposes of venue is through that forum selection clause, and
2  it's just not going to be invoked here.  There's no defense or
3  charge of infringement that implicates that forum selection
4  clause.
5          MS. COOPER:  And, Your Honor, if I could respond to that.
6          So when we brought this dispute to the Court, we were
7  seeking substantive information regarding the document and how
8  it applied to the parties' collaboration.
9          At this point our reply brief is due one week from today.
10 The information we really need in order to write our response
11 and not be surprised by Sonos' position coming up for the first
12 time in the surreply is, we need to understand what Sonos
13 contends the agreement covers.
14         We've put forward our position.  They've said we haven't
15 met our burden to establish that it does relate to the
16 collaboration.  What we're missing here is:  What does Sonos
17 believe it contends to -- applies to?
18         They're a party to the agreement.  That's what we're
19 trying to understand.
20         THE COURT:  If you have the agreement, does -- how far
21 does that get you?
22         MS. COOPER:  Well, it gets us subways, because we can give
23 our understanding of what the agreement covers based on the
24 plain language of the agreement, based on the date of the
25 agreement, but Sonos has said they don't agree with that.  They

1   don't think it covers --
2       THE COURT: I get that. I get what they said. What I'm
3   trying to find out here is: If I have them provide the
4   agreement to you, are you -- is that sufficient for what you
5   need, or do you need more than that?
6       I maybe asked my question poorly.
7       MS. COOPER: I see. We have the agreement, so we would
8   need more than just the agreement. I think a targeted
9   interrogatory asking them what they contend it applies to, if
10  not the parties' collaboration, would get us what we need.
11      THE COURT: Okay. I'm going to deny that request.
12      What else do we have to take up today? Anybody?
13      MR. SIEGMUND: Nothing from plaintiff, Your Honor.
14      THE COURT: Okay. Very good. If you all need anything
15  else -- which clerk is on the case?
16      MR. SIEGMUND: Hannah, Your Honor.
17      THE COURT: That is my favorite clerk.
18      So y'all have a good day. I appreciate your time here.
19  And if you need anything else, let Hannah know, and I'll get to
20  it as quickly as I can. Take care.
21      (Hearing adjourned at 3:35 p.m.)
22
23
24
25

```
 1  UNITED STATES DISTRICT COURT )
 2  WESTERN DISTRICT OF TEXAS    )
 3
 4       I, Kristie M. Davis, Official Court Reporter for the
 5  United States District Court, Western District of Texas, do
 6  certify that the foregoing is a correct transcript from the
 7  record of proceedings in the above-entitled matter.
 8       I certify that the transcript fees and format comply with
 9  those prescribed by the Court and Judicial Conference of the
10  United States.
11       Certified to by me this 23rd day of June 2021.
12
                                 /s/ Kristie M. Davis
13                               KRISTIE M. DAVIS
                                 Official Court Reporter
14                               800 Franklin Avenue
                                 Waco, Texas 76701
15                               (254) 340-6114
                                 kmdaviscsr@yahoo.com
16
17
18
19
20
21
22
23
24
25
```