# EXHIBIT D

**From:** Hannah Santasawatkul <Hannah_Santasawatkul@txwd.uscourts.gov>
**Sent:** Monday, April 19, 2021 11:45 AM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>; Paige Amstutz <pamstutz@scottdoug.com>; TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Subject:** RE: Sonos v. Google - 6:20-cv-00881-ADA - Sonos's Request for Reservation of Pages

**[EXTERNAL EMAIL]**

Good morning Counsel,

I apologize for my delayed response. The Court notes that the deadline to exchange the revised list of terms/constructions was the same day that Sonos emailed the Court. The Court would prefer that the Parties not involve the Court on issues that are not ripe. As I note from Google's email, some of the issues presented by Sonos were resolved by submissions made later that day (which was the deadline).

The Court notes that there are 5 patents which sets the claim terms at 10 terms per side across the 5 patents, this does not mean 20 total. The Court's OGP states the Parties should indicate which side proposed the term so that the Court can confirm that neither party submits more than 10 terms on its own. The April 19 deadline should have been the final narrowing of terms for the purpose of briefings (barring reduction made due to resolution of terms throughout briefing). If plaintiff's construction is something along the lines of "plain and ordinary meaning which is _____" plaintiff must provide that to defendant. However, if Plaintiff's stance is that a term be construed as merely plain and ordinary meaning without further construction that is its prerogative.

Please exchange your final terms to be construed to opposing counsel by **5PM today.**

If you would like to request leave of court to brief additional terms, this should have been done far ahead of the first deadline for submission of the opening brief. However, if you can articulate a compelling reason for the Court to grant leave to exceed limitations, please let me know by **5PM today**. This will likely result in the Court extending the opening deadline and compressing the other deadlines. If both parties agree to an extension to the briefing schedule, the Court will consider an extension. However, an extension to the briefing schedule that pushes back submission of the joint claim construction statement will likely result in the Court pushing back the Markman.

Please let me know if you have any other questions or if I did not address all of the issues.

Best,
Hannah

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Friday, April 16, 2021 4:00 PM
**To:** Paige Amstutz <pamstutz@scottdoug.com>; Hannah Santasawatkul <Hannah_Santasawatkul@txwd.uscourts.gov>; TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Subject:** RE: Sonos v. Google - 6:20-cv-00881-ADA - Sonos's Request for Reservation of Pages

**CAUTION - EXTERNAL:**

Dear Hannah:

Sonos respectfully disagrees. Sonos has identified eight (8) terms for construction (originally 10, but the parties have since agreed on two). *See* attached correspondence. Conversely, Google has identified 21 terms for construction or that Google believes is indefinite. We don't think there is any dispute about the number of terms each side is permitted. Indeed, the OGP states: "the 'presumed limit' is the maximum number of terms that ***each side*** may request the Court to construe without further leave of Court." OGP, p. 3 (emphasis added). As Sonos has identified 8 terms, we are within the presumed limit of 10 terms per the Court's OGP.

Furthermore, despite Google's representations to the Court, Sonos has met and conferred with Google and exchanged several correspondences. Google has repeatedly requested a definition or our position on several terms, to which Sonos has responded that we believe that no construction is necessary for that term as its plain and ordinary meaning should govern. Sonos is not required to argue against itself or rewrite the claims at Google's request by providing a definition for a term that we contend should not be construed.

As the Court can see from the attached email, Sonos has provided the eight terms it seeks to construe. Google has not identified which terms, from among its initially-proposed list of 21 terms, it seeks to construe for purposes of briefing.

Should the Court have any further questions, Sonos is more than happy to have a hearing on the issue.

Sincerely,

Mark

**From:** Paige Amstutz <pamstutz@scottdoug.com>
**Sent:** Friday, April 16, 2021 3:25 PM

**To:** mark waltfairpllc.com <mark@waltfairpllc.com>; Hannah Santasawatkul <Hannah_Santasawatkul@txwd.uscourts.gov>; txwdml_lawclerks_judgealbright@txwd.uscourts.gov
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Subject:** RE: Sonos v. Google - 6:20-cv-00881-ADA - Sonos's Request for Reservation of Pages

Dear Hannah:

Google has, in fact, provided to Sonos a list of terms it intends to ask the Court to construe or hold indefinite, along with its proposed constructions. Google also previously told Sonos that it intends to provide further explanation about its indefiniteness positions later today (which is the deadline for the exchange and narrowing of terms). That is not the issue.

The ripe dispute is that, despite multiple meet and confers, the parties have reached an impasse regarding narrowing terms for claim construction and what is required by the Court's OGP to meet and confer in advance of claim construction briefing. Dkt. 48 at 2 (April 16, 2021: "Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions."). The parties have collectively disclosed more than 20 terms across the five (5) patents that Sonos asserts. Sonos has suggested that each side identify up to 10 terms for construction, which would be twice the presumptive limit under the Court's OGP. Google has met and conferred with Sonos to seek to narrow the number of terms and identify the most important terms for construction, but Sonos has refused to identify grounds for potential compromise for many terms. Accordingly, Google is unable to determine the nature of the claim construction dispute, and indeed, whether there's a dispute at all. Google is thus unable to determine the most important terms to construe because it is unclear what the disputes are for many terms. Given this, Google asks the Court to order Sonos to meaningfully participate in the meet and confer process as required by the Court's scheduling order, so that the parties can seek to identify a reasonable number of terms within the presumptive limit for the Court to construe. To the extent the parties cannot sufficiently narrow after an appropriate meet and confer, Google seeks leave as necessary to construe more terms than the presumptive limit.

Google, too, appreciates the Court's guidance on this issue. As always, let me know if the Court has questions or needs additional information from Google.

All my best,

Paige

---

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Friday, April 16, 2021 2:31 PM
**To:** Hannah Santasawatkul <Hannah_Santasawatkul@txwd.uscourts.gov>; txwdml_lawclerks_judgealbright@txwd.uscourts.gov
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Paige Amstutz <pamstutz@scottdoug.com>; Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Subject:** Sonos v. Google - 6:20-cv-00881-ADA - Sonos's Request for Reservation of Pages

EXTERNAL

Dear Hannah,

Sonos respectfully requests to reserve up to 10 pages from our opening brief to use in our reply claim construction brief. Sonos's opening claim construction brief is due next Friday, and – despite the parties conferring on Tuesday this week and exchanging several other correspondences throughout the week – Google has yet to provide Sonos the list of terms Google is asking the Court to construe or hold indefinite. Nor has Google provided (either in its invalidity contentions, its proposed constructions, or in response to Sonos seeking this information this week) any of its indefiniteness positions.

As such, Sonos's ability to present a meaningful position, when Sonos does not know Google's position concerning the terms it believes are indefinite (or even what terms Google intends to present to the Court), is severely prejudiced. The reservation of 10 pages provides Sonos the ability to adequately respond to any alleged indefinite term presented by Google, does not increase the number of pages used for briefing, and provides the Court with a responsive argument, as compared to Sonos's "best guess" as to why Google believes a term is indefinite.

The Court's guidance on this matter would be greatly appreciated.

Sincerely,

**Mark Siegmund**
**Walt Fair, PLLC**
mark@waltfairpllc.com
1508 North Valley Mills Drive
Waco, Texas 76710-4462
Telephone: (254) 772-6400
Fax: (254) 772-6432
waltfairpllc.com

---

IMPORTANT - SCOTT DOUGLASS & McCONNICO DISCLAIMER: This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone at (512) 495-6300 and/or email and delete the original message. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.