# EXHIBIT 17

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 6:20-cv-00881-ADA |

**SONOS, INC.'S RESPONSES AND OBJECTIONS TO GOOGLE LLC'S SECOND SET OF INTERROGATORIES TO SONOS, INC. REGARDING VENUE**

Pursuant to Federal Rule of Civil Procedure 33 and the Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, Plaintiff Sonos, Inc. ("Plaintiff" or "Sonos") hereby responds to Defendant Google LLC's ("Defendant" or "Google") Second Set of Interrogatories to Sonos Regarding Venue.

Sonos's responses herein are based solely on information that, at the time of these responses, is available to and has been reviewed by Sonos after reasonable investigation. Investigation and venue discovery are ongoing. Sonos reserves all rights to supplement, revise, and/or amend these responses should additional information become available through the discovery process and/or other means. Sonos also reserves the right to produce or use any information or documents that are discovered after service of these responses in support of or in opposition to any motion, in depositions, and/or in hearings. In responding to Google's interrogatories, Sonos does not waive any objection on the grounds of privilege, competency, relevance, materiality, authenticity, and/or admissibility of information contained in any documents identified in response to the interrogatories.

1

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. These objections are in addition to objections set forth separately in response to individual interrogatories and are incorporated in response to each individual interrogatory, whether or not they are separately stated therein.

2. Sonos objects to Google's definition of "Plaintiff," "You," "Sonos," and "Your" as rendering the interrogatories in which they appear overly broad, unduly burdensome, irrelevant and calling for the production of information not within Sonos's possession, custody, or control because they make references to people and entities which are not currently employees of or otherwise under Sonos's control. Sonos will interpret "Plaintiff," "You," "Sonos," and "Your" as referring to Sonos, Inc. along with its current employees and officers.

## INTERROGATORIES REGARDING VENUE

### INTERROGATORY NO. 4:

If Sonos intends to argue that (a) "Sonos worked with Google to integrate the Google Play Music service into the Sonos ecosystem," (b) "Sonos's integration work with Google was especially 'deep' and therefore gave Google a wide aperture through which to view Sonos's proprietary technology" (Dkt. 1 ¶ 13), that (c) "Google used the knowledge it had gleaned from Sonos to build and launch its first wireless multi-room audio product – Chromecast Audio" (*id*. ¶ 14), that (d) "Google's Chromecast Audio began what has turned into Google's relentless effort to copy Sonos and use Sonos's patented technology" (*id*. ¶ 15), or any variation thereof, identify and describe when and how Google and Sonos first began working together, when and how Sonos first gave Google access to its "proprietary technology," when and how Google first obtained access to the knowledge it purportedly gleaned from Sonos to build and launch Chromecast Audio and/or other accused products, and when and how Google first obtained access to the information it purportedly copied from Sonos, as well as agreements related to any of the foregoing.

**RESPONSE TO INTERROGATORY NO. 4:**

Sonos objects to this interrogatory as compound and seeking to combine multiple distinct interrogatories into one. This interrogatory includes at least one subpart that is not "logically or factually subsumed within and necessarily related to the primary question." *See Erfindergemeinschaft Uropep GbR v. Eli Lilly and Company et al.*, Case No. 2:15-cv-1202-WCB, Dkt. No. 102 at 6 (E.D. Tex. May 13, 2016). For example, the first question (*i.e.*, "identify and describe when and how Google and Sonos first began working together") can be answered fully and completely without answering the second question (*i.e.*, "when and how Sonos first gave Google access to its 'proprietary technology,'") or the third question (*i.e.*, "when and how Google first obtained access to the knowledge it purportedly gleaned from Sonos to build and launch Chromecast Audio and/or other accused products"). The second and third questions are thus "totally independent of the first and not factually subsumed within it." *Id.*

Sonos further objects to this interrogatory as improper merits discovery that is not relevant to the venue analysis under 28 U.S.C. § 1404(a). Specifically, the information sought by this request is not relevant to the convenience factors identified in *In re Volkswagen, Inc.,* 545 F.3d 304, 312 (5th Cir. 2008).

