IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SONOS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:20-cv-00881-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |

### SONOS, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO GOOGLE'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)

Sonos, Inc. ("Sonos") respectfully requests leave to file a sur-reply in opposition to Google LLC's ("Google") Motion to Transfer. Sonos requests leave to file a sur-reply to: (1) incorporate evidence that Google produced after Sonos's deadline to file its response; and (2) briefly address new arguments presented in Google's Reply.

Google produced two categories of evidence after the deadline for Sonos's responsive brief. First, on June 14, 2021, the Court ordered Google to respond to Sonos's interrogatories directed to the Google Cloud Platform. *See* Ex. A. Specifically, the Court held that the "Google Cloud Platform is relevant to the 'Google Cloud Server' functionality" and that Sonos is entitled to "more than the mere number of employees." *Id.* Because Sonos's deadline to file its Response brief was the following day, Sonos did not have the opportunity to include information concerning employees related to the Google Cloud Platform in its Response. Thus, Sonos requests a sur-reply to address this information and clarify the record.

Second, Google produced additional evidence concerning Google employees located in the WDTX after the deadline for Sonos's Response. Specifically, Google served supplemental

responses to Sonos's First Set of Requests for Production and Sonos's Third Set of Interrogatories on July 5 and July 8, 2021. *See* Ex. B. Therefore, a sur-reply is necessary for Sonos to include this additional information produced after Sonos's deadline to respond to Google's Motion.

Finally, Sonos requests leave to respond to Google's argument that the Google Cloud Platform "is not an accused product and Sonos has failed to identify a single [employee] as being likely to testify in this case." *See* Def.'s Reply at 5. As discussed above, the Court already found that the Google Cloud Platform is relevant, and Sonos intends to include additional evidence rebutting Google's accusation in its requested sur-reply brief.

For the foregoing reasons, Sonos respectfully requests leave to file a sur-reply in opposition to Google's Motion to Transfer.

Dated: July 16, 2021

Respectfully submitted,

By: */s/ Mark D. Siegmund*

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
LAW FIRM OF WALT, FAIR PLLC
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

George I. Lee (admitted *pro hac vice*)
Illinois Bar No. 6225430
Sean M. Sullivan (admitted *pro hac vice*)
Illinois Bar No. 6230605
Rory P. Shea (admitted *pro hac vice*)
Illinois Bar No. 6290745
J. Dan Smith (admitted *pro hac vice*)
Illinois Bar No. 6300912
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph St., Floor 5W
Chicago, IL 60661
Telephone: 312.754.9602
Facsimile: 312.754.9603
lee@ls3ip.com
sullivan@ls3ip.com
shea@ls3ip.com
smith@ls3ip.com

*Attorneys for Plaintiff Sonos, Inc.*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via the U.S. District Court [LIVE]-Document Filing System to all counsel of record July 16, 2021.

>	*/s/ Mark D. Siegmund*
>	Mark D. Siegmund

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiff Sonos, Inc. conferred with counsel for Defendant Google LLC via email on July 16, 2021 regarding the relief sought in the foregoing Motion to for Leave. Google's counsel is unopposed the relief sought in this Motion to Transfer Venue.

>	*/s/ Mark D. Siegmund*
>	Mark D. Siegmund