# EXHIBIT 3

**Jocelyn Ma**

| | |
|---|---|
| **From:** | Jordan Jaffe |
| **Sent:** | Monday, March 15, 2021 4:55 PM |
| **To:** | Cole Richter; Sonos-WDTX0881-service |
| **Cc:** | QE-Sonos3; Paige Amstutz; Mark (waltfairpllc) |
| **Subject:** | RE: Sonos v. Google (WDTX) - Correspondence |
| | |
| **Categories:** | Virentem |

Cole,

We expect to respond further regarding your last email, but we want to correct the record on one aspect now. Specifically, Sonos's response states:

> Finally, we acknowledge your request for evidence of prior invention. We have been and currently are investigating this and will seasonably supplement our initial infringement contentions and document production upon identifying relevant and responsive evidence.

Google's Feb. 12, 2021 letter did not include a "request for evidence of prior invention." Rather it noted how Sonos chose to comply with the Court's OGP requiring production of "all documents evidencing conception and reduction to practice for each claimed invention" by only producing the file histories for the then-asserted patents. It then reserved Google's rights. Google opposes any untimely production of documents evidencing conception and reduction to practice and Sonos's reliance on documents not produced in accordance with the Court's OGP.

Best regards,

Jordan R. Jaffe // Quinn Emanuel // 415.498.0556 // [jordanjaffe@quinnemanuel.com](mailto:jordanjaffe@quinnemanuel.com)

**From:** Cole Richter <richter@ls3ip.com>
**Sent:** Thursday, March 04, 2021 2:29 PM
**To:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>; Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Paige Amstutz <pamstutz@scottdoug.com>; Mark (waltfairpllc) <mark@waltfairpllc.com>
**Subject:** RE: Sonos v. Google (WDTX) - Correspondence

**[EXTERNAL EMAIL]**

Counsel,

We respond to your February 12, 2021 letter.

In short, Sonos's initial infringement contentions are more than adequate at this stage to inform Google what the accused products are and where in the accused products each element of the asserted claims are found.[1] In particular, the exhibits clearly set forth the particular functionality accused of meeting each element of each asserted claim. There are narrative descriptions of the accused functionality. There are screenshots from the accused products depicting example scenarios in which the accused products practice each element of the asserted claims. And there are citations to Google's publicly-available documentation regarding these accused features.

1

Your complaint regarding Sonos's citation to Google's own publicly-available documentation is confusing. As you know, Google has yet to produce source code or even a single technical document. In order for Sonos to provide more detailed contentions at this stage, we recommend that Google produce its source code and its technical documents or revise its own publicly-available documentation to provide more detail. To the extent you are seeking to have Sonos articulate the precise scope of each of these claim terms in response to your letter, that is a matter for claim construction, and your attempt to have Sonos do so now is premature.

We acknowledge your more specific requests regarding the asserted patents. Where possible, we've endeavored to respond below.

Regarding the '206, '966, and '885 Patents, you asked "what does Sonos contend comprises 'zone scenes,'" "[w]hat does Sonos contend comprises 'group configuration,'" and "what does Sonos contend comprises a 'zone configuration.'" The answers to these questions can be found by reviewing the exhibits and the claim language again. As a representative example, Exhibit C ('206 patent) makes clear that:

- "the **zone configuration** . . . **characterizes one or more zone scenes** that each identify a group configuration associated with two or more of the plurality of Cast-enabled media players." Ex. C, p. 2 (emphasis added); and
- "each Cast-enabled computing device on a Wi-Fi network is configured to facilitate creation of a predefined 'speaker group' comprising two or more Cast-enabled media players on the same Wi-Fi network as the Cast-enabled computing device, **which is 'a zone scene identifying a particular group configuration**.'" Ex. C, p. 2 (emphasis added).

As another representative example, Exhibit D ('966 patent) makes clear that:

- "the Cast-enabled computing device is operable to receive a request to create a first predefined 'speaker group' (**which is the claimed 'first zone scene'**)." Ex. D, pp. 3-4 (emphasis added).

