# EXHIBIT 8

# Jocelyn Ma

| | |
|---|---|
| **From:** | Paige Amstutz <pamstutz@scottdoug.com> |
| **Sent:** | Thursday, August 12, 2021 7:54 AM |
| **To:** | Hannah Santasawatkul |
| **Cc:** | Sonos-WDTX0881-service; McKenna, Kristina; QE-Sonos3; mark@waltfairpllc.com; Marc Kaplan; Jordan Jaffe; Cole Richter |
| **Subject:** | Sonos v. Google, 6:20-cv-00881-ADA - Dispute re: Sonos's Priority Claims |
| **Attachments:** | Sonos v. Google Discovery Dispute Chart--Priority Claims 4830-9712-6134 v.1.docx |
| **Categories:** | Virentem |

**[EXTERNAL EMAIL from pamstutz@scottdoug.com]**

Good morning, Hannah:

The parties respectfully submit the attached dispute regarding Sonos's priority claims to the Court for consideration.

Per the Court's prior instruction, the parties kept their collective position statements to one page. However, if the Court would like additional information from the parties, please let us know.

All my best,

Paige Arnette Amstutz
Scott, Douglass & McConnico, LLP
Counsel for Google

IMPORTANT - SCOTT DOUGLASS & McCONNICO DISCLAIMER: This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone at (512) 495-6300 and/or email and delete the original message. Thank you.

**Discovery Dispute Chart:** *Sonos v. Google*, 6:20-cv-00881-ADA

**Google's Position:** Google requests that the Court strike Sonos's untimely priority claims. The Court's OGP requires that the party asserting infringement identify its priority date claims and produce documents evidencing conception and reduction to practice on the date they serve their initial infringement contentions. On December 11, 2020, Sonos served its initial infringement contentions, identifying as the priority dates the earliest filing dates of the patents. Sonos produced no evidence of any earlier conception date. Sonos then waited over *five months* to assert new priority dates and produce documents it now contends show earlier conception and reduction to practice. Sonos has no excuse for this untimely production or late identification of priority dates. Sonos failed to certify its amendments were based on material identified after those preliminary contentions were served, as required under the OGP. Nor could it, because its contentions are based on Sonos's own documents, which it had in its possession long before this case even began. Google wrote a letter to Sonos on February 21, confirming that it was relying on Sonos's decision not to claim an earlier priority date in its invalidity contentions. Despite this, Sonos did nothing. It was only on June 4 that Sonos served second amended infringement contentions swearing back between *6 to 9 months* for the various patents.

Google is highly prejudiced because of this untimely disclosure. Google spent hundreds of attorney hours identifying prior art before Sonos's *original* priority date and drafting thousands of pages of invalidity contentions in reliance on that date. Google also engaged in the claim construction process based on Sonos's original priority claims. Accepting Sonos's position that it could provide its actual priority claims at any time would render the Court's OGP requirements entirely illusory. It would allow a plaintiff to lay behind the log with its alleged conception evidence until it suited the plaintiff to produce it. For these reasons, the Court should strike Sonos's untimely priority dates and reliance on its late produced documents.

**Sonos's Response:** This is not a "discovery dispute." Yet Google attempts to use the Court's discovery dispute procedure to ask for the *extraordinary remedy* of striking a portion of Sonos's preliminary infringement contentions before fact discovery has even opened. Google articulates no actual prejudice it suffered or explains why it waited nearly three months after Sonos's production to seek a remedy from this Court, further belying any conclusory claim of prejudice.

Contrary to Google's claim, Google has not relied on any Sonos decision "not to claim an earlier priority date." In fact, in response to Google's February letter, Sonos responded in the affirmative that it was still investigating and would seasonably supplement its production and contentions upon identifying relevant evidence, which is consistent with this Court's OGP. *See* OGP, p. 8 n.8. Google then, on March 31, propounded a discovery request seeking documents evidencing conception and reduction to practice. This request establishes that Google had *not* relied on any Sonos decision "not to claim an earlier priority date" because Google expected Sonos to produce conception and reduction to practice documents in response. Sonos completed its investigation and made a responsive document production on May 11 and then seasonably supplemented its contentions on June 4 to identify earlier invention dates. Google identifies no actual prejudice it has suffered. It points to the attorney-hours it spent preparing its invalidity contentions but fails to identify any art or arguments from its contentions that it can (or will) no longer pursue. Notably, Google reserved the right to supplement its invalidity contentions in response to "information disclosed regarding the priority date, conception date, or date of reduction to practice of the Asserted Claims," but fails to explain why it hasn't exercised (or won't exercise) this right. Moreover, Google fails to explain what the claim construction process has to do with prior invention evidence – failing to mention the *Markman* brief extension it sought and received to review Sonos's prior invention evidence. Its request should be denied.