# EXHIBIT 2

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6315**

WRITER'S EMAIL ADDRESS
**jordanjaffe@quinnemanuel.com**

February 12, 2021

**VIA E-MAIL**
Alyssa Caridis
acaridis@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855

Re:   *Sonos, Inc. v. Google LLC*; Case No. 6:20-cv-00881-ADA (W.D. Tex.)

Counsel,

We write to raise several deficiencies with Sonos's infringement contentions served on December 11, 2020 in the above-referenced case.[1]  These infringement contentions fail to provide adequate notice of Sonos's claims for infringement, which is prejudicing our ability to prepare our defenses and to produce relevant documents pursuant to the Court's orders and the Federal Rules.  Additionally, in many cases, Sonos's infringement contentions raise questions regarding its basis for asserting any infringement claim at all.  This is a non-exhaustive list of the deficiencies in Sonos's contentions and Google reserves the right to identify further deficiencies in the future.

**Sonos's Compliance with the Court's Order Governing Proceedings ("OGP")**

The Court via email told the parties to comply with the Court's OGP on Dec. 1, 2020.  That OGP requires the Plaintiff to produce with its infringement contentions "all documents evidencing conception and reduction to practice for each claimed invention."  On Dec. 11, 2020, the date Sonos's infringement contentions were due, Sonos produced nothing other than the file histories for the patents-in-suit.  We thus understand that Sonos has no additional evidence of conception or reduction to practice and will proceed accordingly.  To the extent that is inaccurate and Sonos

---

[1]   Given Sonos's stated intent to drop U.S. Patent No. 9,219,460, discussion of Sonos's infringement contentions for that patent are omitted from this letter.  The '460 patent's contentions are likewise deficient, however.  To the extent the patent remains in the case, Google will identify those deficiencies at the appropriate time.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

intends to produce evidence of conception and reduction to practice, Google reserves all rights, including potentially requesting further modification of the case schedule based on Sonos's failure to comply with the OGP in a timely fashion.

**U.S. Patent Nos. 9,344,206 and 10,469,966 and 10,848,885**

Sonos has asserted claims 1-5, 7, 10-19 of U.S. Patent No. 9,344,206 ("the '206 patent") against Google. Sonos has also asserted claims 1-4, 6-12, 14-20 of U.S. Patent No. 10,469,966 ("the '966 patent") and claims 1-3, 5-10, 12-17, and 19-20 of U.S. Patent No. 10,848,885 ("the '885 patent") against Google.

Sonos fails to adequately identify the alleged infringing functionality for the products that it does identify. For example, Sonos's contentions regarding "zone scenes" and the other terms are insufficient. Regarding "zone scenes" and "group configuration," Sonos accuses the "creation of a predefined 'speaker group' comprising two or more Cast-enabled media players on the same Wi-Fi network as the Cast-enabled computing device." *E.g.*, *id.* at 2.[2] But Sonos does not identify what constitutes the "zone scenes" under its theories. Sonos conflates these two claim terms throughout its infringement charts and fails to identify any hardware or software that it contends satisfies the claim requirements. Put simply, what does Sonos contend comprises "zone scenes" in each Accused Product? What does Sonos contend comprises "group configuration"?

Similarly, Sonos argues that "[o]nce the predefined 'speaker group' identifying the particular group configuration has been created, a **zone configuration** characterizing this 'speaker group' is maintained at one or more of the plurality of Cast-enabled media players." *Id.* (emphasis added). Again, Sonos fails to identify what instrumentalities are accused as meeting the "zone configuration." Sonos does not identify what information is accused of being the "zone configuration," where it is allegedly "maintained" at the media players, and how or when the alleged transmission of this information takes place. Sonos's sole support for this contention is a cite to "*See, e.g.*, *id.*," which refers back to this website: https://support.google.com/googlenest/answer/7174267?co=GENIE.Platform%3DAndroid&hl=en. Sonos provides no argument for what on this webpage actually discloses the claimed element. For example, Sonos neither quotes from that webpage or annotates it in any way, and based on Google's review of that website, there appears to be no support for Sonos's contention. Again, what does Sonos contend comprises a "zone configuration" in the Accused Products?

As another example, claim 7 of the '206 patent requires sending "to one of the plurality of independent playback devices, a command to save at least one of the one or more zone scenes." Sonos's infringement contentions cite to "*See, e.g., id.*," but there is ***no*** previous cite for that claim element.

Sonos must supplement its infringement contentions to identify the alleged "zone scene," "speaker group configuration," and "zone configuration" and any functionality that it contends meets these elements. Further, to the extent that Sonos claims the foregoing website identifies how the alleged

---

[2] Sonos's infringement charts for the '966 and '885 patents share the same infirmities, but to avoid redundancy they are not repeated herein.

"zone configuration" is "maintained" at the accused speaker systems, Sonos must supplement its contention to identify this.

**U.S. Patent No. 9,967,615 and U.S. Patent No. 10,779,033**

Sonos has asserted claims 1-3, 6-9, 11-15, 18-21, 23-26, 28-29 of U.S. Patent No. 9,967,615 ("the '615 patent") against Google. Sonos has also asserted claims 1-2, 4, 7-13, 15-16 of U.S. Patent No. 10,779,033 ("'033 patent") against Google.

With respect to the '615 patent, Sonos fails to adequately identify the alleged infringing functionality for the products it mentions. For example, with respect to the '615 patent's claimed "local playback queue" (e.g. claim element 13.6), Sonos does not identify what information is accused of being the "local playback queue." Instead, Sonos essentially parrots the claim language "local playback queue of the particular Cast-enabled media player," without any information as to what local playback queue corresponds to. E.g., Infringement Contentions Ex. A at 24-25.

This deficiency is highlighted when considering Sonos's contentions for the '033 patent. With respect to the '033 patent's claimed "remote playback queue provided by a cloud based computing system associated with a cloud based media service" *(e.g.* claim element 1.3), Sonos does not identify what information is accused of being the "remote playback queue." Instead, Sonos again largely repeats the claim language "playback of a remote playback queue provided by a Google cloud server associated with a cloud-based media service (e.g., Google Play Music, YouTube Music, YouTube, Google Podcasts, etc.)." *E.g.*, Infringement Contentions Ex. B at 3-5. Sonos then cites the **same** string of links it cited for the '615 patent's "local playback queue."

It appears Sonos contends the same functionality comprises both a "local playback queue" and a "remote playback queue." If that is not the case, Sonos must supplement its infringement contentions to identify what comprises the alleged "remote playback queue" and the alleged "local playback queue."

**************

We request that Sonos remedy the deficiencies highlighted above, and in particular to address these deficiencies by February 26, 2021.


Best regards,

*/s/ Jordan R. Jaffe*


Jordan R. Jaffe

3