# EXHIBIT 7

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6315**

WRITER'S EMAIL ADDRESS
**jordanjaffe@quinnemanuel.com**

July 9, 2021

<u>VIA E-MAIL</u>

Cole Richter
Lee Sullivan Shea & Smith LLP
656 W Randolph St., Floor 5W
Chicago, Illinois 60661

Re:   Sonos v. Google (6:20-cv-00881-ADA W.D. Tex.)

Dear Cole:

I write regarding Sonos's second amended infringement contentions, served June 4, 2021. These second amended infringement contentions add new contentions regarding Sonos's claimed invention dates and cite new alleged evidence of conception and reduction to practice that are untimely under the Court's OGP. Because these new contentions are untimely and have prejudiced Google, they must be withdrawn.

Judge Albright's order governing procedures for patent cases states that not later than 7 days before the CMC, "plaintiff shall serve preliminary infringement contentions . . . [and] shall also identify the priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention . . . ." On December 11, 2020, Sonos served Google with its preliminary infringement contentions. These preliminary contentions identified December 30, 2011 as the priority date for the asserted claims of the cloud queue patents and September 12, 2006 as the priority date of the asserted claims of the zone scene patents.[1] The contentions did not identify any evidence in support of conception or reduction to practice other than the file histories of certain patents-in-suit.

On January 8, 2021, Sonos served Google with amended infringement contentions. Those amended contentions did not modify Sonos's claimed priority dates, but did add U.S. Patent No.

---

[1] The "cloud queue" patents are U.S. Patent Nos. 9,967,615 ('615 patent) and 10,779,033 ('033 patent). The "zone scene" patents were 9,344,206 ('206 Patent) and 10,469,966 ('966 Patent). Sonos also initially asserted U.S. Patent No. 9,219,460 but that patent has been dismissed.

10,848,885 to the "zone scene" patents and claimed the same September 12, 2006 priority date for that zone scene patent. On February 21, 2021, Google wrote to Sonos regarding deficiencies in those contentions. With respect to Sonos's priority claims, Google noted that "Sonos produced nothing other than the file histories for the patents-in-suit," despite Judge Albright's OGP, and that given Sonos's decision not to claim earlier priority dates, that Google "understand[s] that Sonos has no additional evidence of conception or reduction to practice and will proceed accordingly." 2021-02-21 Ltr fr Jaffe to Caridis. Sonos never substantively responded to this letter. On March 5, 2021, Google served Sonos with its responsive invalidity contentions for each of the zone scene and cloud queue patents. Those contentions noted that Sonos claimed the priority dates above, but stated that "Sonos has failed to meet [its] burden" to prove the earlier priority dates it had claimed. (Prelim. Invalidity Contentions at 5-6.)

On June 4, 2021, after claim construction exchanges were well underway, Sonos served Google with its second amended infringement contentions. Those contentions added new, earlier invention dates for each of the patents. For the cloud queue patents, Sonos's priority date changed from December 30, 2011 to July 15, 2011. For the zone scene patents, Sonos's priority date changed from September 12, 2006 to December 21, 2005.[2] Sonos also identified six thousand pages of documents supporting conception and reduction to practice.

This late supplementation and untimely production is contrary to the Court's OGP, which required that Sonos identify priority dates and produce documents evidencing conception and reduction to practice with its initial infringement contentions, due in December 2020. Sonos did not do so. Indeed, Sonos did not produce *any* documents other than the prosecution history evidencing conception and reduction to practice when it served either its initial or first amended set of infringement contentions on December 11, 2020 and January 8, 2021. Instead, *nearly six months later*, Sonos produced over six thousand pages of documents that it is now relying upon for conception and reduction to practice. (May 11, 2021 Eml. fr. Maruska to Leroy, describing production of SONOS-SVG2-00026244 - SONOS-SVG2-00032285.)

Sonos's late change in position severely prejudices Google. As noted, Google served its invalidity contentions based on the date that Sonos claimed as its priority date. Google therefore searched for prior art that would predate the priority date and was not obligated to (or on notice) that it should search for prior art with an earlier date. Sonos's change in position therefore potentially renders meaningless much of the time and expense that Google spent searching for prior art and drafting its invalidity contentions. Sonos's new priority date/invention date contentions must be withdrawn. Similarly, the parties were already in claim construction briefing by the time of this late production and supplementation. Google is prejudiced because it

---

[2]  Sonos called its new, earlier dates "invention dates" and purportedly maintained the same "priority dates." It is not clear what, if any, distinction Sonos is drawing between these terms. *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1322 (Fed. Cir. 2013) (referring to "priority to invention"). Regardless, the result is that Sonos has changed the date it admits materials would become prior art—whether it refers to that as the "priority date" or the "invention date."

was unable to identify new terms and brief them in view of Sonos's alleged evidence of conception and reduction to practice.

Sonos has no excuse for its late production.  All of this untimely information has been in Sonos's possession for years—long before this case began.  Sonos has ready access to its own documents and inventors.  Indeed, Sonos has already litigated related technologies in the ITC against Google.  There is no reason Sonos could not have produced its own documents and contentions earlier as required by the OGP.   Sonos never moved the Court for relief from its order, and it must withdraw its newly served invention date contentions immediately.

If Sonos will not agree to withdraw these contentions by July 16, please provide us a time to meet and confer on July 13.

Best regards

*/s/ Jordan Jaffe*

Jordan Jaffe

01980-00181/12837252.1