# Exhibit E



Lee Sullivan Shea & Smith LLP

Cole B. Richter | Attorney

656 W Randolph St  
Floor 5W  
Chicago, Illinois 60661

312.757.4478  *Office*  
richter@ls3ip.com

July 20, 2021

**VIA EMAIL (marckaplan@quinnemanuel.com)**

Jordan Jaffe  
QUINN EMANUEL URQUHART & SULLIVAN, LLP  
50 California Street, 22nd Floor  
San Francisco, California 94111

   *Re:  Sonos, Inc. v. Google LLC, Case No. 6:20-cv-00881-ADA (W.D. Tx.)*

Dear Jordan:

Your July 9, 2021 letter demanded that Sonos withdraw its contentions regarding prior invention. In support, you've set forth an incomplete and inaccurate version of the brief history of this case. Worse, you've neither identified any actual prejudice Google suffered nor cited any authority supporting that these contentions "must be withdrawn." As such, Sonos will not withdraw its contentions regarding prior invention.

First, your letter attempts to summarize events leading up to the March 5, 2021 service of Google's preliminary invalidity contentions. Particularly, your letter refers to Google's February 12 letter, which among other things stated Google's "understand[ing] that Sonos has no additional evidence of conception or reduction to practice…" Jaffe Ltr. to Cardis 2/12/21. You state that "Sonos never substantively responded." This is incorrect. In fact, on March 4, we stated "we acknowledge your request for evidence of prior invention. We have been and currently are investigating this and will seasonably supplement our initial infringement contentions and document production upon identifying relevant and responsive evidence." Richter Eml. to Jaffe 3/4/21.

Google never responded to this indication that Sonos had been and was currently investigating evidence of prior invention. Rather, on March 31, Google propounded discovery requests asking for, *inter alia*, documents evidencing conception and reduction to practice – a fact your letter also neglects to mention. *See* Google LLC's First Set of Requests For Production To Sonos, Inc. Regarding Claim Construction at Request No. 7. Indeed, Google's request specifically seeking the production of conception and reduction to practice documents demonstrates that Google had not actually relied on the absence of these documents, and, to the contrary, expected their production in response.

Second, although Sonos disagreed that conception and reduction to practice documents (among the other types of documents Google requested at this time) had any relation to claim

1



**Lee Sullivan Shea & Smith LLP**

**Cole B. Richter** | Attorney

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

construction, Sonos completed its investigation and produced documents evidencing conception and reduction to practice on May 11.[1]  Sonos seasonably supplemented its preliminary infringement contentions on June 4 to identify precise dates of prior invention (which were supported by the documents produced on May 11), a practice consistent with the OGP.  *See* OGP, p. 8 fn.8.

Your letter acknowledges the May 11 document production but goes on to incorrectly state that "Sonos produced over six thousand pages of documents that it is now relying upon for conception and reduction to practice."  Of course, this is not the case.  Even a cursory review of the May 11 document production would quickly reveal that Sonos is not relying on the entirety (or even the majority) of this production for conception and reduction to practice.  Indeed, this production contains over 4,500 pages of material from the *Sonos v. Google* ITC proceeding that Google argued would be responsive to RFP Nos. 2, 4, 5, and 6, such as (i) claim construction briefing, (ii) infringement contentions, (iii) domestic industry contentions, (iv) expert reports, and (v) witness statements – material that Sonos is clearly not relying on for conception and reduction to practice in this case.  In fact, we already explained this to you on May 12 in response to Mr. Jaffe's email questions concerning the May 11 production, namely "What RFPs are these documents responsive to?" and "Does Sonos contend any of these documents evidence conception and reduction to practice for any claimed invention reflected in an asserted claim in this case?"  Richter Eml. to Jaffe 5/12/21 (explaining that "These are documents that you argued would be responsive to RFP Nos. 2 and 4-7," and "***Some*** of the documents we produced evidence conception and reduction to practice.").

Third, your letter concludes that the identification of these prior invention dates "severely prejudices Google," but stops short of identifying any actual prejudice.  For instance, your letter claims that the time and expense associated with Google's art search is now rendered meaningless.  But your letter fails to explain which art or arguments set forth in the invalidity contentions Google can no longer pursue.  More to the point, however, nothing has prevented Google from supplementing its invalidity contentions with additional art that predates the identified priority dates if it so chooses.  Indeed, this practice is expressly permitted by the OGP and ***Google itself reserved the right*** to do this in its own invalidity contentions.  *See* OGP, p. 8 fn.8; Google's Preliminary Invalidity Contentions, p. 89 ("Google reserves the right to modify or supplement these Preliminary Invalidity Contentions, including in response to any positions taken or information disclosed regarding the priority date, conception date, or date of reduction to practice of the Asserted Claims.").  That Google has so far chosen not to exercise this right is Google's choice, not Sonos's.

---

[1] Your letter erroneously characterizes the time period between service of Sonos's initial preliminary infringement contentions (December 11, 2020) and this document production (May 11, 2021) as "***nearly six months***."  (Emphasis original.)  In fact, this time period is exactly five months.



**Lee Sullivan Shea & Smith LLP**

Cole B. Richter | Attorney

656 W Randolph St
Floor 5W
Chicago, Illinois 60661

312.757.4478  Office
richter@ls3ip.com

Moreover, your letter alludes to some sort of prejudice due to the May 11 document production coming during claim construction proceedings. You claim that Google was "unable to identify new terms and brief them in view of Sonos's alleged evidence of conception and reduction to practice." But your letter identifies no additional claim terms that Google desired to brief but somehow couldn't. Your letter notably fails to mention that after receiving this document production, Google sought (and Sonos agreed to) an extension of time on Google's opening claim construction brief and the remaining claim construction schedule, including the *Markman* hearing, to afford Google what it referred to as "adequate time to complete claim construction discovery." Dkt. 61 (Google's 5/18/21 unopposed motion to amend the claim construction schedule). Google made no mention at this time that there were additional terms that needed briefing in view of Sonos's conception and reduction to practice evidence or that Google needed even more time than it asked for to "complete claim construction discovery." Notwithstanding the above, it's dubious (at best) that conception and reduction to practice evidence would have any relation at all to the claim construction process; a reality that your letter fails to refute in any respect. *See WSOU Investments LLC v. Dell Technologies Inc. et al*., Case No. 20-cv-473 (W.D. Tx.), 12/10/20 Hr'g Tr. at 31:23 – 32:5 (Judge Albright explaining ". . . the infringement contentions, invalidity contentions are not part of the *Markman* process . . . the need for infringement contentions or invalidity contentions to assist someone in coming up with what they believe a Markman claim term should mean, I don't think -- I disagree with that.").

Finally, your reference to the ITC proceedings involving Sonos and Google is unavailing as that case involved a different set of conception and reduction to practice evidence.

We are available to confer on these issues Wednesday or Thursday this week as well as early next week if such conferral would be productive.

Best regards,

*C.B.R.*

Cole B. Richter
cc: counsel of record

3