quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6301**

WRITER'S EMAIL ADDRESS
**charlesverhoeven@quinnemanuel.com**

December 9, 2021

The Honorable William Alsup
United States District Court Judge
United States District Court for the Northern
District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *Sonos, Inc. v. Google LLC*, Case No. 3:21-cv-07559-WHA

Dear Judge Alsup,

This action is one of two related cases pending before the Court. In the lead case (Case No. 3:20-cv-06754-WHA), this Court issued a Case Management Order (Dkt. No. 67) that Google LLC ("Google") understands applies to this action. In accordance with the precis requirement adopted in the lead case, Google requests permission to file a motion to dismiss Sonos, Inc.'s ("Sonos") Second Amended Complaint (Dkt. No. 51, "SAC") pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c). The motion would seek to dismiss Sonos's claims of willful and indirect infringement for Patent Nos. 10,848,885 ("'885 patent"), 10,779,033 ("'033 patent"), and 10,469,966 ("'966 patent") for, *inter alia*, lack of pre-suit notice. Google filed a similar motion to dismiss while the case was in Texas (Dkt. No. 55), but the case was transferred before the motion was ruled upon.

<u>**Sonos's Claims For Willful Infringement Fail To Plead Pre-Suit Knowledge**</u>

To state a claim for willful infringement, a patent owner must plead "both pre-suit notice and egregious behavior." *Cyntec Co., Ltd. v. Chilisin Elecs. Corp.*, No. 18-CV-00939-PJH, 2020 WL 5366319, at *16 (N.D. Cal. Sept. 8, 2020). Sonos fails to sufficiently plead both requirements.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Sonos's willfulness claims should be dismissed because Sonos has not adequately pled pre-suit knowledge of the '885, '033, and '966 patents. Sonos filed this case on September 29, 2020, and subsequently moved for leave to file an amended complaint in which it added a claim of infringement based on the '885 patent. *See* Dkt. Nos. 1, 50, 51 ("SAC").

For the '885 patent, Sonos's SAC only alleges that Google had actual knowledge on January 8, 2021 as a result of Sonos sharing a draft of its amended complaint during the parties' meet and confer on Sonos's motion for leave to file an amended complaint. SAC ¶ 130. January 8, 2021 is after Sonos filed this lawsuit and, in any event, Sonos should not be permitted to allege willfulness claims based on its duty to meet and confer under the local rules.

Sonos's allegations of pre-suit knowledge of the '033 and '966 patents are similarly deficient. The only allegation of pre-suit knowledge in the SAC for these patents is a claim that Sonos provided Google with a draft of the original complaint less than twenty-four hours before filing this lawsuit: "On September 28, 2020, Sonos provided Google with a draft of the original complaint prior to its filing." *Id.* ¶¶ 92, 117. In other words, Sonos claims that the draft complaint it sent Google one day before filing its lawsuit constitutes pre-suit notice. Not surprisingly, courts have rejected willful infringement claims that purport to rely on this type of eleventh-hour "notice" to plead willfulness. *See, e.g.*, *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, No. 15-545-SLR, 2016 WL 1019667, at *4 (D. Del. Mar. 15, 2016). And courts in this District have repeatedly held that allegations of pre-suit knowledge based on a complaint are insufficient to plead willfulness. *See, e.g.*, *NetFuel, Inc. v. Cisco Sys., Inc.*, No. 5-18-cv-02352, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018); *see also ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021). Permitting Sonos to manufacture willfulness claims based on a draft complaint sent one day before filing would undermine policy considerations promoting pre-

litigation settlement and open the floodgates to willfulness claims in "garden-variety cases." *See Halo Elecs. v. Pulse Elecs.*, 136 S. Ct. 1923, 1935 (2016) (enhanced damages "should not be" awarded in "garden-variety cases").

The SAC also fails to plausibly allege egregiousness, which requires "factual allegations that are specific to [the defendant]'s conduct and do not merely recite the elements of the statutory violations, but rather provide factual material that puts [the defendant] on notice of its allegedly unlawful actions." *Elec. Scripting Prod., Inc. v. HTC Am. Inc.,* No. 17-CV-05806-RS, 2018 WL 1367324, at *7 (N.D. Cal. Mar. 16, 2018). The SAC does not allege facts leading to an inference of egregiousness. It merely includes a threadbare recital of the elements of willful infringement. *See* SAC ¶¶ 133, 136 ('885 patent); ¶¶ 95, 98 ('033 patent); ¶¶ 120, 124 ('966 patent).

### Sonos's Claims For Indirect Infringement Fail To Plead Pre-Suit Knowledge

Like claims for willful infringement, claims for indirect infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). But as discussed above, Sonos's SAC fails to sufficiently plead pre-suit knowledge of the '885, '033, and '966 patents. *See* SAC ¶¶ 130-32 ('885 patent); ¶¶ 92-94 ('033 patent); ¶¶ 117-19 ('966 patent). Thus, Sonos's indirect infringement claims regarding these patents fail for the same reasons. *See, e.g., Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, *5 (N.D. Cal. Feb. 14, 2018) (Alsup, J.) ("Finjan alleges no facts showing Juniper's pre-suit knowledge of the actual patents-in-suit, let alone any knowing infringement thereof. This alone requires dismissal of Finjan's induced infringement claims.").

Respectfully,

*/s/ Charles K. Verhoeven*

Charles K. Verhoeven

3