

December 13, 2021

**Orrick, Herrington & Sutcliffe LLP**
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855

+1 213 629 2020
**orrick.com**

The Honorable William Alsup
United States District Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

**Alyssa Caridis**

E  acaridis@orrick.com
D  +1 213 612 2372
F  +1 213 612 2499

Re:   *Sonos, Inc. v. Google LLC*, Case No. 3:21-cv-07559-WHA

Dear Judge Alsup:

  Google fails to explain how its Rule 12 motion "will advance the resolution of the overall case." Dkt. 67 at ¶ 1. As an initial matter, Google fails to explain why it waited over 60 days to submit its letter after this Court ordered Google, on October 7, to file it. 10/7/21 Hr'g Tr. in Case No. 3:20-cv-6754 at 16:24 – 17:4, 18:2-3 ("MR. VERHOEVEN: . . . [T]here are two outstanding motions that have been filed and have not been ruled upon in the Western District. And my suggestion would be that we just refile them . . . THE COURT: I want you to refile those motions, but the one on the willfulness, okay."). Rather than refile its motion as the Court ordered, Google strategically waited until several key deadlines came and went, including the deadline to withdraw claims for the showdown and the deadline to elect claims for the showdown.

  Substantively, Google fails to demonstrate that it is entitled to the relief it seeks for four key reasons. **First**, Google argues for the unprecedented proposition that although it filed a declaratory judgment action ("DJ action", (Case No. 3:20-cv-6754)) on September 28, 2020 asking this Court to hold that it does not infringe four Sonos patents, it did not have adequate pre-suit notice of these patents (for purposes of indirect and willful infringement) on September 29, 2020. This simply cannot be reconciled. By bringing its DJ action on Sep. 28, Google represented to the Court that it had sufficient knowledge of Sonos's patents to adequately conduct reasonable due diligence and

conclude that it did not infringe them. But by filing this letter Google is now representing just the opposite – that it did not have pre-Sep. 29 knowledge of these patents. Google ought to explain how both of these can be true.

**Second**, Google admits that it had pre-suit notice of the patents. Google has already admitted that Sonos's notice was so sufficient that Google had ample time to "investigate the allegations and determine[] that it had a legitimate Rule 11 basis to believe that it does not infringe." Dkt. 28 at 20-21. Sonos ought to be able to test this allegation. If Google's belief turns out to be correct, it won't be liable for infringement of any kind. But if Google's belief was incorrect and unreasonable, it ought to be liable for willful infringement because Google made the deliberate choice to continue its conduct in the face of a credible allegation of infringement.

Setting aside Google's actual pre-suit knowledge of Sonos's patents and Sonos's allegation of Google's infringing conduct, as well as the "investigation" Google represents that it conducted, Google's argument is essentially that this pre-suit notice wasn't "pre-suit" enough. The Federal Circuit disagrees. *See Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007) (noting that a declaratory judgment suit filed by the defendant regarding the validity of a patent established that the defendant had knowledge of that patent and was thus "sufficient to meet the requirements of Rule 8(a)(2) for pleading a willful infringement claim and avoid dismissal under Rule 12(b)(6)"). Principally, Google stops short of answering the underlying question: if one day pre-suit notice is insufficient, then how many days is sufficient? 2 days? 30 days? Siding with Google that one day is insufficient but some other undefined period of time may be sufficient, or that subjective analysis is required as to whether a given pre-suit notice was "pre-suit enough" for a particular defendant would invite far more motion practice than is warranted.

**Third**, even if granted, Google's motion will not meaningfully "advance the resolution of the overall case" because the motion will only be directed to three of the four patents in the case and

only directed to the pre-suit portion of Sonos's allegations leaving in-tact any post-suit portion. Google's letter purports to request dismissal of the entirety of Sonos's willfulness and indirect infringement claims. But Courts repeatedly find that post-suit knowledge is sufficient. *See, e.g.*, *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at *6 (N.D. Cal. Oct. 7, 2021) (finding that the "second amended complaint adequately alleges post-suit knowledge of the patents-in-suit and knowledge of infringement."); *VIA Techs., Inc. v. ASUS Computer Int'l*, No. 14-CV-03586-BLF, 2015 WL 3809382, at *4 (N.D. Cal. June 18, 2015).

**Fourth**, Google's letter argues that Sonos "fail[ed] to plausibly allege egregiousness." But "egregiousness" is not required. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) ("[T]he concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement.") (*citing Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 136 (2016)). Even were "egregiousness" required, Sonos has pleaded facts showing that Google's willful infringement has been (and continues to be) egregious. *See, e.g.,* SAC at ¶ 12 (Google and Sonos worked together to integrate Google's products into the Sonos ecosystem), *id.* ¶ 14 (after, "Google began willfully infringing Sonos's patents" using the knowledge it gained from Sonos), *id.* ¶¶ 15-29 (Google has since launched multiple products and features that it copied from Sonos despite repeated notices of infringement from Sonos), *id.* ¶¶ 17-22 (Sonos put Google on notice of patents since 2016 including the grandparent to the '855 and '966 Patents, and the '615 Patent, which shares a specification with the '033 Patent), *id.* ¶ 35 (Sonos provided Google with pre-filing copies of the original and amended complaints), *id.* ¶¶ 36-40 (Google's "unwilling[ness] to stop infringing . . . has paved the way for Google to generate billions of dollars" and is part of a "calculated strategy to vacuum up invaluable consumer data and, thus, further entrench the Google platform among its users").

Respectfully,

*Alyssa Caridis*
Alyssa Caridis