quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6301**

WRITER'S EMAIL ADDRESS
charlesverhoeven@quinnemanuel.com

December 16, 2021

The Honorable William Alsup
United States District Court Judge
United States District Court for the Northern
District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: <u>Sonos, Inc. v. Google LLC</u>, Case No. 3:21-cv-07559-WHA

Dear Judge Alsup:

Google submits the following responses pursuant to the Court's Request for More Information Regarding Google's Précis Request (Dkt. 127).

**(1) Whether Sonos sent written cease-and-desist letters to Google regarding the patents-in-suit prior to Google's receipt of a pre-filing copy of Sonos's complaint that served to put Google on notice of infringement**

Google is not aware of any "cease-and-desist letters" regarding the patents-in-suit. For the patents-in-suit that are the subject of Google's Précis Request (the '885, '033, and '966 patents), Google is not aware of any communications regarding these patents prior to Sonos providing pre-filing copies of its complaint and amended complaint. Sonos evidently agrees, as it does not allege that it provided Google with notice of the '885, '033 or '966 patents prior to providing pre-filing copies of its complaints. *See* Dkt. 51 ¶¶ 92, 94 ('033 patent), ¶¶ 117, 230 ('966 patent), ¶¶ 130, 133 ('885 patent).

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

There are two additional patents at issue in the case that are not subject to Google's Précis Request (the '615 and '206 patents).[1] In connection with the parties' years-long negotiation of a potential cross-license, Sonos provided Google with materials that purported to raise the '615 and '206 patents. For the '615 patent, Sonos sent Google a letter in February 2019 with a link to 100 claim charts, one of which covered the '615 patent. Dkt. 81-1 at Ex. E. For the '206 patent, Sonos presented Google with a slide deck referring to the '206 patent during an October 2016 meeting and sent the presentation to Google via email the following day. Dkt. 81-1 at Ex. I. None of this correspondence asked Google to "cease and desist" any alleged infringement or other activity. To the contrary, Sonos's more recent February 2019 letter ended by asking Google for feedback on its proposed licensing model and stating that it was willing to "spend additional time . . . engaging in discussions" with Google about licensing.

**(2) Whether Sonos sent Google any other written cease-and-desist letters regarding the allegedly infringing instrumentalities at issue here asserting other patents prior to the filing of Sonos's complaint**

To the best of Google's knowledge after conducting a reasonably diligent search, Google is not aware of any "cease-and-desist letters" regarding the allegedly infringing instrumentalities at issue in this case. Sonos also does not allege that it sent Google such a letter. *See generally* Dkt. 51.

In connection with the parties' licensing discussions in 2016 and 2019, Sonos provided a presentation referencing 31 patents and patent applications and claim charts for 100 different patents. *See* Dkt. 81-1 at Exs. E, I. Some of these patents arguably implicate the accused instrumentalities. But even if the Court considers these materials to be conveying a "cease-and-

---

[1] While this case was in WDTX, Judge Albright provided a claim construction that invalidates the '206 patent. However, the patent is still at issue in this case because Google has a declaratory judgment claim for invalidity, and Sonos has refused to provide a covenant not to sue Google and its customers.

desist" request (they were not), Google respectfully submits that they would not have been sufficient to establish willful infringement for the patents that are subject to its Précis Request (the '885, '033, and '966 patents). As a general matter, discussing alleged infringement of *some* patents in a patentee's portfolio does not suffice to put an alleged infringer on notice of *other* patents. *See, e.g.*, *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at *3 (N.D. Cal. Oct. 7, 2021) ("Allegations of general knowledge of a patent family, or a patent portfolio, are insufficient to allege specific knowledge of a particular patent."); *Finjan, Inc. v. ESET, LLC*, No. 17-CV-183-CAB-BGS, 2019 WL 5212394, at *5 (S.D. Cal. Oct. 16, 2019) (finding letter alleging infringement of non-asserted patents insufficient to establish pre-suit notice of asserted patents); *Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018) ("[G]enerally discussing purported infringement of Finjan's patent portfolio hardly translates to specifically alerting Juniper to infringement of the patents-in-suit.").

Respectfully,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Charles K. Verhoeven