1    QUINN EMANUEL URQUHART &
     SULLIVAN, LLP
2      Charles K. Verhoeven (Bar No. 170151)
       charlesverhoeven@quinnemanuel.com
3      Melissa Baily (Bar No. 237649)
       melissabaily@quinnemanuel.com
4      Lindsay Cooper (Bar No. 287125)
       lindsaycooper@quinnemanuel.com
5    50 California Street, 22nd Floor
     San Francisco, California 94111-4788
6    Telephone:    (415) 875-6600
     Facsimile:    (415) 875-6700
7
     Attorneys for Google LLC
8

9

10

CLEMENT SETH ROBERTS (STATE
BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO.
191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO.
260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Sonos, Inc.

11                **UNITED STATES DISTRICT COURT**

12                **NORTHERN DISTRICT OF CALIFORNIA**

13                **SAN FRANCISCO DIVISION**

14   GOOGLE LLC,                                  CASE NO. 3:20-cv-06754-WHA

15            Plaintiff,                          **JOINT CASE MANAGEMENT
                                                  STATEMENT**
16       vs.
                                                  Date:   January 13, 2022
17   SONOS, INC.,                                 Time:  8:00 a.m.
                                                  Ctrm:  Courtroom 12, 19th Floor
18            Defendant.                                  450 Golden Gate Avenue,
                                                         San Francisco, CA 94102
19                                                Judge:  William H. Alsup

20

21                                               JURY TRIAL DEMANDED

22

23   SONOS, INC.,                                CASE NO. 4:21-cv-07559-WHA

24            Plaintiff,
                                                 JURY TRIAL DEMANDED
25       vs.

26   GOOGLE LLC.,

27            Defendant.

28

**INTRODUCTION**

Pursuant to this Court's October 12, 2021 Notice Scheduling Case Management Conference on Reassignment (Dkt. 124) in *Sonos, Inc. v. Google LLC*, Case No. 4:21-cv-07559 ("Transferred Action"), the Minute Entry setting a status conference (Dkt. 52) in *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-06754 ("DJ Action"), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-10, Google LLC ("Google") and Sonos, Inc. ("Sonos") submit this Joint Case Management Statement in advance of the Case Management Conference and Status Conference on January 13, 2022.

I.      **JURISDICTION AND SERVICE**

On September 28, 2020, Sonos sent Google a draft patent infringement complaint and informed Google that Sonos intended to file that complaint in the Western District of Texas the following day.  Shortly before midnight that same day, Google filed a declaratory judgment action for non-infringement under the Declaratory Judgment Act, 8 U.S.C. § 2201 and the patent laws of the United States, 35 U.S.C. §§ 1-390.  DJ Action, Dkt. 1.  On September 29, 2020, as it said it would, Sonos filed an action in the Western District of Texas asserting claims for patent infringement against Google under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*. Transferred Action, Dkt. 1.

Sonos then moved to dismiss Google's declaratory judgment action for improper forum shopping.  DJ Action, Dkt. 11.  This Court stayed the declaratory judgment action pending the case in the Western District of Texas and ordered Google to file an amended complaint.  DJ Action, Dkt. 36.

The Western District of Texas action was ultimately transferred under 28 U.S.C. 1404(a) to the Northern District of California on September 28, 2021 pursuant to an order from the Federal Circuit.  Transferred Action, Dkts. 116-118.  The Transferred Action was related to the DJ Action on October 8, 2021.  *See* DJ Action, Dkt. 64

Google contends that this Court has subject matter jurisdiction over the DJ Action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a).  Sonos disputes that the Court has subject matter jurisdiction over Google's DJ claim concerning the '206 Patent and intends to move to dismiss this

1   claim on such grounds as soon as Google's Second Amended Complaint is entered in whole or part.

2   This Court has subject matter jurisdiction over the Transferred Action pursuant to 28 U.S.C. §§ 1331

3   and 1338.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. §

4   1391.  Google and Sonos have been served.

