1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
     Melissa Baily (Bar No. 237649)
3    melissabaily@quinnemanuel.com
     Lindsay Cooper (Bar No. 287125)
4    lindsaycooper@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
6  Facsimile:    (415) 875-6700

7  Attorneys for GOOGLE, LLC

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12 | SONOS, INC.,                    | CASE NO. 3:21-cv-07559-WHA
   |                                 |
13 |            Plaintiff,           | **GOOGLE LLC'S MOTION TO DISMISS
   |                                 | SONOS'S SECOND AMENDED
14 |      vs.                        | COMPLAINT**
   |                                 | Date:        February 24, 2022
15 | GOOGLE LLC,                     | Time:        8:00 a.m.
   |                                 | Location:    Courtroom 12, 9th Floor
16 |            Defendant.           | Judge:       Hon. William Alsup
   |                                 |
17 |                                 | Second Amended Complaint Filed: February
18                                     23, 2021

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 24, 2022 or as soon thereafter as this matter can be heard before the Honorable Judge William Alsup in Courtroom 12, Ninth Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Google LLC ("Google") will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Sonos's claims of willful and indirect infringement for the '885, '033, and '966 patents.  Google's Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the proposed order submitted herewith, all exhibits and other papers on file in this action, such other evidence and argument as may be presented at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

DATED:  January 10, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  ___*/s/ Charles K. Verhoeven*___
    Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
    Melissa Baily (Bar No. 237649)
    melissabaily@quinnemanuel.com
    Lindsay Cooper (Bar No. 287125)
    lindsaycooper@quinnemanuel.com
    50 California Street, 22nd Floor
    San Francisco, California 94111-4788
    Telephone: (415) 875-6600
    Facsimile: (415) 875-6700

    *Attorneys for GOOGLE LLC*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ..................................................................2

III.    FACTUAL BACKGROUND ..............................................................................................2

IV.     LEGAL STANDARD ........................................................................................................3

        A.      Willful Infringement ..............................................................................................3

        B.      Indirect Infringement..............................................................................................4

V.      ARGUMENT .....................................................................................................................4

        A.      Sonos Fails To Adequately Plead Willful Infringement for the '885, '033,
                and '966 Patents .....................................................................................................4

                1.      Sonos Fails To Allege The Requisite Knowledge For Willfulness ..............4

                2.      Sonos Fails To Raise A Plausible Inference Of Egregious Behavior ...........8

        B.      Sonos Fails to Adequately Plead Indirect Infringement for the '885, '033,
                and '966 Patents .....................................................................................................9

                1.      The SAC Does Not Adequately Plead Pre-Suit Notice...............................9

                2.      The SAC Fails To Sufficiently Allege The Requisite Specific Intent
                        For Induced Infringement.........................................................................13

                3.      Sonos Does Not Adequately Plead The Requisite Lack Of
                        Substantial Non-Infringing Uses For Contributory Infringement...............14

        C.      Dismissal With Prejudice is Warranted ................................................................16

VI.     CONCLUSION ................................................................................................................16

GOOGLE LLC'S MOTION TO DISMISS SONOS'S SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## Cases

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) ........................................................................... 13

*Apple Inc. v. Princeps Interface Techs. LLC*,
  No. 19-CV-06352-EMC, 2020 WL 1478350 (N.D. Cal. Mar. 26, 2020) ..................................... 7

*Artrip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018) ........................................................................... 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................... 3, 15

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
  No. C 11-04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) ................................... 5, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................... 3

*Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*,
  No. 6:12-cv-1380, 2013 WL 12149301 (M.D. Fla. Mar. 29, 2013) ......................................... 11

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ............................................................................. 16

*CAP Co., Ltd. v. McAfee, Inc.*,
  No. 14-cv-05068-JD, 2015 WL 3945875 (N.D. Cal. June 26, 2015) ................................... 10, 14

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ..................................................................................... 9

*Cyntec Co., Ltd. v. Chilisin Elecs. Corp.*,
  No. 18-CV-00939-PJH, 2020 WL 5366319 (N.D. Cal. Sept. 8, 2020) ....................................... 3

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ............................................................................ 13

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
  No. CV 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ......................................... 6

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
  No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020) ............................................. 11

*Elec. Scripting Prod., Inc. v. HTC Am. Inc.*,
  No. 17-CV-05806-RS, 2018 WL 1367324 (N.D. Cal. Mar. 16, 2018) ....................................... 8

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*,
  No. 15-545-SLR, 2016 WL 1019667 (D. Del. Mar. 15, 2016) ............................................ 5, 6

*Finjan, Inc. v. Cisco Sys., Inc.*,
   No. 17-CV-00072-BLF, 2018 WL 7131650 (N.D. Cal. Feb. 6, 2018) ........................................ 8

*Finjan, Inc. v. ESET, LLC*,
   No. 17-CV-183-CAB-BGS, 2019 WL 5212394 (S.D. Cal. Oct. 16, 2019) ................................. 7

*Finjan, Inc. v. Juniper Networks, Inc.*,
   No. C 17-05659 WHA, 2018 WL 905909  (N.D. Cal. Feb. 14, 2018) .............................. 3, 7, 12

*Fluidigm Corp. v. IONpath, Inc.*,
   No. C 19-05639 WHA, 2020 WL 408988 (N.D. Cal. Jan. 24, 2020) .......................... 3, 9, 10, 12

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................................. 15

*Fortinet, Inc. v. Forescout Techs., Inc.*,
   No. 20-CV-03343-EMC, 2021 WL 2412995 (N.D. Cal. June 14, 2021) ................................... 7

