1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   Melissa Baily (Bar No. 237649)
3  melissabaily@quinnemanuel.com
   Lindsay Cooper (Bar No. 287125)
4  lindsaycooper@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, California 94111-4788
   Telephone:      (415) 875-6600
6  Facsimile:      (415) 875-6700

7  Attorneys for GOOGLE, LLC

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  SONOS, INC.,                          Case No. 3:21-cv-07559-WHA

12              Plaintiff,                **REPLY IN SUPPORT OF GOOGLE
                                          LLC'S MOTION TO DISMISS SONOS'S
13       vs.                              SECOND AMENDED COMPLAINT**

14  GOOGLE LLC,                           Date:        February 24, 2022
                                          Time:        8:00 a.m.
15              Defendant.                Location:    Courtroom 12, 9th Fl.
                                          Judge:       Hon. William Alsup
16
                                          Second Amended Complaint Filed: February
17                                        23, 2021

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................ 2

    A. Sonos's Willfulness Allegations Should Be Dismissed ............................... 2

        1. Sonos Has Not Adequately Pled Pre-Suit Knowledge ..................... 2

        2. Sonos Fails To Sufficiently Allege Egregious Conduct .................... 7

    B. Sonos's Indirect Infringement Allegations Should Be Dismissed ............... 9

        1. Sonos Fails To Sufficiently Allege Knowledge ............................... 9

            (a) Pre-Filing Conduct ............................................................ 9

            (b) Post-Filing Conduct .......................................................... 11

        2. Sonos's SAC Lacks Any Non-Conclusory Allegations Concerning Specific Intent ............................................................ 11

        3. Sonos Cannot Rely on Mere Recitations of the Legal Standard to Establish A Lack Of Substantial Non-Infringing Uses ................ 13

    C. Dismissal of Sonos's Claims Should Be With Prejudice ......................... 15

III. CONCLUSION ...................................................................................................... 15

REPLY IN SUPPORT OF GOOGLE LLC'S MOTION TO DISMISS SONOS'S SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AllRounds, Inc. v. eShares, Inc.*,
No. 20-CV-07083-VC, 2021 WL 5195099 (N.D. Cal. Nov. 9, 2021) ........................ 7

*Apple Inc. v. Princeps Interface Techs. LLC*,
No. 19-CV-06352-EMC, 2020 WL 1478350 (N.D. Cal. Mar. 26, 2020) ................... 8

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ........................................................................ 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................. 13

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
No. C 11-04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) ........................ 9

*California Beach Co., LLC v. Exqline, Inc.*,
No. C 20-01994 WHA, 2020 WL 6544457 (N.D. Cal. Nov. 7, 2020) ............... 11, 12

*CAP Co., Ltd. v. McAfee, Inc.*,
No. 14-cv-05068-JD, 2015 WL 3945875 (N.D. Cal. June 26, 2015) .............. 9, 10, 13

*Cohen v. Apple Inc.*,
No. C 19-05322 WHA, 2020 WL 619790 (N.D. Cal. Feb. 10, 2020) ...................... 2, 3

*Core Optical Techs., LLC v. Juniper Networks Inc.*,
No. 21- CV-02428-VC, 2021 WL 4618011 (N.D. Cal. Oct. 7, 2021) ................... 7, 15

*Dodge v. Author Sols., LLC*,
No. C 14-00518 LB, 2014 WL 2584813 (N.D. Cal. June 9, 2014) ........................... 2

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) ............................................................................. 12

Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.,
946 F.3d 1367 (Fed. Cir. 2020) ............................................................................... 7

*Everlight Elecs. Co. v. Bridgelux, Inc.*,
2018 WL 5606487 (N.D. Cal. Sept. 14, 2018) ....................................................... 10

*Evolved Wireless, LLC v. Samsung Elecs. Co.*,
No. CV 15-545-SLR-SRF, 2016 WL1019667 (D. Del Mar. 15, 2016) ............... 4, 5, 6

*Finjan, Inc. v. Juniper Network, Inc.*,
No. C 17-05659 WHA, 2018 WL 4181905 (N.D. Cal. Aug. 31, 2018) ..................... 2

*Finjan, Inc. v. Juniper Networks, Inc.*,
No. C 17-05659 WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ........................ 7

*Firstface Co. v. Apple, Inc.*,
2019 WL1102374 (N.D. Cal. Mar. 8, 2019) ..................................................... 14, 15

*Fluidigm Corp. v. IONpath, Inc.*,
No. C 19-05639 WHA, 2020 WL 408988 (N.D. Cal. Jan. 24, 2020) ............. 8, 11, 13

*Fortinet, Inc. v. Forescout Techs., Inc.*,
No. 20-CV-03343-EMC, 2021 WL 2412995 (N.D. Cal. June 14, 2021) ............. 8, 15

*Google LLC v. Princeps Interface Techs. LLC*,
No. 19-CV-06566-EMC, 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020) ................... 8

*Illumina, Inc. v. BGI Genomics Co.*,
    No. 19-CV-03770-WHO, 2020 WL 571030 (N.D. Cal. Feb. 5, 2020) ........................... 5, 10, 12

*In re Bill of Lading*,
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................... 13, 14

*In re Century Aluminum Co. Sec. Litig.*,
    729 F.3d 1104 (9th Cir. 2013) .......................................................................................... 13

*Intellectual Ventures I LLC v. Toshiba Corp.*,
    66 F. Supp. 3d 495 (D. Del. 2014) ...................................................................................... 6

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. CV 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ........................................ 7

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) .............................................................................................. 3

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
    545 F.3d 1340 (Fed. Cir. 2008) ........................................................................................ 12

*Lee v. City of Los Angeles*,
    250 F.3d 668, 688 (9th Cir. 2001 ...................................................................................... 3

*Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*,
    No. 220-CV-00827-DBB-JCB, 2021 WL 4324508 (D. Utah Sept. 23, 2021) ..................... 7

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016) ........................................................................................ 13

