CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
COLE B. RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:     +1 312 754 0003

*Attorneys for Plaintiff Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:21-cv-07559-WHA<br><br>**SONOS, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date: May 12, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Second Amended Complaint Filed: February 23, 2021 |

# TABLE OF CONTENTS

**Page(s)**

I.   STATEMENT OF RELEVANT FACTS ............................................................................. 1

II.  LEGAL STANDARD ................................................................................................... 3

III. ARGUMENT ............................................................................................................. 3

   A.  Sonos's Motion Is Timely & In Good Faith ...................................................... **4**

   B.  There Were No Prior Failures to Cure .............................................................. **5**

   C.  There Is No Undue Prejudice to Google ........................................................... **5**

   D.  The Amendments Are Not Futile ...................................................................... **7**

      1.  The Willfulness Amendments Are Not Futile ............................................ 8
      2.  The Indirect Infringement Amendments Are Not Futile ........................... 11

IV.  CONCLUSION ........................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) ................................................................. 12

*Corephotonics, Ltd. v. Apple, Inc.*,
    No. 17-CV-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018) ................................. 10

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ................................................................... 5

*Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*,
    287 F.3d 1108 (Fed. Cir. 2002) ................................................................ 12

*Finjan, Inc. v. Secure Computing Corp.*,
    626 F.3d 1197 (Fed. Cir. 2010) ............................................................ 11, 12

*Fluidigm Corp. v. IONpath, Inc.*,
    No. C 19-05639 WHA, 2020 WL 1433178 (N.D. Cal. Mar. 24, 2020) ........................... 3, 10

*Foman v. Davis*,
    371 U.S. 178 (1962) ...................................................................... 3, 4, 5, 7

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
    438 F.3d 1354 (Fed. Cir. 2006) ................................................................ 12

*Griggs v. Pace Am. Grp., Inc.*,
    170 F.3d 877 (9th Cir. 1999) ................................................................... 3

*Howard Rice Nemerovski Canady Falk & Rabkin v. Total Tech., Inc.*,
    No. C 06-0426 CW, 2006 WL 2850047 (N.D. Cal. Oct. 5, 2006) .................................. 5

*i4i Ltd. P'ship v. Microsoft Corp.*,
    598 F.3d 831, *aff'd*, 564 U.S. 91 (2011) (Fed. Cir. 2010) .................................. 12

*Koninklijke Philips N.V. v. Zoll Med. Corp.*,
    656 F. App'x 504 (Fed. Cir. 2016) ............................................................ 12

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ............................................................... 12

*Mitutoyo Corp. v. Cent. Purchasing, LLC*,
    499 F.3d 1284 (Fed. Cir. 2007) ................................................................ 8

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) .................................................................. 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
   708 F.3d 1109 (9th Cir. 2013) ................................................................................. 3, 4

*Sweaney v. Ada Cnty., Idaho*,
   119 F.3d 1385 (9th Cir. 1997) ....................................................................................... 8

*Valenzuela v. Best-Line Shades, Inc.*,
   No. 19-CV-07293-JSC, 2020 WL 4039134 (N.D. Cal. July 17, 2020) .................................. 8

**Statutes**

28 U.S.C. § 1292(b) ............................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. Rule 8(a)(2) ................................................................................................. 8

Fed. R. Civ. P. Rule 11 .................................................................................................. 6, 8, 9

Fed. R. Civ. P. Rule 12(b)(6) ............................................................................................... 8

Fed. R. Civ. P. Rule 15(a)(2) ........................................................................................... 1, 3

Fed. R. Civ. P. Rule 15(d) .................................................................................................... 1

Sonos's Mot. for Leave to File
Third Amended Complaint
3:21-cv-07559-WHA

1    **NOTICE OF MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS:

3         PLEASE TAKE NOTICE that on May 12, 2022 at 8:00 a.m., or as soon thereafter as may

4    be heard before the Honorable Judge William Alsup in Courtroom 12 on the 19th Floor of the

5    United States District Court for the Northern District of California, San Francisco Courthouse,

6    450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Sonos, Inc ("Sonos") will, and

7    hereby does, move this Court for an order granting Sonos leave to file a Third Amended

8    Complaint.  This motion is based on this Notice of Motion, the accompanying Memorandum of

9    Points and Authorities, the Declaration of Cole B. Richter ("Richter Decl."), and exhibits thereto,

10   all documents in the Court's file, and such other written or oral evidence and argument as may be

11   presented at or before the time this motion is heard by the Court.

