# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

SONOS, INC.,                                         §
                                                     §
                    Plaintiff,                       §
                                                     §
        v.                                           §        NO. 6:20-cv-00881-ADA
                                                     §
Google LLC,                                          §
                                                     §
                    Defendant.                       §
                                                     §
                                                     §

**PLAINTIFF SONOS, INC.'S SUPPLEMENTAL PRELIMINARY INFRINGEMENT CONTENTIONS AND IDENTIFICATION OF PRIORITY DATES**

Plaintiff Sonos, Inc. ("Sonos" or "Plaintiff") serves its supplemental preliminary infringement contentions ("Supplemental Contentions") and identification of priority dates ("Supplemental Disclosure") regarding infringement by Defendant Google LLC ("Google" or "Defendant") of U.S. Patent No. 10,848,885 ("the '885 Patent.") Previously, on December 11, 2020, Sonos served its Preliminary Infringement Contentions. These Supplemental Contentions are intended to supplement those contentions.

Sonos bases this Disclosure on its current knowledge, understanding, and belief as to the facts and information available as of the date of this Disclosure. Sonos has not yet completed its investigation, collection of information, discovery, or analysis relating to this action, and additional discovery, including discovery from Google and third parties, may lead Sonos to amend, revise, and/or supplement this Supplemental Disclosure. Indeed, discovery in this action has only just begun, Google has not yet produced any documentation regarding the accused products, and Sonos has also not yet had the opportunity to inspect Google's source code for the accused products. However, the accused functionalities of the accused products are implemented, at least in part, by Google's proprietary and specialized electronics, firmware, and/or software, and the precise designs, processes, and algorithms used to perform the accused functionalities are held secret, at least in part, and are not publicly available in their entirety. As such, an analysis

1

- '885 Patent: claims 1-3, 5-10, 12-17, and 19-20 (Exhibit A)

## A. Direct Infringement Under 35 U.S.C § 271(a)

*'885 Patent*: As set forth in Exhibit A, each Cast-enabled media player infringes every asserted claim of the '885 Patent. Thus, Google has directly infringed and continues to directly infringe each asserted claim of the '885 Patent at least by offering to sell, selling, and/or importing into the United States, Cast-enabled media players.

Further, on information and belief, Google has directly infringed and continues to directly infringe each asserted claim of the '885 Patent by virtue of installing firmware updates onto Cast-enabled media players, which constitutes "mak[ing]" an infringing device under 35 U.S.C § 271(a).

Further yet, on information and belief, Google has directly infringed and continues to directly infringe each asserted claim of the '885 Patent by virtue of Cast-enabled media players installed with firmware, which constitutes "us[ing]" an infringing device under 35 U.S.C § 271(a).

## B. Induced Infringement Under 35 U.S.C § 271(b)

Pursuant to 35 U.S.C. § 271(b), Google also actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) others to make, use, offer to sell, sell, and/or import the Accused Products into the United States. As noted in Sonos's Amended Complaint, Google had actual knowledge of the Asserted Patents prior to the filing of the Amended Complaint.

*'885 Patent*: As set forth in Exhibit A, each Cast-enabled media player infringes every asserted claim of the '885 Patent. Despite knowing of the '885 Patent, Google has actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) others to directly infringe the asserted claims by actively encouraging others to make, use, offer to sell, sell, and/or import Cast-enabled media players into the United States in violation of 35 U.S.C. § 271(b).

For example, through Google's website, advertising and promotional material, user guides, the Google Home app (among other apps offered by Google), and/or the Google Play Store, Google has actively, knowingly, and intentionally encouraged and induced (and continues to actively, knowingly, and intentionally encourage and induce) others to install firmware updates onto Cast-enabled media players, and thereby "make[]" an infringing device, which constitutes direct infringement of the asserted claims of the '885 Patent under 35 U.S.C § 271(a).

As another example, through Google's website, advertising and promotional material, user guides, the Google Home app (among other apps offered by Google), and/or the Google Play Store, Google has actively, knowingly, and intentionally encouraged and induced (and continues to actively, knowingly, and intentionally encourage and induce) others to "use" Cast-enabled media players, which constitutes direct infringement of the asserted claims of the '885 Patent under 35 U.S.C § 271(a).

As yet another example, Google has actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) distributors and retailers to "offer[] to sell" and "sell[]" Cast-enabled media players, which constitutes direct infringement of the asserted claims of the '885 Patent under 35 U.S.C § 271(a).

Along with its actual knowledge of the '885 Patent, Google also knew (or should have known) that its actions would induce others to directly infringe the asserted claims of the '885 Patent. For instance, Google has supplied and continues to supply Cast-enabled media players (as well as firmware updates) to users while knowing that the use of Cast-enabled media players will infringe the asserted claims of the '885 Patent.

**B. Contributory Infringement Under 35 U.S.C § 271(c)**

Pursuant to 35 U.S.C § 271(c), Google has also contributorily infringed (and continues to contributorily infringe) the asserted claims of the Asserted Patents by supplying software components in the United Sates to be installed and/or used by users of the Accused Products – each of which is a material component of the Accused Products that has no substantial noninfringing use – with knowledge that the software components were especially made or

adapted for use in an Accused Product such that the installation and/or use of the software components would result in direct infringement.  As noted in Sonos's Amended Complaint, Google had actual knowledge of the '885 Patent prior to the filing of the Amended Complaint.

*'885 Patent*: Google has contributorily infringed (and continues to contributorily infringe) the asserted claims of the '885 Patent by virtue of the fact that, in addition to importing and selling Cast-enabled media players that come pre-installed with firmware, Google supplies firmware updates for Cast-enabled media players in the United States, and each time a user installs such a firmware update, the user "makes" an infringing device and thereby directly infringes the asserted claims of the '885 Patent under 35 U.S.C. § 271(a).  The software components included in the firmware updates are material components of Cast-enabled media players that are not staple articles or commodities of commerce suitable for substantial noninfringing use because the only possible use for these software components is to be installed and run on Cast-enabled media players.

Along with its actual knowledge of the '885 Patent, Google knew (or should have known) that the software components included in the firmware updates were especially made or adapted for installation on Cast-enabled media players, and that installation of these software components by others resulted in (and continues to result in) direct infringement of the '885 Patent under 35 U.S.C. § 271(a) because each such installation "makes" an updated player that meets every element of every asserted claims.

Moreover, as a result of Google's contributory conduct, others have directly infringed the asserted claims of the '885 Patent.  For example, users have installed the supplied firmware updates onto Cast-enabled media players in the United States, thereby "making" updated Cast-enabled media players, which constitutes direct infringement.  As another example, after installing the firmware updates onto Cast-enabled media players, users have used Cast-enabled media players, which also constitutes direct infringement of the asserted claims.