# EXHIBIT 7

1  CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
   croberts@orrick.com
2  BAS DE BLANK (STATE BAR NO. 191487)
   basdeblank@orrick.com
3  ALYSSA CARIDIS (STATE BAR NO. 260103)
   acaridis@orrick.com
4  EVAN D. BREWER (STATE BAR NO. 304411)
   ebrewer@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA 94105-2669
7  Telephone:    +1 415 773 5700
   Facsimile:     +1 415 773 5759
8
   GEORGE I. LEE (*pro hac vice in process*)
9  lee@ls3ip.com
   SEAN M. SULLIVAN (*pro hac vice in process*)
10 sullivan@ls3ip.com
   RORY P. SHEA (*pro hac vice in process*)
11 shea@ls3ip.com
   J. DAN SMITH (*pro hac vice in process*)
12 smith@ls3ip.com
   Cole B. Richter (*admitted pro hac*)
13 *richter@ls3ip.com*
   LEE SULLIVAN SHEA & SMITH LLP
14 656 W Randolph St., Floor 5W
   Chicago, IL 60661
15 Telephone:    +1 312 754 0002
   Facsimile:     +1 312 754 0003
16
17 *Attorneys for Defendant Sonos, Inc.*

18                    **UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

19

20  GOOGLE LLC,                              | Case No. 3:20-cv-6754

21              *Plaintiff*,                 | **SONOS, INC.'S DISCLOSURE OF
                                             | ASSERTED CLAIMS AND
22          v.                               | INFRINGEMENT CONTENTIONS**

23  SONOS, INC.,                             | Honorable William Alsup

24              *Defendant*.

25

26

27

28

Still further, on information and belief, Google operates servers in the United States that host at least the Google Home app for download onto smartphone, tablet, and computer devices, and these servers infringe certain asserted claims of the '966 Patent (e.g., claims 9-12 and 14-16). Thus, Google has also directly infringed and continues to directly infringe certain asserted claims of the '966 Patent at least by "mak[ing]" and/or "us[ing]" servers that host at least the Google Home app in violation of 35 U.S.C. § 271(a).

*'885 Patent*: Sonos contends that each Cast-enabled media player infringes every asserted claim of the '885 Patent. Thus, Google has directly infringed and continues to directly infringe each asserted claim of the '885 Patent at least by offering to sell, selling, and/or importing into the United States Cast-enabled media players.

Further, on information and belief, Google has directly infringed and continues to directly infringe claims 1-3, 5-10, 12-14 of the '885 Patent by virtue of installing software (e.g., firmware updates) onto Cast-enabled media players, which constitutes "mak[ing]" an infringing device under 35 U.S.C. § 271(a).

Further yet, on information and belief, Google has directly infringed and continues to directly infringe each asserted claim of the '885 Patent by virtue of using Cast-enabled media players, which constitutes "us[ing]" an infringing device under 35 U.S.C. § 271(a).

**ii.    Induced Infringement Under 35 U.S.C. § 271(b)**

Pursuant to 35 U.S.C. § 271(b), Google also actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) others to make, use, offer to sell, sell, and/or import the Accused Instrumentalities into the United States. As noted in Sonos's Amended Complaint, Google had actual knowledge of the Asserted Patents prior to the filing of the Complaint. *See also* Google LLC's Objections and Responses to Sonos's Inc.'s First Set of Interrogatories (Nos. 1-20) (dated September 7, 2021) at Google's response to Sonos's Interrogatory No. 1; Sonos, Inc.'s Objections and Responses to Google LLC's First Set of Interrogatories (Nos. 1-20) (dated September 7, 2021) at Sonos's response to Google's Interrogatory No. 14, both of which are herein incorporated by reference.

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

*'615 and '033 Patents*: Sonos contends that each Cast-enabled computing device, as well as each Cast-enabled display, infringes every asserted claim of the '615 and '033 Patents. Despite knowing of the '615 and '033 Patents, Google has actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) others to directly infringe the asserted claims in various ways, in violation of 35 U.S.C. § 271(b).

For example, through Google's website, advertising and promotional material, user guides, and/or the Google Play Store, Google has actively, knowingly, and intentionally encouraged and induced (and continues to actively, knowingly, and intentionally encourage and induce) others to install one or more of the accused Cast-enabled apps (including Google's own Cast-enabled apps and third-party Cast-enabled apps, such as Spotify) onto computing devices, and thereby "make[]" an infringing device, which constitutes direct infringement of claims 13-15, 18-21, 23-26, 28-29 of the '615 Patent and claims 1-2, 4, 7-13 of the '033 Patent under 35 U.S.C. § 271(a).

As another example, through Google's website, advertising and promotional material, user guides, and Cast-enabled apps, Google has actively, knowingly, and intentionally encouraged and induced (and continues to actively, knowingly, and intentionally encourage and induce) others to install Cast-enabled software (e.g., firmware updates and/or Cast-enabled apps) onto the Cast-enabled displays, and thereby "make[]" an infringing device, which constitutes direct infringement of claims 13-15, 18-21, 23-26, 28-29 of the '615 Patent and claims 1-2, 4, 7-13 of the '033 Patent under 35 U.S.C. § 271(a).

