QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>             Plaintiff,<br><br>     vs.<br><br>GOOGLE LLC,<br><br>             Defendant. | Case No. 3:21-cv-07559-WHA<br>Related to Case No. 3:20-cv-06754-WHA<br><br>**GOOGLE LLC'S MOTION TO STAY ISSUES RELATING TO SONOS, INC.'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT PENDING INTERLOCUTORY APPEAL**<br><br>Date:     May 26, 2022<br>Time:    8:00 a.m.<br>Location: Courtroom 12, 19th Floor<br>Judge:    Hon. William Alsup<br><br>Second Amended Complaint Filed: February 23, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 26, 2022 or as soon thereafter as this matter can be heard before the Honorable Judge William Alsup in Courtroom 12, Ninth Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Google LLC ("Google") will and hereby does move to stay all issues relating to Sonos, Inc.'s ("Sonos") Motion for Leave to File a Third Amended Complaint (Dkt. 159, "Motion to Amend") until the United States Court of Appeals for the Federal Circuit ("Federal Circuit") rules on Sonos's and Google's petitions for permission to appeal pursuant to 28 U.S.C. § 1292(b). Google's Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the proposed order submitted herewith, all exhibits and other papers on file in this action, such other evidence and argument as may be presented at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

DATED: April 13, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Melissa Baily
Lindsay Cooper

*Attorneys for GOOGLE, LLC*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF THE ISSUES TO BE DECIDED ............................................................1

III. STATEMENT OF RELEVANT FACTS ...............................................................................1

IV. LEGAL STANDARD .............................................................................................................4

V. ARGUMENT ..........................................................................................................................5

 A. Litigating The Issues In Sonos's Motion To Amend Could Result In Duplicative Litigation. ..........................................................................................5

 B. A Tailored Stay Would Advance This Litigation Rather Than Delay It. ..................7

VI. CONCLUSION .......................................................................................................................8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*ASUSTek Computer Inc. v. Ricoh Co.*,
   No. C0701942 MHP, 2007 WL 4190689 (N.D. Cal. Nov. 21, 2007) ......................................... 4

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
   254 F.3d 882 (9th Cir. 2001) ...................................................................................................... 5

*Clinton v. Jones,*
   520 U.S. 681, 706-07 (1997) ...................................................................................................... 4

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ...................................................................................................... 4

*Ctr. for Food Safety v. Vilsack*,
   No. C-10-04038-JSW, 2011 WL 672802 (N.D. Cal. Feb. 18, 2011) ......................................... 5

*Dayton Indep. Sch. Dist. v. U.S. Min. Prod. Co.*,
   906 F.2d 1059 (5th Cir. 1990) .................................................................................................... 6

*Google LLC, v. Sonos, Inc.*,
   Case No. 3:20-cv-06754-WHA (N.D. Cal. Sept. 28, 2020) ........................................................ 1

*Griggs v. Provident Consumer Discount Co.*,
   459 U.S. 56 (1982) ...................................................................................................................... 6

*Gustavson v. Mars, Inc.*,
   No. 13-CV-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ................................... 7

*Hart v. Charter Commc'ns, Inc.*,
   No. SACV170556DOCRAOX, 2019 WL 7940684 (C.D. Cal. Aug. 1, 2019) ........................... 4

*Hawai'i v. Trump*,
   233 F. Supp. 3d 850 (D. Haw. 2017) ..................................................................................... 6, 7

*Kuang v. United States Dep't of Def.*,
   No. 18-CV-03698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) ..................................... 4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ....................................................................................................... 4, 5, 7, 8

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) .................................................................................................... 4

*Mauia v. Petrochem Insulation, Inc.*,
   No. 18-CV-01815-TSH, 2020 WL 1031911 (N.D. Cal. Mar. 3, 2020) ................................. 4, 6

*Peck v. Cty. of Orange*,
   528 F. Supp. 3d 1100 (C.D. Cal. 2021) ...................................................................................... 4

*Perfect 10, Inc. v. Google, Inc.*,
   No. CV 04-9484 AHM(SHX), 2008 WL 4217837 (C.D. Cal. July 16, 2008) .......................... 6

*Sonos, Inc. v. Google LLC*,
   No. 2022-134 (Fed. Cir. Mar. 28, 2022) .................................................................................... 3

