# EXHIBIT 1

No. _____

IN THE

# United States Court of Appeals for the Federal Circuit

SONOS, INC.,

*Plaintiff-Petitioner,*

*v.*

GOOGLE LLC,

*Defendant-Respondent.*

Petition for Permission to Appeal an Order from the
United States District Court for the Northern District of California
No. 3:21-cv-07559-WHA, Hon. William Alsup

## SONOS, INC.'S PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

George I. Lee
Sean M. Sullivan
J. Dan Smith
LEE SULLIVAN SHEA &
  SMITH LLP
656 W Randolph St, Floor 5W
Chicago, IL  60661

Clement S. Roberts
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

E. Joshua Rosenkranz
Edmund Hirschfeld
Alexandra Bursak
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street,
New York, NY  10019
(212) 506-5000
jrosenkranz@orrick.com

Mark S. Davies
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC  20005

*Additional Counsel Listed on Inside Cover*

Alyssa M. Caridis                    Bas de Blank
ORRICK, HERRINGTON &                 ORRICK, HERRINGTON &
  SUTCLIFFE LLP                        SUTCLIFFE LLP
777 South Figueroa Street            1000 Marsh Road
Suite 3200                           Menlo Park, CA  94025
Los Angeles, CA  90017

*Counsel for Plaintiff-Petitioner*

FORM 9. Certificate of Interest

Form 9 (p. 1)<br>July 2020

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

| | |
|---:|:---|
| **Case Number** | |
| **Short Case Caption** | Sonos, Inc. v. Google LLC |
| **Filing Party/Entity** | Sonos, Inc. |

---

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/28/2022

Signature: /s/ E. Joshua Rosenkranz

Name: E. Joshua Rosenkranz

i

FORM 9. Certificate of Interest                                          Form 9 (p. 2)
                                                                          July 2020

| 1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Sonos, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

ii

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| Evan D. Brewer | Kristina D. Mckenna | Jeffrey L. Johnson |
|---|---|---|
| Rory P. Shea | Michael P. Boyea | Cole B. Richter |
| Jae Y. Pak | David R. Grosby | Matthew J. Sampson |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐    None/Not Applicable          ☐    Additional pages attached

| Google LLC v. Sonos, Inc., No. 3:20-cv-06754-WHA (N.D. Cal.) | | |
|---|---|---|
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ...................................................................i

TABLE OF CONTENTS ........................................................................iv

TABLE OF AUTHORITIES .....................................................................v

INTRODUCTION.................................................................................1

QUESTIONS PRESENTED ....................................................................4

JURISDICTIONAL STATEMENT ...........................................................4

STATEMENT OF THE CASE ..................................................................5

    Google Infringes Sonos's Patents....................................................5

    Sonos Repeatedly Notifies Google Of Its Infringement .................5

    Sonos Shares Its Draft Complaint Before Filing, And Google
        Immediately Files A Declaratory Judgment Action
        Asserting Non-Infringement Of The Same Patents...............7

    The District Court Dismisses Claims For Willful And
        Indirect Infringement But Certifies Its Order For
        Interlocutory Appeal .............................................................10

ARGUMENT .....................................................................................13

    I.    The District Court's Order Involves Controlling
        Questions Of Law...............................................................14

    II.   There Are Substantial Grounds For Difference Of
        Opinion Over The Knowledge Pleading Standards.............18

    III.  This Appeal May Materially Advance Termination Of
        The Litigation.....................................................................24

    IV.  Additional Prudential Considerations Favor Immediate
        Review. ...............................................................................25

CONCLUSION ...................................................................................27

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  258 F. Supp. 3d 1013 (N.D. Cal. 2017) ........................................ 11, 20

*AstraZeneca Pharms. LP v. Apotex Corp.*,
  669 F.3d 1370 (Fed. Cir. 2012) ........................................ 15

*BASF Corp. v. SNF Holding Co.*,
  955 F.3d 958 (Fed. Cir. 2020) ........................................ 15

*Callahan v. United States*,
  56 F. App'x 947 (Fed. Cir. 2003) ........................................ 15

*CAP Co. v. McAfee, Inc.*,
  No. 14-cv-05068-JD, 2015 WL 3945875 (N.D. Cal. June
  26, 2015) ........................................ 11, 12, 21, 22

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1981) ........................................ 15

*In re Duplan Corp.*,
  591 F.2d 139 (2d Cir. 1978) ........................................ 24

*Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*,
  450 F. App'x 978 (Fed. Cir. 2011) ........................................ 19

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93 (2016) ........................................ 1, 10, 23

*ICON Health & Fitness, Inc. v. Tonal Sys., Inc.*,
  No. 21-652-LPS-CJB, 2022 WL 611249 (D. Del. Feb. 7,
  2022) ........................................ 2, 19