In light of these objections, Sonos will not respond to this interrogatory.

**INTERROGATORY NO. 5:**

If Sonos intends to argue that Google and Sonos collaborated on any features that allowed a user to use the Google Play Music app to begin music playback directly to a Sonos player, describe when and how the parties' collaboration began.

3

**RESPONSE TO INTERROGATORY NO. 5:**

Sonos objects to this interrogatory as improper merits discovery that is not relevant to the venue analysis under 28 U.S.C. § 1404(a). Specifically, the information sought by this request is not relevant to the convenience factors identified in *In re Volkswagen, Inc.,* 545 F.3d 304, 312 (5th Cir. 2008).

In light of this objection, Sonos will not respond to this interrogatory.

**INTERROGATORY NO. 6:**

If Sonos intends to argue in this action that Sonos provided Google with access to proprietary information pursuant to any agreement, such as a non-disclosure agreement or any other confidentiality agreements, identify all such agreements and describe the information that Sonos shared pursuant to each such agreement.

**RESPONSE TO INTERROGATORY NO. 6:**

Sonos objects to this interrogatory as improper merits discovery that is not relevant to the venue analysis under 28 U.S.C. § 1404(a). Specifically, the information sought by this request is not relevant to the convenience factors identified in *In re Volkswagen, Inc.,* 545 F.3d 304, 312 (5th Cir. 2008).

In light of this objection, Sonos will not respond to this interrogatory.

**INTERROGATORY NO. 7:**

Identify and describe all in-person meetings that took place in California between Google and Sonos, including but not limited to identifying the dates and attendees of any such meeting(s).

**RESPONSE TO INTERROGATORY NO. 7:**

Sonos objects to this interrogatory to the extent that the information sought is equally in the possession of Google.

Sonos further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it purports to seek: (a) the identification of "all" in-person meetings in California between Google and Sonos; and (b) information about in-person meetings that are unrelated to This Action, the Asserted Patents, or the Google products and features that are accused of infringement.

Sonos further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks information that is not relevant to the venue analysis under 28 U.S.C. § 1404(a). Specifically, the information sought by this request is not relevant to the convenience factors identified in *In re Volkswagen, Inc.,* 545 F.3d 304, 312 (5th Cir. 2008).

Sonos further objects to this interrogatory because it is not limited to the timeframe relevant to venue discovery. In particular, "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.,* 501 F. App'x 973, 976 (Fed. Cir. 2013).

In light of these objections, Sonos will not respond to this interrogatory.

5

Dated: May 17, 2021                                ORRICK, HERRINGTON & SUTCLIFFE LLP

BY:   */s/    Alyssa Caridis*

Jeffrey Johnson, Bar No. 24029638
jj@orrick.com
609 Main Street, 40th Floor
Houston, TX  77002
Telephone: +1 713 658 6400
Facsimile: +1 713 658 6401

Clement Seth Roberts
croberts@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Alyssa Caridis
acaridis@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone: +1 213 612 2362
Facsimile: +1 213 612 2499

Bas de Blank
basdeblank@orrick.com
1000 Marsh Blvd.
Menlo Park, CA  94025
Telephone: +1 650 614 7343
Facsimile: +1 650 614 7401

George I. Lee
lee@ls3ip.com
Sean M. Sullivan
sullivan@ls3ip.com
Rory P. Shea
shea@ls3ip.com
J. Dan Smith
smith@ls3ip.com
Lee Sullivan Shea & Smith LLP
656 W. Randolph Street, Floor 5W
Chicago, IL  60661
Telephone: +1 312 754 9602
Facsimile: +1 312 754 9603

Mark D. Siegmund<br>
Law Firm of Walt Fair, PLLC<br>
1508 North Valley Mills Drive<br>
Waco, Texas 76710<br>
Telephone: (254) 772-6400<br>
Facsimile: (254) 772-6432

*Attorneys for Plaintiff Sonos, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 17, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/      Alyssa Caridis*<br>
Alyssa Caridis