Regarding the '615 patent, you alleged that Sonos does not identify "what information is accused *of being* the 'local playback queue.'" Jaffe Ltr., p. 3 (emphasis added). However, Sonos has contended that the particular Cast-enabled media player has a local playback queue and that the Cast-enabled control device is programmed to cause a first cloud server to add resource locators to this local playback queue. *See* Ex. A, p. 24 ("each Cast-enabled control device is programmed such that . . . the Cast-enabled control device functions to (a) cause a first cloud server associated with the streaming content service (e.g., a first Google cloud server) to add resource locators for such multimedia content **to a local playback queue of the particular Cast-enabled media player**.") (emphasis added). It's unclear what further information you are seeking or how it's possible for Sonos to provide such information at this stage of the litigation.

Regarding the '033 patent, you alleged that Sonos does not identify "what information is accused *of being* the 'remote playback queue.'" Jaffe Ltr., p. 3 (emphasis added). However, Sonos has contended that each Cast-enabled computing device "is configured for playback of a remote playback queue provided by a Google cloud server associated with a cloud-based media service (e.g., Google Play Music, YouTube Music, YouTube, Google Podcasts, etc.)." *See* Ex. B, p. 3. Further context is provided with respect to claim element 1.6, where Sonos contended that "the instruction configures the Cast-enabled media player to (i) communicate with a Google cloud server associated with a Google cloud-based media service (e.g., Google Play Music, YouTube Music, YouTube, Google Podcasts, etc.) in order to obtain data identifying a next one or more media items that are in the remote playback queue (e.g., resource locators for such media items)." *Id.*, p. 13.

Confusingly, you then state that "Sonos contends that the *same functionality* comprises both a 'local playback queue' and a 'remote playback queue.'" Jaffe Ltr., p. 3 (emphasis added). It's unclear what you are contending here or how "functionality" could "comprise" either a local playback queue or a remote playback queue. Again, we refer you to the claim language of the respective patents, which clearly recites "a local playback queue on the particular playback device," *see* '615 patent at claim 1, and "a remote playback queue provided by a cloud-based computing system associated with a cloud-based media service," *see* '033 patent at claim 1.

Given the detail laid out in Sonos's initial infringement contentions, it is unclear how this could possibly prejudice your ability to "prepare [y]our defenses" and "to produce relevant documents." To the extent your letter was an attempt to preview that your technical document production under the Court's OGP will be deficient, this is inappropriate. The functionality of the accused products meeting the elements of the asserted claims are clearly laid out in Sonos's initial infringement contentions and accompanying exhibits. Google should have no trouble locating and producing technical documents describing these functionalities and the source code for the accused products.

Finally, we acknowledge your request for evidence of prior invention. We have been and currently are investigating this and will seasonably supplement our initial infringement contentions and document production upon identifying relevant and responsive evidence.

We are available to confer on these issues today or Friday this week as well as early next week if such conferral would be productive.

\---------------------

[1] *See, e.g.*, *Intellectual Tech LLC, v. Zebra Technologies Corporation*, Case No. 19-cv-628, Dkt. Nos. 28, 31; *SVV Technology Innovations Inc. v. Samsung Electronics Co., Ltd.* et al, Case No. 20-cv-139, Dkt No. 41.

Best regards,

**Cole B. Richter**



Lee Sullivan Shea & Smith LLP
656 W Randolph St, Ste. 5W, Chicago, IL 60661
312.754.9602 *Main* | 312.757.4478 *Direct*
richter@ls3ip.com | www.ls3ip.com

---

**From:** Jordan Jaffe <jordanjaffe@quinnemanuel.com>
**Sent:** Friday, February 12, 2021 11:03 PM
**To:** Sonos-WDTX0881-service <Sonos-WDTX0881-service@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Paige Amstutz <pamstutz@scottdoug.com>
**Subject:** Sonos v. Google (WDTX) - Correspondence

**This message originated from outside your organization**

---

Counsel,

Please see the attached letter.

Best regards,

**Jordan R. Jaffe**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111

3

415.498.0556 Google Voice Number (Connects to Direct Office Line and Mobile)
415.875.6600 Main Office Number
LinkedIn Profile
jordanjaffe@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

[1] *See, e.g.*, *Intellectual Tech LLC, v. Zebra Technologies Corporation*, Case No. 19-cv-628, Dkt. Nos. 28, 31; *SVV Technology Innovations Inc. v. Samsung Electronics Co., Ltd.* et al, Case No. 20-cv-139, Dkt No. 41.