5   **II.      FACTS**

6            In its original DJ complaint, Google sought a finding that its Chromecast, Chromecast Ultra,

7   Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max, Home

8   Hub, Nest Hub, Nest Hub Max, Nest Audio, Nest Wifi Point, YouTube Music app, Google Play

9   Music app, YouTube app, Google Home app, and "Pixel" phones, tablets, and laptops (collectively,

10  "Google Accused Products") do not infringe United States Patent Nos. 9,967,615 ("the '615

11  patent"); 10,779,033 ("the '033 patent"); 9,344,206 ("the '206 patent"); 10,469,966 ("the '966

12  patent"); and 9,219,460 ("the '460 patent").

13           Sonos's Western District of Texas original complaint sought a finding that the Google

14  Accused Products infringe the '615 patent, the '033 patent, the '206 patent, the '966 patent, and the

15  '460 patent.  *Sonos, Inc. v. Google LLC*, No. 6:20-cv-00881-ADA.  Sonos thereafter amended its

16  Western District of Texas complaint to add U.S. Patent No. 10,848,885 ("the '885 patent") and

17  withdraw its infringement claims concerning the '460 patent.  In the Western District of Texas case,

18  Sonos confirmed that it would not oppose a motion to amend to add the '885 patent to the DJ Action.

19           **A.      The Parties' Pleadings In The DJ Action**

20           After the Court lifted the stay of the DJ Action, Google moved for leave to amend its DJ

21  complaint to add a declaratory judgment claim for non-infringement of the '885 patent, as well as

22  declaratory judgment claims for invalidity for '615 patent, the '033 patent, the '206 patent, the '966

23  patent, and the '885 patent (collectively, the "Patents-in-Suit").  DJ Action, Dkt. 80.  Sonos has not

24  opposed this aspect of Google's motion for leave to amend.  DJ Action, Dkt. 81.  Google's motion

25  for leave to amend its DJ Complaint also seeks to add claims for breach of contract, breach of the

26  implied covenant of good faith and fair dealing, and conversion.  DJ Action, Dkt. 80.  Sonos has

27  opposed this aspect of Google's motion.  DJ Action, Dkt. 81.  Briefing is complete, and the Court

28  has scheduled a hearing for January 13, 2022.  DJ Action, Dkt. 80.

**B.      The Parties' Pleadings In The Transferred Action**

When the Transferred Action was in the Western District of Texas, Google moved to dismiss the willful and indirect infringement claims for the '885, '033 and '966 patents in Sonos's Second Amended Complaint.  Transferred Action, Dkt. 55.  Although the Parties completed the briefing on this motion, the case was transferred to the Northern District of California before the Western District of Texas court ruled on it.  On December 9, 2021, Google submitted a precis request to file a motion to dismiss.  Transferred Action, Dkt. 125.  Pursuant to the Court's Order granting Google's précis request, Google will submit its motion to dismiss by January 10, 2021.  Transferred Action, Dkt. 133.

Google  has not yet answered the operative Second Amended Complaint.

**III.     DISPUTED LEGAL ISSUES**

The Parties have identified the following principal issues currently in dispute:

1.      Whether Google directly infringes one or more claims of each Patent-in-Suit under 35 U.S.C. § 271(a), and/or indirectly infringes one or more claims of each Patent-in-Suit under 35 U.S.C. §§ 271(b), (c), (f)(1), or (f)(2);

2.      Whether this case is exceptional under 35 U.S.C. § 285, entitling the prevailing party to attorneys' fees;

3.      The extent of damages Sonos is entitled to compensate it for Google's infringement;

4.      Whether the Court has subject matter jurisdiction over Google's DJ claims concerning the '206 Patent.

In addition, should the Court grant Google's motion for leave to file its Second Amended Complaint, the following issues would also be in dispute:

5.      Whether the Patents-in-Suit are invalid under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112;

6.      Whether Sonos breached the Content Integration Agreement;

7.      Whether Sonos breached the implied covenant of good faith and fair dealing of the Content Integration Agreement;

8.      Whether Sonos wrongfully exercised dominion over patents that Sonos alleges cover Google's "cloud queue" technology.