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ................................................................................................ 4

*Gamevice, Inc. v. Nintendo Co.*,
   No. 18-CV-01942-RS, 2018 WL 5310792 (N.D. Cal. Aug. 6, 2018) ........................................ 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ......................................................................................................... 9, 10, 11

*Google LLC v. Princeps Interface Techs. LLC*,
   No. 19-CV-06566-EMC, 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020) ...................... 8, 14, 15

*Halo Elecs. v. Pulse Elecs.*,
   136 S. Ct. 1923 (2016) ..................................................................................................... 3, 4, 6, 7, 8

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-cv-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ...................................... 14

*Illumina, Inc. v. BGI Genomics Co.*,
   No. 19-CV-03770-WHO, 2020 WL 571030 (N.D. Cal. Feb. 5, 2020) ....................................... 4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................ 14

*In re Biogen '755 Patent Litig.*,
   335 F. Supp. 3d 688 (D.N.J. 2018) ........................................................................................... 7

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   66 F. Supp. 3d 495 (D. Del. 2014) ........................................................................................... 6

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
   545 F.3d 1340 (Fed. Cir. 2008) ............................................................................................... 13

*Leadsinger, Inc. v. BMG Music Pub.*,
   512 F.3d 522 (9th Cir. 2008) .................................................................................................... 15

*M & C Innovations, LLC v. Igloo Prod. Corp.*,
   No. 4:17-cv-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018)................................. 8

*MasterObjects, Inc. v. Amazon.com, Inc.*,
   No. C 20-08103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) ......................... 7

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018)................................................................................. 12

*NetFuel, Inc. v. Cisco Sys., Inc.*,
   No. 5-18-cv-02352, 2018 WL 4510737 (N.D. Cal. Sept. 18, 2018)............................. 4

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
   No. 6:14-cv-1017-Orl-22KRS, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015).......... 6

*People.ai, Inc. v. SetSail Techs., Inc.*,
   No. C 20-09148 WHA, 2021 WL 2333880 (N.D. Cal. June 8, 2021) ................... 4, 12

*Plexxikon Inc. v. Novartis Pharms. Corp.*,
   No. 17-CV-04405-HSG, 2021 WL 2224267 (N.D. Cal. June 2, 2021) ....................... 7

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681 DOC, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ............. 11, 12

*Radware, Ltd. v. A10 Networks, Inc.*,
   No. C-13-02021-RMW, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013) .............. 10, 11

*Radware, Ltd. v. F5 Networks, Inc.*,
   No. 5:13-CV-02024-RMW, 2016 WL 4427490 (N.D. Cal. Aug. 22, 2016) ................. 5

*Synopsys, Inc. v. ATopTech, Inc.*,
   No. 13-cv-09265, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013)............................... 15

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   709 F.3d 1365 (Fed. Cir. 2013).................................................................................. 12

*TecSec, Inc. v. Adobe Inc.*,
   No. 1:10-cv-115, 2019 WL 1233882 (E.D. Va. Mar. 14, 2019) ................................. 8

*Uniloc USA, Inc. v. Apple Inc.*,
   No. C 18-00359 WHA, 2018 WL 2047553 (N.D. Cal. May 2, 2018) .................. 13, 15

*Uniloc USA, Inc. v. Logitech, Inc.*,
   No. 18-cv-01304-LHK, 2018 WL 6025597 (N.D. Cal. Nov. 17, 2018) ..................... 15

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009)............................................................................. 4, 12

*VLSI Tech. LLC v. Intel Corp.*,
   No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)......................... 5, 6, 11

*Windy City Innovations, LLC v. Microsoft Corp.*,
   193 F. Supp. 3d 1109 (N.D. Cal. 2016) ................................................................... 14

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021) ...................................................................................... 10, 11

# I.    INTRODUCTION

On September 29, 2020, Sonos, Inc. ("Sonos") filed suit against Google LLC ("Google") in the Western District of Texas, alleging infringement of five patents, namely U.S. Patent Nos. 9,967,615 ("the '615 patent"); 10,779,033 ("the '033 patent"); 9,344,206 ("the '206 patent"); 10,469,966 ("the '966 patent"); and 9,219,460 ("the '460 patent"). Dkt. No. 1.  On February 17, 2021, Sonos filed a First Amended Complaint adding a claim of infringement for U.S. Patent No. 10,848,885 ("the '885 patent"). Dkt. No. 49 ("FAC").  Just a few days later, on February 23, 2021, Sonos filed a Second Amended Complaint dropping its allegation of infringement for the '460 patent, and continuing to assert that Google infringes — directly, indirectly, and willfully — the '615, '033, '206, '966, and '885 patents.  Dkt. No. 51 ("SAC").

On March 9, 2021, Google filed a motion to dismiss Sonos's claims of willful and indirect infringement for the '885, '033, and '966 patents pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(c).  Dkt. No. 55.  However, the Western District of Texas court did not rule on the motion before the case was transferred to this Court on September 28, 2021.  Dkt. No. 118.  As Sonos's allegations are plainly deficient under even the most basic pleading standards, Google now moves to dismiss Sonos's claims of willful and indirect infringement for the '885, '033, and '966 patents.[1]

As to willful infringement, Sonos's SAC fails to allege the necessary pre-suit knowledge of these patents — a standalone pleading requirement that this Court and others continue to affirm.  Moreover, the SAC does not contain any factual assertions going to willfulness, let alone assertions that would give rise to a plausible inference of egregiousness.  As pled for the '885, '033, and '966 patents, this is at most a "garden-variety" patent case and, as such, the Court should dismiss Sonos's claims for willful infringement of these patents for this additional reason as well.