*MasterObjects, Inc. v. Amazon.com, Inc.*,
    No. C 20-08103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) ...................... 6, 7, 10, 15

*Mitutoyo Corp. v. Cent. Purchasing, LLC*,
    499 F.3d 1284 ................................................................................................................... 5

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) ........................................................................................ 14

*Nanosys, Inc. v. QD Vision, Inc.*,
    No. 16-CV-01957-YGR, 2016 WL 4943006 (N.D. Cal. Sept. 16, 2016) ............................ 10

*NantWorks, LLC v. Niantic, Inc.*,
    No. 20-CV-06262-LB, 2021 WL 24850 (N.D. Cal. Jan. 4, 2021) ....................................... 8

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
    No. 6:14–cv–1017–Orl–22KRS, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ................. 6

*People.ai, Inc. v. SetSail Techs., Inc.*,
    No. C 20-09148 WHA, 2021 WL 2333880 (N.D. Cal. June 8, 2021) ................................. 12

*Polaris PowerLED Techs., LLC v. Vizio, Inc.*,
    No. SACV181571JVSDFMX, 2019 WL 3220016 (C.D. Cal. May 7, 2019) .......................... 15

*Radware, Ltd. v. A10 Networks, Inc.*,
    No. C-13-02021-RMW, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013) ......................... 9, 12

*ScaleMP, Inc. v. TidalScale, Inc.*,
    No. 18-CV-04716-EDL, 2019 WL 7877939 (N.D. Cal. Mar. 6, 2019) ................................ 15

*Shire ViroPharma Inc. v. CSL Behring LLC*,
    No. CV 17-414, 2018 WL 326406 (D. Del. Jan. 8, 2018) .................................................... 7

*Skyworks Sols., Inc. v. Kinetic Techs., Inc.*,
    No. 14-CV-00010-SI, 2015 WL 881670 (N.D. Cal. Mar. 2, 2015) .................................... 10

*Software Rsch., Inc. v. Dynatrace LLC*,
   316 F. Supp. 3d 1112 (N.D. Cal. 2018) ................................................................................ 13

*Symantec Corp. v. Veeam Software Corp.*,
   No. C 12-00700 SI, 2012 WL 1965832 (N.D. Cal. May 31, 2012) ........................................ 12

*Takeda Pharms. U.S.A., Inc. v. W.-Ward Pharm. Corp.*,
   785 F.3d 625 (Fed. Cir. 2015) .............................................................................................. 11

*Teradata US, Inc. v. SAP SE*,
   No. 20-CV-06127-WHO, 2021 WL 326930 (N.D. Cal. Feb. 1, 2021) .................................... 12

*Uniloc USA, Inc. v. Apple Inc.*,
   No. C 18-00359 WHA, 2018 WL 2047553 (N.D. Cal. May 2, 2018) ............................... 12, 14

*Uniloc USA, Inc. v. Logitech, Inc.*,
   2018 WL 6025597 (N.D. Cal. Nov. 17, 2018) ....................................................................... 14

**Statutory Authorities**

35 U.S.C. § 271(c) ....................................................................................................................... 14

**Rules and Regulations**

Fed. R. Civ. P. 15(a)(1)(A) ............................................................................................................. 5

Local Rule 5-1 .............................................................................................................................. 17

REPLY IN SUPPORT OF GOOGLE LLC'S MOTION TO DISMISS SONOS'S SECOND AMENDED COMPLAINT

# I.     **INTRODUCTION**

To survive Google's Motion to Dismiss, Sonos attempts to manufacture the requisite elements of willful and indirect infringement after the fact. Sonos admits that a plaintiff cannot plead willful infringement based on the filing of the complaint alone. Nevertheless, Sonos contends that this case is different because (1) for the '033 and '966 patents, Sonos sent Google what it called a "courtesy copy" of the complaint less than 24 hours before the complaint was filed, and (2) for the '885 patent, Sonos provided a copy of its proposed amended complaint in connection with the Court-mandated meet and confer on Sonos's motion for leave to amend.[1]   Thus, the questions presented by Sonos's Opposition are whether a plaintiff can satisfy the knowledge requirement for pleading willful infringement by providing a complaint (1) a day before filing it or (2) during a required meet and confer requesting leave to add a patent to the case. Courts in other districts have squarely rejected this type of gamesmanship and this Court should do the same. And even putting aside its failure to plead pre-suit knowledge, Sonos's willfulness allegations fail for a second independent reason, namely Sonos's failure to plead egregiousness. Sonos's assertion that egregiousness is not a requirement of pleading willfulness ignores recent decisions from this Court holding otherwise.

Sonos's indirect infringement allegations should also be dismissed. Sonos asserts that some cases hold that a complaint can satisfy the knowledge requirement for pleading post-suit indirect infringement, a fact that Google acknowledged in its Motion. But Sonos does not grapple with the fact that other cases, including those in this District, have sided with Google and prohibited the complaint from creating a cause of action for indirect infringement. Google's Motion showed that the reasoning and logic behind those cases are sound, and Sonos's Opposition fails to rebut them.

While Sonos's indirect infringement allegations should be dismissed for lack of pre-suit knowledge alone, Sonos's Opposition also does not explain away the additional defects afflicting its indirect infringement allegations. On specific intent, Sonos vaguely alleges that Google encouraged its customers to directly infringe the '033, '966, and '885 patents by advertising its

---

[1]   Recognizing the drawbacks of these arguments, Sonos relies on materials outside the pleadings to suggest that Google should have been on notice through prior licensing discussions that "did not specifically identify the '033, '966, and '885 Patents."  Dkt. No. 144 ("Opp.") at 7.

1  products, supplying those products to consumers, and instructing consumers how to use those

2  products.  But Sonos fails to provide any factual allegations explaining how such actions induce a

3  customer to infringe.  The SAC therefore does not give rise to a plausible inference of specific intent.