12   **STATEMENT OF THE RELIEF REQUESTED**

13        Pursuant to Rule 15(a)(2) and Rule 15(d) of the Federal Rules of Civil Procedure and the

14   Court's order (Dkt. 156), Sonos requests that this Court grant Sonos leave to file a Third

15   Amended Complaint ("TAC").  The redlined version of the proposed TAC is attached as Ex. 8 to

16   the Richter Decl., along with ten (10) new exhibits to the TAC.

17   **MEMORANDUM OF POINTS AND AUTHORITIES**

18   **I.    STATEMENT OF RELEVANT FACTS**

19        Amidst a backdrop of over five years of Sonos and Google discussing the breadth and

20   depth of Sonos's patent portfolio vis-à-vis the accused products, and an ongoing International

21   Trade Commission litigation concerning certain Sonos patents and Google's accused products, on

22   September 28, 2020, Sonos provided Google with a pre-filing copy of the original complaint in

23   this matter, which alleged that Google directly and indirectly infringes, *inter alia*, U.S. Patent

24   Nos. 10,469,966 ("'966 Patent") and 10,779,033 ("'033 Patent").[1]  Dkt. 136 (Joint Case

25   Management Statement) at 1.  Before midnight that same day, and shortly before Sonos filed its

26

---

27   [1] The Complaint also alleged infringement of U.S. Pat. No. 9,967,615 ("'615 Patent"), which was not at issue in Google's motion to dismiss, as well as other patents that have since been
28   withdrawn from the case.

1   complaint in the Western District of Texas, Google filed its own complaint in this District seeking

2   declaratory judgment of non-infringement.  *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-06754-

3   WHA (N.D. Cal. Sept. 28, 2020) (hereinafter, "DJ Case"), Dkt. 1.  The Court stayed Google's DJ

4   Case after finding that Google's DJ Case was an exception to the first-to-file rule.  DJ Case,

5   Dkt. 36 at 4 ("Google's choice of forum is entitled to no weight.").

6       While Google's case was stayed, Sonos continued to litigate its claims in the Western

7   District of Texas, which included (i) Sonos providing Google with a draft First Amended

8   Complaint on January 8, 2021, the purpose of which was to set forth Google's infringement of

9   U.S. Patent No. 10,848,885 ("'885 Patent"), which had just issued, and (ii) Sonos filing, over a

10  month later, this same First Amended Complaint.  Dkt. 49.  Shortly thereafter, on February 18,

11  2021, Sonos filed a Second Amended Complaint—which is the operative complaint here—the

12  purpose of which was to withdraw claims of infringement for a patent not at issue in this motion.

13  Dkt. 50.

14      Although Google answered Sonos's original Complaint, and despite the Second Amended

15  Complaint being substantively identical to the original Complaint vis-à-vis the '966 and '033

16  Patents, Google, on March 9, 2021, changed course and moved to dismiss Sonos's claims of

17  willful and indirect infringement for the '966, '033, and '885 Patents.[2]  Dkt. 55.  When the Texas

18  action was transferred to this Court on September 27, 2021 the Texas court had not ruled on

19  Google's motion.  Dkt. 117.  Google failed to prompt or otherwise inquire as to the motion's

20  status after the motion had languished on the Texas court's docket for over six months.  So, when

21  the case was transferred to this District, the Texas Court had not addressed Google's motion to

22  dismiss.

23      Once the Texas Action was transferred to this District, this Court held a case management

24  conference on October 7, 2021.  During that conference, Google informed the Court that it

25  intended to refile its motion to dismiss that was originally filed in the Western District of Texas

26  on March 9th.  Ex. 1 at 17:1-18:3.  Accordingly, this Court ordered Google to "refile those

27

28  [2] Google did not move to dismiss Sonos's willfulness or indirect infringement claims for the '615 Patent.