As yet another example, through Google's website, advertising and promotional material, user guides, and/or the Google Play Store, Google has actively, knowingly, and intentionally encouraged and induced (and continues to actively, knowingly, and intentionally encourage and induce) others to "use" Cast-enabled computing devices installed with one or more of the accused Cast-enabled apps (including Google's own Cast-enabled apps and third-party Cast-enabled apps, such as Spotify) and "use" Cast-enabled displays, which constitutes direct infringement of the asserted claims of the '615 and '033 Patents under 35 U.S.C. § 271(a).

As a further example, Google has actively, knowingly, and intentionally encouraged and induced (and continues to actively, knowingly, and intentionally encourage and induce) distributors and retailers to "offer[] to sell" and "sell[]" Cast-enabled computing devices installed with one or more of the accused Cast-enabled apps, as well as Cast-enabled displays, which constitutes direct infringement of the asserted claims of the '615 and '033 Patents under 35 U.S.C. § 271(a).

As still another example, by making, importing, offering to sell, and selling Cast-enabled media players programmed with software that facilitates the accused Cast functionality in the accused Cast-enabled apps and Cast-enabled software for transferring playback of streaming media content from a Cast-enabled computing device or Cast-enabled display to a Cast-enabled media player and then controlling the Cast-enabled media player's playback via the Cast-enabled computing device or Cast-enabled display, Google has actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) others to "mak[e]" and "use" Cast-enabled computing devices and Cast-enabled displays, which constitutes direct infringement of the asserted claims of the '615 and '033 Patents under 35 U.S.C. § 271(a).

As still a further example, for certain of the accused Cast-enabled apps (including Google's own Cast-enabled apps and third-party apps, such as Spotify), the backend software that facilitates the accused Cast functionality for transferring playback of streaming media content from a Cast-enabled computing device or Cast-enabled display to a Cast-enabled media player and then controlling the Cast-enabled media player's playback via the Cast-enabled computing device or Cast-enabled display is hosted by Google on Cloud-based infrastructure that is owned and/or operated by Google (sometimes referred to as Google Cloud Platform or "GCP" for short), and by virtue of hosting this backend software, Google has actively, knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally induce) others to "mak[e]" and "use" Cast-enabled computing devices and Cast-enabled displays, which constitutes direct infringement of the asserted claims of the '615 and '033 Patents under 35 U.S.C. § 271(a).

As another example, through its relationship and collaboration with third parties, such as Spotify, that develop and release third-party Cast-enabled apps having the accused Cast

1  functionality for transferring playback of streaming media content from a Cast-enabled

2  computing device or Cast-enabled display to a Cast-enabled media player and then controlling the

3  Cast-enabled media player's playback via the Cast-enabled computing device or Cast-enabled

4  display, Google has actively, knowingly, and intentionally induced (and continues to actively,

5  knowingly, and intentionally induce) such third parties to "make[]" and "use[]" Cast-enabled

6  computing devices and Cast-enabled displays, which constitutes direct infringement of the

7  asserted claims of the '615 and '033 Patents under 35 U.S.C. § 271(a).

8       Along with its actual knowledge of the '615 and '033 Patents, Google also knew (or

9  should have known) that its actions would induce others to directly infringe the asserted claims of

10  the '615 and '033 Patents. For example, Google has supplied and continues to supply from the

11  United States its own Cast-enabled apps to users in the United States and abroad and encourages

12  installation and use of such Cast-enabled apps in the United States and abroad while knowing that

13  the installation and use of Google's Cast-enabled apps will infringe the asserted claims of the

14  '615 '033 Patents. As another example, Google has supplied and continues to supply from the

15  United States its Cast technology for incorporation into third-party Cast-enabled apps (such as

16  Spotify) and encourages installation and use of such third-party Cast-enabled apps while knowing

17  that the installation and use of these third-party Cast-enabled apps will infringe the asserted

18  claims of the '615 and '033 Patents.  As yet another example, Google has supplied and continues

19  to supply Cast-enabled displays (and software for the Cast-enabled displays) to users and

20  encourages installation and use of Cast-enabled software on the Cast-enabled displays while

21  knowing that such installation and use will infringe the asserted claims of the '615 and '033

22  Patents. As still another example, for certain of the accused Cast-enabled apps (including

23  Google's own Cast-enabled apps and third-party apps, such as Spotify), Google has hosted and

24  continues to host backend software that facilitates the accused Cast functionality on Cloud-based

25  infrastructure that is owned and/or operated by Google while knowing that installation and use of

26  such Cast-enabled apps will infringe the asserted claims of the '615 and '033 Patents.

27       *'966 Patent*: Sonos contends that each computing device installed with at least the Google

28  Home app infringes every asserted claim of the '966 Patent. Despite knowing of the '966 Patent,

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

1  Google has actively, knowingly, and intentionally induced (and continues to actively, knowingly,

2  and intentionally induce) others to directly infringe the asserted claims by actively encouraging

3  others to make, use, offer to sell, sell, and/or import the aforementioned devices into the United

4  States in violation of 35 U.S.C. § 271(b).

5        For example, through Google's website, advertising and promotional material, user

6  guides, and/or the Google Play Store, and via audible or visual instructions emitted from or

7  displayed on the Cast-enabled media players, Cast-enabled computing devices, and/or Cast-

8  enabled displays, Google has actively, knowingly, and intentionally encouraged and induced (and

9  continues to actively, knowingly, and intentionally encourage and induce) others to install the

10  Google Home app onto computing devices, and thereby "make[]" an infringing device, which

11  constitutes direct infringement of claims 1-4, 6-12, 14-16 of the '966 Patent under 35 U.S.C. §

12  271(a).