*Sonos, Inc. v. Google LLC*,
   No. 2022-144 (Fed. Cir. Apr. 7, 2022) ....................................................................................... 3

**Statutory Authorities**

35 U.S.C. § 271(f) ............................................................................................................................ 4

-ii-                                                            Case No. 3:21-cv-07559-WHA
                                                                                     MOTION TO STAY

## I. INTRODUCTION

Google respectfully requests a stay of all issues relating to Sonos's Motion to Amend until the Federal Circuit rules on Google's and Sonos's petitions for permission to appeal pursuant to § 1292(b).[1] A tailored stay will promote judicial economy by allowing this litigation to benefit from the Federal Circuit's guidance and avoid duplicative motion practice. It would also have little impact on the progress of this litigation since it would not affect the upcoming patent showdown.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

Whether all issues relating to Sonos's Motion to Amend should be stayed until the Federal Circuit rules on Sonos's and Google's petitions for permission to appeal pursuant to § 1292(b).

## III. STATEMENT OF RELEVANT FACTS

On September 28, 2020, Sonos sent Google a draft complaint alleging infringement of five patents, namely U.S. Patent Nos. 9,967,615 ("the '615 patent"); 10,779,033 ("the '033 patent"); 9,344,206 ("the '206 patent"); 10,469,966 ("the '966 patent"); and 9,219,460 ("the '460 patent"), which it planned to file in the Western District of Texas the next day. Dkts. 1 ¶¶ 83, 95, 107, 120, 133; 156 at 1. That night, Google filed a declaratory judgment complaint in the Northern District of California seeking a declaratory judgment of non-infringement of the same patents. *Google LLC, v. Sonos, Inc.*, Case No. 3:20-cv-06754-WHA (N.D. Cal. Sept. 28, 2020) ("DJ Action"), Dkt. 1. The next morning, Sonos filed the instant action in the Western District of Texas. Dkt. 1. Sonos subsequently amended its complaint to add a claim of infringement for U.S. Patent No. 10,848,885 ("the '885 patent") on February 17, 2021. Dkt. 49.

Sonos filed the operative second amended complaint on February 23, 2021, asserting claims for direct, indirect, and willful infringement of the '615, '033, '996, '885, and '206 patents.[2] Dkt. 51 ("SAC"). To establish the knowledge element of its willful and indirect infringement claims for the '033, '966, and '885 patents, the SAC contends that Google had knowledge of the '033 and '966 patents when Sonos sent Google a draft of its original complaint on September 28, 2020, and of the

---

[1] Google asked Sonos if it would stipulate to a stay on April 11, 2022. Sonos did not respond.
[2] On February 4, 2022, the parties stipulated to dismissal of claims and counterclaims regarding the '206 patent. Dkt. 151.

'885 patent when Sonos provided Google with a draft of its first amended complaint on January 8, 2021.  *Id.* ¶¶ 92-95 ('033 patent); ¶¶ 117-20 ('966 patent); ¶¶ 130-33 ('885 patent).  The SAC also claims that Google had notice of the '033, '996, and '885 patents as a result of the parties' previous patent disputes and licensing discussions regarding other non-asserted patents in Sonos's patent portfolio.  *See, e.g.*, *id.* ¶¶ 20, 22, 26.

On March 9, 2021, Google moved to dismiss Sonos's willful and indirect infringement claims for the '033, '966, and '885 patents.  Dkt. 55.  Since the motion was still pending when this case was transferred from the Western District of Texas to the Northern District of California, Google re-filed the motion on January 10, 2022.  Dkt. 138.