*Illumina, Inc. v. BGI Genomics Co.*,
  No. 19-cv-03770-WHO, 2020 WL 571030 (N.D. Cal. Feb. 5,
  2020) ........................................ 20

*IOENGINE, LLC v. Paypal Holdings, Inc.*,
No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25,
2019) ................................................................................ 11, 19, 20, 22

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974) ................................................................ 25

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave
Achille Lauro in Amministrazione Straordinaria*,
921 F.2d 21 (2d Cir. 1990) .................................................................. 26

*Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*,
No. 2:20-cv-00827-DBB-JCB, 2021 WL 4324508 (D. Utah
Sept. 23, 2021) .............................................................................. 2, 20

*Mauia v. Petrochem Insulation, Inc.*,
5 F.4th 1068 (9th Cir. 2021) ............................................................... 18

*Merrill Mfg. Co. v. Simmons Mfg. Co.*,
No. 1:20-cv-3941-MLB, 2021 WL 3493565 (N.D. Ga. Aug.
9, 2021) ........................................................................................... 2, 19

*In re Miedzianowski*,
735 F.3d 383 (6th Cir. 2013) ............................................................... 18

*Proxyconn Inc. v. Microsoft Corp.*,
No. 11-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ................. 22

*Ravgen, Inc. v. Ariosa Diagnostics, Inc.*,
No. 20-1646-RGA-JLH, 2021 WL 3526178 (D. Del. Aug.
11, 2021) ............................................................................................. 2

*Rembrandt Social Media, LP v. Facebook, Inc.*,
950 F. Supp. 2d 876 (E.D. Va. 2013) ..................................... 21, 22, 23

*Ritz Camera & Image, LLC v. SanDisk Corp.*,
463 F. App'x 921 (Fed. Cir. 2012) ...................................................... 13

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007) .......................................................... 23

*SEC v. Credit Bancorp, Ltd.*,
    103 F. Supp. 2d 223 (S.D.N.Y. 2000) ................................................. 24

*Skyworks Sols., Inc. v. Kinetic Techs., Inc.*,
    No. 14-cv-00010-SI, 2015 WL 881670 (N.D. Cal. Mar. 2,
    2015) ................................................................................................ 22

*Sterk v. Redbox Automated Retail, LLC*,
    672 F.3d 535 (7th Cir. 2012) ............................................................ 24

*In re Text Messaging Antitrust Litig.*,
    630 F.3d 622 (7th Cir. 2010) ....................................................... 16, 17

*In re Trump*,
    874 F.3d 948 (6th Cir. 2017) ........................................... 14, 15, 24, 25

*Walker Digital, LLC v. Facebook, Inc.*,
    852 F. Supp. 2d 559 (D. Del. 2012) ................................................. 22

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    824 F.3d 1344 (Fed. Cir. 2016) ........................................................ 12

*WCM Indus., Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) ................................................... 20

*Whitley v. BP, P.L.C.*,
    838 F.3d 523 (5th Cir. 2016) ....................................................... 16, 17

*Wrinkl, Inc. v. Facebook, Inc.*,
    No. 20-cv-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30,
    2021) ........................................................... 2, 11, 12, 23, 26

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021) ................... 2, 11, 12, 18, 20, 22, 23

**Statutes**

28 U.S.C. § 1292(b) .......................................... 3, 4, 13, 14, 25, 26

28 U.S.C. § 1292(c)(1) ................................................................. 4

28 U.S.C. § 1295 ......................................................................... 4

35 U.S.C. § 271 ......................................................................... 14

35 U.S.C. § 284 ................................................................... 14, 25

**Rules**

Fed. R. Civ. P. 8(a)................................................................. 14

Fed. R. Civ. P. 9(b)................................................................. 14

**Other Authorities**

16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. 2021)...................... 14, 24, 26

16 Fed. Prac. & Proc. Juris. § 3931 (3d ed. 2021)........................... 15, 16

## INTRODUCTION

This petition presents an opportunity for this Court to resolve widespread and entrenched disagreements about the pleading standards for willful and indirect patent infringement. Each of those claims requires a showing that the defendant knew it was infringing the plaintiff's patent. After *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93 (2016), many district courts have held that for pleading purposes, the fact of an infringement complaint's filing can be enough to establish the defendant's post-filing knowledge—particularly where the plaintiff files an amended complaint alleging that the defendant gained knowledge of its infringement after reviewing the original complaint. But certain courts have held—some for willfulness alone, others for both willfulness and indirect infringement—that the plaintiff cannot rely solely on an infringement complaint to plead the defendant's knowledge. That approach is in substantial tension with *Halo*'s admonition against a "rigid formula" for proving willfulness. 579 U.S. at 107. The district court nonetheless adopted it here, for both willfulness and indirect infringement, and dismissed Sonos's claims on that basis.