**IV.     MOTIONS**

**A.      Pending Motions**

1          1.      *Google's Motion for Leave to Amend Complaint (DJ Action)*

2          As discussed above, on November 16, 2021, Google moved for leave to file its Second

3   Amended Complaint to add claims for (1) declaratory judgment of non-infringement of the '885

4   patent, (2) declaratory judgment of invalidity for all of the asserted patents, (3) breach of contract

5   and the implied covenant of good faith and fair dealing, and (4) conversion.  DJ Action, Dkt. 80.

6   Sonos opposed Google's motion for leave in part on November 30, 2021.  DJ Action, Dkt. 81.

7   Google filed a reply in support of its motion for leave on December 7, 2021.  DJ Action, Dkt. 84.

8   The hearing on this motion is scheduled for January 13, 2022.  DJ Action, Dkt. 80.

9       **B.      Anticipated Motions**

10         Google and Sonos anticipate moving for summary judgment and may file other dispositive

11  and non-dispositive motions, including motions to compel discovery, as the case progresses.  The

12  parties anticipate filing a joint motion for an order governing the treatment of electronically stored

13  information (ESI) in discovery.  The parties anticipate filing a motion to compel further responses

14  to certain interrogatories.  Sonos anticipates filing a precis request to file a motion to dismiss

15  Google's DJ claims concerning the '206 Patent as soon as Google's Second Amended Complaint is

16  entered in whole or in part.  Google also anticipates potentially filing a motion to enforce the Court's

17  case management order with respect to Sonos's Rule 26 disclosures.

18      **C.      Prior Motions**

19         1.      *Sonos's Motion to Dismiss or Transfer (DJ Action)*

20         On October 12, 2020, Sonos moved to dismiss or transfer the instant case based on the

21  anticipatory suit and bad faith exceptions to the first-to-file rule.  DJ Action, Dkt. 11.  Sonos also

22  moved to dismiss Google's complaint under Rule 12(b)(6).  *Id.*  Google opposed Sonos's motion to

23  dismiss or transfer on October 26, 2020.  DJ Action, Dkt. 27-4.  Sonos filed a reply in support of its

24  motion on November 2, 2020.  DJ Action, Dkt. 32.  The hearing on this motion took place on

25  November 19, 2020.  DJ Action, Dkt. 26.  The following day, the Court granted Sonos's 12(b)(6)

26  motion and ordered Google to amend its complaint, which Google did on December 11, 2020.  DJ

27  Action, Dkt. 41.  With respect to the remainder of Sonos's motion, the Court stayed the DJ Action

28

1   pending the resolution of Google's motion to transfer venue of the Western District of Texas Action

2   to this District.  DJ Action, Dkt. 36.

2.      *The Parties' Motions for Issuance of Letters Rogatory*

4       Google and Sonos each filed motions for issuance of letters rogatory, which include

5   document requests and deposition topics to foreign third-party Spotify AB, to the appropriate court

6   in Sweden.  DJ Action, Dkts. 74, 76.  The Court granted Google's and Sonos's requests on October

7   13, 2021 and October 14, 2021, respectively.  DJ Action, Dkts. 75, 77.