The Court should also dismiss Sonos's claims of indirect infringement for these patents because, like the willfulness claims, they are doomed by a lack of alleged pre-suit knowledge.  In

---

[1]  The Court granted Google's précis request to file this Motion to Dismiss on December 30, 2021. Dkt. No. 133.

addition, the allegations in the SAC are insufficient to plead the requisite specific intent for induced infringement and requisite substantial non-infringing uses for contributory infringement.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether Sonos's claims for willful infringement of the '885, '033, and '966 patents should be dismissed because the SAC fails to plead pre-suit knowledge.

2.    Whether Sonos's claims for willful infringement of the '885, '033, and '966 patents should be dismissed because the SAC fails to plead egregiousness.

3.    Whether Sonos's claims for indirect infringement of the '885, '033, and '966 patents should be dismissed because the SAC fails to plead pre-suit knowledge.

4.    Whether Sonos's claims for induced infringement of the '885, '033, and '966 patents should be dismissed because the SAC fails to plead specific intent.

5.    Whether Sonos's claims for contributory infringement of the '885, '033, and '966 patents should be dismissed because the SAC fails to plead substantial non-infringing uses.

## III.   FACTUAL BACKGROUND

Between 2016 and 2019, Sonos and Google engaged in licensing discussions.  Dkt. Nos. 128 at 2; 129 at 3.  In connection with the parties' years-long negotiation of a potential cross-license, Sonos provided Google with materials that purported to reference the '615 and '206 patents.  For the '615 patent, Sonos sent Google a letter in February 2019 with a link to 100 claim charts, one of which covered the '615 patent.  Dkt. Nos. 51 ("SAC") ¶ 22; 128 at 2; 129 at 2.  For the '206 patent, Sonos presented Google with a slide deck referring to the '206 patent during an October 2016 meeting and sent the presentation to Google via email the following day.  SAC ¶ 20; Dkt. Nos. 128 at 2; 129 at 3.  Google's motion does not address these two patents.

For two of the remaining three patents-in-suit, the parties agree Google did not have notice of the '033 patent or the '966 patent until Sonos provided Google with a draft complaint alleging infringement of such patents on September 28, 2020, the day before it filed suit against Google in the Western District of Texas.  *Id.* ¶¶ 92, 94 ('033 patent), ¶¶ 117, 230 ('966 patent).  For the third and final patent-in-suit, the parties agree that Google did not have notice of the '885 patent until January 8, 2021 when Sonos sought to amend its original Western District of Texas complaint and

1  provided Google with a draft of its proposed amended complaint.  SAC ¶¶ 130, 133; Dkt. Nos. 128
2  at 1-2; 129 at 1.

3  **IV.  LEGAL STANDARD**

4      To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted
5  as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
6  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard is
7  not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable
8  inference that the defendant is liable for the misconduct alleged."  *Id.*  Courts "are not bound to
9  accept as true a legal conclusion couched as a factual allegation."  *Id.*  Thus, "[t]hreadbare recitals
10 of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

11      **A.    Willful Infringement**

12      "There is no precise rule or formula for awarding damages for willfulness in a patent
13 infringement suit, but a district court's discretion to do so is not to be exercised in 'a typical
14 infringement case.'"  *Fluidigm Corp. v. IONpath, Inc*., No. C 19-05639 WHA, 2020 WL 408988,
15 at *4 (N.D. Cal. Jan. 24, 2020).  "Rather, such enhanced damages are 'generally reserved for
16 egregious cases of culpable behavior' involving conduct that is 'willful, wanton, malicious, bad-
17 faith, deliberate, consciously wrongful, flagrant, or — indeed — characteristic of a pirate.'"  *Id.*
18 (quoting *Halo Elecs. v. Pulse Elecs*., 136 S. Ct. 1923, 1931-32 (2016)).  Accordingly, a plaintiff
19 must allege "both pre-suit notice and egregious behavior" to state a claim for willful infringement.
20 *Cyntec Co., Ltd. v. Chilisin Elecs. Corp*., No. 18-CV-00939-PJH, 2020 WL 5366319, at *16 (N.D.
21 Cal. Sept. 8, 2020); *see also Fluidigm*, 2020 WL 408988, at *4-*5 (granting motion to dismiss
22 enhanced damages for willfulness because the plaintiff failed to plausibly plead pre-suit notice of
23 the patents-in-suit and "egregious conduct"); *Finjan, Inc. v. Juniper Networks, Inc*., No. C 17-05659
24 WHA, 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018) (finding that the plaintiff failed to state a
25 claim for willfulness because it did not sufficiently allege "pre-suit knowledge" or "conduct arising
26 to the level of egregiousness").

27
28

### B.   Indirect Infringement

To state a claim for induced infringement, a patent owner must show that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Gamevice, Inc. v. Nintendo Co*., No. 18-CV-01942-RS, 2018 WL 5310792, at \*4 (N.D. Cal. Aug. 6, 2018) (citing *Vita-Mix Corp. v. Basic Holding, Inc*., 581 F.3d 1317, 1328 (Fed. Cir. 2009)).