4  As to contributory infringement, Sonos simply asserts that in these circumstances, the ordinary

5  pleading rules do not apply, and a formulaic recitation of claim elements is all that is required.  This

6  argument is plainly contrary to law, and should be rejected.[2]

7  **II.     ARGUMENT**

8  **A.     Sonos's Willfulness Allegations Should Be Dismissed**

9       Sonos's failure to adequately allege pre-suit knowledge and egregiousness compels the

10  dismissal of its willfulness claims.

11  **1.     Sonos Has Not Adequately Pled Pre-Suit Knowledge**

12       Sonos claims in its introduction that "the law in this district is clear that claims for post-

13  filing willfulness . . . can be predicated on the notice given by an initial complaint."  Opp. at 1.  But

14  Sonos does not identify case law supporting this allegedly "clear" proposition of law, and elsewhere

15  appears to acknowledge that to state claim for willfulness it must show that Google had knowledge

16  of the asserted patents pre-suit.  *Id.* at 8.  As Google showed in its Motion, cases from this district

17  (and this Court) require that plaintiffs allege pre-suit notice in order to plead willful infringement.

18  Dkt. No. 138 ("Mot.") at 3.  In other words, notice given by the initial complaint is ***not*** sufficient.

19       Sonos did not provide Google with pre-suit notice of the '033, '966, and '885 patents.

20  Although Sonos devotes over three pages of its Opposition to describing correspondence between

21  the parties from 2016 to 2019 about different, non-asserted patents,[3] Sonos acknowledges that "this

---

2   In a footnote, Sonos suggests that Google's Motion is "untimely and improper" under Rule 12(b)(6) with respect to the '033 and '966 patents because Google "answered Sonos's allegations." Opp. at 11 n.3.  Sonos is wrong. And in any event, the Court does have the discretion to treat Google's Rule 12(b)(6) motion as a Rule 12(c) motion.  *Dodge v. Author Sols.*, LLC, No. C 14-00518 LB, 2014 WL 2584813, at *2 n.4 (N.D. Cal. June 9, 2014); *see also Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-05659 WHA, 2018 WL 4181905, at *2 (N.D. Cal. Aug. 31, 2018).

3   In addition to being irrelevant, Sonos's reliance on these exhibits is improper.  None of these materials appear in Sonos's SAC (Dkt. 51), and "[g]enerally, district courts may not consider materials outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Cohen v. Apple Inc.*, No. C 19-05322 WHA, 2020 WL 619790, at *1 (N.D. Cal. Feb. 10, 2020)

correspondence did not specifically identify the '033, '966, and '885 Patents." Opp. at 7-10.

Sonos contends that it established pre-suit notice for the '033 and '966 patents by providing Google with a draft complaint the day before it was filed, and for the '885 patent by providing Google with a draft of the amended complaint in connection with the meet-and-confer on Sonos's motion for leave to add the '885 patent. *Id.* at 13. But Sonos did not send the draft complaints to Google in an attempt to negotiate a resolution of the dispute. Sonos sent the drafts to create a claim. Indeed, Sonos had ***already alleged*** that Google was infringing willfully when it sent Google the drafts, and included the date the draft was sent as the alleged notice date. *See* Dkt. Nos. 39 at 3, 39-1 ¶¶ 137, 140; *Google v. Sonos*, No. 3:20-cv-06754-WHA, Dkt. No. 11-1 ¶¶ 95, 98, 120, 123. Sonos' additional arguments to manufacture pre-suit knowledge of the '033, '966, and '885 patents are similarly without merit.

***First***, Sonos contends that the draft complaints establish pre-suit notice because "[t]here is nothing in the law that says that knowledge 'doesn't count' if it was obtained in a meet and confer or close to when the complaint was filed." Opp. at 14. However, Sonos fails to cite a single case in support of this proposition and ignores the cases Google cited in its Motion that granted a motion to dismiss under these circumstances. *See* Mot. at 12-13 (citing cases).

As Google explained in its motion, adopting Sonos's position would render the pre-suit notice requirement meaningless. *Id.* If pre-suit notice can be established by sharing a draft of a complaint at any time before filing, plaintiffs could allege willfulness by sending a draft complaint minutes or hours before filing suit. And if the knowledge requirement of a willfulness claim could be satisfied by sharing a copy of an amended complaint sent during a meet and confer, virtually any amended complaint could give rise to a claim for willfulness.

---

(citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "Extraneous material, however, is allowed on a Rule 12 motion in two instances: Judicial notice under FRE 201 and the incorporation-by-reference doctrine." *Id.* (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)). Here, Sonos has not moved for judicial notice of the exhibits and many of the exhibits are not even referenced in the SAC. *See* Dkt. No. 144-1. Specifically, the SAC does not refer to Ex. B (January 31, 2018 email and attachment) or Ex. D (June 11, 2019 email and attachment). *See* SAC.

1   Sonos responds that Google's position "seems strange" because "[p]resumably, the Court

2   would want to encourage plaintiffs to meet and confer with defendants in advance of filing claims

3   for infringement." Opp. at 14 n.4. But it is customary for a plaintiff to provide a defendant with a

4   copy of the amended complaint during the meet-and-confer process on a motion for leave to amend.

5   If this copy of the complaint constitutes pre-suit notice, then any defendant could allege, as Sonos

6   does here, that the defendant willfully infringes simply because (1) it had pre-suit knowledge of the

7   patent based on the copy of the amended complaint sent during the meet and confer; (2) after

8   receiving the allegations of infringement in the amended complaint the defendant knew or should

9   have known of the alleged infringement; and (3) defendant continued to sell its products. If these

10   allegations are found to be sufficient, defendants will face willful infringement allegations merely

11   because they participated in court-mandated meet-and-confer discussions. The Court should not

12   permit these types of litigation tactics.