1   motions….” *Id.* at 18:2-3.  Google waited another two months, however, before submitting a

2   precis request on December 9, 2021, and ultimately a motion to dismiss on January 10, 2022,

3   seeking to dismiss Sonos's claims of willful and indirect infringement for the '966, '033, and

4   '885 Patents.  Dkts. 125, 138.

5          On March 16, 2022, the Court granted Google's motion, dismissing Sonos's claims of

6   willful and indirect infringement for the '966, '033, and '885 Patents without prejudice, but

7   expressly stating "Sonos will be allowed to make the willfulness allegations either by way of a

8   counterclaim in the declaratory relief action or by way of amendment in the Texas action now

9   that it has come to this district."  Dkt. 156 at 10; *see also id.* ("It will be allowed to amend to try

10  again.").

11  **II.     LEGAL STANDARD**

12         Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend shall

13  be freely given "when justice so requires."  The Ninth Circuit has instructed that "this policy is to

14  be applied with extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

15  712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th

16  Cir. 1990)).

17         In this regard, courts should grant leave to amend absent (i) undue delay, bad faith, or

18  dilatory motive, (ii) repeated failure to cure deficiencies, (iii) undue prejudice to the opposing

19  party, or (iv) futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Fluidigm Corp. v. IONpath,*

20  *Inc.*, No. C 19-05639 WHA, 2020 WL 1433178, at *1 (N.D. Cal. Mar. 24, 2020).  In fact,

21  "[c]ourts may decline to grant leave to amend *only if* there is *strong* evidence" of one of the

22  *Foman* factors.  *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th

23  Cir. 2013) (emphasis added).  In evaluating a motion to amend, all inferences should be drawn in

24  favor of granting the motion.  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

25  **III.    ARGUMENT**

26         Pursuant to the liberal policy for allowing amendments under Rule 15(a)(2), this Court

27  should grant Sonos's leave to amend its Second Amended Complaint and file a Third Amended

28  Complaint because Google cannot point to any evidence—much less *strong* evidence—of any

*Foman* factor that would weigh against amendment.

### A.    Sonos's Motion Is Timely & In Good Faith

The first *Foman* factor – whether there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant" – does not weigh against granting leave to amend. *Foman*, 371 U.S. at 182.  In this respect, Google cannot establish any undue delay, bad faith, or dilatory motive.

Sonos promptly and diligently filed this motion 14 days after the Court granted Google's motion to dismiss and provided Sonos with permission to move for leave to amend its complaint. Dkt. 156 at 13.  To the extent that Google argues that Sonos's proposed amendment comes too late in the course of this litigation, any delay is of Google's making.  In this regard, Google first moved, on March 9, 2021, while this action was in the Western District of Texas.  But Google failed to prompt or otherwise inquire as to the motion's status after the motion had languished on the Texas court's docket for over six months.  This left the motion unresolved by the time the action was transferred to this District on September 29, 2021.  To make matters worse, Google waited until December 9, 2021 to begin the motion to dismiss process, despite informing the Court of Google's intent to refile over two months prior.  Accordingly, Google cannot establish a strong showing of undue delay or dilatory motive.

Sonos's motion is filed in good faith.  Indeed, Sonos's proposed TAC follows this Court's first articulation of its "ground rules" to adequately plead willful and indirect infringement. Dkt. 156 at 13 (certifying under 28 U.S.C. § 1292(b) because "reasonable minds may differ as to the ground rules set forth above for pleading willfulness and indirect infringement …"); *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117-18 ("[A court] may grant leave to amend in situations where the controlling precedents changed midway through the litigation.").  In this respect, Sonos's proposed TAC addresses the very topics that the Court sanctioned in its order. Dkt. 156 at 10 ("Google commenced its own declaratory relief claim first…. Sonos should be allowed to plead the infringer's knowledge of the patents and that the infringer has had sufficient time to analyze the accused product vis-à-vis those patents (along with other specifics needed to show willfulness)."); *see also id.* ("The foregoing ground rules concerning the adequate pleading

1    of willful infringement and enhanced damages apply with parallel force to the parallel issues for

2    indirect infringement.").  Thus, Sonos's motion is filed in good faith, as its amended complaint

3    directly responds to the Court's pleading "ground rules."