13        As another example, through Google's website, advertising and promotional material, user

14  guides, and/or the Google Play Store, and via audible or visual instructions emitted from or

15  displayed on the Cast-enabled media players, Cast-enabled computing devices, and/or Cast-

16  enabled displays, Google has actively, knowingly, and intentionally encouraged and induced (and

17  continues to actively, knowingly, and intentionally encourage and induce) others to "use"

18  computing devices installed with the Google Home app, which constitutes direct infringement of

19  the asserted claims of the '966 Patent under 35 U.S.C. § 271(a).

20        As yet another example, Google has actively, knowingly, and intentionally encouraged

21  and (and continues to actively, knowingly, and intentionally encourage and induce) distributors

22  and retailers to "offer[] to sell" and "sell[]" computing devices installed with at least the Google

23  Home app, which constitutes direct infringement of the asserted claims of the '966 Patent under

24  35 U.S.C. § 271(a).

25        As still another example, by making, importing, offering to sell, and selling Cast-enabled

26  media players that require users to install the Google Home app in order to set up and configure

27  the Cast-enabled media players and Cast-enabled displays, Google has actively, knowingly, and

28  intentionally induced (and continues to actively, knowingly, and intentionally induce) others to

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

1  "mak[e]" and "use" computing devices installed with the Google Home app, which constitutes

2  direct infringement of the asserted claims of the '966 Patent under 35 U.S.C. § 271(a).

3      Along with its actual knowledge of the '966 Patent, Google also knew (or should have

4  known) that its actions would induce others to directly infringe the asserted claims of the '966

5  Patent. For example, Google has supplied and continues to supply from the United States the

6  Google Home app to users in the United States and abroad while knowing that the download and

7  installation of this app will infringe the asserted claims of the '966 Patent.

8      *'885 Patent*: Sonos contends that each Cast-enabled media player infringes every asserted

9  claim of the '885 Patent.  Despite knowing of the '885 Patent, Google has actively, knowingly,

10  and intentionally induced (and continues to actively, knowingly, and intentionally induce) others

11  to directly infringe the asserted claims by actively encouraging others to make, use, offer to sell,

12  sell, and/or import Cast-enabled media players into the United States in violation of 35 U.S.C. §

13  271(b).

14      For example, through Google's website, advertising and promotional material, user

15  guides, the Google Home app (among other apps offered by Google), and/or the Google Play

16  Store, Google has actively, knowingly, and intentionally encouraged and induced (and continues

17  to actively, knowingly, and intentionally encourage and induce) others to install firmware updates

18  onto Cast-enabled media players, and thereby "make[]" an infringing device, which constitutes

19  direct infringement of claims 1-3, 5-10, 12-14 of the '885 Patent under 35 U.S.C. § 271(a).

20      As another example, through Google's website, advertising and promotional material, user

21  guides, the Google Home app (among other apps offered by Google), and/or the Google Play

22  Store, Google has actively, knowingly, and intentionally encouraged and induced (and continues

23  to actively, knowingly, and intentionally encourage and induce) others to "use" Cast-enabled

24  media players, which constitutes direct infringement of the asserted claims of the '885 Patent

25  under 35 U.S.C. § 271(a).

26      As yet another example, Google has actively, knowingly, and intentionally induced (and

27  continues to actively, knowingly, and intentionally induce) distributors and retailers to "offer[] to

28

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

1  sell" and "sell[]" Cast-enabled media players, which constitutes direct infringement of the

2  asserted claims of the '885 Patent under 35 U.S.C. § 271(a).

3          Along with its actual knowledge of the '885 Patent, Google also knew (or should have

4  known) that its actions would induce others to directly infringe the asserted claims of the '885

5  Patent.  For instance, Google has supplied and continues to supply Cast-enabled media players (as

6  well as firmware updates) to users while knowing that the use of Cast-enabled media players will

7  infringe the asserted claims of the '885 Patent.

8                    **iii.      Contributory Infringement Under 35 U.S.C. § 271(c)**

9          Pursuant to 35 U.S.C. § 271(c), Google has also contributorily infringed (and continues to

10  contributorily infringe) the asserted claims of the Asserted Patents by supplying software

11  components in the United Sates to be installed and/or used by users of the Accused

12  Instrumentalities – each of which is a material component of the Accused Instrumentalities that

13  has no substantial noninfringing use – with knowledge that the software components were

14  especially made or adapted for use in an Accused Instrumentality such that the installation and/or

15  use of the software components would result in direct infringement.  As noted in Sonos's

16  Amended Complaint, Google had actual knowledge of the Asserted Patents prior to the filing of

17  the Complaint.  *See also* Google LLC's Objections and Responses to Sonos's Inc.'s First Set of