On March 16, 2022, the Court granted Google's motion to dismiss without prejudice.  Dkt. 156 ("Order").  Recognizing that the standard for pleading willful infringement "is a recurring issue in patent litigation," the Court attempted to set forth the "proper pleading standard."  *Id.* at 2-3.  Although "[n]o post-*Halo* appellate authority addresses any pleading requirements for enhanced damages, or for that matter, willful infringement," the Court held that "knowledge of the patent and knowledge of infringement must be pled with plausibility."  *Id.* at 4.  It then emphasized that "[m]ere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough" to establish a specific intent to infringe.  *Id.*  The Court also "join[ed] those district courts that do not generally allow the complaint to serve as notice."  *Id.* at 8.  However, the Court noted that a "different calculus" applies "when the controversy is initiated by the accused infringer by way of a declaratory relief action" and held that "the patent owner, by way of a counterclaim, should be allowed to plead the infringer's conceded knowledge of the patents and that the infringer has had sufficient time to analyze the accused product vis-à-vis those patents."  *Id.*

Applying this standard, the Court found that "Sonos has not plausibly alleged Google had the requisite knowledge" to support its willful infringement claims for the '033, '966, and '885 patents.  *Id.* at 9.  First, the Court rejected Sonos's claim that the courtesy copies of the original complaint and first amended complaint established Google's knowledge of the '033, '966, and '885 patents.  *Id.*  Second, it found Sonos's allegations of the parties' previous licensing discussions and patent disputes insufficient to establish knowledge of the patents at issue.  *Id.* at 9-10.  However, the

Court permitted Sonos to amend its complaint to plead willful infringement based on Google's declaratory judgment complaint. *Id.* at 10.

The Court also dismissed Sonos's claims for indirect infringement without prejudice on the same ground. *Id.* at 10-12. The Court noted that "[l]ike willful infringement, both forms of indirect infringement—induced and contributory infringement—require knowledge of the patent and knowledge of infringement." *Id.* at 10. Accordingly, the Court concluded that "[e]verything discussed above for willfulness applies here." *Id.* at 11. In addition, for contributory infringement, the Court held that Sonos did not adequately plead the requisite lack of substantial noninfringing uses. *Id.* at 11-12.

Recognizing that "reasonable minds may differ" on the pleading standard for "pleading willfulness and indirect infringement (on the knowledge point, not on the issue of substantial noninfringing uses), and acknowledging the vast amount of resources being consumed in the district courts over such pleading issues," the Court certified the issue for interlocutory appeal under § 1292(b). *Id.* at 13. Sonos petitioned the Federal Circuit for interlocutory review of the pleading standards for post-filing knowledge for both willful and indirect infringement on March 28, 2022. *See Sonos, Inc. v. Google LLC*, No. 2022-134 (Fed. Cir. Mar. 28, 2022) ("Ex. 1"). On April 7, 2022, Google filed a cross-petition for permission to appeal the Court's holding that a patentee can adequately plead willfulness and the knowledge element of indirect infringement merely by alleging that an accused infringer filed a declaratory judgment complaint alleging non-infringement of the patents at issue. *See Sonos, Inc. v. Google LLC*, No. 2022-144 (Fed. Cir. Apr. 7, 2022) ("Ex. 2").

Following the Court's Order, Sonos moved for leave to file a third amended complaint on March 30, 2022. *See* Motion to Amend. Sonos's proposed third amended complaint ("TAC") adds the following allegations regarding Google's knowledge of the '033, '966, and '885 patents: (1) Google's declaratory judgment complaint supposedly demonstrates that Google knew of the '966, '033, and '885 patents prior to Sonos bringing each respective claim of infringement,[3] and (2)

---

[3] Although Google's original declaratory judgment complaint did not seek a declaratory judgment of non-infringement of the '885 patent, Sonos appears to contend that the original declaratory judgment complaint nevertheless establishes that Google knew of the patent before Sonos filed its claim for infringement of the '885 patent. *See* Dkt. 159 at 12-13; DJ Action, Dkt. 1.

Google supposedly "should have known about the '966, '033, and '885 Patents and Google's infringement thereof based on the parties' multi-jurisdictional patent dispute as well as a five-year history where Sonos had repeatedly informed Google of the breadth and depth of Sonos's patent portfolio and its applicability to the accused Google products, including for patents in the same family as the asserted patents." *Id.* at 12-13. The TAC also provides additional allegations on the issues of specific intent and lack of substantial noninfringing uses and adds claims pursuant to 35 U.S.C. § 271(f). *See* Dkt. 159-9 ¶¶ 103-07, 140-41, 173-76, 207-10 (specific intent); 109-13, 143-47, 179-82, 212-15 (lack of substantial noninfringing uses); ¶¶ 114-26, 148-60, 183-93, 216-25 (§ 271(f)).