Trial courts are desperate for guidance on these unsettled questions. As the order here recognized, the "split" within and among districts is pervasive and complex. ADD11. Courts do not simply disagree with each other about whether an infringement complaint can show post-filing knowledge for pleading purposes; they disagree about whether different knowledge pleading standards apply to willfulness and indirect infringement, with several courts holding those types of claims to divergent standards. Over half a dozen decisions in the last year alone have adverted to these splits.[1] One judge lamented that the same pleading standard questions will "continue to percolate without reaching a boil" because they are not "likely to reach the Court of Appeals." *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *6 (D. Del. Sept. 30, 2021). All the while, "vast" resources

---

[1] *See* ADD1-13 (decision below); *ICON Health & Fitness, Inc. v. Tonal Sys., Inc.*, No. 21-652-LPS-CJB, 2022 WL 611249, at *3 (D. Del. Feb. 7, 2022); *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *6-7 (D. Del. Sept. 30, 2021); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, No. 2:20-cv-00827-DBB-JCB, 2021 WL 4324508, at *9-10 (D. Utah Sept. 23, 2021); *Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, No. 20-1646-RGA-JLH, 2021 WL 3526178, at *4 (D. Del. Aug. 11, 2021); *Merrill Mfg. Co. v. Simmons Mfg. Co.*, No. 1:20-cv-3941-MLB, 2021 WL 3493565, at *7 (N.D. Ga. Aug. 9, 2021); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249-50 (D. Del. 2021) ("District courts across the country are divided.").

are being "consumed in the district courts over such pleading issues."

ADD13.

This Court should finally resolve these entrenched divisions by

granting interlocutory review under 28 U.S.C. § 1292(b).  As the district

court properly concluded, its order meets all three statutory criteria for

immediate appeal.  The order addressed "controlling question[s] of law"

that determined whether Sonos's claims for willful infringement and

indirect infringement could move forward.  28 U.S.C. § 1292(b).  For

that same reason, interlocutory review of the order would "materially

advance the ultimate termination of the litigation."  *Id.*  And these

questions have (quite emphatically) given rise to "substantial ground

for difference of opinion."  *Id.*  Further bolstering those statutory

criteria, immediate review would put an end to the broader confusion

and inefficiencies that have dogged litigants and judges in patent cases

across the country.

This Court should grant interlocutory review.

## QUESTIONS PRESENTED

**1.**  For purposes of pleading willful infringement, can the fact of an infringement complaint's filing suffice to establish the defendant's post-filing knowledge that it is infringing the asserted patents?

**2.**  For purposes of pleading indirect infringement, can the fact of an infringement complaint's filing suffice to establish the defendant's post-filing knowledge that it is infringing the asserted patents?

## JURISDICTIONAL STATEMENT

28 U.S.C. § 1292(b) provides that a district judge may certify an interlocutory order for immediate appeal if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  The district court certified its order on that basis. ADD13.  This Court has exclusive jurisdiction over this petition for certification because the case arises under federal patent law.  *See* 28 U.S.C. §§ 1292(c)(1), 1295.

## STATEMENT OF THE CASE

### *Google Infringes Sonos's Patents*

Since its founding in 2002, Sonos has pioneered modern home audio technology.  ADD39-40.  When Sonos entered the market, few homes had wireless internet, and most audio systems depended on centralized receivers hard-wired to a constellation of passive speakers.  ADD39.  Sonos revolutionized the market with wireless smart speakers that could play music by room or throughout the home, all at the user's tap of a button.  ADD39-40.  Its innovations earned industry praise, user popularity, and over 940 U.S. patents.  ADD40-41.

 Google entered the smart-speaker market almost a decade later.  ADD41.  At first, it sought to work with Sonos.  ADD41-42.  Sonos collaborated with Google in mid-2013 to integrate the Google Play Music app into the Sonos ecosystem, and in the process, Google gained access to Sonos's proprietary technology, engineers, and products.  ADD41-42.  Just eighteen months after Google Play Music launched on the Sonos platform, Google began copying Sonos's technology.  ADD42.