3.      *Google's Précis Requesting Leave to File Motion to Dismiss Sonos's
        Second Amended Complaint (Transferred Action)*

9

10      On December 9, 2021, Google submitted a précis requesting permission to file a motion to

    dismiss Sonos's claims of willful and indirect infringement for the '885, '033, and '966 patents in
11
    its Second Amended Complaint in the Transferred Action.  Transferred Action, Dkt. 125.  Sonos
12
    filed a response on December 13, 2021.  Transferred Action, Dkt. 126.  The Court granted Google's
13
    request on December 30, 2021.  Transferred Action, Dkt. 133.
14
                4.      *Google's Letter Brief for Discovery Relief Regarding Sonos's Infringement
15                      Contentions (DJ Action)*

16      On December 17, 2021, Google filed a letter for discovery relief moving for an order (1)

17  compelling Sonos to specifically identify the functionality and source code it is mapping to the

18  "local playback queue" element in the '615 patent and limiting Sonos to the specific "media-item

19  identifiers" that it identified in its Infringement Contentions; and (2) striking certain products in

20  Sonos's Infringement Contentions not identified by name and model.  DJ Action, Dkt. 87.  Pursuant

21  to the Court's order (DJ Action, Dkt. 90), Sonos filed a response on January 5, 2022.  The hearing

22  on this motion took place on January 6, 2022, and on the same day, the Court issued a minute entry

23  requiring Sonos to amend its infringement contentions within 14 days.

24  **V.      AMENDMENT OF PLEADINGS**

25      The deadline to amend pleadings has passed.  DJ Action, Dkt. 67 ¶ 3.  As discussed above,

26  in the DJ Action Google moved for leave to file its Second Amended Complaint to add claims for

27  (1) declaratory judgment of non-infringement of the '885 patent (for which Sonos had added an

28  infringement claim by amendment in the Transferred Action), (2) declaratory judgment of invalidity

1  for all of the asserted patents, (3) breach of contract and the implied covenant of good faith and fair

2  dealing, and (4) conversion.  DJ Action, Dkt. 80.  Sonos has objected to the addition of the breach

3  and conversion claims but does not oppose Google's addition of the non-infringement and invalidity

4  claims.  DJ Action, Dkt. 81.  Sonos intends to serve a responsive pleading or a motion to dismiss (if

5  permitted) once Google's Second Amended Complaint (or a part thereof) is entered.

6  **VI.    EVIDENCE PRESERVATION**

7          Each party has reviewed the ESI Guidelines and each party believes that it has taken

8  appropriate and reasonable measures to preserve evidence relevant to each party's claims and

9  defenses in this matter.

10  **VII.   DISCLOSURES**

11         The Parties served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) on November

12  12, 2020.  Pursuant to the Case Management Order entered in the DJ Action (Dkt. 67), the Parties

13  served further initial disclosures on November 12, 2021.

14  **VIII.  DISCOVERY**

15         Google has served two sets of interrogatories, two sets of requests for production, and

16  deposition and document subpoenas to various third-parties.   Sonos has served one set of

17  interrogatories, one set of requests for production, and a Fed. R. Civ. P. 30(b)(6) notice of

18  deposition.[1]  As discussed above, both parties have also sought discovery from the foreign entity

19  Spotify AB through letters rogatory.

20         **A.     Changes to the timing, form, or requirement for disclosures (Fed. R. Civ. P. 26(f)(3)(A))**

21

22         The Parties served initial disclosures on November 12, 2020 and November 21, 2021.  The

    Parties did not change the form or requirement for such disclosures.

23

24         **B.     The subjects on which discovery may be needed (Fed. R. Civ. P. 26(f)(3)(B))**

25

26  _____

27    [1]  **Google's Position**: Sonos originally served a 30(b)(6) deposition notice that contained 18
    separately-numbered topics rather than the ten that are allowed under Paragraph 32(a) of the
    Court's Supplemental Order to Order Setting Initial Case Management.  Sonos has since re-served

28  a revised version.

1   The parties anticipate that the scope of discovery will encompass the factual and legal issues

2   identified in Sections II and III above, and the requested relief discussed in Section XI below,

3   including related and subsidiary factual and legal issues and matters.

4   The Parties reserve the right to amend the subjects for discovery that may be sought pending

5   further discovery in this matter.