To succeed on its contributory infringement claims, Sonos must "allege: '1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial non-infringing uses, and 4) that the component is a material part of the invention.'" *People.ai, Inc. v. SetSail Techs., Inc*., No. C 20-09148 WHA, 2021 WL 2333880, at \*6 (N.D. Cal. June 8, 2021) (quoting *Fujitsu Ltd. v. Netgear Inc*., 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## V.   ARGUMENT

### A.   Sonos Fails To Adequately Plead Willful Infringement for the '885, '033, and '966 Patents

There are two independent bases on which the Court can dismiss Sonos's claims of willful infringement for the '885, '033, and '966 patents.  First, Sonos has not pled pre-suit knowledge, a requirement for willful infringement that this Court and many others have recently affirmed. Second, the claims fail to meet even the most basic pleading requirements, as they do not set forth any allegations plausibly leading to an inference of the "egregious" behavior required under *Halo*.

#### 1.   Sonos Fails To Allege The Requisite Knowledge For Willfulness

"To state a claim for willful infringement, a patentee must allege that the accused infringer had knowledge of the patent prior to filing the lawsuit." *Illumina, Inc. v. BGI Genomics Co*., No. 19-CV-03770-WHO, 2020 WL 571030, at \*6 (N.D. Cal. Feb. 5, 2020).  Indeed, courts in this District have repeatedly held that allegations of knowledge based on a complaint are not enough to state a claim for willful infringement. *See, e.g., NetFuel, Inc. v. Cisco Sys., Inc*., No. 5-18-cv-02352, 2018 WL 4510737, at \*3 (N.D. Cal. Sept. 18, 2018) (dismissing willful infringement claim because the "Complaint lacks any allegation that [the defendant] had actual knowledge of the existence of

the Patents-in-Suit and their issuance before the filing and service of the Complaint"); *Radware, Ltd. v. F5 Networks, Inc*., No. 5:13-CV-02024-RMW, 2016 WL 4427490, at *3 (N.D. Cal. Aug. 22, 2016) (granting motion for judgment as a matter of law on willfulness because the plaintiff did not inform the defendant of the patents-in-suit before the plaintiff filed the lawsuit); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc*., No. C 11-04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012) (finding willfulness allegations insufficient because the plaintiff failed to allege any facts suggesting that the defendant had knowledge of the patent "prior to the filing of the Complaint").

Sonos's willful infringement claims should be dismissed because Sonos has not pled pre-suit knowledge of the '885, '033, and '966 patents.  For the '885 patent, Sonos's SAC alleges only that Google had actual knowledge of the '885 patent on January 8, 2021, after Sonos shared a draft of its FAC.  SAC ¶¶ 130 ("On January 8, 2021, Sonos provided Google with a draft of this Amended Complaint prior to its filing.  That draft identified the '885 Patent and described how Google's products infringed."), 133 (Google "had actual knowledge of the '885 Patent and actual knowledge of Sonos's infringement contentions no later January 8, 2021 when Sonos provided Google with a copy of the Amended Complaint[.]").  But the January 8, 2021 copy of the FAC that Sonos refers to in its SAC was provided to Google in connection with the meet and confer process for Sonos's Motion for Leave to Amend or Supplement the Complaint to add the '885 patent to the litigation. Dkt. No. 39.  The Court should not permit Sonos to allege willfulness claims based on inviting Google to engage in the meet and confer requirements set forth in the local rules.  *See VLSI Tech. LLC v. Intel Corp*., No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("the complaint itself cannot serve as the basis for a defendant's actionable knowledge" because the "purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim").

If the Court accepts Sonos's notice argument, then virtually any amended complaint that adds a new patent would involve a claim for willfulness simply because the parties must meet and confer under the local rules.  Unsurprisingly, courts have not looked kindly on willful infringement claims that purport to rely on this type of eleventh-hour "notice."  *See, e.g.*, *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd*., No. 15-545-SLR, 2016 WL 1019667, at *4 (D. Del. Mar. 15, 2016) (granting motion to dismiss willful infringement claim and explaining that "when a notice letter is

filed one day before the infringement suit commences, the defendant does not have sufficient time to react to the notice letter to prevent a suit from being filed."); *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 499-500 (D. Del. 2014) (granting motion to dismiss where plaintiff sent letter alleging infringement one day before the complaint was filed); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-cv-1017-Orl-22KRS, 2015 WL 1246500, at *11-*12 (M.D. Fla. Mar. 16, 2015) (dismissing inducement of infringement claims because the court was "not convinced that sending a letter merely one day before filing a lawsuit confers on a defendant" knowledge of the patent and knowledge of infringement).

Sonos's allegations of pre-suit knowledge of the '033 and '966 patents are similarly deficient. The only allegation of pre-suit knowledge in the SAC for these patents is a claim that Sonos provided Google with a draft of the original complaint less than twenty-four hours before filing its case in the Western District of Texas: "On September 28, 2020, Sonos provided Google with a draft of the original complaint prior to its filing." SAC ¶¶ 92, 95 ('033 patent); 117, 120 ('966 patent). But this again is no more than "eleventh hour" notice that cannot serve as a basis for a willfulness claim. *See VLSI*, 2019 WL 1349468, at *2; *see also Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, No. CV 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020); *Evolved*, 2016 WL 1019667, at *4; *Intellectual Ventures*, 66 F. Supp. 3d at 499-500; *Orlando*, 2015 WL 1246500, at *11-*12. Permitting plaintiffs to manufacture willfulness claims based on this type of last-minute "notice" would undermine policy considerations promoting pre-litigation settlement and open the flood gates to willfulness allegations in "garden-variety cases." *See Halo*, 136 S. Ct. at 1935 (enhanced damages "should not be" awarded in "garden-variety cases").