13   **Second**, Sonos asks the Court to bless its pre-suit notice allegations because Google "filed

14   its own complaint for declaratory judgment *before* Sonos filed [its complaint in the Western District

15   of Texas]." Opp. at 14 (emphasis in original).[4] But Sonos's argument that Google could become a

16   willful infringer in one day is inconsistent with the representations it made in its motion to dismiss

17   Google's declaratory judgment complaint, where it argued that there was "literally no way" Google

18   could have investigated Sonos's claims within one day. *Google v. Sonos*, No. 3:20-cv-06754-WHA,

19   Dkt. No. 11 at 7-8. Further, to the extent Google's declaratory judgment complaint is relevant at

20   all, it cuts against willfulness because it shows Google has a good faith basis to believe it does not

21   infringe. In other words, Google did not ignore a risk of infringement—it promptly addressed it.

22   Sonos cites *Evolved Wireless*, *LLC v. Samsung Elecs. Co.* for the proposition that "Google

23   clearly had enough time to review and respond" to the draft complaint. Opp. at 14. But Sonos's

24   argument mischaracterizes *Evolved*, which found that a letter sent "fifty-two days" prior to the filing

25

26   [4]   Sonos also re-raises the Court's finding that "Google's choice of forum carrie[d] no weight"
because "the manifest purpose of Google's suit was to beat the clock and defeat the patent owner's
27   choice of venue." Opp. at 5. As the Court will recall, the Federal Circuit roundly rejected Sonos's
choice of venue, finding instead that "the center of gravity of this action is clearly in the [Northern
28   District of California], not in the Western District of Texas." Dkt. No. 116 at 15.

of the lawsuit provided enough time to form a response.  No. CV 15-545-SLR-SRF, 2016 WL1019667, *4 (D. Del Mar. 15, 2016).  The court contrasted this with a letter or complaint sent "one day" before, which the court concluded would not be sufficient because a defendant cannot take any action to avoid alleged infringement in one day.  *Id.*

Sonos also relies on a pre-*Halo* case, *Mitutoyo Corp. v. Cent. Purchasing, LLC*, for the proposition that Google's declaratory judgment action establishes pre-suit notice.  Opp. at 15 (citing 499 F.3d 1284 (Fed. Cir. 2007)).  But Sonos neglects to mention that the patent owner in *Mitutoyo* filed its infringement action ***eight years*** after the alleged infringer filed a declaratory judgment for invalidity of the same patent and ***nine years*** after the parties entered into a settlement agreement resolving a dispute about the same patent.  499 F.3d at 1287, 1290.

***Third,*** Sonos suggests that Google should be deemed to have "five months" of notice of the '033 and '966 patents and "five weeks" of notice of the '885 patent because the operative complaint is the SAC.  Opp. at 15.  Sonos's argument is contrary to law.  *See ZapFraud*, 528 F. Supp. 3d at 252 (a plaintiff cannot plead willfulness "where defendant's knowledge is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit").  Sonos's argument also defies logic because it would permit plaintiffs to establish pre-suit knowledge by simply amending their complaint after filing.  For example, Plaintiffs could create pre-suit notice by filing a complaint and amending their complaint as a matter of right under Fed. R. Civ. P. 15(a)(1)(A) to allege pre-suit notice based on the original complaint.

In addition, Sonos mischaracterizes the cases it relies on for support.  Opp. at 15-16. *Illumina* expressly held that "[t]o state a claim for willful infringement, a patentee must allege that the accused infringer had knowledge of the patent ***prior*** to filing the lawsuit."  *Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020) (emphasis added) (permitting induced infringement claim to proceed based on post-suit knowledge but dismissing willful infringement claim).  Moreover, *MasterObjects* did not find that the patent owner sufficiently alleged post-suit willfulness simply because "the original complaint gave notice" as Sonos suggests.  Opp. at 15-16.  In *MasterObjects*, this Court observed that "[w]hile the Court of Appeals for the Federal Circuit has recognized that post-suit misconduct can support a claim for

1    enhanced damages, . . . willfulness requires pleading more than knowledge of the patent and direct

2    infringement — ***it requires a specific intent to infringe***."   *MasterObjects, Inc. v. Amazon.com, Inc.*,

3    No. C 20-08103 WHA, 2021 WL 4685306, at *6 (N.D. Cal. Oct. 7, 2021) (emphasis added).   Thus,

4    the Court found post-suit willfulness because "the totality of allegations of post-suit misconduct

5    make it reasonable to infer that [alleged infringer's] infringement is intentional."   *Id.*

6       **Fourth,** Sonos wrongly argues that Google's cases are distinguishable.   Sonos argues that

7    *Orlando* is distinguishable because the copy of the complaint Sonos provided to Google was "far

8    more detailed" than the plaintiff's letter in *Orlando*.   Opp. at 16.   But *Orlando*'s conclusion that pre-

9    suit knowledge was lacking did not rest on the amount of detail in the plaintiff's letter.   *Orlando*

10   *Commc'ns LLC v. LG Elecs.*, *Inc.*, No. 6:14–cv–1017–Orl–22KRS, 2015 WL 1246500, at *11-12

11   (M.D. Fla. Mar. 16, 2015).   It rested on its timing: "The Court is not convinced that sending a letter

12   merely one day before filing a lawsuit confers on a defendant the requisite knowledge."   *Id.*   Sonos

13   similarly argues that *Evolved* and *Intellectual Ventures* are distinguishable because they involved a

14   different level of notice (Opp. at 16), but independent of any discussion regarding the sufficiency of

15   the notice, both cases held that providing notice one day before filing the complaint is insufficient.

16   *Evolved Wireless, LLC v. Samsung Elecs. Co.*, No. CV 15-545-SLR-SRF, 2016 WL 1019667, at *4

17   (D. Del. Mar. 15, 2016) (addressing "timing argument" separate from substance of notice letter);

18   *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 499-500 (D. Del. 2014) ("notice

19   of the infringement risk via the letter written only one day before" is insufficient).