4         In view of the foregoing, there is no evidence of undue delay, bad faith, or dilatory

5    motive.

6         **B.    There Were No Prior Failures to Cure**

7         The second *Foman* factor – whether there is strong evidence of "repeated failure to cure

8    deficiencies by amendments previously allowed" – also does not weigh against the liberal policy

9    for granting leave to amend.  *Foman*, 371 U.S. at 182.

10        Google cannot establish any repeated failures to cure because there were none.  In fact,

11   this is the first time the Court has dismissed Sonos's claims of willful and indirect infringement

12   for the '966, '033, and '885 Patents.  As such, there was no prior opportunity (or need) for Sonos

13   to "cure" these claims, much less any "repeated failure" by Sonos to do so.

14        Thus, there is no evidence of repeated failure to cure deficiencies by amendments

15   previously allowed.

16        **C.    There Is No Undue Prejudice to Google**

17        The third *Foman* factor—whether there is strong evidence of "undue prejudice to the

18   opposing party by virtue of allowance of the amendment"—further does not weigh against the

19   policy for granting leave to amend.  *Foman*, 371 U.S. at 182.  The party "opposing amendment

20   bears the burden of showing prejudice," which Google cannot do here.  *DCD Programs, Ltd. v.

21   Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

22        For well over a year, Google has been on notice of the facts and theories underlying

23   Sonos's proposed amended complaint and has had ample opportunity to conduct discovery

24   related thereto.  As such, Google cannot credibly argue that it is surprised or otherwise prejudiced

25   by Sonos's proposed amendments.  *See, e.g.*, *Howard Rice Nemerovski Canady Falk & Rabkin v.

26   Total Tech., Inc.*, No. C 06-0426 CW, 2006 WL 2850047, at *3 (N.D. Cal. Oct. 5, 2006)

27   ("Prejudice typically arises where the opposing party is surprised with new allegations which

28   require more discovery or will otherwise delay resolution of the case.").

1    For instance, in response to Google's interrogatory number 14 requesting that Sonos

2  "[s]tate all bases for [its] contention, if any, that Google's infringement has been willful," Sonos

3  provided a 17-page, detailed narrative explaining the bases for Sonos's willfulness claims on

4  September 7, 2021.  *See* Ex. 2, Sonos, Inc.'s Objections and Responses to Google LLC's First Set

5  of Interrogatories (Nos. 1-20) at 299-314.  On January 21, 2022, Sonos provided further detail

6  regarding Sonos's willfulness claims in a supplemental response to Google's interrogatory

7  number 14.  *See* Ex. 2, at 315-16.  Many of the same facts and theories articulated in Sonos's

8  interrogatory response form the bases for a majority of Sonos's proposed amendments regarding

9  willfulness.  TAC ¶¶ 17-31, 38-40, 53-65.

10    Moreover, Google's own conduct forms the bases for several of Sonos's proposed

11  amendments regarding willfulness.  For example, on September 28, 2020, Google sought

12  declaratory judgment of non-infringement of the '966 and '033 Patents.  DJ Case, Dkt. 1.  As this

13  Court reasoned, "when the controversy is initiated by the accused infringer by way of a

14  declaratory relief action," the "accused infringer has presumably already studied the patents

15  versus the accused products, and, indeed, has sufficiently studied them to assert under Rule 11

16  that the accused product does not infringement the specified patents[.]"  Dkt. 156 at 8.  Sonos's

17  proposed amendments include express pleadings regarding Google's knowledge and sufficient

18  analysis of the patents that justified Google seeking declaratory relief before Sonos filed its own

19  complaint.  *See id.* at 10 ("Sonos should be allowed to plead the infringer's knowledge of the

20  patents and that the infringer has had sufficient time to analyze the accused product vis-à-vis

21  those patents ….."); TAC ¶¶ 55-61.