18  Interrogatories (Nos. 1-20) (dated September 7, 2021) at Google's response to Sonos's

19  Interrogatory No. 1; Sonos, Inc.'s Objections and Responses to Google LLC's First Set of

20  Interrogatories (Nos. 1-20) (dated September 7, 2021) at Sonos's response to Google's

21  Interrogatory No. 14, both of which are herein incorporated by reference.

22          *'615 and '033 Patents*: Google has contributorily infringed (and continues to

23  contributorily infringe) the asserted claims of the '615 and '033 Patents by virtue of the fact that

24  (i) in addition to importing and selling certain Cast-enabled computing devices that come pre-

25  installed with one or more of the accused Cast-enabled apps, Google supplies software

26  components for performing the accused Cast functionality as part of Google's own Cast-enabled

27  apps for installation onto Cast-enabled computing devices in the United States and also as part of

28  Google's own Cast-enabled software (e.g., firmware and/or Cast-enabled apps) for installation

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

1    onto Cast-enabled displays in the United States, and each time a user installs these software

2    components, the user "makes" an infringing device and thereby directly infringes the asserted

3    claims of the '615 and '033 Patents under 35 U.S.C. § 271(a), and (ii) on information and belief,

4    Google additionally supplies software components for performing the accused Cast functionality

5    to third parties (such as Spotify) that incorporate such software code into third-party Cast-enabled

6    apps for installation onto Cast-enabled computing devices and/or Cast-enabled displays in the

7    United States, and each time a user installs these software components, the user "makes" an

8    infringing device.

9         The software components for performing the accused Cast functionality are material

10    components of infringing devices that are not staple articles or commodities of commerce suitable

11    for substantial noninfringing use because the only possible use for these software components is

12    to be installed and run on infringing Cast-enabled computing devices and Cast-enabled displays.

13        Along with its actual knowledge of the '615 and '033 Patents, Google knew (or should

14    have known) that the software components for performing the accused Cast functionality were

15    especially made or adapted for installation on infringing devices, and that installation of these

16    software components by others resulted in (and continues to result in) direct infringement of the

17    '615 '033 Patents under 35 U.S.C. § 271(a) because each such installation "makes" a device

18    that meets every element of claims 13-15, 18-21, 23-26, 28-29 of the '615 Patent and claims 1-2,

19    4, 7-13 of the '033 Patent .

20        Moreover, as a result of Google's contributory conduct, others have directly infringed the

21    asserted claims of the '615 and '033 Patents. For example, users have installed the supplied

22    software components for performing the accused Cast functionality (which are included in

23    Google's own Cast-enabled apps, as well as third-party apps, such as Spotify) onto Cast-enabled

24    computing devices in the United States, thereby "making" infringing devices.  As another

25    example, users have installed the supplied software components for performing the accused Cast

26    functionality (which are included in firmware, as well as Cast-enabled apps) onto Cast-enabled

27    displays in the United States, thereby "making" updated Cast-enabled displays that are infringing

28    devices.  As yet another example, after installing the supplied software components for

1   performing the accused Cast functionality onto Cast-enabled computing devices and Cast-enabled

2   displays, users have used these infringing devices, which also constitutes direct infringement.

3       *'966 Patent*: Google has contributorily infringed (and continues to contributorily infringe)

4   the asserted claims of the '966 Patent by virtue of the fact that it supplies software components

5   for performing the accused functionality as part of the Google Home app in the United States, and

6   each time a user installs the Google Home app onto a computing device, the user "makes" an

7   infringing device and thereby directly infringes the asserted claims of the '966 Patent under 35

8   U.S.C. § 271(a). The software components included in the Google Home app are material

9   components of infringing devices that are not staple articles or commodities of commerce suitable

10  for substantial noninfringing use because the only possible use for these software components is

11  to be installed and run on infringing computing devices.

12      Along with its actual knowledge of the '966 Patent, Google knew (or should have known)

13  that the software components included in the Google Home app were especially made or adapted

14  for installation on infringing devices, and that installation of these software components by others

15  resulted in (and continues to result in) direct infringement of the '966 Patent under 35 U.S.C. §

16  271(a) because each such installation "makes" a device that meets every element of claims 1-4, 6-

17  12, 14-16 of the '966 Patent .

18      Moreover, as a result of Google's contributory conduct, others have directly infringed the

19  asserted claims of the '966 Patent. For example, users have installed the supplied software

20  components included as part of the Google Home app onto computing devices in the United

21  States, thereby "making" infringing computing devices. As another example, after installing the

22  software components included as part of the Google Home app onto computing devices, users

23  have used these infringing devices, which also constitutes direct infringement of the asserted

24  claims.

25      *'885 Patent*: Google has contributorily infringed (and continues to contributorily infringe)

26  the asserted claims of the '885 Patent by virtue of the fact that, in addition to importing and

27  selling Cast-enabled media players that come pre-installed with firmware, Google supplies

28  software components for performing the accused functionality as part of firmware updates for

14

1    Cast-enabled media players in the United States, and each time a user installs such a firmware

2    update, the user "makes" an infringing device and thereby directly infringes claims 1-3, 5-10, 12-

3    14 of the '885 Patent under 35 U.S.C. § 271(a). The software components included in the

4    firmware updates are material components of Cast-enabled media players that are not staple

5    articles or commodities of commerce suitable for substantial noninfringing use because the only

6    possible use for these software components is to be installed and run on Cast-enabled media

7    players.