## IV. LEGAL STANDARD

"A district court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Mauia v. Petrochem Insulation, Inc.*, No. 18-CV-01815-TSH, 2020 WL 1031911, at *4 (N.D. Cal. Mar. 3, 2020) (quoting *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)).[4] When considering whether to stay proceedings pending interlocutory appeal, courts apply a three-factor test derived from *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). *See, e.g.*, *Peck v. Cty. of Orange*, 528 F. Supp. 3d 1100, 1105-06 (C.D. Cal. 2021); *Hart v. Charter Commc'ns, Inc.*, No. SACV170556DOCRAOX, 2019 WL 7940684, at *4 (C.D. Cal. Aug. 1, 2019); *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *3-4 (N.D. Cal. Apr. 15, 2019). Under the *Landis* test, courts consider (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

---

[4] "Ninth Circuit, rather than Federal Circuit, law governs this motion to stay because motions to stay are not within the exclusive purview of Federal Circuit jurisdiction." *ASUSTek Computer Inc. v. Ricoh Co.*, No. C0701942 MHP, 2007 WL 4190689, at *2 (N.D. Cal. Nov. 21, 2007).

## V. ARGUMENT

Here, the *Landis* factors weigh heavily in favor of staying the issues related to Sonos's Motion to Amend. A tailored stay would benefit both parties and preserve judicial resources by ensuring the efficient resolution of this case.

### A. Litigating The Issues In Sonos's Motion To Amend Could Result In Duplicative Litigation.

The issues before the Federal Circuit are essentially identical to the issues in Sonos's Motion to Amend. Sonos's Motion to Amend seeks to add additional allegations regarding Google's purported knowledge of the '033, '966, and '885 patents in order to resuscitate its willful and indirect infringement claims for the those patents. Motion to Amend at 12-15. However, if Sonos's petition for interlocutory review is granted, the pleading standards governing Sonos's new allegations will be subject to interlocutory appellate review. *See* Ex. 1 (seeking appellate review of the pleading standard for post-suit knowledge). Sonos's Motion to Amend also seeks to add allegations regarding Google's purported knowledge of the '033, '966, and '885 patents based on Google's declaratory judgment complaint. Motion to Amend at 12-13, 15. If Google's cross-petition is granted, the question of whether a declaratory judgment complaint for non-infringement can create a basis for alleging the knowledge requirement of willful and indirect infringement will also be subject to interlocutory appellate review. *See* Ex. 2. Proceeding to litigate Sonos's Motion to Amend while the Federal Circuit considers these issues could therefore result in inconsistent rulings and unnecessary litigation.

Since the Federal Circuit has not yet ruled on Sonos's and Google's petitions for permission to appeal, this Court currently retains jurisdiction over the issues presented in its Order. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (a district court "retains jurisdiction over an interlocutory order—and thus may reconsider, rescind, or modify such an order—until a court of appeals grants a party permission to appeal"). But the Court will lose jurisdiction over the Order and the issues within in it if the Federal Circuit grants one or both of the parties' petitions. *See, e.g.*, *Ctr. for Food Safety v. Vilsack*, No. C-10-04038-JSW, 2011 WL 672802, at *2 (N.D. Cal. Feb. 18, 2011) ("[T]he filing of a notice of appeal is an event of

jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Thus, if the Federal Circuit grants interlocutory review, the Court would lose jurisdiction to rule on Sonos's Motion to Amend because the motion implicates both the pleading standards for willful and indirect infringement and the question of whether a declaratory judgment complaint for non-infringement can create a basis for alleging the knowledge requirement of willful and indirect infringement. *See, e.g.*, *Perfect 10, Inc. v. Google, Inc.*, No. CV 04-9484 AHM (SHX), 2008 WL 4217837, at *6 (C.D. Cal. July 16, 2008) ("[D]istrict courts may not rule on motions to amend a complaint after a court of appeals accepts jurisdiction over an interlocutory appeal, if the proposed amendment implicates factual or legal issues on appeal."); *Dayton Indep. Sch. Dist. v. U.S. Min. Prod. Co.*, 906 F.2d 1059, 1064 (5th Cir. 1990) (finding that the district court "acted outside its authority" when it granted a motion to amend the complaint while its decision on the defendants' motion to dismiss was on interlocutory appeal).