### *Sonos Repeatedly Notifies Google Of Its Infringement*

Long before this lawsuit began, Sonos repeatedly notified Google that its products infringed a wide range of Sonos's patents.  *See* ADD43

(August 2016 infringement notice); ADD43 (October 2016 infringement notice); ADD44 (February 2019 infringement notice); *see also, e.g.*, Dkt. 129 at 2 (response to district court's request, detailing Sonos's notifications of infringement to Google sent on October 13, 2016; January 31, 2018; July 12, 2018; February 22, 2019; June 13, 2019; and January 6, 2020).[2]  In particular, Sonos informed Google that its products infringed parents and relatives of certain patents asserted in this suit that had not yet issued.  *See, e.g.*, ADD43 (discussing notice of infringement for U.S. Patent No. 9,344,206, a direct ancestor to two patents asserted here); *see also* Dkt. 129 at 2 (explaining several patents named in earlier notices share common specifications with the patents asserted here).

Rather than address the problem, however, Google doubled down by expanding its infringing offerings.  Sonos was thus compelled to bring this suit.  ADD45-46.

---

[2] Docket numbers refer to the docket in the proceeding below, No. 21-7559 (N.D. Cal.).

### *Sonos Shares Its Draft Complaint Before Filing, And Google Immediately Files A Declaratory Judgment Action Asserting Non-Infringement Of The Same Patents*

On September 28, 2020, Sonos provided Google with a pre-filing copy of its original complaint in this action.  ADD47.  That complaint detailed Google's infringement of five patents, two of which are pertinent here: U.S. Patent Nos. 10,469,966 and 10,779,033.  *See* Dkt. 1. Sonos included exemplary claim charts for each asserted patent and laid out allegations of direct, indirect, and willful infringement.  *See generally* Dkt. 1 at ¶¶ 11-29 (parties' history); *id.* at ¶¶ 81-82, 93-94, 105-06, 118-19, 131-32 (claim charts); *id.* at ¶¶ 84-85, 96-97, 108-09, 121-22, 134-35 (indirect infringement); *id.* at ¶¶ 14, 26-27, 36-37, 41, 86-87, 89, 98-99, 101, 110-11, 114, 123-24, 127, 136-37, 139 (willfulness).

"Within twelve hours" of receiving the pre-filing complaint, Google filed an action in the Northern District of California seeking a declaration of non-infringement of the asserted patents.  ADD1.  Sonos then filed its original complaint in the Western District of Texas, as it had told Google it would.  ADD1-2.  The Western District of Texas case was eventually transferred to the Northern District of California, where both are proceeding together before the district court.  ADD2.

Months later, on January 8, 2021, Sonos provided Google with a draft of its Second Amended Complaint (SAC). ADD125. Seven weeks later, on February 23, 2021, Sonos filed the SAC, which remains the operative pleading in this action. *See* ADD39-129. It asserted an additional patent, U.S. Patent No. 10,848,885, and again alleged (among other things) indirect and willful infringement. ADD43-46, ADD93-95, ADD115-117, ADD125-127. Regarding Google's knowledge of its infringement, the SAC pled that at the latest, Google knew it was infringing the '033 and '966 patents after September 28, 2020, when Google first reviewed the original complaint. ADD93-94, ADD115. The SAC likewise pled that at the latest, Google knew it was infringing the '885 patent after January 8, 2021, when Google first reviewed the SAC seven weeks before it was filed. ADD125. Alongside those allegations, the SAC asserted that discovery was likely to reveal further support for "Google's pre-suit knowledge … and willful infringement" of Sonos's patents. ADD95, ADD117, ADD127.

Google moved to dismiss Sonos's claims of willful and indirect infringement for the '033, '966, and '885 patents. *See* Dkt. 138; ADD2. It argued primarily that Sonos had not pled "pre-suit knowledge" of the

asserted patents for purposes of willful or indirect infringement because a pre-filing copy of a complaint could not support an allegation of knowledge.  Dkt. 138 at 5-6, 9-12.  It also levied additional pleading challenges on both willfulness and indirect infringement, including that Sonos was required to separately plead egregiousness to state a claim for willful infringement, *id.* at 7-8, and that Sonos had not adequately pled the absence of substantial non-infringing uses for purposes of contributory infringement, *id.* at 14-15.

Sonos opposed Google's motion.  Dkt. 144.  Sonos explained that it had plausibly alleged Google's knowledge of the asserted patents, and its own infringement, by asserting that Google had received pre-filing copies of the complaints but elected to continue its challenged conduct. *Id.* at 8-9.  Moreover, Google had confirmed its knowledge by filing its declaratory judgment action mere hours after receiving the first pre-filing complaint.  *Id.* at 9 (knowledge for purposes of willfulness); *id.* at 15-17 (knowledge for purposes of indirect infringement).  Sonos also argued that the pleading standard for willfulness did not require allegations of egregious conduct, and in the alternative, that any such requirement would have been satisfied.  *Id.* at 12-15.  Sonos further

explained that it had sufficiently alleged the absence of substantial non-infringing uses.  *Id.* at 20-22.