6   **C.    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced (Fed.**

7   **R. Civ. P. 26(f)(3)(C))**

8   The Parties anticipate presenting an ESI order to the Court to govern the discovery of

9   electronically stored information.  The parties will exchange draft proposed ESI orders and will

10  present agreed-on terms to the Court, along with any points of disagreement requiring the Court's

11  guidance.

12  **D.    Any issues about claims of privilege or of protection as trial-preparation materials (Fed. R. Civ. P. 26(f)(3)(D))**

13

14  The Parties agree that absent a specific showing of need, documents created on or after

15  January 7, 2020 that are subject to a claim of attorney-client privilege, work product immunity, or

16  any other privilege or immunity do not need to be included in the Parties' privilege logs.  Subject to

17  the foregoing, the parties agree that issues of privilege or work product shall be addressed as

18  provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 and the Protective

19  Order and/or ESI Order to be entered in this action.

20  **E.    Changes that should be made to the limitations on discovery (Fed. R. Civ. P. 26(f)(3)(E))**

21  To the extent not limited below, and unless otherwise agreed to by the parties, the parties

22  agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure,

23  Local Rules of this Court and the ESI Order and Protective Order to be entered in this action. If a

24  party requests discovery that exceeds any of the limitations set forth below, the parties agree to meet

25  and confer in good faith to attempt to resolve the issue without intervention of the Court. If the

26  parties are unable to reach agreement, a party may seek leave from the Court for the additional

27  discovery.

28

The Parties agree to serve interrogatories, document requests, deposition notices, requests for admission, and responses thereto, on each other via email.  The Parties further agree that service of a complete copy of these documents via email on or before midnight Pacific time shall count as same-day service.

- **Interrogatories to Parties.**

   o   The parties agree that the limitations of Federal Rule of Civil Procedure 33 apply.

- **Requests for Admission**

   o   The parties agree that each side may serve up to 50 Requests for Admission. Requests for Admission related to the authentication of documents and public availability of prior art are exempt from this limitation.

- **Depositions**

   o   The parties agree that each party is limited to 100 hours in its depositions of fact witnesses in this litigation, including individual and 30(b)(6) witnesses, and excluding expert depositions.  Furthermore, either party may request additional hours for good cause.  All other requirements of Federal Rule of Civil Procedure 30 apply.

      ▪   **Google's Position**:  Google's position is that the 100-hour limit should exclude third-party depositions.  Google expects that there will be a significant number of third-party prior art depositions, and excluding third-party depositions from the hours cap imposes little burden on Sonos. Google will work with Sonos to schedule, to the extent possible, third-party depositions at mutually agreeable times and locations.

      ▪   **Sonos's Position**:  Sonos's position is that 100 deposition hours—inclusive of third parties—is more than what's allowed under the Federal Rules, sufficient in this case, ***and mirrors what the parties agreed to in the Google v. Sonos case pending in this district***.  3:20-cv-03845-EMC at ECF 44.  In that case, Google asserted five patents against Sonos. None of the patents

shared a common specification. The parties there agreed to limit depositions to 100 hours, inclusive of third parties. This case involves five patents and three specifications.  Google has provided no explanation why it should not abide by the limit the parties previously agreed to when Google's patents were at issue.

**F.      Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The Parties anticipate presenting a stipulated protective order governing the discovery of confidential information, including source code, to the Court.

**G.      Production of ESI**

The Parties met and conferred and anticipate presenting a stipulated protocol for ESI production to the Court.

**IX.     CLASS ACTIONS**

These matters are not class actions.

**X.      RELATED CASES**

The parties are engaged in other litigations at the United States International Trade Commission (Inv. No. 337-TA-1191) and in the Central District of California (2:20-cv-00169-JAK-DFM) (stayed pending resolution of the ITC litigation) (collectively, "*Sonos I*"), and in this District (3:20-cv-03845-EMC) ("*Sonos II*").  Three of the five patents at issue in Google's Second Amended Complaint share a priority claim (but not a specification) to a common provisional application with one patent at issue in *Sonos I*.