Sonos argues that the draft complaint it provided Google on September 28, 2020 is sufficient pre-suit notice for the '033 and '966 patents because Google filed a declaratory judgment action of non-infringement for these patents the same day.[2] But Sonos's argument is without merit. To the extent Google's declaratory judgment complaint is relevant at all, it cuts against a finding of willful

---

[2]   Sonos's argument applies only to the '033 and '966 patents. The draft complaint that Sonos provided Google on September 28, 2020 did not include the '885 patent. *See* Dkt. Nos. 1; 51 ¶¶ 80, 92, 104, 106, 117, 127-37.

infringement because it demonstrates Google had a subjective belief that it did not infringe any of Sonos's patents.  *See Apple Inc. v. Princeps Interface Techs. LLC*, No. 19-CV-06352-EMC, 2020 WL 1478350, at *4 (N.D. Cal. Mar. 26, 2020) ("filing an action seeking a declaratory judgment of noninfringement . . . arguably asserts a 'reasonable, good-faith belief in noninfringement'") (quoting *In re Biogen '755 Patent Litig*., 335 F. Supp. 3d 688, 714 (D.N.J. 2018)).

Sonos also contends that Google had notice of the '885, '033, and '966 patents because it sent Google letters and presentations from 2016 to 2019 asserting that accused products in this case infringed other Sonos patents.  Dkt. No. 129.  Such communications are clearly insufficient to establish that Google had notice of the '885, '033, and '966 patents.  Discussing alleged infringement of some patents in a patentee's portfolio does not suffice to put an alleged infringer on notice of other patents.  *See, e.g.*, *MasterObjects, Inc. v. Amazon.com, Inc*., No. C 20-08103 WHA, 2021 WL 4685306, at *3 (N.D. Cal. Oct. 7, 2021) ("Allegations of general knowledge of a patent family, or a patent portfolio, are insufficient to allege specific knowledge of a particular patent."); *Plexxikon Inc. v. Novartis Pharms. Corp*., No. 17-CV-04405-HSG, 2021 WL 2224267, at *8 (N.D. Cal. June 2, 2021) ("Mere awareness of a patent portfolio is not sufficient to show knowledge of a specific patent."); *Finjan, Inc. v. ESET, LLC*, No. 17-CV-183-CAB-BGS, 2019 WL 5212394, at *5 (S.D. Cal. Oct. 16, 2019) (finding letter alleging infringement of non-asserted patents insufficient to establish pre-suit notice of asserted patents); *Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018) ("[G]enerally discussing purported infringement of Finjan's patent portfolio hardly translates to specifically alerting Juniper to infringement of the patents-in-suit.").

Because Sonos fails to plead adequate pre-suit knowledge, the Court should dismiss Sonos's willful infringement claims for the '885, '033, and '966 patents.

### 2.  Sonos Fails To Raise A Plausible Inference Of Egregious Behavior

Sono's willful infringement claims fail for a separate, independent reason.  "Since *Halo*, courts in this District have required willful infringement claims to show both knowledge of the . . . [p]atents and egregious conduct in order to survive a motion to dismiss."  *Fortinet, Inc. v. Forescout Techs., Inc*., No. 20-CV-03343-EMC, 2021 WL 2412995, at *19 (N.D. Cal. June 14, 2021) (quoting

*Google LLC v. Princeps Interface Techs. LLC*, No. 19-CV-06566-EMC, 2020 WL 1478352, at *2 (N.D. Cal. Mar. 26, 2020)) (internal marks omitted) (emphasis in original).  Thus, a claim for willful infringement "must contain some allegations which make it plausible that the accused infringer's behavior was egregious[.]"  *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-CV-00072-BLF, 2018 WL 7131650, at *5 (N.D. Cal. Feb. 6, 2018).  In other words, a plaintiff "must provide factual allegations that are specific to [the defendant]'s conduct and do not merely recite the elements of the statutory violations, but rather provide factual material that puts [the defendant] on notice of its allegedly unlawful actions."  *Elec. Scripting Prod., Inc. v. HTC Am. Inc.*, No. 17-CV-05806-RS, 2018 WL 1367324, at *7 (N.D. Cal. Mar. 16, 2018).  "[G]arden-variety" patent cases, in which an accused infringer first receives notice of a patent from a complaint and continues the allegedly infringing behavior, do not give rise to a claim of willful infringement.  *See Halo*, 136 S. Ct. at 1935 (enhanced damages "should not be" awarded in "garden-variety cases"); *M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) ("Assuming for the sake of argument that the complaint put [the defendant] on notice of the existing patents, and [the defendant] continued its manufacturing its infringing products, this would simply be the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness."); *see also TecSec, Inc. v. Adobe Inc.*, No. 1:10-cv-115, 2019 WL 1233882, at *2 (E.D. Va. Mar. 14, 2019) (a defendant's "continued sale of the infringing product without removing its infringing capability is merely typical infringement behavior that is not a proper basis for enhanced damages").

Sonos fails to allege any facts leading to an inference of "egregious behavior."  For each of the patents at issue in this motion, Sonos's sole willfulness allegation is nothing more than a threadbare recital of the elements of willful infringement, for example:

> 133. Google's infringement of the '885 Patent is also willful because Google (a) had actual knowledge of the '885 Patent and actual knowledge of Sonos's infringement contentions no later January 8, 2021 when Sonos provided Google with a copy of the Amended Complaint, (b) engaged in the aforementioned activity despite an objectively high likelihood that Google's actions constituted infringement of the '885 Patent, and (c) this objectively-defined risk was either known or so obvious that it should have been known to Google.
>
> .   .   .