20      **Fifth,** Sonos argues in the alternative that "Google was willfully blind to the existence of the

21   asserted patents well before Sonos filed suit, as well as to Google's infringement of them."   Opp. at

22   16.   Recognizing the insufficiency of the SAC's willful blindness allegations, Sonos's argument

23   stretches outside of the SAC and improperly relies on exhibits not subject to judicial notice and

24   events not referenced in the SAC.   *See* Mot. at 16-17 n. 3; Opp. at 16-17; n.1 *supra*.   Specifically,

25   Sonos asserts that Google was willfully blind to the '033, '966, and '885 patents because "Sonos

26   engaged in extensive discussions with Google concerning the families of the three challenged

27   patents and Sonos repeatedly put Google on notice of multiple family members of each of them in

28   the years leading up to this action."   Opp. at 17.   Needless to say, given that Sonos is attempting to

rely on discussions of *other* patents besides the asserted patents, Sonos did not put Google on notice of the asserted patents.  And in addition to being improper on a motion to dismiss, this argument ignores that discussion of a patent family or portfolio does not support a finding of willful blindness. *See  MasterObjects*, 2021 WL 4685306, at *6; *Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, at *3-4 (N.D. Cal. Feb. 14, 2018).  It also mischaracterizes the case law.   Sonos claims that a finding of willful blindness is warranted here because like in *Corephotonics, Ltd. v. Apple, Inc.*, Google's "prior knowledge of [Sonos's] technology" and  "its conduct during negotiations with [Sonos]" suggest that Google "knew of at least a high risk that it was infringing."  Opp. at 17 (quoting No. 17-CV-06457-LHK, 2018 WL 4772340, at *9 (N.D. Cal. Oct. 1, 2018)).  However, the facts in *Corephotonics* are distinguishable from the facts here.  In that case, the patent owner "offered to share its patents with [the alleged infringer]'s technical and business personnel" and the alleged infringer sent the patent owner an email stating "[p]lease do not send any patents to us until further notice" in response.  *Id.*  But in this case, Sonos made no offer to share '033, '966, and '885 patents with Google, and Sonos does not allege that Google took deliberate action to avoid learning of the '033, '966, and '885 patents.

### 2.      Sonos Fails To Sufficiently Allege Egregious Conduct

Sonos selectively cites two cases from Judge Chhabria for its argument that "[f]ollowing *Eko*, courts in this district have held that a patentee does not need to plead facts showing egregious misconduct to state a claim for willful infringement."  Opp. at 17-18 (citing *AllRounds, Inc. v. eShares, Inc.*, No. 20-CV-07083-VC, 2021 WL 5195099, at *1 (N.D. Cal. Nov. 9, 2021) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)); *Core Optical Techs., LLC v. Juniper Networks Inc.*, No. 21- CV-02428-VC, 2021 WL 4618011, at *3 (N.D. Cal. Oct. 7, 2021) (same)).[5]  While it may be true that Judge Chhabria has held that patent owners do not need to plead egregious conduct to establish willful infringement, other courts in this

---

[5]   Sonos also cites three cases from outside this district for the same proposition.  Opp. at 18 (citing *Shire ViroPharma Inc. v. CSL Behring LLC*, No. CV 17-414, 2018 WL 326406, at *3 (D. Del. Jan. 8, 2018); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, No. 220-CV-00827-DBB-JCB, 2021 WL 4324508, at *13 (D. Utah Sept. 23, 2021); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019)).

1   district, including this Court, require allegations of egregious conduct to survive a motion to dismiss.

2   *See, e.g.*, *Fortinet, Inc. v. Forescout Techs., Inc.*, No. 20-CV-03343-EMC, 2021 WL 2412995, at

3   *19 (N.D. Cal. June 14, 2021); *NantWorks, LLC v. Niantic, Inc.*, No. 20-CV-06262-LB, 2021 WL

4   24850, at *8 (N.D. Cal. Jan. 4, 2021); *Google LLC v. Princeps Interface Techs. LLC*, No. 19-CV-

5   06566-EMC, 2020 WL 1478352, at *2 (N.D. Cal. Mar. 26, 2020); *Apple Inc. v. Princeps Interface*

6   *Techs. LLC*, No. 19-CV-06352-EMC, 2020 WL 1478350, at *2 (N.D. Cal. Mar. 26, 2020); *Fluidigm*

7   *Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 408988, at *5 (N.D. Cal. Jan. 24, 2020).

8       In any event, Sonos has neither pled facts showing egregiousness *nor* facts showing that

9   Google knew, or should have known, that its conduct amounted to infringement of the '033, '966,

10   and '885 patents.  Sonos lists eight allegations that it contends satisfy the egregiousness requirement.

11   Opp. at 19.  Most are facially implausible and none are legally sufficient.  Allegations (1) to (4)

12   relate to collaborations and discussions between the parties that took place ***before any of the three***

13   ***relevant patents issued*** and well before Sonos claims it provided Google with notice.[6]  Opp. at 19

14   (citing SAC ¶¶ 12-29, 39).  Sonos cannot show Google knew or should have known that its conduct

15   would infringe patents that did not yet exist and for which Sonos had not yet provided notice—let

16   alone that this conduct was egregious.  Allegations (5) and (6) merely contend that Google received

17   a copy of the complaint and continued to sell products.  *Id.*  As discussed above, the authority Google

18   cited in its Motion (and that Sonos ignored) rejects these types of allegations as "ill-suited" for

19   pleading willfulness.  Mot. at 11-14.  Allegation (7) vaguely asserts that Google's infringement is

20   part of a strategy to "vacuum up invaluable consumer data" without any specific allegations about

21   Google's knowledge of patents, and allegation (8) is not even directed at the patents at issue here,

22   but rather different patents from different litigations.  Opp. at 19.

23       Sonos also suggests that this is not a "garden variety" patent case because "the International

24   Trade Commission recently [found] that the same accused products here infringe five different

25   Sonos patents."  *Id.*  But the International Trade Commission did not find that Google infringed

26

27   ───────────────
[6]   As mentioned, the '885 patent did not issue until two months after the initial complaint was filed

28   in this case.  The '966 patent issued on Nov. 5, 2019 and the '033 patent issued on Sept. 15, 2020—
14 days before the initial complaint was filed.