22    As another example, even after Sonos brought claims for infringement of the '966, '033,

23  and '885 Patents, Google declined to stop infringing these patents and has failed to introduce any

24  proposed or actual design-around products in an effort to avoid infringement.  Nor has Google set

25  forth any cognizable non-infringement position, despite Sonos propounding an interrogatory

26  asking for as much on the very first day fact discovery opened (August 7, 2021).  Google's

27  response to this interrogatory has merely been that Sonos has not established infringement and

28  that Google's products do not practice a bulleted list of each and every independent claim

1  element.  *See* Ex. 3, Google LLC's Objections and Responses to Sonos Inc.'s First Set of

2  Interrogatories (Nos. 1-20) at 29-47.  Sonos's proposed amendments regarding willfulness

3  include express pleadings regarding such conduct as well, which provide the basis for Google's

4  willful infringement of (i) the '966 and '033 Patents starting at least from the date Sonos's

5  original suit was filed (September 29, 2020), and (ii) the '885 Patent starting at least from the date

6  Sonos's Second Amended Complaint was filed (February 23, 2021).  TAC ¶¶ 64-65.

7          Similarly, Google has long been aware of the facts and theories that form the bases for

8  Sonos's proposed amendments regarding indirect infringement.  In this respect, while this action

9  was in the Western District of Texas, Sonos set forth its indirect infringement theories for the

10  '966 and '033 Patents on December 11, 2020.  *See* Ex. 4, Plaintiff Sonos, Inc.'s Preliminary

11  Infringement Contentions and Identification of Priority Dates at 6-13.  Sonos provided its indirect

12  infringement theories for the '885 Patent on February 17, 2021.  *See* Ex. 5, Plaintiff Sonos, Inc.'s

13  Supplemental Preliminary Infringement Contentions and Identification of Priority Dates at 3-5.

14  Thereafter, on September 10, 2021, Sonos provided its final infringement contentions in the

15  Western District of Texas that set forth the facts and theories for Google's indirect infringement

16  of the '966, '033, and '885 Patents.  *See* Ex. 6, Plaintiff Sonos, Inc.'s Final Infringement

17  Contentions at 7-26.  After this action was transferred to this District, once again, Sonos set forth

18  the facts and theories for Google's indirect infringement of the '966, '033, and '885 Patents on

19  October 21, 2021.  *See* Ex. 7, Sonos, Inc.'s Disclosure of Asserted Claims and Infringement

20  Contentions at 6-24.

21          Thus, Google has long been on notice of the facts and theories underlying Sonos's

22  proposed willfulness and indirect infringement amendments and has had ample opportunity to

23  obtain discovery related thereto.  As such, there is no evidence of undue prejudice to Google.

24          **D.    The Amendments Are Not Futile**

25          The fourth *Foman* factor—whether there is strong evidence of "futility of amendment"—

26  additionally does not weigh against the liberal policy for granting leave to amend.  *Foman*, 371

27  U.S. at 182.  For this *Foman* factor, "the Court must accept the factual allegations in the proposed

28  amended complaint as true and construe them in the light most favorable to Plaintiffs[.]"

1    *Valenzuela v. Best-Line Shades, Inc.*, No. 19-CV-07293-JSC, 2020 WL 4039134, at *2 (N.D. Cal.

2    July 17, 2020).  With that mandate in mind, "a proposed amendment is futile only if no set of

3    facts can be proved under the amendment to the pleadings that would constitute a valid and

4    sufficient claim or defense."  *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).

5    Here, Sonos's proposed amendments are not futile.

6                        **1.    The Willfulness Amendments Are Not Futile**

7            Google cannot establish that Sonos's proposed amendments regarding Google's willful

8    infringement of the '966, '033, and '885 Patents are futile.

9            Indeed, consistent with the Court's guidance in granting Google's motion to dismiss,

10    Sonos has presented factual allegations that Google knew of the '966, '033, and '885 Patents and

11    had sufficient time to analyze Google's accused products vis-à-vis each of these patents prior to

12    Sonos bringing each respective claim of infringement.  *Compare* TAC ¶¶ 59-63, *with* Dkt. 156 at

13    10 ("Sonos should be allowed to plead the infringer's knowledge of the patents and that the

14    infringer has had sufficient time to analyze the accused product vis-à-vis those patents ….").