8        Along with its actual knowledge of the '885 Patent, Google knew (or should have known)

9    that the software components included in the firmware updates were especially made or adapted

10   for installation on Cast-enabled media players, and that installation of these software components

11   by others resulted in (and continues to result in) direct infringement of the '885 Patent under 35

12   U.S.C. § 271(a) because each such installation "makes" an updated player that meets every

13   element claims 1-3, 5-10, 12-14 of the '885 Patent.

14       Moreover, as a result of Google's contributory conduct, others have directly infringed the

15   asserted claims of the '885 Patent. For example, users have installed the supplied software

16   components included as part of the firmware updates onto Cast-enabled media players in the

17   United States, thereby "making" updated Cast-enabled media players, which constitutes direct

18   infringement. As another example, after installing the software components included as part of

19   the firmware updates onto Cast-enabled media players, users have used Cast-enabled media

20   players, which also constitutes direct infringement of the asserted claims.

21                **iv.    Infringement Under 35 U.S.C. § 271(f)(1)**

22       Pursuant to 35 U.S.C. § 271(f)(1), Google has also infringed by supplying in or from the

23   United States software and/or firmware components, which constitute substantial portions of the

24   components of Sonos's patented inventions, and actively, knowingly, and intentionally induced

25   (and continues to actively, knowingly, and intentionally induce) others outside of the United

26   States to combine these software and/or firmware components in a manner that, if such

27   combination would have occurred in the United States (as it does pursuant to the theories set forth

28   in § I.B.iii), infringes the asserted claims of the Asserted Patents. And these combinations by

15

1    those outside of the United States do in fact occur.  Accordingly, by supplying such software

2    and/or firmware components from the United States, Google is liable for infringement under 35

3    U.S.C. § 271(f)(1).

4        *'615 and '033 Patents*: Sonos contends that each Cast-enabled computing device, as well

5    as each Cast-enabled display, infringes every asserted claim of the '615 and '033 Patents. Despite

6    knowing of the '615 and '033 Patents, Google supplies software components for performing the

7    accused Cast functionality as part of Google's own Cast-enabled apps for installation onto Cast-

8    enabled computing devices and also as part of Google's own Cast-enabled software (e.g.,

9    firmware and/or Cast-enabled apps) for installation onto Cast-enabled displays.  These software

10   and/or firmware components are at least substantial portions of the components of the patented

11   inventions of the '615 and '033 Patents.  Google supplies these software and/or firmware

12   components from the United States to various entities outside the United States.  Google then

13   induces those entities to combine the supplied components in a manner that would, if combined

14   within the United States, constitute infringement.  Google has actively, knowingly, and

15   intentionally induced (and continues to actively, knowingly, and intentionally induce) these

16   entities to make such combinations outside the United States in various ways, in violation of 35

17   U.S.C. § 271(f)(1).

18       For example, through Google's website, advertising and promotional material, user

19   guides, and/or the Google Play Store, Google has actively, knowingly, and intentionally

20   encouraged and induced (and continues to actively, knowingly, and intentionally encourage and

21   induce) others outside the United States to install one or more of the accused Cast-enabled apps

22   (including Google's own Cast-enabled apps and third-party Cast-enabled apps, such as Spotify)

23   onto computing devices outside of the United States.  If this combination were done within the

24   United States, that act would constitute "mak[ing]" an infringing device, which constitutes direct

25   infringement of claims 13-15, 18-21, 23-26, 28-29 of the '615 Patent and claims 1-2, 4, 7-13 of

26   the '033 Patent under 35 U.S.C. § 271(a).

27       As another example, through Google's website, advertising and promotional material, user

28   guides, and Cast-enabled apps, Google has actively, knowingly, and intentionally encouraged and

1    induced (and continues to actively, knowingly, and intentionally encourage and induce) others

2    outside the United States to install Cast-enabled software (e.g., firmware updates and/or Cast-

3    enabled apps) onto the Cast-enabled displays outside of the United States.  If this combination

4    were done within the United States, that act would constitute "mak[ing]" an infringing device,

5    which constitutes direct infringement of claims 13-15, 18-21, 23-26, 28-29 of the '615 Patent and

6    claims 1-2, 4, 7-13 of the '033 Patent under 35 U.S.C. § 271(a).

7            As another example, through Google's relationship with third-party manufacturers, third-

8    party distributers, or via an otherwise affiliated entity that acts in a manufacturer or distributor

9    role, Google actively, knowingly, and intentionally encourages and induces or instructs such

10   parties to install one or more of the accused Cast-enabled apps (including Google's own Cast-

11   enabled apps and third-party Cast-enabled apps, such as Spotify) onto computing devices outside

12   of the United States.  If this combination were done within the United States, that act would

13   constitute "mak[ing]" an infringing device, which constitutes direct infringement of claims 13-15,

14   18-21, 23-26, 28-29 of the '615 Patent and claims 1-2, 4, 7-13 of the '033 Patent under 35 U.S.C.