In light of this division of jurisdiction, proceeding to litigate Sonos's Motion to Amend could result in needless litigation. The parties could fully brief and argue the motion only to have the Federal Circuit grant interlocutory review and deprive the Court of the jurisdiction needed to rule on the motion. The Court's ruling on Sonos's Motion to Amend could also require subsequent modification or reconsideration if the Federal Circuit permits interlocutory appeal and modifies either the pleading standards for willful and indirect infringement or the finding that a declaratory judgment complaint for non-infringement can create a basis for alleging the knowledge requirement of willful and indirect infringement. The risk of duplicative litigation is especially pronounced if the Court grants Sonos's Motion to Amend, Google moves to dismiss Sonos's TAC, the Federal Circuit reshapes the Court's holdings with respect to these issues on interlocutory appeal, and the parties have to re-litigate both a motion to amend and a motion to dismiss.

Given the risk for redundant litigation presented by Sonos's Motion to Amend, "a stay would likely preserve significant resources of the Court and counsel." *Mauia*, *Inc.*, 2020 WL 1031911, at *4; *see also Hawai'i v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017) ("Considerable resources necessary for litigating the State's Motion for TRO may be wasted if the appellate court's controlling

decision changes the applicable law or the relevant landscape of facts that need to be developed."); *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) ("Here, judicial economy will best be served if this Court does not expend the resources required to resolve a class certification motion, only to have to re-visit the decision whether to certify or decertify a class following a controlling decision from the Ninth Circuit.").

Thus, because continuing to litigate the issues presented by Sonos's Motion to Amend could result in duplicative litigation, *Landis* factors two ("the hardship or inequity which a party may suffer [if the case is allowed] to go forward") and three ("the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay") both weigh in favor of granting Google's Motion to Stay.

### B. A Tailored Stay Would Advance This Litigation Rather Than Delay It.

Staying issues related to Sonos's Motion to Amend would allow this litigation to benefit from the Federal Circuit's guidance and therefore advance the ultimate resolution of this litigation. Specifically, resolution of Google's cross-petition could obviate the need for further proceedings on Sonos's willful and indirect infringement claims for the '033, '966, and '885 patents. Rather than dismissing the SAC with prejudice, the Court ordered dismissal without prejudice based on the finding that a declaratory judgment complaint for non-infringement can create a basis for alleging the knowledge requirement of willful and indirect infringement. Order at 10-11. But if the Federal Circuit grants Google's cross-petition and reverses the finding that a declaratory judgment complaint can establish such knowledge, Sonos would not have a basis to plead willful and indirect infringement. As a result, Sonos's willful and indirect infringement claims for the '033, '966, and '885 patents would have to be dismissed with prejudice and Sonos's Motion to Amend would be moot. Thus, the "more efficient course is to await a pronouncement from the governing appellate bodies, at which point the bulk of the determinative issues may very well be settled in most material respects." *Hawai'i*, 233 F. Supp. 3d at 855.

Moreover, this litigation would not be significantly delayed by a tailored stay. The upcoming patent showdown is limited to "claims for direct infringement for the specific showdown claims," and thus would be unaffected by the stay. DJ Action, Dkt. 68 ¶ 8. Discovery also would

not be delayed because (1) the parties are already diligently conducting discovery in advance of the patent showdown and, (2) the Court's Order specifies that "even under the strictest of pleading standards, and even if all its willfulness claims were struck, Sonos would be entitled to pursue in discovery issues concerning Google's pre-suit knowledge of the specific patents-in-suit and of infringement." Order at 10.

Thus, because a tailored stay would advance this litigation rather than delay it, *Landis* factor one ("the possible damage which may result from the granting of a stay") also weighs in favor of granting Google's Motion to Stay.

## VI. CONCLUSION

For the foregoing reasons, Google requests that the Court grant its Motion to Stay and stay all issues relating to Sonos's Motion to Amend.

DATED: April 13, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Melissa Baily
Lindsay Cooper

*Attorneys for GOOGLE, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on April 13, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

         */s/ Charles K. Verhoeven*
         Charles K. Verhoeven