### The District Court Dismisses Claims For Willful And Indirect Infringement But Certifies Its Order For Interlocutory Appeal

The district court dismissed the willful and indirect infringement claims without prejudice.  ADD13.  In doing so, it emphasized that the standard for pleading the requisite knowledge for those claims was a "recurring" and unresolved "issue in patent litigation."  ADD2-3.

The district court began with the "proper pleading standard" for willful infringement.  ADD2.  To establish willfulness, a patentee must demonstrate the defendant's knowledge of, or willful blindness to, the asserted patent and its infringement.  ADD4; *see Halo*, 579 U.S. at 105. Looking at the pleadings here, the district court first concluded that Sonos had not adequately alleged that Google had such knowledge before the lawsuit began.  The Court acknowledged that Sonos had provided Google a pre-filing copy of its original complaint.  ADD9.  But it rejected as implausible the inference that Google had comprehended the complaint's allegations, and knowingly elected to continue infringing, before Sonos actually filed suit.  ADD9.

The district court then considered whether the *filing* of Sonos's original complaint—which the SAC had later cited—sufficed to establish the knowledge requirement for willfulness *after* the lawsuit began. ADD7-8. The court recognized that judges across the country had split over this question, with some courts holding that a filed complaint "could support a willfulness verdict," and others "substantially disagree[ing]." ADD7-8 & n.3 (collecting cases on both sides of the split).[3] The court ultimately concluded that "allowing the complaint to serve as notice," and plausibly establish the defendant's knowledge after the suit began, "would circumvent the worthwhile practice to send a cease-and-desist letter before suit." ADD8. The court therefore "join[ed] those district courts that do not generally allow the complaint to serve as notice," even when cited in a subsequent amended complaint, and dismissed Sonos's willful infringement claims on that basis. *Id.*

---

[3] *Compare IOENGINE, LLC v. Paypal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 330515, at *7-8 (D. Del. Jan. 25, 2019); *Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1025-27 (N.D. Cal. 2017); *with Wrinkl*, 2021 WL 4477022, at *7; *ZapFraud*, 528 F. Supp. 3d at 251-52; *CAP Co. v. McAfee, Inc.*, No. 14-cv-05068-JD, 2015 WL 3945875, at *3 (N.D. Cal. June 26, 2015).

The district court noted, however, that the separate filing of a *defendant's* complaint for declaratory judgment of *non-infringement* required a "different calculus." *Id.* It thus granted Sonos leave to amend its complaint to allege willfulness in light of Google's declaratory relief action. ADD10. But the court cautioned that amendment "will not necessarily be enough." ADD13. Separately, the district court noted that if discovery later revealed facts plausibly demonstrating Google's pre-suit willfulness, Sonos could amend its complaint accordingly. ADD10. The court also rejected Google's contention that the patentee must plead egregiousness. ADD3-4, ADD10.

Turning to indirect infringement, the district court recognized a related "split on whether a pleading can serve as the basis for knowledge of a patent as well as infringement." ADD11; *see id.* (surveying cases on both sides of the split).[4] Like willful infringement, indirect infringement requires the defendant's knowledge of, or willful blindness to, the patent and its infringement. ADD10; *see, e.g.*, *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016).

---

[4] *See CAP*, 2015 WL 3945875, at *5; *ZapFraud*, 528 F. Supp. 3d at 251-52; *Wrinkl*, 2021 WL 4477022, at *7.

12

The district court concluded that its approach to pleading willfulness was equally appropriate for indirect infringement, and so held that the filing of a "complaint will generally not be adequate to serve as notice for" claims of "indirect infringement" in the period after an infringement suit commences.  ADD11.  Once more, the court gave Sonos leave to amend.  ADD13.[5]

The district court then certified the order, sua sponte, for interlocutory review under 28 U.S.C. § 1292(b).  ADD13.  "Recognizing that reasonable minds may differ," and noting "the vast amount of resources being consumed in the district courts over such pleading issues," the court determined that the statutory criteria for certification were satisfied and this Court's intervention would be warranted.  ADD13.

## ARGUMENT

This Court should exercise its "discretion" to grant interlocutory appeal. *Ritz Camera & Image, LLC v. SanDisk Corp.*, 463 F. App'x 921,

---

[5] The district court separately held that Sonos had not pled with sufficient particularity that Google's products lacked substantial non-infringing uses, but allowed Sonos leave to add more particular allegations.  ADD11-13.