On October 20, 2020, Judge Chen denied Google's request to relate this case with *Sonos II*. The parties are also engaged in foreign litigation involving Google patents.

**XI.      RELIEF**

Google requests that the Court grant:

● Judgment in Google's favor against Sonos on all causes of action alleged in Google's proposed Second Amended Complaint in the DJ Action (DJ Action, Dkt. 80-2);

- Judgment that both the DJ Action and Transferred Action are exceptional cases under 35 U.S.C. § 285;

- Attorneys' fees and costs; and

- Such other and further relief as the Court may deem to be just and proper.

Sonos requests that the Court:

- Judgement in Sonos's favor against Google on all causes of action alleged in Sonos's Second Amended Complaint (Transferred Action, Dkt. 55);

- An award of damages sufficient to compensate Sonos for Google's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Google's willful infringement;

- An injunction enjoining Google, its officers, agents, servants, employees and attorneys, and other persons in active concert or participation with Google, and its parents, subsidiaries, divisions, successors and assigns, from further infringement of the patents-in-suit;

- Enter judgment in Sonos's favor and adverse to Google on all issues;

- Grant judgment that this is an exceptional case under 35 U.S.C. § 285;

- Award Sonos attorneys' fees and costs; and

- Grant Sonos such further and additional relief as the Court deems just and proper.

In addition, Sonos reserves the right to supplement its requested relief based on subsequent pleadings in this action, if any.

## XII.   SETTLEMENT AND ADR

In connection with the Parties' pending litigation before the International Trade Commission, the Parties conducted a mediation on October 19, 2020 before the Honorable Layn Phillips. That mediation addressed the Parties' pending disputes, including the instant case. The Parties were unable to reach an agreement. Pursuant to the Case Management Order (DJ Action, Dkt. 67), the parties plan to further mediate with the Honorable Layn Phillips (Ret.) on May 26, 2022.

## XIII.   CONSENT TO MAGISTRATE

The Parties do not consent to disposition of either case by a Magistrate Judge.

## XIV.   OTHER REFERENCES

The Parties do not believe that either case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.   NARROWING OF ISSUES

The parties will continue to meet and confer on ways to potentially narrow the number of issues in dispute.

## XVI.   EXPEDITED TRIAL PROCEDURES

These matters are not the type of cases that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII.   SCHEDULING

The Court set dates for fact discovery, expert discovery, dispositive motions, the pretrial conference, and trial in the Case Management Order entered on October 8, 2021 in the DJ Action. DJ Action, Dkt. 67.  The Court also ordered that the Parties proceed with a patent showdown and set deadlines for the procedure in its Patent Showdown Scheduling Order.  DJ Action, Dkt. 68. Given the overlap of issues, the Parties propose that the same dates and schedules set forth in those Orders also apply to the Transferred Action.

## XVIII.  TRIAL

Both Parties have requested trial by jury.

The parties' best estimate of the length of trial is approximately ten Court days for the non-patent showdown trial, assuming each trial day starts at 7:30 a.m. and ends at 1:00 p.m. as noted in the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup.  The parties acknowledge that this may change depending on the nature of the defenses and counterclaims Sonos may bring in a responsive pleading pending the Court's ruling on Sonos's motion to dismiss or transfer and on the Court's decision with respect to Google's pending motion for leave to file its Second Amended Complaint adding claims for breach and conversion.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

1    Each party has filed the Certification of Interested Entities or Persons required by Civil Local

2    Rule 3-15.

3    On September 28, 2020, Google filed its Certificate of Interested Parties and Entities

4    pursuant to Civil Local Rule 3-15.  DJ Action, Dkt. 3.  Google stated, pursuant to Civil L.R. 3-15,

5    that Google LLC, XXVI Holdings Inc. (holding company of Google LLC), and Alphabet Inc.