1       136. Google's infringement of the '885 Patent was and continues to be willful and
2       deliberate, entitling Sonos to enhanced damages.

3    SAC ¶¶ 133, 136; *see also id.* ¶¶ 95, 98 ('033 patent); 120, 124 ('966 patent).  Sonos also includes

4    a boilerplate assertion for each patent that "[a]dditional allegations regarding Google's pre-suit

5    knowledge of the '885 Patent and willful infringement will likely have evidentiary support after a

6    reasonable opportunity for discovery."  SAC ¶ 134; *see also id.* ('033 patent), 121 ('966 patent).

7    But as this Court has previously explained, if a plaintiff cannot plead facts to support its claim at the

8    outset, the proper course of action is to seek leave to amend if and when it is able to substantiate its

9    claim after the start of discovery.  *Fluidigm*, 2020 WL 408988, at *5 (finding that "[s]hould evidence

10   of egregious conduct come to light . . . patent owners may move for leave to amend").  Because

11   Sonos fails to plead that Google engaged in egregious conduct, the Court should dismiss Sonos's

12   willful infringement claims for the '885, '033, and '966 patents.

13       **B.     Sonos Fails to Adequately Plead Indirect Infringement for the '885, '033, and**
14              **'966 Patents**

15       Sonos's indirect infringement claims for the '885, '033, and '966 patents also fail because

16   they do not sufficiently allege pre-suit notice, specific intent, and substantial non-infringing uses.

17              **1.     The SAC Does Not Adequately Plead Pre-Suit Notice**

18       As with willfulness, claims for induced and contributory infringement require "knowledge

19   of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*,

20   135 S. Ct. 1920, 1926 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-

21   66 (2011) (indirect infringement requires "knowledge of the existence of the patent that is

22   [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement").  As

23   discussed above, Sonos's SAC fails to plead pre-suit knowledge of the '885, '033, and '966 patents.

24   *See* § III.A.1; *see also* SAC ¶¶ 131-32 ('885 patent), 93-94 ('033 patent), 118-19 ('966 patent).

25   Thus, Sonos's allegations of indirect infringement should be dismissed for failure to allege pre-suit

26   knowledge.[3]

27   _____

28   [3]  Sonos has also failed to plead facts raising a plausible inference that Google was willfully blind
     to the '885, '033, and '966 patents.  "[A] willfully blind defendant is one who takes deliberate

As an initial matter, there is no dispute that a plaintiff's failure to allege pre-suit knowledge warrants dismissal of indirect infringement allegations to the extent they are premised on pre-suit conduct. *See, e.g.*, *CAP Co., Ltd. v. McAfee, Inc.*, No. 14-cv-05068-JD, 2015 WL 3945875, at *4 (N.D. Cal. June 26, 2015) (noting that omission of allegation concerning pre-suit knowledge "precludes induced infringement liability for pre-suit sales"); *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021-RMW, 2013 WL 5373305, at *2 (N.D. Cal. Sept. 24, 2013) (recognizing that "if [the plaintiff] failed to plead pre-suit knowledge of the patents, any claims for indirect infringement would be limited to post-filing activities"). Accordingly, Sonos's claims must be dismissed to the extent they are based on pre-suit conduct.

In its response to Google's précis request, Sonos argued that pre-suit knowledge is not necessary to sustain a claim for post-suit indirect infringement. Dkt. No. 126 at 3. This question has divided district courts. *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249-50, 249 n.1 (D. Del. 2021) (discussing split of authority and collecting cases); *see also CAP*, 2015 WL 3945875, at *4 (same). Some cases have held that where a plaintiff does not allege pre-suit knowledge, indirect infringement claims may proceed, but only to the extent that they are premised on post-suit conduct. *See, e.g.*, *CAP*, 2015 WL 3945875, at *5 (concluding that the plaintiff's "indirect infringement claims will not be dismissed for lack of pre-suit knowledge but, to the extent they are otherwise properly alleged, they will be limited to post-filing conduct"); *Radware*, 2013 WL 5373305, at *2-*4 (same). Other cases have held that the complaint itself cannot provide the

---

actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Global-Tech Appliances*, 563 U.S. at 769. Here, for purposes of indirect infringement, Sonos merely includes a conclusory assertion that if Google did not have actual knowledge of the patents, Google was "willfully blind to their existence." SAC ¶¶ 131-32 ("Google had actual knowledge of the '885 Patent and Sonos's infringement contentions, or was willfully blind to their existence, no later than January 8, 2021 when Sonos provided Google with a copy of the Amended Complaint"), 94-95 ('033 patent), 118-19 ('966 patent). The SAC does not identify any deliberate actions that could support an inference that Google willfully ignored Sonos's patents. And Sonos's boilerplate assertions are substantially more deficient than allegations this Court has rejected in the past. *See, e.g., Fluidigm*, 2020 WL 408988, at *3 ("[T]he complaint's allegations that defendant 'knew and/or was willfully blind to the fact that it was inducing others, including customers . . . to infringe . . .' is a legal conclusion to be drawn after alleging supporting facts and is ignored.").

requisite knowledge to support a claim of indirect infringement.  *See, e.g.*, *ZapFraud*, 528 F. Supp. 3d at 250, 252 (dismissing claims for post-suit indirect infringement because "the complaint itself cannot be the source of knowledge required to sustain claims of induced infringement"); *Dynamic Data Techs., LLC v. Brightcove Inc*., No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) (dismissing induced infringement claims where plaintiff only alleged that the defendant had become aware of patents-in-suit "as of the filing of the Complaint"); *Proxyconn Inc. v. Microsoft Corp*., No. SACV 11-1681 DOC, 2012 WL 1835680, at *5-*6 (C.D. Cal. May 16, 2012) (same); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc*., No. C 11-04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012) (same).