1  Sonos's patents *willfully*.  Even if it had, a finding as to different Sonos patents, not asserted here,

2  has no bearing on whether Sonos has sufficiently plead that Google willfully infringed the patents-

3  in-suit in this case.

4         **B.**      **Sonos's Indirect Infringement Allegations Should Be Dismissed**

5        Sonos has not sufficiently alleged that Google had pre-suit knowledge of the '033, '966, and

6  '885 patents or of any alleged infringement.  Accordingly, the Court should dismiss Sonos's indirect

7  infringement allegations to the extent premised on pre-suit conduct.  Google also submits that

8  Sonos's failure to sufficiently allege pre-suit notice necessitates dismissal of its post-suit indirect

9  infringement claims.  Although there is a split of authority on whether pre-suit knowledge is

10  necessary to sustain a claim for post-suit indirect infringement, Google's Motion demonstrated that

11  the reasoning and logic behind cases prohibiting the complaint from creating a cause of action for

12  indirect infringement are sound, and Sonos's opposition fails to rebut this.  Sonos's SAC is also

13  devoid of non-conclusory allegations concerning specific intent to induce infringement and a lack

14  of substantial non-infringing uses.  These deficiencies independently warrant dismissal.

15         **1.**      **Sonos Fails To Sufficiently Allege Knowledge**

16        Sonos's indirect infringement allegations should be dismissed in their entirety for failure to

17  allege pre-suit knowledge.  Google's Motion showed that decisions within this District regularly

18  distinguish between pre-suit and post-suit indirect infringement allegations.  *See* Mot. at 17 (citing

19  *CAP Co., Ltd. v. McAfee, Inc*., No. 14-cv-05068-JD, 2015 WL 3945875, at *4 (N.D. Cal. June 26,

20  2015); *Radware, Ltd. v. A10 Networks, Inc*., No. C-13-02021-RMW, 2013 WL 5373305, at *2 (N.D.

21  Cal. Sept. 24, 2013); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc*., No. C 11-04049 JW, 2012 WL

22  1030031, at *4 (N.D. Cal. Mar. 22, 2012)).  Here, Sonos's inadequate indirect infringement

23  allegations extend to both pre-suit and post-suit conduct.  Opp. at 21-22.

24               *(a)*     *Pre-Filing Conduct*

25        Sonos's SAC does not adequately allege pre-suit knowledge of the '033, '966, and '885

26  patents.  In its Opposition, Sonos contends that it "did allege pre-suit knowledge." Opp. at 20.  But

27  as explained above, the draft complaints are not sufficient to establish pre-suit knowledge of the

28  '033, '966 and '885 patents.  Sonos also suggests that "[c]ourts in the Northern District of California

have held that knowledge of a patent based on the filing of a complaint is sufficient to meet the knowledge requirement for an induced infringement claim." *Id.* at 21. This argument misrepresents the case law. *Skyworks* held that a complaint filed in another case **nine months before** the case at issue established pre-suit knowledge. *Skyworks Sols., Inc. v. Kinetic Techs., Inc.*, No. 14-CV-00010-SI, 2015 WL 881670, at *1, *8 (N.D. Cal. Mar. 2, 2015) ("Skyworks has shown Kinetic USA's actual knowledge of the patents-in-suit from the filing of the complaint in the Massachusetts litigation"). *MasterObjects* did not even consider induced infringement. 2021 WL 4685306, at *6. And *Nanosys* and *Illumina* held that post-suit knowledge can support induced infringement, but only for claims relating to **post-suit** conduct. *Nanosys, Inc. v. QD Vision, Inc.*, No. 16-CV-01957-YGR, 2016 WL 4943006, at *5-6 (N.D. Cal. Sept. 16, 2016) (limiting induced infringement claims "to post-suit actions because of plaintiffs' failure to allege pre-suit knowledge adequately); *Illumina*, 2020 WL 571030, at *7 (same).

   If the Court finds that Sonos failed to allege pre-suit knowledge, Sonos does not dispute that this failure warrants dismissal of indirect infringement allegations to the extent they are premised on pre-suit conduct. *See* Opp. at 20-22. Indeed, the Northern District of California cases cited by Sonos reveal that courts routinely limit indirect infringement claims lacking pre-suit knowledge to post-filing conduct. *See Illumina*, 2020 WL 571030, at *7 (finding that patent owner "may assert post-suit knowledge to support its claims of induced infringement" even though it failed to establish pre-suit knowledge); *Nanosys*, 2016 WL 4943006, at *6 (concluding that patent owner's induced infringement claims were "limited to post-suit actions because of [its] failure to allege pre-suit knowledge adequately"); *CAP*, 2015 WL 3945875, at *5 ("[T]o the extent [the indirect infringement claims] are otherwise properly alleged, they will be limited to post-filing conduct."); *Skyworks*, 2014 WL 1339829, at *3 ("[F]or a claim of induced infringement, knowledge of the patent can be established through the filing of the complaint, but the claim for induced infringement is limited to post-filing conduct."). Accordingly, Sonos's allegations of indirect infringement must be dismissed to the extent premised on pre-suit conduct. *Everlight Elecs. Co. v. Bridgelux, Inc.*, 2018 WL 5606487, at *4 (N.D. Cal. Sept. 14, 2018) (granting motion to dismiss "with respect to any pre-suit conduct related to the indirect infringement claims").

1

*(b)      Post-Filing Conduct*

2       For the reasons already explained in Google's Motion, the cases finding that pre-suit

3   knowledge is required best comport with the principles underlying induced and contributory

4   infringement.  Mot. at 17-19.  For example, requiring pre-suit notice ensures that a complaint cannot

5   be used to create a cause of action and protects the differences between direct infringement, a strict

6   liability violation, and indirect infringement, which requires a showing of intent on the part of the

7   alleged infringer.  *Id.* at 18.  It also promotes pre-suit resolution by encouraging patent owners to

8   put alleged infringers on notice before resorting to litigation.  *Id.*  Accordingly, Sonos's allegations

9   of indirect infringement should be dismissed in their entirety for failure to allege pre-suit knowledge.