15    After all, Google had sufficient time to evaluate the '966 and '033 Patents and bring a declaratory

16    action for non-infringement before Sonos filed its original complaint.  *See, e.g.*, *Mitutoyo Corp. v.*

17    *Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007) (finding declaratory action for

18    invalidity established defendant had knowledge of patent and was thus "sufficient to meet the

19    requirements of Rule 8(a)(2) for pleading a willful infringement claim and avoid dismissal under

20    Rule 12(b)(6)").  In this regard, Sonos pleads that in order for Google to have conducted a

21    competent and sufficient Rule 11 investigation prior to bringing its DJ Case, it must have (i)

22    conferred with Google engineers concerning the operation of the accused products, (ii) reviewed

23    the specifications, claims, and file histories of the asserted patents, and (iii) compared the

24    operation of the accused products to the claims of the asserted patents and allegedly concluded

25    that for one or more reasons the accused products did not practice one or more elements of the

26    asserted claims.  TAC ¶¶ 59-63.  This investigation likely took several hundred hours at a

27    minimum, in which case Google had knowledge of these patents and its alleged infringement

28    thereof well before September 29, 2020.

SONOS'S MOT. FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT
3:21-CV-07559-WHA

1    Even if Google's side of the story were taken as true—that Google first learned of these

2    patents the day Sonos sent Google a copy of its draft complaint—Sonos has still pleaded factual

3    allegations that support pre-suit knowledge of the patents and of Sonos's infringement

4    allegations.  It is undisputed that Google received Sonos's draft complaint and did not give it

5    short shrift.  Rather, upon receipt Google and its counsel ***immediately*** got to work studying the

6    patents, Sonos's allegations in the draft complaint, and the accused products to support its

7    eventual DJ action.  Indeed, Google has already represented to the Court that this special

8    investigation took place.  *See* DJ Case, Dkt. 27-3 at 3 ("[U]pon receiving Sonos's letter, Google

9    investigated Sonos' allegations, determined that it had a Rule 11 basis for non-infringement, and

10   filed the instant declaratory judgment action.").  Thus, while the Court might consider the typical

11   scenario of one-day notice with a draft complaint to be insufficient because the alleged infringer

12   may not have sufficient time to study the allegations, the scenario here is quite different.  The

13   alleged infringer here has already admitted to the Court that it did study the patents, the

14   infringement allegations, and accused products.  And, in its own words, it studied them to such an

15   extent as to sufficiently support a federal district court complaint under Rule 11.[3]

16   Sonos has also presented factual allegations that Google, at a minimum, should have

17   known about the '966, '033, and '885 Patents and Google's infringement thereof based on the

18   parties' multi-jurisdictional patent dispute as well as a five-year history where Sonos had

19   repeatedly informed Google of the breadth and depth of Sonos's patent portfolio and its

20   applicability to the accused Google products, including for patents in the same family as the

21   asserted patents.  *Compare* TAC ¶¶ 17-31, 37-40, *with* Dkt. 156 at 9 ("Sonos [has not] adequately

22   alleged that, due to its correspondence and their current multi-jurisdictional patent dispute,

23   Google should have known about the pertinent patents and of infringement.").  These allegations

24   also uniquely support the policy rationale in support of cease-and-desist letters articulated by this

25   Court.  Dkt. 156 at 8.  In the scenario here, Sonos and Google have been communicating

26

---

27   [3] In this respect, and to the extent part of the analysis, Google had sufficient time to decide
whether to cease infringing.  Its DJ complaint represents its affirmative decision to continue
28   infringing in the face of Sonos's infringement allegations.

1   regarding Sonos's patent portfolio for *years*.  At no point during any of these communications

2   had Google indicated that it was going to cease infringing.  Thus, the unique factual circumstance

3   here demonstrates that Sonos providing pre-suit notice via a draft complaint did not circumvent

4   cease-and-desist practice preferred by the Court – indeed, Sonos had already traveled that road

5   with Google to no avail.