15   § 271(a).

16           As another example, through Google's relationship with third-party manufacturers, third-

17   party distributers, or via an otherwise affiliated entity that acts in a manufacturer or distributor

18   role, Google actively, knowingly, and intentionally encourages and induces or instructs such

19   parties to install Cast-enabled software (e.g., firmware updates and/or Cast-enabled apps) onto the

20   Cast-enabled displays outside of the United States.  If this combination were done within the

21   United States, that act would constitute "mak[ing]" an infringing device, which constitutes direct

22   infringement of claims 13-15, 18-21, 23-26, 28-29 of the '615 Patent and claims 1-2, 4, 7-13 of

23   the '033 Patent under 35 U.S.C. § 271(a).

24           As still another example, through Google's relationship with entities (including affiliated

25   entities) that operate servers outside of the United States that host Cast-enabled apps for

26   download onto Cast-enabled computing devices and/or Cast-enabled software (e.g., firmware

27   and/or Cast-enabled apps) for download onto Cast-enabled displays, Google actively, knowingly,

28   and intentionally encourages and induces or instructs these entities to load, store, or otherwise

1  provide the Cast-enabled apps and/or Cast-enabled software onto these servers. If this

2  combination were done within the United States, that act would constitute direct infringement of

3  certain asserted claims of the '615 and '033 Patents (e.g., claims 13-15, 18-21, and 23-24 of the

4  '615 Patent and claims 12-13 of the '033 Patent) by "mak[ing]" and/or "us[ing]" servers that host

5  such software in violation of 35 U.S.C. § 271(a).

6       As still another example, through its relationship and collaboration with third parties

7  outside the United States, such as Spotify, that develop and release third-party Cast-enabled apps

8  having the accused Cast functionality for transferring playback of streaming media content from a

9  Cast-enabled computing device or Cast-enabled display to a Cast-enabled media player and then

10 controlling the Cast-enabled media player's playback via the Cast-enabled computing device or

11 Cast-enabled display, Google has provided software components to these third parties and then

12 actively, knowingly, and intentionally induced (and continues to actively, knowingly, and

13 intentionally induce) such third parties to incorporate these software components into apps and

14 products in a manner that if done within the United States, would constitute direct infringement of

15 certain asserted claims of the '615 and '033 Patents (e.g., claims 13-15, 18-21, 23-26, 28-29 of

16 the '615 Patent and claims 1-2, 4, 7-13 of the '033 Patent) by "mak[ing]" or "us[ing]" an

17 infringing device under 35 U.S.C. § 271(a).

18       *'966 Patent*: Sonos contends that each computing device installed with at least the Google

19 Home app infringes every asserted claim of the '966 Patent. Despite knowing of the '966 Patent,

20 Google supplies the Google Home app from the United States to various entities outside the

21 United States. Google then induces those entities to combine the Google Home app in a manner

22 that would, if combined within the United States, constitute infringement. Google has actively,

23 knowingly, and intentionally induced (and continues to actively, knowingly, and intentionally

24 induce) these entities to make such combinations outside the United States in various ways, in

25 violation of 35 U.S.C. § 271(b).

26       For example, through Google's website, advertising and promotional material, user

27 guides, and/or the Google Play Store, and via audible or visual instructions emitted from or

28 displayed on the Cast-enabled media players and Cast-enabled displays, Google has actively,

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

1  knowingly, and intentionally encouraged and induced (and continues to actively, knowingly, and

2  intentionally encourage and induce) others outside the United States to install the Google Home

3  app onto computing devices outside the United States.  If this combination were done within the

4  United States, that act would constitute "mak[ing]" an infringing device, which constitutes direct

5  infringement of claims 1-4, 6-12, 14-16 of the '966 Patent under 35 U.S.C. § 271(a).

6      As another example, through Google's relationship with entities (including affiliated

7  entities) that operate servers outside of the United States that host the Google Home app for

8  download onto smartphone, tablet, and computer devices, Google actively, knowingly, and

9  intentionally encourages and induces or instructs these entities to load, store, or otherwise provide

10  the Google Home app onto these servers.  If this combination were done within the United States,

11  that act would constitute direct infringement of certain asserted claims of the '966 Patent (e.g.,

12  claims 9-12 and 14-16) by "mak[ing]" and/or "us[ing]" servers that host such software in

13  violation of 35 U.S.C. § 271(a).

14      *'885 Patent*: Sonos contends that each Cast-enabled media player infringes every asserted

15  claim of the '885 Patent.  Despite knowing of the '885 Patent, Google supplies from the United

16  States software components for performing the accused functionality as part of firmware updates

17  for Cast-enabled media players.  Google then through Google's website, advertising and

18  promotional material, user guides, the Google Home app (among other apps offered by Google),

19  and/or the Google Play Store, Google has actively, knowingly, and intentionally encouraged and

20  induced (and continues to actively, knowingly, and intentionally encourage and induce) others

21  outside the United States to install firmware updates onto Cast-enabled media players outside the

22  United States.  If this combination were done within the United States, that act would constitute

23  "mak[ing]" or "us[ing]" an infringing device, which constitutes direct infringement of the

24  asserted claims of the '885 Patent under 35 U.S.C. § 271(a).