922 (Fed. Cir. 2012).  Section 1292(b)'s three grounds for certification,
which courts of appeals treat as "guiding criteria," all favor immediate
review.  *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 16 Fed.
Prac. & Proc. Juris. § 3930 (3d ed. 2021)).  As to both willful
infringement and indirect infringement, whether a plaintiff can plead
the defendant's knowledge by noting the prior filing of an infringement
complaint is (1) "a controlling question of law" over which (2) there is
"substantial ground for difference of opinion," and (3) whose resolution
"may materially advance the ultimate termination of the litigation."  28
U.S.C. § 1292(b).  On top of that, there is an additional "prudential"
ground for review.  *Trump*, 874 F.3d at 951.  Resolving the longstanding
uncertainty about these pleading standards will save substantial
judicial and litigant resources in patent cases across the country.
ADD13.

## I.    The District Court's Order Involves Controlling Questions Of Law.

These disputes about the pleading standards for willful and
indirect infringement present pure questions of law.  They turn on the
proper construction of the Federal Rules of Civil Procedure and of the
Patent Act, *see* Fed. R. Civ. P. 8(a), 9(b); 35 U.S.C. §§ 271, 284, both of

which raise questions of law, *see AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370, 1376 (Fed. Cir. 2012) (pleading standard); *BASF Corp. v. SNF Holding Co.*, 955 F.3d 958, 963 (Fed. Cir. 2020) (Patent Act).  And because this appeal arises out of a motion to dismiss, there are no underlying factual disputes to resolve.  *See, e.g.*, *Callahan v. United States*, 56 F. App'x 947, 948 (Fed. Cir. 2003).

These questions of law are also "controlling."  On that front, "all that must be shown … is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  And certain kinds of questions—including questions of law that bear on "whether the complaint states a facially valid claim"—are "undoubtedly" controlling because they are inherently likely to shape the ultimate outcome.  *Trump*, 874 F.3d at 951; *see also* 16 Fed. Prac. & Proc. Juris. § 3931 (3d ed. 2021) (observing that "[a]ppeals have frequently been allowed on the question whether the plaintiff has stated a claim if the problem is a difficult one of substantive law").  That is the case here.  Reversal would have an immediate and obvious impact:  If

15

the district court erred, the post-filing willful and indirect infringement claims would spring back to life.

It makes no difference that this question of law arose at the pleading stage. Controlling questions of law are suitable for appeal irrespective of the stage of trial at which they are raised. 16 Fed. Prac. & Proc. Juris. § 3931 (encompassing motions "to dismiss, for judgment on the pleadings, for summary judgment, or like devices"). Courts of appeals have thus granted interlocutory review to resolve a range of disputes over how claims must be pled. *See, e.g.*, *Whitley v. BP, P.L.C.*, 838 F.3d 523 (5th Cir. 2016) (granting interlocutory review to resolve the pleading standard used in ERISA stock-drop suits); *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010) (granting interlocutory review to resolve "the federal common law doctrine of pleading in complex cases, announced in *Twombly*"). Review is equally appropriate here. Sonos does not seek to challenge routine applications of well-settled pleading standards, but to resolve longstanding rifts over the pleading standards themselves. *See* ADD4 ("But what must be *pled* at the outset?"); *Text Messaging Antitrust*, 630 F.3d at 626 (collecting "numerous" cases granting review in comparable circumstances).

Interlocutory review is no less appropriate because the district court dismissed the claims without prejudice. To be sure, the district court left open the possibility that additional allegations could satisfy its heightened pleading standards. ADD13. But speculation about Sonos's capacity to "allege additional facts" under a possibly erroneous legal framework should not foreclose this Court's review. *Text Messaging Antitrust*, 630 F.3d at 624; *see Whitley*, 838 F.3d at 526 (granting interlocutory review of a district court's dismissal even though the district court also "granted [a] motion to amend"). The whole point of an immediate appeal would be to settle the pleading standards once and for all, relieving Sonos—and scores of similarly situated patent litigants—of the undue burden of hitting a moving target. That is particularly vital here because "there is at least a decent chance (though it is by no means certain)" that Sonos will not recoup through amendment everything that the district court dismissed. *Text Message Antitrust*, 630 F.3d at 624. As the district court itself cautioned, amended allegations "will not necessarily be enough." ADD13.

## II.    There Are Substantial Grounds For Difference Of Opinion Over The Knowledge Pleading Standards.

The second factor weighs heavily in favor of interlocutory review. Several circuits have recognized a substantial ground for difference of opinion where "a difference of opinion exists within the controlling circuit" already.  *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013); *see Mauia v. Petrochem Insulation, Inc.*, 5 F.4th 1068, 1071 (9th Cir. 2021) (interlocutory review granted where "[t]he district court recognized that trial courts in our circuit have split on this issue").  As the order here laid out, two related "district court split[s]"—over "whether a pleading can serve as the basis for knowledge" to support claims of post-filing willful infringement or indirect infringement— require this Court's intervention.  ADD7-8, ADD11.  Other district courts across the country have likewise sought this Court's guidance on these issues.  *See, e.g.*, *ZapFraud*, 528 F. Supp. 3d at 249-50 ("Neither the Federal Circuit nor the Supreme Court has addressed the issue.").