6    (holding company of XXVI Holdings Inc.) either (i) have a financial interest in the subject matter

7    in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject

8    matter or in a party that could be substantially affected by the outcome of this proceeding.

9    On October 12, 2020, Sonos filed its Certificate of Interested Entities.  Sonos stated,

10   "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named

11   parties, there is no such interest to report."  DJ Action, Dkt. 10.

12   **XX.    PROFESSIONAL CONDUCT**

13   All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct

14   for the Northern District of California.

15   **XXI.    OTHER ISSUES**

16   **Consolidation**

17   *Sonos' Position* – The pleadings in the DJ Action and the Transferred Action are or will be,

18   for all intents and purposes, substantively identical.  Sonos believes that it is inefficient for the Court

19   and the parties to have to maintain two distinct cases (even though those cases have since been

20   related).  Moreover, the parties have been (and as evidenced in this statement, including the notes

21   on scheduling below, intend to continue) treating these cases as a single case proceeding on a single

22   schedule.  Accordingly, the cases should be officially consolidated under a single action for all

23   purposes.  Given this Court's determination that "the manifest purpose of Google's [DJ] suit was to

24   beat the clock and defeat the patent owner's choice of venue" and that "Google's [Original]

25   complaint utterly fail[ed] to meet the standard for obtaining declaratory relief" (DJ Action, Dkt. 36

26   at 3), Sonos believes that the cases should be consolidated and that the Transferred Action (Case

27   No. 21-cv-7559), which names Sonos as the true plaintiff in this dispute, be identified as the lead

28   case.

*Google's Position* – Google does not necessarily oppose consolidation of the DJ Action and the Transferred Action; however, Sonos only raised the issue of realigning the parties at 4:00 p.m. on the day this joint case management statement was due.  Google disagrees with Sonos's assertion that it is the "true plaintiff" and believes that the DJ Action should remain as the lead case. The Federal Circuit determined that the Transferred Case should have been properly venued in Northern District of California in the first instance, given that "the center of gravity in this action is clearly in the [this District], not in the Western District of Texas." Dkt. 116 at 15.  Moreover, if the Court grants Google's motion to file its Second Amended Complaint, the two actions will no longer be "substantively identical," as Google will be asserting three affirmative claims in the DJ Action that would not be at issue in the Transferred Action. Given that the parties have not yet met and conferred on this issue, and given that the pleadings are not yet settled, the Court should not take up this important issue on the limited record before it in this case management statement.  Instead, the Court should make a determination on a full record with the benefit of briefing from the parties.

## XXII.   ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

### A.      Local Rules.

The schedule for the DJ Action has been set forth as discussed in Section XVII, above.  The Parties propose that the same schedule apply to the Transferred Action.

### B.      Scope and Timing of Any Claim Construction Discovery.

The schedule for the DJ Action set forth as discussed in Section XVII, above, includes a proposed deadline for claim construction discovery.  The Parties propose the same schedule apply to the Transferred Action.

### C.      Format of the Claim Construction Hearing.

Pursuant to Paragraph 22 of the Supplemental Order to Order Setting Initial Case Management Conference, the Parties understand that the Court will take up issues relating to claim construction under Patent Local Rule 4-6 in connection with summary judgment.

### D.      How the Parties Intend to Educate the Court on the Technology at Issue.

1    **Google's Position:** The Parties propose educating the Court on the technology at issue

2    through a tutorial.  The Parties propose that the Court allow Google to make a presentation no longer

3    than 45 minutes, followed by a presentation by Sonos of no longer than 45 minutes.