Google submits that the latter line of cases is most in accord with the rationale underlying 35 U.S.C. § 271(b)-(c) and with authority from the Federal Circuit.  "The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim."  *VLSI*, 2019 WL 1349468, at *2.  Thus, the service of a plaintiff's complaint "cannot be the source of the knowledge required to sustain claims of induced infringement."  *Dynamic Data*, 2020 WL 4192613, at *3; *see also ZapFraud*, 528 F. Supp. 3d at 251 (noting that no other area of tort law has "allowed a plaintiff to prove an element of a legal claim with evidence that the plaintiff filed a claim," and counseling against "encouraging plaintiffs to create claims by filing claims").  Were it any other way, the knowledge requirement "would be meaningless," as alleged infringers always have knowledge of the patents-in-suit after receiving the complaint.  *Bonutti Skeletal Innovations LLC v. Arthrex, Inc*., No. 6:12-cv-1380, 2013 WL 12149301, at *3 (M.D. Fla. Mar. 29, 2013).

Further, this interpretation properly accounts for the key differences between direct infringement, a strict liability violation, and indirect infringement, which requires a showing of intent on the part of the alleged infringer.  *See Global-Tech*, 131 S. Ct. at 2065 & n.2.  From a policy perspective, requiring pre-suit knowledge — e.g., in the form of a notice letter — "could very well lead 'the patent holder and the asserted infringer to exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed."  *ZapFraud*, 528 F. Supp. 3d at 251 (internal alteration and citation omitted); *see also Proxyconn*,

1    2012 WL 1835680, at *5-*7 (analyzing whether indirect infringement may be based on post-suit

2    knowledge and concluding that the better approach is to require pre-suit knowledge).

3         Decisions from the Federal Circuit suggest that allegations of pre-suit knowledge are, in fact,

4    required in order to allege indirect infringement. *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d

5    1337, 1357 (Fed. Cir. 2018) (concluding that knowledge element of contributory infringement was

6    satisfied where plaintiff had "pled facts to show Defendants' knowledge, prior to filing of the suit,

7    of the '692 patent"); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1380 (Fed. Cir. 2013)

8    (concluding that the "jury's finding of liability for contributory infringement demonstrate[d] the

9    jury found each Defendant had actual knowledge of the '190 Patent prior to suit").  Moreover, this

10   Court has also previously dismissed indirect infringement claims (both pre-suit and post-suit) for

11   lack of pre-suit knowledge.  For example, the Court dismissed the plaintiff's induced infringement

12   claim in *Finjan, Inc. v. Juniper Networks, Inc*. because the plaintiff "allege[d] no facts showing [the

13   defendant]'s pre-suit knowledge of the actual patents-in-suit[.]"  2018 WL 905909, at *5.  Similarly,

14   the Court dismissed induced and contributory infringement claims in both *People.ai* and *Fluidigm*

15   for failure to adequately allege pre-suit knowledge.  2021 WL 2333880, at *6-*7; 2020 WL 408988,

16   at *3.

17        Sonos cannot dispute that its knowledge allegations for the '885 patent are based on a copy

18   of the FAC and that its knowledge allegations for the '033 and '966 patents are based on the day-

19   before copy of Sonos's complaint.   Based on the foregoing, Sonos's indirect infringement

20   allegations should be dismissed in their entirety.  However, if the Court is inclined to adopt the

21   position that indirect infringement claims without pre-suit notice may proceed based on post-filing

22   conduct, Sonos's indirect infringement allegations should be dismissed to the extent they are

23   premised on pre-suit conduct.

24        **2.      The SAC Fails To Sufficiently Allege The Requisite Specific Intent For**

25        **Induced Infringement**

26        Sonos also fails to plead specific intent in support of its inducement claim. An accused

27   inducer must possess "a specific intent to encourage another's infringement of the patent."  *Vita-*

28   *Mix*, 581 F.3d at 1328.  "[T]he specific intent necessary to induce infringement requires more than

just intent to cause the acts that produce direct infringement.  Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement."  *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008) (citations omitted).

Sonos's allegations of specific intent for the '885, '033, and '966 patents amount to a conclusory statement that Google "intentionally causes, urges, or encourages users of the Google Wireless Audio System to directly infringe one or more claims of the . . . Patent by promoting, advertising, and instructing customers and potential customers about the Google Wireless Audio System (including uses thereof) and encouraging such customers and potential customers to engage in activity that constitutes direct infringement."  SAC ¶¶ 93 ('033 patent"), 118 ('966 patent), 131 ('885 patent).

Such conclusory allegations fail to present facts that demonstrate that Google knew: (1) the alleged acts infringed, and (2) the promotion of its products would induce or encourage others to infringe the asserted patents.  *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement.").  Moreover, Sonos's allegations also fail to provide any specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent — *i.e.*, "evidence of culpable conduct, directed to encouraging another's infringement."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part).