10       **2.      Sonos's SAC Lacks Any Non-Conclusory Allegations Concerning
              Specific Intent**

11       Sonos's SAC fails to allege the specific intent required to state a claim for induced

12   infringement.[7]  Mot. at 19-21.  Sonos asserts that it "adequately pleaded that Google had specific

13   intent to induce infringement" because it alleged that "Google intentionally advertised infringing

14   Google products and encouraged its customers to 'engage in activity that constitutes direct

15   infringement.'"  Opp. at 23-25 (citing SAC ¶¶ 93, 118, 131).  This argument fails.

16       Specific intent exists where there is "[e]vidence of active steps taken to encourage direct

17   infringement," which can be found in "advertising an infringing use or instructing how to engage in

18   an infringing use."  *Takeda Pharms. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 630-31

19   (Fed. Cir. 2015); *see also* Opp. at 23.  But as the Federal Circuit and this Court have found, "[m]erely

20   describ[ing]" an infringing use does not qualify as "recommend[ing]," "encourag[ing],"

21   "promot[ing]," or "suggesting" infringement.  *California Beach Co., LLC v. Exqline, Inc.*, No. C

22   20-01994 WHA, 2020 WL 6544457, at *2 (N.D. Cal. Nov. 7, 2020) (citing *Takeda*, 785 F.3d 625,

23   631) (quotations and citations omitted); *see also Fluidigm*, 2020 WL 408988, at *3.  Thus, "vague

24

25   ─────────────────

   [7]   Sonos claims that the Court should decline to consider this argument and Google's argument

26   regarding Sonos's failure to plead substantial non-infringing uses because Google did not include
   them in its précis request.  Opp. at 22 n.7, 25 n.9.  Sonos overstates the précis requirements.  The

27   Case Management Order requires the précis to "summariz[e] the proposed motion and explain[]
   how it will advance the resolution of the overall case."  *Google v. Sonos*, No. 3:20-cv-06754-WHA,

28   Dkt. No. 67.  It does not require a party to detail every basis of its motion.

and conclusory allegations that [an alleged infringer] 'intentionally instructs its customers to infringe' using broad categories of materials, coupled with a list of . . . generic websites" are insufficient to show specific intent. *Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00359 WHA, 2018 WL 2047553, at *4 (N.D. Cal. May 2, 2018). Likewise, the "*ordinary* provision of services" also does not show specific intent. *California Beach Co.*, 2020 WL 6544457, at *2 (emphasis in original).

In other words, it is not enough to assert, without factual support, that Google had the specific intent to induce infringement because it provided instructions or encouragement to customers or end users. But that is all that Sonos does. The SAC only alleges that Google "encourag[ed] . . . customers and potential customers to engage in activity that constitutes direct infringement" by advertising its products, supplying those products to consumers, and instructing consumers how to use those products. Opp. at 23-24. Such "vague and conclusory allegations say nothing about what specific material or site content allegedly induces infringement, or how." *Uniloc*, 2018 WL 2047553, at *5. Also, Sonos's "perfunctory recitation of the elements of induced infringement fail to provide factual support for the claim" because Sonos "has simply couched its legal conclusions in the guise of factual allegations, which *Twombly* and *Iqbal* soundly rejected." *People.ai, Inc. v. SetSail Techs., Inc.*, No. C 20-09148 WHA, 2021 WL 2333880, at *6 (N.D. Cal. June 8, 2021).

Sonos cites several decisions purporting to find that a passing reference to instruction manuals and product literature suffices to give rise to a plausible inference of specific intent. Opp. at 23-24 (citing *Teradata US, Inc. v. SAP SE*, No. 20-CV-06127-WHO, 2021 WL 326930, at *7 (N.D. Cal. Feb. 1, 2021); *Illumina*, 2020 WL 571030, at *6; *Radware*, 2013 WL 5373305, at *6; *Symantec Corp. v. Veeam Software Corp.*, No. C 12-00700 SI, 2012 WL 1965832, at *5 (N.D. Cal. May 31, 2012)). However, Google respectfully submits that those decisions are neither binding nor persuasive. "[T]he specific intent necessary to induce infringement 'requires more than just intent to cause the acts that produce direct infringement.'" *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). "The inducer must have an affirmative *intent to cause direct infringement*." *Id.* (emphasis added) (citation omitted). Merely alleging that a defendant provides instructions and manuals describing generally how to use its products does not give rise to a plausible inference that

it intends to cause direct infringement.  Rather, without more, the distribution of instructions and manuals suggests only that a defendant intends to instruct its customers about the operation of its products.  "When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation."  *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Fluidigm*, 2020 WL 408988, at *3 ("Indeed, the Supreme Court emphasized in both *Twombly* and *Iqbal* that allegations of conduct 'merely consistent with' liability are not enough.").[8]  Instead "[s]omething more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, . . . in order to render plaintiffs' allegations plausible."  *In re Century Aluminum*, 729 F.3d at 1108.  Although a patentee "need not cite statements from the accused infringer specifically instructing the direct infringer 'to perform all of the steps of the patented method,'" mere "passing references" to user manuals and promotional materials, "without ever saying what those materials contain, . . . [are] wholly inadequate for an inference of specific intent." *CAP*, 2015 WL 3945875, at *5 (citation omitted); *see also In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (requiring a plausible allegation of specific intent).

### 3. <u>Sonos Cannot Rely on Mere Recitations of the Legal Standard to Establish A Lack Of Substantial Non-Infringing Uses</u>

Google's Motion demonstrated that the SAC only relies on threadbare recitals of the elements of a contributory infringement claim, and must therefore be dismissed.  Mot. at 21-22.  Sonos disputes that characterization, claiming that the SAC "contains specific and detailed allegations saying how the patents are infringed, saying expressly that that functionality is specifically adapted for infringement, and alleging that there are no other uses for the specific software that provides the accused functions which don't infringe." Opp. at 26-27.  But as Sonos's own case explains, to allege contributory infringement, plaintiffs "***must allege some facts*** that take its statements from mere lawyerly fiat to a plausible conclusion."  *Id.* at 25 (citing *Software Rsch.*,

---

[8]   In reviewing motions to dismiss, the Federal Circuit applies the law of the regional circuit.  *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 (Fed. Cir. 2016).