6          The Court must accept these factual allegations as true.  Because pre-suit knowledge of a

7   patent and infringement thereof, as well as willful blindness to the same, can serve as a basis for

8   willfulness, Sonos's amendment is not futile.  *Corephotonics, Ltd. v. Apple, Inc.*, No. 17-CV-

9   06457-LHK, 2018 WL 4772340, at *9 (N.D. Cal. Oct. 1, 2018) ("Post-*Halo*, courts have

10  recognized that allegations of willful blindness can satisfy the knowledge requirement for willful

11  infringement.").

12         Moreover, Sonos has presented factual allegations that Google's post-suit conduct has

13  been, and continues to be, willful.  TAC ¶¶ 64-65.  In particular, Sonos has alleged that since the

14  day the original complaint was filed on September 29, 2020, and every day thereafter until now,

15  Google has intentionally, knowingly, and willfully infringed the '033 and '966 Patents.  *Id.*

16  Likewise, Sonos has alleged that since the day the first amended complaint was filed on February

17  17, 2021, and every day thereafter until now, Google has intentionally, knowingly, and willfully

18  infringed the '885 Patent.  *Id.*  And Sonos has also alleged that despite knowledge of the patents

19  and knowledge of Sonos's infringement allegations thereof, Google has done nothing since the

20  original and first amended complaints were filed to stop infringing these patents.  Again, these

21  factual allegations must be accepted as true.  Because post-suit knowledge of a patent and

22  infringement thereof can serve as a basis for willfulness, Sonos's amendment is not futile.  *See,

23  e.g.*, *Fluidigm Corp.*, 2020 WL 1433178, at *3 (finding "the allegations permit the plausible

24  conclusion that defendant's post-suit conduct was willful" because "[n]ow with knowledge of

25  (alleged) infringement, defendant's marketing efforts *become* willful") (emphasis in original).

26         Thus, there is no evidence – let alone strong evidence – that Sonos's proposed

27  amendments regarding Google's willful infringement of the '966, '033, and '885 Patents are

28  futile.

**2.      The Indirect Infringement Amendments Are Not Futile**

Google also cannot provide any evidence that Sonos's proposed amendments regarding Google's indirect infringement of the '966, '033, and '885 Patents are futile.

As a preliminary matter, the same *knowledge of infringement* that forms the basis of Sonos's willful infringement allegations is equally applicable to Sonos's claims for indirect infringement.  Dkt. 156 at 11 ("Everything discussed above for willfulness applies here.").  Accordingly, for the reasons set forth above with respect to pre-suit knowledge for Sonos's willfulness allegations, Sonos has adequately pled pre-suit knowledge for purposes of indirect infringement and thus Sonos's amendments are not futile in this respect either.

To the extent necessary for purposes of addressing Google's arguments concerning specific intent to infringe (which did not appear to be adopted or accepted by this Court in its order granting Google's motion to dismiss, *see generally* Dkt. 156), Sonos has also pleaded facts supporting that Google had a specific intent to cause others to infringe.  TAC ¶¶103-07, 139-141, 173-76, 207-210.  For this additional reason, Sonos's amendments are not futile.

Moreover, Sonos's amendments regarding lack of substantial non-infringing use for contributory infringement are not futile either.  In this respect, Sonos has presented factual allegations that the software ***components*** provided by Google have no substantial non-infringing uses.  TAC ¶¶109-12, 143-46, 178-81, 212-214.

This is true because each of the '966, '033, and '885 Patents has an asserted independent claim that is an "apparatus" type claim that recites certain programmed capability that must be found in a device.  As Sonos's factual allegations lay out (TAC ¶¶ 109-12, 143-46, 178-81, 212-14), a device programmed with such capability is "made"—and thus constitutes an instance of infringement—each time Google (i) provides (a) the Google Home app to a user's computing device for installation ('966 Patent) or (b) the YouTube, YouTube TV, YouTube Kids, YouTube Music, or Google Play Music app to a user's computing device for installation ('033 Patent) or (ii) provides a firmware update to a user's Cast-enabled media player ('885 Patent).  *See, e.g.*, *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204-05 (Fed. Cir. 2010) ("[T]o infringe a claim that recites capability and not actual operation, an accused device need only be capable of