25      As another example, through Google's relationship with third-party manufacturers, third-

26  party distributers, or via an otherwise affiliated entity that acts in a manufacturer or distributor

27  role, Google actively, knowingly, and intentionally encourages and induces or instructs such

28  parties to, outside of the United States, install or load firmware onto Cast-enabled media players.

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

1    If this combination were done within the United States, that act would constitute "mak[ing]" an

2    infringing device, which constitutes direct infringement of claims 1-3, 5-10, 12-14 of the '885

3    Patent under 35 U.S.C. § 271(a).

4          **v.**      **Infringement Under 35 U.S.C. § 271(f)(2)**

5          Pursuant to 35 U.S.C. § 271(f)(2), Google has also infringed by supplying software

6    components in or from the United Sates to be combined, installed, loaded, and/or used by others

7    outside of the United States, where these software components are components of the patented

8    inventions that have no substantial noninfringing use and are not staple articles or commodities of

9    commerce – with knowledge that these software components were especially made or adapted for

10   use and an intent that these software components would be combined, installed, loaded, and/or

11   used outside the United States such that, if such combination, installation, load, and/or use

12   occurred within the United States (as it does pursuant to the theories set forth in § I.B.iii), it

13   would infringe the asserted claims of the Asserted Patents.  And these combinations by those

14   outside of the United States do in fact occur.  Accordingly, by supplying such software

15   components in or from the United States, Google is liable for infringement under 35 U.S.C. §

16   271(f)(2).

17         *'615 and '033 Patents*: Sonos contends that each Cast-enabled computing device, as well

18   as each Cast-enabled display, infringes every asserted claim of the '615 and '033 Patents.

19   Despite knowing of the '615 and '033 Patents, Google supplies software components for

20   performing the accused Cast functionality as part of Google's own Cast-enabled apps for

21   installation onto Cast-enabled computing devices outside the United States and also as part of

22   Google's own Cast-enabled software (e.g., firmware and/or Cast-enabled apps) for installation

23   onto Cast-enabled displays outside the United States.  Google intends that others outside the

24   United States, including users, install these software components onto computing devices and

25   Cast-enabled displays and knows that such installation does in fact occur and that such

26   installation, if occurring in the United States, would constitute "mak[ing]" an infringing device

27   thereby directly infringing claims 13-15, 18-21, 23-26, 28-29 of the '615 Patent and claims 1-2, 4,

28   7-13 of the '033 Patent under 35 U.S.C. § 271(a).

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

1      Despite knowing of the '615 and '033 Patents, Google additionally supplies software

2  components for performing the accused Cast functionality to third parties (such as Spotify) that

3  incorporate such software code into third-party Cast-enabled apps for installation onto Cast-

4  enabled computing devices and/or Cast-enabled displays outside of the United States.  Google

5  intends that these third parties (such as Spotify) incorporate such software code into third-party

6  Cast-enabled apps for installation onto Cast-enabled computing devices and/or Cast-enabled

7  displays outside of the United States and knows that such incorporation does in fact occur and

8  that such incorporation, if occurring in the United States, would constitute "mak[ing]" an

9  infringing device thereby directly infringing claims 13-15, 18-21, 23-26, 28-29 of the '615 Patent

10  and claims 1-2, 4, 7-13 of the '033 Patent under 35 U.S.C. § 271(a).

11      As another example, Google supplies software components for performing the accused

12  Cast functionality to third-party manufacturers, third-party distributers, or to an otherwise

13  affiliated entity that acts in a manufacturer or distributor role, who then, outside of the United

14  States installs these software components onto computing devices outside of the United States.

15  Google intends that these parties install these software components onto computing devices

16  outside of the United States.  If this combination were done within the United States, that act

17  would constitute "mak[ing]" an infringing device, which constitutes direct infringement of claims

18  13-15, 18-21, 23-26, 28-29 of the '615 Patent and claims 1-2, 4, 7-13 of the '033 Patent under 35

19  U.S.C. § 271(a).

20      As another example, Google supplies software components for performing the accused

21  Cast functionality to entities (including affiliated entities) that operate servers outside of the

22  United States that host Cast-enabled apps for download onto Cast-enabled computing devices

23  and/or Cast-enabled software (e.g., firmware and/or Cast-enabled apps) for download onto Cast-

24  enabled displays.  Google intends that these entities load, store, or otherwise provide the Cast-

25  enabled apps and/or Cast-enabled software onto these servers.  If this combination were done

26  within the United States, that act would constitute direct infringement of certain asserted claims

27  of the '615 and '033 Patents (e.g., claims 13-15, 18-21, and 23-24 of the '615 Patent and claims

28

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

12-13 of the '033 Patent) by "mak[ing]" and/or "us[ing]" servers that host such software in violation of 35 U.S.C. § 271(a).

Google knows the foregoing software components for performing the accused Cast functionality are material components of infringing devices and the patented inventions that are not staple articles or commodities of commerce suitable for substantial noninfringing use because the only possible use for these software components is to be loaded, installed, and/or run on infringing Cast-enabled computing devices and Cast-enabled displays.