*First*, district courts nationwide are deeply divided over whether a plaintiff can plead the knowledge required for claims of willful infringement by alleging continued infringement after the filing of a complaint.  *See id*. at 249 n.1 (collecting over two dozen cases).  The

court below laid out that split in its order.  ADD7-8 & n.3; *see Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 450 F. App'x 978, 980 (Fed. Cir. 2011) ("elaboration by the district court" of "substantial ground for difference of opinion" supports interlocutory review (quotation marks omitted)).

On one side of the split, district courts have held that a plaintiff *can* rely on the filing of a complaint, without "additional facts," to plead the "knowledge" element of post-filing willful infringement. *IOENGINE*, 2019 WL 330515, at *7-8; *see* ADD8 n.3.  Some of those courts allow the original complaint to satisfy the knowledge element without "the formality of requiring [plaintiff] to file an amended complaint," *IOENGINGE*, 2019 WL 330515 at *4 n.1, while even more recognize that an amended complaint can plead knowledge by pointing (as the SAC does) to the defendant's ongoing infringement in the time since the original complaint was filed, *see, e.g.*, *Merrill Mfg.*, 2021 WL 3493565, at *6; *ICON Health & Fitness*, 2022 WL 611249, at *3 & nn.4-5.

Courts on this side of the split have reasoned that a defendant's decision to continue its challenged conduct in the face of a "well-pled,

detailed original complaint"—no less than a pre-filing cease-and-desist letter—plausibly demonstrates the defendant's knowledge of the asserted patents and infringement.  ADD7-8 & n.3 (citing *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018))*; Longhorn*, 2021 WL 4324508, at *9-10 & n.96 (collecting cases that "do not require a showing of pre-filing knowledge"); *cf. Apple*, 258 F. Supp. 3d at 1027 ("[P]ost-filing conduct alone can serve as the basis of a jury's willfulness finding and an award of enhanced damages.").  This pleading standard accommodates the practical reality that facts bearing on willfulness "are likely to be, in large measure, in the possession of the defendant and available to the plaintiff only through discovery."  *IOENGINE*, 2019 WL 330515, at *7-8.

On the other side of the split, several district courts have held that the plaintiff cannot plead the knowledge element of post-filing willful infringement by pointing to a filed complaint.  *See, e.g.*, *ZapFraud*, 528 F. Supp. 3d at 250-52 ("[T]he complaint itself cannot be the source of the knowledge required to sustain claims of … willfulness-based enhanced damages."); *Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *6 (N.D. Cal. Feb. 5, 2020) (finding

20

"allegations of post-suit knowledge" insufficient to support "claims for willful infringement"); *Rembrandt Social Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 884 (E.D. Va. 2013) (holding post-suit knowledge is not sufficient to allege willful infringement). The district court here endorsed that heightened standard, expressing concern that "allowing the complaint to serve as notice would circumvent the worthwhile practice to send a cease-and-desist letter before suit." ADD8. Had this case arisen before a different court, the outcome may well have been different.

*Second*, district courts are similarly "split on whether a [prior complaint] can serve as the basis for knowledge" when pleading post-filing "indirect infringement." ADD11. Again, several courts have lamented that divide and the uncertainty it creates. *See, e.g.*, *CAP*, 2015 WL 3945875, at *3-5; *Rembrandt*, 950 F. Supp. 2d at 881 (recognizing "disagreement among the district courts as to whether post-suit knowledge may satisfy this knowledge requirement" for indirect infringement).

The majority of courts have held that "[a] complaint is a perfectly adequate notice to defendants for indirect infringement claims for post-

filing conduct." *CAP*, 2015 WL 3945875, at *5; *see Rembrandt*, 950 F.
Supp. 2d at 881-82 (adopting the "majority view" that "post-suit
knowledge (i.e., knowledge provided by the filing of the lawsuit)
satisfies the knowledge element for indirect infringement"); *see also,
e.g.*, *IOENGINE*, 2019 WL 330515, at *4; *Skyworks Sols., Inc. v. Kinetic
Techs., Inc.*, No. 14-cv-00010-SI, 2015 WL 881670, at *8 (N.D. Cal. Mar.
2, 2015); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559,
565 (D. Del. 2012). In most courts, then, Sonos would have done enough
to plead the knowledge element of indirect infringement.