4    **Sonos's Position**: Sonos is happy to provide a technical tutorial if the Court thinks it will be

5    useful, but leaves that determination to the Court.  Sonos wishes to advise the Court that each party

6    has already prepared a 15-minute self-contained electronic technology tutorial concerning the

7    patents at issue while this case was pending at the Western District of Texas.  Should the Court

8    desire, the parties would deliver these electronic technology tutorials to the Court for its review.   In

9    the event the Court thinks additional tutorials would be beneficial, Sonos believes such tutorials

10   should be submitted or presented to the Court sufficiently in advance of any claim construction

11   hearing to allow the Court an opportunity to review the tutorials prior to the hearing.  Otherwise,

12   Sonos is confident that the parties can explain any necessary technology in their respective claim

13   construction briefing.

14          **E.      Non-Binding, Good-Faith Estimate of Damages Range.**

15   **Google's Position**:  Google does not seek damages with respect to Sonos's infringement

16   claims in the Transferred Action or Google's declaratory non-infringement claims and invalidity

17   claims in the DJ Action.  Should the Court grant Google's motion for leave to file the Second

18   Amended Complaint in the DJ Action, Google's good faith, non-binding estimate of the damages it

19   expects to recover for its affirmative breach of contract and conversion claims is approximately

20   $1,000,000.  Google will also seek an award of its costs and reasonable attorneys' fees in an amount

21   that cannot currently be determined as both actions remain ongoing.

22   **Sonos's Position**: Sonos is currently investigating the amount of damages it expects to

23   recover at trial.  Much discovery from Google remains outstanding.  However, through the end of

24   2021, Sonos presently and in good faith estimates the amount of such damages to be approximately

25   $180,000,000.  Sonos notes that P.L.R. 3-8 disclosures are due on January 25 and expects to have

26   more information in this regard at that time.

27   **XXIII. ADDITIONAL INFORMATION PURSUANT TO THE SUPPLEMENTAL ORDER
            TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE IN
28          CIVIL CASES BEFORE JUDGE WILLIAM ALSUP**

1   **A.**  **Opportunities For Junior Lawyers**

2   **Google's Position**:  Google plans to provide opportunities for junior lawyers working on

3  this matter to argue discovery-related motions and portions of claim construction motions; to take

4  or defend depositions of witnesses; and to examine witnesses at trial.  Specifically, Google intends

5  to provide such opportunities for associate Jocelyn Ma (class of 2017), Anne-Raphaëlle Aubry (class

6  of 2017), and Lana Robins (class of 2020).  Ms. Ma argued on behalf of Google in the hearing on

7  January 6, 2022 regarding the dispute over Sonos's infringement contentions.

8   **Sonos's Position**: Sonos intends to provide opportunities for junior lawyers, including at

9  least Caroline Hirst (class of 2020), Kristina McKenna (class of 2016, with less than three years in

10  private practice), and David R. Grosby (class of 2016), to argue motions in court, to take or defend

11  depositions, and to participate actively at trial.

12

13

14  Dated:  January 6, 2022       Respectfully submitted,

15  */s/ Charles K. Verhoeven*      */s/ Bas de Blank*
   Attorneys for GOOGLE LLC     Attorneys for SONOS INC.

16

   QUINN EMANUEL URQUHART &   ORRICK, HERRINGTON & SUTCLIFFE

17  SULLIVAN, LLP        LLP

18

   *Counsel for Google LLC.*      *Counsel for Sonos, Inc.*

19

20

21

22

23

24

25

26

27

28

1

**<u>ECF ATTESTATION</u>**

2       I, Charles K. Verhoeven, am the ECF User whose ID and password are being used to file

3   this JOINT CASE MANAGEMENT STATEMENT.  In compliance with General Order 45, X.B.,

4   I hereby attest that Bas de Blank, counsel for Sonos, has concurred in this filing.

5    Dated:  January 6, 2022                                      Charles K. Verhoeven
                                                                   QUINN EMANUEL URQUHART &
6                                                                  SULLIVAN, LLP

7                                                                  By:    */s/ Charles K. Verhoeven*
                                                                        Charles K. Verhoeven
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28