Courts in this district routinely find such allegations to be insufficient.  For example, in *Uniloc USA, Inc. v. Apple Inc.*, the plaintiff's complaint referenced certain "training videos, demonstrations, brochures, and installation and user guides," and listed five of the defendant's websites "with no explanation as to what specific site content allegedly induc[ed] infringement, or how."  No. C 18-00359 WHA, 2018 WL 2047553, at *4 (N.D. Cal. May 2, 2018).  The Court concluded these "vague and conclusory allegations that [the defendant] 'intentionally instructs its customers to infringe' using broad categories of materials, coupled with a list of five generic websites, do not amount to factual content supporting any reasonable inference" that the defendant possessed specific intent.  *Id.*

Similarly, in *CAP*, the plaintiff alleged that the defendant induced infringement based on "user manual guides" and "support articles."  2015 WL 3945875, at *5.  The court dismissed the allegations, concluding that "passing references" to those materials, "without ever saying what those materials contain, . . . [was] wholly inadequate for an inference of specific intent."  *Id.*; *see also Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-06137-HSG, 2019 WL 1455336, at * (N.D. Cal. Apr. 2, 2019) (dismissing induced infringement claims where complaint made references to defendant's materials without ever "detai[ing] how an end user would infringe [the asserted] patents by following instructions in the links provided in the complaint" (citation omitted)); *Google LLC v. Princeps Interface Techs. LLC*, No. 19-cv-065660-EMC, 2020 WL 1478352, at * (N.D. Cal. Mar. 26, 2020) (dismissing induced infringement claims and concluding that "general and imprecise references" to instructional materials were insufficient).

Accordingly, the Court should dismiss Sonos's inducement claims in their entirety because the SAC is deficient on this key requirement of induced infringement.

### 3.      Sonos Does Not Adequately Plead The Requisite Lack Of Substantial Non-Infringing Uses For Contributory Infringement

Sonos's contributory infringement allegations also fail because Sonos has not sufficiently plead a lack of substantial non-infringing uses.  "A plaintiff must 'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing use.'"  *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1116 (N.D. Cal. 2016) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)).

Once again, Sonos's allegations amount to little more than a conclusory statement that repeats the legal elements.  For each of the '885, '033, and '966 patents, Sonos alleges that "Google offers for sale, sells, and/or imports, in connection with the Google Wireless Audio System, one or more material components of the invention of the . . . Patent that are not staple articles of commerce suitable for substantial noninfringing use."  SAC ¶¶ 94 ('033 patent), 119 ('966 patent), 132 ('885 patent).  As the Federal Circuit held in *Artrip v. Ball Corp.*, such conclusory allegations are insufficient. 735 F. App'x 708, 713 (Fed. Cir. 2018) (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant]

was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use" even though the "complaint recited that … aluminum is a 'material part' of the claimed invention that is not a 'staple article' and is not 'suitable for substantial noninfringing use'"); *see also Iqbal*, 556 U.S. at 678 (stating that "[t]hreadbare recitals of the elements" of a claim are insufficient).

Courts in this district have repeatedly confirmed that conclusory allegations regarding substantial non-infringing use are inadequate.  For instance in *Google v. Princeps*, the allegations at issue "'merely paraphrase[d] the contributory infringement statute' and present[ed] no 'factual underpinnings' to support [the] allegation that [the defendant] knew its products were not a staple article of commerce capable of substantial non-infringing use."  2020 WL 1478352, at *6 (quoting *Uniloc USA, Inc. v. Logitech, Inc*., No. 18-cv-01304-LHK, 2018 WL 6025597, at *3 (N.D. Cal. Nov. 17, 2018)).  The district court dismissed the contributory infringement allegations.  *Id.*; *see also Uniloc*, 2018 WL 2047553, at *5 ("formulaic recitation" of contributory infringement elements, without factual content, warranted dismissal); *Synopsys, Inc. v. ATopTech, Inc*., No. 13-cv-09265, 2013 WL 5770542, at *16 (N.D. Cal. Oct. 24, 2013) (conclusory allegations about non-infringing use were insufficient because the complaint was vague about the precise uses of the accused product).

Because Sonos fails to raise a plausible inference that there are no substantial non-infringing uses, the Court should dismiss Sonos's contributory infringement claims for the '885, '033, and '966 patents.

## C.    Dismissal With Prejudice is Warranted

The Court should dismiss Sonos's claims of willful and indirect infringement for the '885, '033, and '966 patents with prejudice because further amendments would be futile.  A district court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub*., 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[T]he district court's discretion to deny leave to amend is particularly

1  broad where plaintiff has previously amended the complaint." *Cafasso v. Gen. Dynamics C4 Sys.,*

2  *Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  Here, Sonos fails to allege sufficient facts demonstrating

3  pre-suit notice of the '885, '033, and '966 patents despite receiving two opportunities to amend.

4  Given Sonos's repeated failure to cure this deficiency, further amendments would be futile and

5  dismissal with prejudice is warranted.

6  **VI.    CONCLUSION**

7  For the foregoing reasons, Google respectfully requests that the Court dismiss Sonos's

8  allegations of willful infringement and indirect infringement for the '885, '033, and '966 patents.

10  DATED:  January 10, 2022                QUINN EMANUEL URQUHART & SULLIVAN, LLP

12                                By:    */s/ Charles K. Verhoeven*
                                          Charles K. Verhoeven (Bar No. 170151)
13                                        charlesverhoeven@quinnemanuel.com
                                          Melissa Baily (Bar No. 237649)
14                                        melissabaily@quinnemanuel.com
                                          Lindsay Cooper (Bar No. 287125)
15                                        lindsaycooper@quinnemanuel.com
                                          50 California Street, 22nd Floor
16                                        San Francisco, California 94111-4788
                                          Telephone: (415) 875-6600
17                                        Facsimile: (415) 875-6700

18                                        *Attorneys for GOOGLE LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on January 10, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED:  January 10, 2022

By:  */s/ Charles K. Verhoeven*
Charles K. Verhoeven