1   *Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1136 (N.D. Cal. 2018) (emphasis added)).  A plaintiff

2   cannot simply rely upon a "formulaic recitation of elements."  *Uniloc*, 2018 WL 2047553, at *5.

3   Instead, a plaintiff must present some "factual underpinnings" to support a plausible inference that

4   the products are not a staple article of commerce capable of substantial non-infringing use.  *Uniloc*

5   *USA, Inc. v. Logitech, Inc.*, 2018 WL 6025597, at *3 (N.D. Cal. Nov. 17, 2018).

6            Despite Sonos's assertions to the contrary, the SAC merely paraphrases the contributory

7   infringement statute.  For example, Sonos alleges that "Google offers for sale, sells, and/or imports,

8   in connection with the [the accused product], one or more material components of the invention of

9   the . . . Patent that are not staple articles of commerce suitable for substantial noninfringing use."

10  SAC ¶¶ 94 ('033 patent), 119 ('966 patent), 132 ('885 patent).  This is a conclusory rephrasing of

11  the contributory infringement statute.  *See* 35 U.S.C. § 271(c) ("Whoever . . . sells within the United

12  States . . . a component of a patented machine . . . constituting a material part of the invention,

13  knowing the same to be especially made or especially adapted for use in an infringement of such

14  patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use,

15  shall be liable as a contributory infringer.").  Merely alleging that the accused products include

16  certain functionality, and asserting without factual support that the functionality is 'material,' does

17  not give rise to a plausible inference that the accused products "could not be used 'for purposes

18  other than infringement.'"  *See Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (quoting

19  *Bill of Lading*, 681 F.3d at 1338); *cf. Firstface Co. v. Apple, Inc.*, 2019 WL1102374, at *2 (N.D.

20  Cal. Mar. 8, 2019) (denying motion to dismiss because complaint "specifie[d] *how* these features

21  on iPhones and iPads are central to the devices' operation" (emphasis added)).

22           The cases Sonos cites for support do not compel a different outcome.  While Sonos claims

23  that "the Federal Circuit and courts in this district have refused to dismiss similarly pleaded

24  contributory infringement claims," Sonos fails to mention that the plaintiffs in those cases pled ***facts***

25  supporting an inference of substantial non-infringing use.  Opp. at 27.  In *Nalco*, the plaintiff

26  "explicitly pled facts to show . . . that [the accused products] were especially made or adapted for

27  infringing it."  *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018).  In *Firstface*,

28  the plaintiff "specifie[d] how these features on iPhones and iPads are central to the devices'

operation." *Firstface*, 2019 WL 1102374, at *2.  In *Fortinet*, the plaintiff "identifie[d] the specific 'component' of each accused product that is alleged to infringe."  *Fortinet, Inc. v. Forescout Techs., Inc.*, No. 20-CV-03343-EMC, 2021 WL 2412995, at *18 (N.D. Cal. June 14, 2021).  In *ScaleMP*, the plaintiff made "detailed allegations."  *ScaleMP, Inc. v. TidalScale, Inc.*, No. 18-CV-04716-EDL, 2019 WL 7877939, at *4 (N.D. Cal. Mar. 6, 2019).  And in *Core Optical*, the plaintiff described how the accused devices were especially adapted to perform the claimed methods.  *See Core Optical Techs., LLC v. Juniper Networks Inc.*, No. 21-CV-02428-VC, 2021 WL 4618011, at *4 (N.D. Cal. Oct. 7, 2021) (citing *Core Optical Technologies, LLC v. Juniper Networks, Inc.*, No. 3:21-cv-02428-VC, Dkt. No. 84 (Third Amended Complaint) ¶ 111.  Unlike the plaintiffs in each of these cases, Sonos merely recites the elements of a contributory infringement claim without supporting factual allegations.  Sonos has failed to meet its pleading burden and its claims for contributory infringement should be dismissed for failure to allege a lack of substantial non-infringing uses.

## C.   Dismissal of Sonos's Claims Should Be With Prejudice

Contrary to Sonos's assertions, dismissal with prejudice is warranted because further amendment would be futile.  First, Sonos has failed to properly allege willful and indirect infringement despite two opportunities to amend.[9]  *MasterObjects*, 2021 WL 4685306, at *7 (amendment futile where plaintiff "twice amended its complaint"); *Polaris PowerLED Techs., LLC v. Vizio, Inc.*, No. SACV181571JVSDFMX, 2019 WL 3220016, at *4 (C.D. Cal. May 7, 2019) (dismissing claims for willful and induced infringement with prejudice where operative pleading was plaintiff's "third pleading attempt").  Second, Sonos has not "identif[ied] additional facts it would allege should [Google]'s motion be granted."  *Polaris*, 2019 WL 3220016, at *4.  Sonos generally claims that " there are further facts concerning Google's willful (and willfully blind) infringement that Sonos can amend to allege in greater detail should the Court find it necessary." Opp. at 27.  But Sonos fails to specify which facts would cure its deficient allegations.

## III.   CONCLUSION

For the foregoing reasons, Google requests that the Court grant its Motion.

---

[9]  Sonos takes issue with this characterization.  Opp. at 22.  But it is accurate.  Sonos has amended its complaint twice, and has failed to add further detail to its willful and indirect infringement claims.

1  DATED:  January 31, 2022                   QUINN EMANUEL URQUHART & SULLIVAN, LLP

2

3                                             By _____ /s/ Charles K. Verhoeven _____

4                                                  Charles K. Verhoeven
                                                   Melissa Baily
5                                                  Lindsay Cooper

6                                                  Attorneys for GOOGLE, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on January 31, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.


           */s/ Charles K. Verhoeven*
           Charles K. Verhoeven