1    operating in the described mode.") (internal quotations omitted); *Fantasy Sports Props., Inc. v.*

2    *Sportsline.com, Inc.*, 287 F.3d 1108, 1118 (Fed. Cir. 2002).  Here, the component at issue is the

3    specific software package (*i.e.*, the accused app or a firmware update), which when installed on a

4    device immediately constitutes an infringing article.  *See id.*  In this regard, Sonos has presented

5    factual allegations that it is the software package itself that has no substantial non-infringing use,

6    regardless of whether the computing device is capable of engaging in non-infringing functionality

7    (in addition to infringing functionality) with the software installed.  Once the software is installed,

8    an infringing device has been made[4] and it is irrelevant that a user may use that infringing device

9    to accomplish other tasks.  In other words, there is no non-infringing use for the software

10   package, other than to be installed on computing devices, which once this happens, makes an

11   infringing device.  TAC ¶¶ 109-12, 143-46, 178-81, 212-14.  Sonos's factual allegations must be

12   accepted as true.  The Court must accept Sonos's factual allegations as true.  Accordingly,

13   Sonos's amendments pleading factual allegations regarding this software provided by Google not

14   having substantial non-infringing uses are not futile.

15       Even if the '966, '033, and '885 Patents did not include "apparatus" type claims that are

16   infringed when software provided by Google is installed on an applicable device, the Federal

17   Circuit is clear that, in the context of software, the "component" is the focus of the "non-

18   infringing use" analysis – not the entire infringing article.  *See, e.g.*, *Koninklijke Philips N.V. v.*

19   *Zoll Med. Corp.*, 656 F. App'x 504, 522-25 (Fed. Cir. 2016) (compiling cases); *i4i Ltd. P'ship v.*

20   *Microsoft Corp.*, 598 F.3d 831, 849, *aff'd*, 564 U.S. 91 (2011) (Fed. Cir. 2010) ("[A] particular

21   tool within a larger software package may be the relevant 'material or apparatus' when that tool is

22   a separate and distinct feature."); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed.

23   Cir. 2009); *Golden Blount, Inc. v. Robert H. Peterson Co*., 438 F.3d 1354, 1363 (Fed. Cir. 2006).

24   In this respect, Sonos has pleaded in the alternative that the accused software apps have

25   _____

26   [4] This is because the claims are drawn to capability and not use.  No use is required for
     infringement – only making a device that is capable of carrying out certain features (*i.e.*,
27   downloading or installing the accused apps onto computing devices).  *Centillion Data Sys., LLC*
     *v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011); *Finjan, Inc.*, 626 F.3d at
28   1204 ("[T]o infringe a claim that recites capability and not actual operation, an accused device
     need only be capable of operating in the described mode.").

1   component features, such as the accused "Cast" feature, the accused "Stream Transfer" feature, or

2   the accused "speaker-group" feature, which form material parts of an infringing article and that

3   that it is these component features that have no substantial non-infringing uses. TAC ¶¶ 112, 146,

4   181, 214. Thus, Sonos's amendments pleading factual allegations regarding the component

5   software features that are contained in the overall software package provided by Google as not

6   having substantial non-infringing uses are not futile.

7       Consequently, there is no evidence—much less strong evidence—that Sonos's proposed

8   amendments regarding Google's indirect infringement of the '966, '033, and '885 Patents are

9   futile.

10  **IV.    <u>CONCLUSION</u>**

11      For at least the foregoing reasons, Sonos respectfully requests the Court to grant Sonos

12  leave to amend its complaint and file the Third Amended Complaint on the case docket.

13  Dated:  March 30, 2022                      ORRICK HERRINGTON & SUTCLIFFE LLP
                                                *and*
14                                              LEE SULLIVAN SHEA & SMITH LLP

15                                              By: */s/ Cole B. Richter*
                                                _____
16                                              Cole B. Richter (admitted *pro hac vice*)

17                                              *Attorneys for Plaintiff Sonos, Inc.*

18

19

20

21

22

23

24

25

26

27

28

SONOS'S MOT. FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT
3:21-CV-07559-WHA