*'966 Patent*: Sonos contends that each computing device installed with at least the Google Home app infringes every asserted claim of the '966 Patent.  Despite knowing of the'966 Patent, Google supplies software components for performing the accused functionality as part of the Google Home app in or from the United States to various entities outside the United States. Google knows and intends for those entities to combine the software components in a manner that would, if combined within the United States, constitute infringement because each combination or installation of the Google Home app onto a computing device would constitute "mak[ing]" an infringing device and thus directly infringe claims 1-4, 6-12, 14-16 of the '966 Patent under 35 U.S.C. § 271(a).

Google knows that the software components included in the Google Home app are material components of infringing devices that are not staple articles or commodities of commerce suitable for substantial noninfringing use because the only possible use for these software components is to be installed and run on infringing computing devices.

Along with its actual knowledge of the '966 Patent, Google knew (or should have known) that the software components included in the Google Home app were especially made or adapted for installation on infringing devices, and that installation of these software components by others outside of the United States would, if done within the United States, constitute (and continues to result in) direct infringement of the '966 Patent under 35 U.S.C. § 271(a) because each such installation "makes" a device that meets every element of every asserted claims.

Moreover, as a result of Google providing software components of the Google Home app, others have outside of the United States combined the Google Home app in a manner that, if done

1    within the United States, would constitute direct infringement of the asserted claims of the '966

2    Patent.  For example, others outside the United States have installed the Google Home app onto

3    computing devices outside the United States.  If this combination were done within the United

4    States, that act would constitute "mak[ing]" an infringing device, which constitutes direct

5    infringement of claims 1-4, 6-12, 14-16 of the '966 Patent under 35 U.S.C. § 271(a).

6         As another example, Google supplies software components of the Google Home app to

7    entities (including affiliated entities) that operate servers outside of the United States that host the

8    Google Home app for download onto smartphone, tablet, and computer devices.  Google intends

9    that these entities load, store, or otherwise provide the Google Home app onto these servers.  If

10   this combination were done within the United States, that act would constitute direct infringement

11   of certain asserted claims of the '966 Patent (e.g., claims 9-12 and 14-16) by "mak[ing]" and/or

12   "us[ing]" servers that host such software in violation of 35 U.S.C. § 271(a).

13        _'885 Patent_: Sonos contends that each Cast-enabled media player infringes every asserted

14   claim of the '885 Patent.  Despite knowing of the '885 Patent, Google supplies in or from the

15   United States software components for performing the accused functionality as part of firmware

16   updates for Cast-enabled media players, and users install such a firmware update outside of the

17   United States in a manner that, if done within the United States, would constitute "mak[ing]" an

18   infringing device and thereby directly infringe claims 1-3, 5-10, 12-14 of the '885 Patent under 35

19   U.S.C. § 271(a).  The software components included in the firmware updates are material

20   components of the patented invention that are not staple articles or commodities of commerce

21   suitable for substantial noninfringing use because the only possible use for these software

22   components is to be installed and run on Cast-enabled media players, which constitute infringing

23   devices.

24        Along with its actual knowledge of the '885 Patent, Google knew (or should have known)

25   that the software components included in the firmware updates were especially made or adapted

26   for installation on Cast-enabled media players, and that installation of these software components

27   by others outside the United States would, if done within the United States, have resulted in (and

28   continues to result in) direct infringement of the '885 Patent under 35 U.S.C. § 271(a) because

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754

each such installation "makes" an updated player that meets every element of every asserted claims.

Moreover, as a result of Google providing such firmware updates others have outside of the United States combined the firmware updates in a manner that, if done within the United States, would constitute direct infringement of claims 1-3, 5-10, 12-14 of the '885 Patent . For example, users have, outside of the United States, installed the supplied software components included as part of the firmware updates onto Cast-enabled media players outside the United States, which if done within the United States would constitute "making" updated Cast-enabled media players, which constitutes direct infringement.

As another example, Google provides firmware to manufacturers, third-party distributers, or an otherwise affiliated entity that acts in a manufacturer or distributor role, who then, outside of the United States installs or loads such firmware onto Cast-enabled media players.  If this combination were done within the United States, that act would constitute "mak[ing]" an infringing device, which constitutes direct infringement of claims 1-3, 5-10, 12-14 of the '885 Patent under 35 U.S.C. § 271(a).

**C.    Infringement Claim Charts Pursuant to Patent L.R. 3-1(c)**

Based on the information currently in its possession, Sonos provides the following exhibits attached hereto, which specify where each limitation of each asserted claim is found within each Accused Instrumentality (whether literally or under the Doctrine of Equivalents):

*Exhibit A*: Infringement of '615 Patent

*Exhibit B*: Infringement of '033 Patent

*Exhibit C*: Infringement of '966 Patent

*Exhibit D*: Infringement of '885 Patent

Sonos has not yet been provided with full discovery of Google's products, including non-public documentation sufficiently describing the Accused Instrumentalities, sufficient written discovery responses from Google, and testimony from Google's witnesses.  Thus, Sonos expressly reserves its right to amend and/or supplement these assertions or to asserted additional

SONOS, INC.'S P.L.R. 3-1 & 3-2 DISCLOSURES
20-CV-6754