But some courts, including other judges within these same
districts, have taken the opposite view. *See, e.g.*, *ZapFraud*, 528 F.
Supp. 3d at 250-51 ("[T]he complaint itself cannot be the source of the
knowledge required to sustain claims of induced infringement.");
*Proxyconn Inc. v. Microsoft Corp.*, No. 11-1681, 2012 WL 1835680, at *6
(C.D. Cal. May 16, 2012) (holding complaint cannot show sufficient
knowledge). The court below joined this minority, reasoning that
"[e]verything discussed … for willfulness applies here." ADD11.

Adding yet another layer of confusion, certain courts have taken
*opposite* positions on the two pleading standards. "[S]ome district court

judges that have not permitted knowledge arising from a pleading to suffice for a willful infringement claim have gone the other way for indirect infringement." ADD11 (citing *Wrinkl*, 2021 WL 4477022, at *7); *see also, e.g.*, *Rembrandt*, 950 F. Supp. 2d at 884 (relying on *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007), since abrogated by *Halo*, 579 U.S. 93, to limit willfulness to "pre-suit knowledge"). That inconsistency has made the pleading stage even more difficult—and inefficient—for litigants to navigate.

The court below is not the only one hoping for clarification. As another judge recently noted, "[d]istrict courts across the country are divided over whether a defendant must have the knowledge necessary to sustain claims of indirect and willful infringement before the filing of the lawsuit." *ZapFraud*, 528 F. Supp. 3d at 249-50. Uncertainty over the knowledge pleading standard has plagued district courts for so long that even individual judges have "been on both sides of the issue." *Wrinkl*, 2021 WL 4477022, at *7. Only this Court can provide the clarity that district courts nationwide are urgently seeking.

### III. This Appeal May Materially Advance Termination Of The Litigation.

The requirement that interlocutory review "may materially advance the ultimate termination of the litigation" is "closely tied" to the requirement that there be a "controlling question of law." 16 Fed. Prac. & Proc. Juris. § 3930; *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (same); *SEC v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (same). Here, as is usually the case, both factors point in the same direction. For all the reasons that the questions presented are "controlling"—chiefly that they "could materially affect the outcome of the case," *see supra* § I—this interlocutory appeal also "may materially advance the termination of the litigation." *See Trump*, 874 F.3d at 952.

To the extent that there is any daylight between the two inquiries, it cuts in favor of immediate review. When assessing this factor, courts of appeals have also considered the potential effect of an appeal on the prospect of settlement. Interlocutory review of comparatively important claims is therefore privileged, as "uncertainty about the status of [those] claim[s] may delay settlement … and by doing so further protract the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536

(7th Cir. 2012) (granting interlocutory review of one claim even though the plaintiffs had "pleaded another ground for relief"); *see also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (noting the relevance of "settlement possibilities").  Here, the reinstatement of Sonos's willful infringement and indirect infringement claims would significantly expand the range of potential damages.  *See, e.g.*, 35 U.S.C. § 284 (providing for treble damages for willful infringement).  Resolving the pleading standards for these claims would allow the parties to assess more accurately the benefits and burdens of undergoing discovery and trial, and the possibility of a more precise valuation of the case would meaningfully contribute to the possibility of settlement. That, too, is reason to grant review.

## IV. Additional Prudential Considerations Favor Immediate Review.

On top of § 1292(b)'s express criteria for certification, courts of appeals exercising their "discretion" over interlocutory appeals have considered additional "prudential" concerns.  *Trump*, 874 F.3d at 951. The district court highlighted such a concern here:  Absent guidance from this Court, a "vast amount of resources" will needlessly be "consumed in the district courts" nationwide as judges continue to

puzzle over the proper pleading standards, and litigants continue to aim at moving targets.  ADD13.  Prior decisions have also bemoaned the "waste" of "resources" by courts and litigants alike.  *Wrinkl*, 2021 WL 4477022, at *7.  The importance of these issues "to other cases" further favors "exercising the discretionary power to permit a § 1292(b) appeal." 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.); *see Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990).

## CONCLUSION

For the foregoing reasons, Sonos respectfully requests that the Court grant interlocutory review of the district court's order regarding the knowledge pleading standard for willful and indirect infringement.

Respectfully submitted,

*/s/ E. Joshua Rosenkranz*

George I. Lee
Sean M. Sullivan
J. Dan Smith
LEE SULLIVAN SHEA &
    SMITH LLP
656 W Randolph St, Floor 5W
Chicago, IL  60661

Clement S. Roberts
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

Alyssa M. Caridis
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA  90017

E. Joshua Rosenkranz
Edmund Hirschfeld
Alexandra Bursak
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
51 West 52nd Street,
New York, NY  10019
(212) 506-5000
jrosenkranz@orrick.com

Mark S. Davies
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC  20005

Bas de Blank
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025

*Counsel for Plaintiff-Petitioner*

March 28, 2022