# EXHIBIT 2

Appeal No. 2022-134

---

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

*for the*

# 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 𝔠𝔦𝔯𝔠𝔲𝔦𝔱

_____

**SONOS, INC.,**

*Plaintiff-Petitioner-Cross-Respondent*,

**v.**

**GOOGLE LLC**,

*Defendant-Respondent-Cross-Petitioner*.

_____

On Petition and Cross-Petition for Permission to Appeal an Order from the United States District Court for the Northern District of California in Case No. 3:21-cv-07559-WHA, Judge William Alsup

---

## GOOGLE LLC'S CROSS-PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

| | |
|---|---|
| David M. Cooper | Charles Verhoeven |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | Melissa Baily |
| 51 Madison Avenue, 22nd Floor | Lindsay Cooper |
| New York, NY 10010 | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| (212) 849-7000 | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | (415) 875-6600 |

*Counsel for Defendant-Respondent-Cross-Petitioner Google LLC*

FORM 9. Certificate of Interest                                   Form 9 (p. 1)
                                                                    July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** | 2022-134
**Short Case Caption** | Sonos, Inc. v. Google LLC
**Filing Party/Entity** | Google LLC

---

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 04/07/2022          Signature: /s/ Charles Verhoeven

                          Name:      Charles Verhoeven

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Google LLC | | XXVI Holdings Inc. |
| | | Alphabet Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable      ☐ Additional pages attached

| | | |
|---|---|---|
| Nima Hefazi | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable      ☐ Additional pages attached

| | | |
|---|---|---|
| Google LLC v. Sonos, Inc., 3:20-cv-06754-WHA (N.D. Cal) | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable      ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................1

QUESTION PRESENTED ON CROSS-PETITION.................................3

STATEMENT OF FACTS ......................................................................3

    A.    Google's Collaboration With Sonos ........................................3

    B.    The Parties' Discussions Regarding Patents Not At Issue Here...........4

    C.    Sonos's Complaint For Infringement And Google's Complaint For Declaratory Judgment Of Non-Infringement ................................4

    D.    The District Court's Dismissal Without Prejudice Of Sonos's Willful And Indirect Infringement Claims............................................6

    E.    Sonos's Proposed Third Amended Complaint......................................8

ARGUMENT ........................................................................................9

I.    GOOGLE DOES NOT OPPOSE SONOS'S PETITION IF GOOGLE'S CROSS-PETITION IS ALSO GRANTED.............................11

II.    THERE IS A CONTROLLING QUESTION OF LAW WHETHER A DECLARATORY JUDGMENT COMPLAINT SUFFICES TO PLEAD WILLFUL INFRINGEMENT AND THE KNOWLEDGE ELEMENT OF INDIRECT INFRINGEMENT ...........................................14

    A.    The Interpretation Of The Pleading Standard For Willful And Indirect Infringement Presents A Pure Question Of Law..................15

    B.    The Question Is Controlling Because Reversal Would Require Dismissal With Prejudice...................................................................15

    C.    Clarity On This Issue Would Have Significant Precedential Value .....................................................................................................16

III.    SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION EXIST AS TO WHETHER A DECLARATORY JUDGMENT COMPLAINT SUFFICES TO ALLEGE WILLFUL AND INDIRECT INFRINGEMENT .........................................................................................17

IV.    RESOLUTION OF THIS ISSUE WOULD MATERIALLY ADVANCE THE OUTCOME OF THE LITIGATION ...............................21

RELIEF SOUGHT AND CONCLUSION ...........................................22

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois,*
219 F.3d 674 (7th Cir. 2000) ...................................................................15

*Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs,*
650 F.3d 652 (7th Cir. 2011) .....................................................................10

*Apple Inc. v. Princeps Interface Techs. LLC,*
No. 19-CV-06352-EMC, 2020 WL 1478350 (N.D. Cal. Mar. 26,
2020).........................................................................................................18

*Arrowhead Indus. Water, Inc. v. Ecolochem,*
846 F.2d 731 (1988) .................................................................................20

*Bayer Healthcare LLC v. Baxalta Inc.,*
989 F.3d 964 (Fed. Cir. 2021) ..................................................................18

*Bonutti Skeletal Innovations LLC v. Arthrex, Inc.,*
No. 612CV1380ORL22TBS, 2013 WL 12149301 (M.D. Fla. Mar. 29,
2013).........................................................................................................12

*Dodd v. Hood River Cnty.,*
59 F.3d 852 (9th Cir. 1995) ......................................................................10

*Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.,*
894 F.3d 665 (5th Cir. 2018) ....................................................................10

*In re Google LLC,*
No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ......................5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,*
579 U.S. 93 (2016) ...................................................................................19

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union,*
22 F.4th 1125 (9th Cir. 2022).....................................................................22

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille
Lauro in Amministrazione Straordinaria,*
921 F.2d 21 (2d Cir. 1990) .......................................................................17

*Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.,*
727 F. Supp. 2d 887 (E.D. Cal. 2010).........................................................21

*Mamani v. Berzain*,
    825 F.3d 1304 (11th Cir. 2016) ........................................................15

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
    518 F.3d 897 (Fed. Cir. 2008) ..........................................................20

*Mitutoyo Corp. v. Cent. Purchasing, LLC*,
    499 F.3d 1284 (Fed. Cir. 2007) ........................................................18

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) ........................................................13

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May
    16, 2012) ....................................................................................13, 14

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ............................................................17

*Ritz Camera & Image, LLC v. SanDisk Corp.*,
    463 F. App'x 921 (Fed. Cir. 2012) .....................................................9

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*,
    86 F.3d 656 (7th Cir. 1996) ..............................................................15

*SynQor, Inc. v. Artesyn Techs., Inc.*,
    709 F.3d 1365 (Fed. Cir. 2013) ........................................................13

*Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*,
    482 F.3d 1330 (Fed. Cir. 2007) ........................................................20

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ....................12

*Wrinkl, Inc. v. Facebook, Inc.*,
    No. 20-CV-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ..........13

*Yamaha Motor Corp., USA v. Calhoun*,
    516 U.S. 199 (1996) .........................................................................10

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021) ..................................................12

## STATUTORY AUTHORITIES

28 U.S.C. § 1292(b) ...........................................................1, 8, 9, 15, 22

Patent Act, 35 U.S.C. §§ 271, 284 .....................................................15

## **INTRODUCTION**

Google submits this cross-petition for interlocutory review because this Court's guidance is needed to clarify the pleading standard for willful and indirect infringement, and such clarity can be provided only if this Court grants this cross-petition along with Sonos's petition.  The District Court held that Sonos could amend its complaint to show willfulness and the knowledge element of indirect infringement simply by alleging that Google had filed a declaratory judgment complaint alleging non-infringement of the patents at issue.  Because this theory is legally baseless and raises troubling practical consequences, this Court should grant review and order dismissal with prejudice.

As an initial matter, Google does not oppose Sonos's petition.  Sonos fails to confront the weight of precedent rejecting its arguments and many courts' explanations for why a patentee cannot bootstrap its own allegations of infringement as the basis to show that the infringement was willful and knowing for purposes of indirect infringement.  Nonetheless, because there is some confusion among district courts on the questions presented in the petition, this Court's review would provide helpful guidance.

However, review would be meaningful in the instant case—and thus satisfy the Section 1292(b) requirements of a controlling question of law that will advance the outcome of the litigation—only if this Court also grants Google's cross-petition.

1

Absent this cross-petition, Sonos's petition is largely meaningless because Sonos already has moved to amend to satisfy the District Court's proposed pleading standard for willfulness and the knowledge element of indirect infringement.  The question of consequence here is whether all of Sonos's allegations—including that Google filed a declaratory judgment complaint—suffice to meet the pleading standard.  If not, then Sonos's second amended complaint should have been dismissed with prejudice, and courts consistently hold that this change (from dismissal without prejudice to with prejudice) is a proper basis for cross-appeal.

Moreover, there is an important, unsettled issue of law regarding whether the filing of a declaratory judgment complaint provides a sufficient basis for a patentee to allege willful infringement and the knowledge element of indirect infringement. The District Court disregarded the point that willfulness and knowledge require not only knowledge of the patent, but knowledge that the party was infringing that patent.  A party's choice to file a declaratory judgment complaint—and thereby provide a good-faith basis to show *non*-infringement—does not plausibly support the inference that the party actually knows it is infringing, *i.e.*, the exact opposite of what it is claiming.  The District Court's contrary conclusion would mark a drastic change in the law, whereby parties would be punished for filing declaratory judgment complaints and be strongly disincentivized from doing so.  Such a change

warrants this Court's review, and accordingly, this Court should grant this cross-petition along with Sonos's petition.

**QUESTION PRESENTED ON CROSS-PETITION**

Can a patentee remedy a failure to plead willful infringement and the knowledge element of indirect infringement merely by alleging that the alleged infringer filed a complaint requesting a declaratory judgment of non-infringement of the patents at issue?

**STATEMENT OF FACTS**

**A.      Google's Collaboration With Sonos**

Founded in 1998, Google has a mission to organize the world's information and make it universally accessible and useful.  *Google LLC v. Sonos, Inc.*, No. 3:20-cv-06754-WHA ("Declaratory Judgment Action"), Dkt. 125 ¶ 14.  Over the past two decades, Google has become one of the world's most innovative technology companies in service of that mission.  *Id.*

In 2013, Google and Sonos began collaborating on the integration of Google Play Music with Sonos devices.  *Id.* ¶ 18.  Google and Sonos executed several agreements in connection with their collaboration, including a November 2013 Content Integration Agreement.  *Id.* ¶ 21.  Pursuant to the parties' agreements, Google and Sonos collaborated closely on cloud queue technology for Google Play Music between 2013 and 2015.  *Id.* ¶ 24.  By December 2013, Google told Sonos that it was considering "a more cloud queue centric model" for certain aspects of

3

development related to the collaboration.  *Id.* ¶ 25.  Google went on to develop its technology, and Sonos learned the details of Google's development in connection with the parties' collaboration.  Dkt. 32 at 24.[1]  Sonos also understood—and acknowledged at the time—that Google would be using its technology not just in connection with Sonos devices but also in connection with other devices.  *Id.*

### B.    The Parties' Discussions Regarding Patents Not At Issue Here

Between 2016 and 2019, Google and Sonos engaged in cross-licensing discussions.  Dkt. 138 at 9.  In connection with the parties' years-long negotiation of a potential cross-license, Sonos sent Google various materials identifying Sonos patents and accusing Google products of infringement.  *Id.*  While those materials purportedly identified U.S. Patent Nos. 9,967,615 ("'615 patent") and 9,344,206 ("'206 patent"), as well as patents sharing a common specification with U.S. Patent Nos. 10,469,966 ("'966 patent"), 10,779,033 ("'033 patent"), and 10,848,885 ("'885 patent"), Sonos admits that "this correspondence did not specifically identify the '033, '966, and '885 Patents."  Dkt. 144 at 7.

### C.    Sonos's Complaint For Infringement And Google's Complaint For Declaratory Judgment Of Non-Infringement

On September 28, 2020, Sonos sent Google a draft complaint alleging infringement of the '615, '033, '966, and '206 patents as well as U.S. Patent No.

---

[1]    Unless otherwise noted, docket numbers refer to the docket in the proceeding below, No. 3:21-cv-07559-WHA (N.D. Cal.).

9,219,460 ("'460 patent"), which it planned to file in the Western District of Texas the next day. Dkts. 1 ¶¶ 83, 95, 107, 120, 133. That night, Google filed a declaratory judgment complaint in the Northern District of California seeking a declaratory judgment of non-infringement of the same patents. Declaratory Judgment Action, Dkt. 1. The next morning, Sonos filed the instant action in the Western District of Texas. Dkt. 1. The Northern District of California later stayed the declaratory judgment action to allow the Western District of Texas to rule on Google's motion to transfer this case to California. Declaratory Judgment Action, Dkt. 36. This Court granted Google's petition for mandamus and ordered transfer to the Northern District of California. *See In re Google LLC*, No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021).

On February 23, 2021, Sonos filed the operative second amended complaint, alleging infringement of the '615, '033, '966, '885, and '206 patents.[2] Dkt. 51. Sonos's second amended complaint asserts willful and indirect infringement claims for the '033, '966, and '885 patents. *Id.* Sonos contends that Google had knowledge of the '033 and '966 patents when Sonos sent Google a draft of its original complaint on September 28, 2020, and of the '885 patent when Sonos provided Google with a draft of its first amended complaint on January 8, 2021. *Id.* ¶¶ 92-95, 117-20, 130-

---

[2]  On February 4, 2022, the parties stipulated to dismissal of claims and counterclaims regarding the '206 patent. Dkt. 151.

33.  It also claims that Google had notice of the '033, '996, and '885 patents as a result of the parties' licensing discussions regarding other non-asserted patents in Sonos's patent portfolio.  *See, e.g.*, *id.* ¶¶ 20, 22.

### D.  The District Court's Dismissal Without Prejudice Of Sonos's Willful And Indirect Infringement Claims

On March 9, 2021, Google moved to dismiss Sonos's claims for willful and indirect infringement of the '033, '966, and '885 patents.  Dkt. 55.  Since the motion was still pending when this case was transferred from the Western District of Texas to the Northern District of California, Google re-filed it in the Northern District of California on January 10, 2022.  Dkt. 138 at 8.

On March 16, 2022, the court granted Google's motion to dismiss without prejudice.  ADD1-13.  Recognizing that the standard for pleading willful infringement "is a recurring issue in patent litigation," the court attempted to set forth the "proper pleading standard."  ADD2-3.  Although "[n]o post-*Halo* appellate authority addresses any pleading requirements for enhanced damages, or for that matter, willful infringement," the court held that "knowledge of the patent and knowledge of infringement must be pled with plausibility."  ADD4.  It then emphasized that "[m]ere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough" to establish a specific intent to infringe.  *Id.*  The court also "join[ed] those district courts that do not generally allow the complaint to serve as notice."  ADD8.  However, the court noted that a "different calculus" applies "when

the controversy is initiated by the accused infringer by way of a declaratory relief action" and held that "the patent owner, by way of a counterclaim, should be allowed to plead the infringer's conceded knowledge of the patents and that the infringer has had sufficient time to analyze the accused product vis-à-vis those patents." *Id.*

Applying this standard, the court found that "Sonos has not plausibly alleged Google had the requisite knowledge" to support its willful infringement claims for the '033, '966, and '885 patents. ADD9. First, the court rejected Sonos's claim that the courtesy copies of the original complaint and first amended complaint established Google's knowledge of the '033, '966, and '885 patents. *Id.* Second, it found Sonos's allegations of the parties' previous licensing discussions and patent disputes insufficient to establish knowledge of the patents at issue. ADD9-10. But the court permitted Sonos to amend its complaint to plead willful infringement based on Google's declaratory judgment complaint. ADD10.

The court also dismissed without prejudice the claim for indirect infringement on the same ground. ADD10-12. The court noted that "[l]ike willful infringement, both forms of indirect infringement—induced and contributory infringement— require knowledge of the patent and knowledge of infringement." ADD10. Accordingly, the court concluded that "[e]verything discussed above for willfulness applies here." ADD11. In addition, for contributory infringement, the court held

that Sonos did not adequately plead the requisite lack of substantial noninfringing uses.  ADD11-12.

Recognizing that "reasonable minds may differ" on the pleading standard for "pleading willfulness and indirect infringement (on the knowledge point, not on the issue of substantial noninfringing uses), and recognizing the vast amount of resources being consumed in the district courts over such pleading issues," the court certified the issue for interlocutory appeal under 28 U.S.C. § 1292(b).  ADD13.  On March 28, 2022, Sonos petitioned this Court for permission to appeal.[3]

### E.    Sonos's Proposed Third Amended Complaint

On March 30, 2022, Sonos moved for leave to file a third amended complaint. Dkt. 159.  In an effort to cure the deficiency of its willful and indirect infringement claims for the '033, '966, and '885 patents, Sonos added the following allegations: (1) Google's declaratory judgment complaint supposedly demonstrates that Google knew of the '966, '033, and '885 patents prior to Sonos bringing each respective claim of infringement,[4] and (2) Google supposedly "should have known about the

---

[3]  On March 30, this Court ordered that a response to the petition was due on April 6.  Because Google did not file a response, but rather files only this cross-petition, it is due today, April 7, under Rule 5(b)(2) of the Federal Rules of Appellate Procedure. However, in an abundance of caution, Google notes that if this Court disagrees, Google respectfully requests the Court nonetheless accept this filing, and Google would submit a motion requesting this relief should the Court deem it necessary.

[4]  Although Google's original declaratory judgment complaint did not seek a declaratory judgment of non-infringement of the '885 patent, Sonos appears to contend that the original declaratory judgment complaint nevertheless establishes

'966, '033, and '885 Patents and Google's infringement thereof based on the parties'

multi-jurisdictional patent dispute as well as a five-year history where Sonos had

repeatedly informed Google of the breadth and depth of Sonos's patent portfolio and

its applicability to the accused Google products, including for patents in the same

family as the asserted patents." *Id.* at 12-13.[5]

## ARGUMENT

The Court should grant review to address the District Court's holding that a

patentee can plausibly allege willful infringement and the knowledge element of

indirect infringement by asserting that the alleged infringer filed a complaint

requesting a declaratory judgment of non-infringement of the patents at issue.

Review under 28 U.S.C. § 1292(b) is warranted because this is (1) an important and

controlling issue of law; (2) as to which there are substantial grounds for a difference

of opinion; (3) the resolution of which would substantially narrow this case. *See*,

*e.g.*, *Ritz Camera & Image, LLC v. SanDisk Corp.*, 463 F. App'x 921, 922 (Fed. Cir.

2012).

Google cross-petitions, rather than simply raising this issue as an additional

basis for affirmance, because Google's arguments would warrant a change in the

---

that Google knew of the patent before Sonos filed its claim for infringement of the
'885 patent. *See* Dkt. 159 at 12-13; Declaratory Judgment Action, Dkt. 1.

[5]      Sonos also provided additional allegations on the issue of substantial
noninfringing uses. *See* Dkt. 159-9 ¶¶ 143-47, 179-82, 212-15. Neither Sonos nor
Google petitions this Court for review of this issue.

District Court's order from a dismissal without prejudice to a dismissal with prejudice. Courts consistently recognize that a defendant may seek such relief through a cross-appeal. *See, e.g.*, *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 672 (5th Cir. 2018) ("The district court dismissed Plaintiffs' claims without prejudice, but a dismissal without prejudice may be converted into a dismissal with prejudice when a defendant files a cross-appeal, as [the defendant] has done here."); *Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, 650 F.3d 652, 660 (7th Cir. 2011) ("An appellee who wants, not that the judgment of the district court be affirmed on an alternative ground, but that the judgment be changed, in this case from a dismissal without to a dismissal with prejudice, must file a cross-appeal."); *Dodd v. Hood River Cnty.*, 59 F.3d 852, 864 (9th Cir. 1995) ("The District Court's dismissal was grounded on its own lack of jurisdiction and was without prejudice. The [defendants], having not filed a cross-appeal, may urge any ground that would result in an affirmance of the judgment below in their favor, but may not obtain from us relief more extensive than [they] received from the district court."). In any event, "the appellate court may address any issue fairly included within the certified order . . . ." *Yamaha Motor Corp., USA v. Calhoun*, 516 U.S. 199, 205 (1996). Here, as discussed below, this Court can and should address the issues raised in both Sonos's petition and this cross-petition.

## I. GOOGLE DOES NOT OPPOSE SONOS'S PETITION IF GOOGLE'S CROSS-PETITION IS ALSO GRANTED

Google does not oppose Sonos's petition because the pleading standard for willful and indirect infringement would benefit from this Court's review. Nonetheless, it would be imprudent to grant Sonos's petition without also granting this cross-petition because Sonos's petition by itself would have little, if any, effect on the outcome of this case. The District Court indicated that Sonos could survive a motion to dismiss on willfulness and the knowledge element of indirect infringement simply by adding an allegation that Google had filed a declaratory judgment complaint. *See* ADD8-11. Sonos's proposed third amended complaint does just that. Thus, regardless of whether Sonos's allegations in its second amended complaint would suffice, it appears that Sonos's claims may now survive a motion to dismiss as to willful infringement and the knowledge element of indirect infringement. In contrast, Google's cross-petition is dispositive because (if accepted) it would leave Sonos without any basis to plead willful or indirect infringement, and thus require dismissal of those counts with prejudice. In short, it does not make sense for this Court to decide whether some, but not all, of the allegations at issue here suffice to plead willful and indirect infringement. But because the pleading standard is a subject of significant confusion and disagreement among district courts, this Court should grant both the petition and cross-petition to provide needed clarity on the questions presented.

11

Furthermore, while Google will address in further detail the merits of the issues presented in Sonos's petition if this Court grants the petition, it suffices here to note that Sonos mischaracterizes the weight of authority and disregards the arguments that refute its position. Contrary to Sonos's suggestion (Pet. 19-21), many district courts have rejected the idea that the patentee's complaint of infringement itself suffices to plead willful infringement and the knowledge element of indirect infringement. Those courts explain that Sonos's approach impermissibly would allow a complaint to create a cause of action. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021) ("The limited authority vested in our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims."); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("the complaint itself cannot serve as the basis for a defendant's actionable knowledge" because the "purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim").

It also would render the willfulness and knowledge elements essentially "meaningless," as alleged infringers always have knowledge of the patents-in-suit after receiving the complaint. *Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*, No. 612CV1380ORL22TBS, 2013 WL 12149301, at *3 (M.D. Fla. Mar. 29, 2013). As one district court correctly explained: "[I]t should not be the case that every patent

infringement lawsuit is automatically a willful infringement case.  But if all that is required is the filing of a complaint and a plausible allegation of infringement, then every case would be a willful infringement case."  *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345-RGA, 2021 WL 4477022, at *8 (D. Del. Sept. 30, 2021); *see also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012) ("Imagine that a plaintiff files a claim for indirect infringement alleging that the complaint establishes the defendant's knowledge.  The same day, the defendant ceases all activity.  Yet, under Plaintiff's rule, the defendant could not succeed on a motion to dismiss because, even though the defendant only learned of the patent the day of the complaint, defendant's knowledge is bootstrapped onto its conduct prior to the complaint's filing.").

This Court's precedents likewise suggest that the knowledge that matters is *pre-suit knowledge*, not knowledge gained in the suit itself.  *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018) (finding that the knowledge element of contributory infringement was satisfied where plaintiff had "pled facts to show Defendants' knowledge, prior to filing of the suit, of the [asserted] patent"); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1380 (Fed. Cir. 2013) (concluding that the "jury's finding of liability for contributory infringement demonstrate[d] the jury found each Defendant had actual knowledge of the [asserted] Patent prior to suit").  Indeed, as the District Court recognized, requiring

pre-suit knowledge preserves judicial and party resources by encouraging patent owners to put infringers on notice before resorting to litigation. ADD8 ("allowing the complaint to serve as notice would circumvent the worthwhile practice to send a cease-and-desist letter before suit"); *see also Proxyconn*, 2012 WL 1835680, at \*5 ("requiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit").

Despite the District Court's correct analysis of this issue, there are (as Sonos notes) some district courts that have held the contrary, and for that reason, Google does not oppose this Court granting Sonos's petition along with Google's cross-petition.

## II. THERE IS A CONTROLLING QUESTION OF LAW WHETHER A DECLARATORY JUDGMENT COMPLAINT SUFFICES TO PLEAD WILLFUL INFRINGEMENT AND THE KNOWLEDGE ELEMENT OF INDIRECT INFRINGEMENT

The District Court's order presents a controlling question of law because its interpretation of the pleading standard for willful and indirect infringement presents a purely legal question, its reversal would require dismissal with prejudice of Sonos's willful and indirect infringement claims for the '033, '966, and '885 patents, and a clarifying decision from this Court will have critical precedential value.

## A. The Interpretation Of The Pleading Standard For Willful And Indirect Infringement Presents A Pure Question Of Law

To qualify as a question of law for purposes of § 1292(b), "an issue must be an abstract legal issue that the court of appeals can decide quickly and cleanly." *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (quotation marks omitted); *see also Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000) ("'question of law' means an abstract legal issue"). Here, the proper pleading standard is a pure question of law reviewed *de novo*. In particular, whether a patentee can plead willful infringement and the knowledge element of indirect infringement merely by asserting that the alleged infringer filed a complaint requesting a declaratory judgment of non-infringement of the patent at issue is clearly a question of law. This Court can resolve the issue "without having to delve beyond the surface of the record in order to determine the facts" because it turns on interpretation of the Patent Act, 35 U.S.C. §§ 271, 284, and its jurisprudence. *Mamani*, 825 F.3d at 1312 (quotation marks omitted).

## B. The Question Is Controlling Because Reversal Would Require Dismissal With Prejudice

"A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Here, the question of law is "controlling" because reversal of the District

Court's decision on the issue would require dismissal with prejudice. The District Court ordered dismissal without prejudice only because it held that an allegation regarding Google's declaratory judgment complaint would suffice for willfulness and the knowledge element of indirect infringement. ADD10 ("The special twist in this controversy, however, is that Google commenced its own declaratory relief claim first. Applying our ground rules set forth above, Sonos should be allowed to counterclaim along the lines set forth above."); *see also* ADD11 (adopting the same reasoning for the indirect infringement claim).

Indeed, Sonos's proposed third amended complaint confirms that, unless the declaratory judgment complaint suffices, the proper course is dismissal with prejudice because amendment would be futile. The third amended complaint adds the allegation regarding Google's declaratory judgment complaint. Dkt. 159-9 ¶¶ 55-65, 161, 194, 226. The only other relevant addition is further detail about the parties' previous patent disputes and licensing discussions regarding patents other than the patents at issue, *id.* ¶¶ 20-30, which the District Court correctly held do not suffice, ADD4, 9-10—a point Sonos does not dispute in its petition. Thus, the controlling question in this litigation is whether Google's declaratory judgment complaint suffices for Sonos to meet its pleading standard.

### C.     Clarity On This Issue Would Have Significant Precedential Value

Review should also be granted because the question presented has important

precedential value.  *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he impact that an appeal will have on other cases is a factor" in determining whether a question is controlling).  It is very common for a party to file a declaratory judgment complaint shortly before a patentee files its own complaint accusing the party of infringement.  If the existence of the declaratory judgment complaint itself permits the patentee to meet the pleading standard for willful and indirect infringement, then that would be a very significant and (as discussed *infra* Part III) troubling development in the law that warrants this Court's consideration.

## III.  SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION EXIST AS TO WHETHER A DECLARATORY JUDGMENT COMPLAINT SUFFICES TO ALLEGE WILLFUL AND INDIRECT INFRINGEMENT

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed."  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."  *Id.*

Here, there are very substantial grounds to disagree with the District Court's opinion that a patentee can plead willful infringement and the knowledge element of

indirect infringement merely based on the alleged infringer's filing of a declaratory judgment complaint. In support of this holding, the District Court cited only *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007). ADD8. But *Mitutoyo* does not support the District Court's conclusion, as it held allegations of a declaratory judgment for invalidity filed ***eight years*** before the patent owner's infringement action combined with a settlement agreement between the parties resolving a dispute about the same patent ***nine years*** before the patent owner's infringement action plausibly established a claim for willful infringement. And at least one district court has dismissed an indirect infringement claim for failure to show intent to infringe, despite a declaratory judgment complaint, because that complaint suggests a "reasonable, good-faith belief in noninfringement" that "can negate the specific intent required for induced infringement." *Apple Inc. v. Princeps Interface Techs. LLC*, No. 19-CV-06352-EMC, 2020 WL 1478350, at *4 (N.D. Cal. Mar. 26, 2020).

The District Court's holding not only lacks precedential support, but it also conflicts with the straight-forward meaning of willful and knowing infringement. This Court has held: "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-88 (Fed. Cir. 2021); *see also* ADD10 ("Like willful infringement, both forms of indirect infringement—

induced and contributory infringement—require knowledge of the patent and knowledge of infringement."). Thus, at the pleading stage, the patentee must allege facts showing both knowledge of the patent and facts supporting a plausible, reasonable inference that the alleged infringer knew it was infringing that patent.

The existence of a declaratory judgment counterclaim does nothing to plausibly allege that the alleged infringer knew it was infringing. The District Court's theory appears to be that a declaratory judgment counterclaim shows that the alleged infringer knew about and considered the relevant patent. ADD8 ("A different calculus . . . applies when the controversy is initiated by the accused infringer by way of a declaratory relief action. In that circumstance, before suit, the accused infringer has presumably already studied the patents versus the accused products and, indeed, has sufficiently studied them to assert under Rule 11 that the accused product does not infringe the specified patents . . . ."). However, regardless of whether the party knew about the patent, that does not provide support for the idea that it *also* knew it was infringing the patent.

To the contrary, the declaratory judgment complaint means that the party believes it is not infringing and has a good-faith basis for that belief. There is no logical basis to presume that an accused infringer's allegation of *non*-infringement is factual support for the exact opposite proposition. Indeed, the purpose of a willful infringement claim is to show supposedly "egregious" conduct that might warrant

19

enhanced damages, *see, e.g.*, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016), and it is hardly egregious for a party to file a declaratory judgment complaint to claim it is not infringing a patent and to challenge the validity of that patent. Yet under the District Court's ruling, the only supposedly egregious conduct required at the pleading stage is the declaratory judgment complaint. *See* ADD6 (noting that "once willfulness is adequately pled, the complaint need *not* go further and specify the further aggravating circumstances warranting enhanced damages").

Moreover, the District Court's approach improperly would punish parties for bringing declaratory judgment complaints to seek a determination of their rights. Such a result is contrary to the purpose of the Declaratory Judgment Act and patent policy.[6] In particular, it would substantially chill parties from filing declaratory judgment claims for fear of providing the necessary predicate for the patentee to claim willful infringement. The District Court's only response is: "Infringers should

---

[6] *See, e.g.*, *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) ("The purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights.") (citation omitted); *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1336 n.2 (Fed. Cir. 2007) (the Declaratory Judgment Act serves "the policies underlying the patent laws by enabling a test of the validity and infringement of patents that are . . . being used only as . . . 'scarecrows.' Before the declaratory judgment provisions, competitors were 'victimized' by patent owners who engaged in 'extrajudicial patent enforcement with scare-the-customer-and-run tactics that infect[ed] the competitive environment of the business community with uncertainty and insecurity' and that rendered competitors 'helpless and immobile so long as the patent owner refused to . . . sue.") (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem*, 846 F.2d 731, 735 (1988)).

not be allowed to immunize themselves from ongoing willfulness by forcing patent owners into litigation.  If this holding discourages declaratory relief actions, it will do so no more than deserved."  ADD9.  However, the question is not whether a declaratory judgment complaint can be used as a shield to immunize a party from a claim of willful infringement; if there are plausible allegations to support willfulness or knowledge, a patentee can raise them regardless of the declaratory judgment counterclaim.  The question is whether the patentee can use a declaratory judgment counterclaim as a sword, whereby a party's denial of infringement becomes factual support for its knowledge of infringement.  In short, there is no legal basis for the District Court's suggestion that "discourag[ing] declaratory relief actions" is "deserve[d]," and, at a minimum, this Court should address such a novel and substantial change in the law.

## IV.  RESOLUTION OF THIS ISSUE WOULD MATERIALLY ADVANCE THE OUTCOME OF THE LITIGATION

Finally, reversal of the District Court's decision on the impact of a declaratory judgment action would materially advance the litigation because, as discussed above, it would require dismissal with prejudice.  Whether review will materially advance the termination of the litigation is closely related to the question of whether an issue of law is "controlling," such that the Court should consider the effect of a reversal on the management of the case.  *E.g. Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*, 727 F. Supp. 2d 887, 896 (E.D. Cal. 2010).  "[T]he 'materially

advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) (quotation marks omitted). Sonos's petition, considered on its own, is largely pointless given the proposed amendments to Sonos's complaint. However, if Google's cross-petition is also granted, then resolution of the issues presented by both parties can materially advance the resolution of the proceedings by determining whether amendment of Sonos's willful and indirect infringement claims would be futile.

## RELIEF SOUGHT AND CONCLUSION

Google respectfully requests that, under 28 U.S.C. § 1292(b), this Court grant the cross-petition for review of the District Court's order.

Respectfully Submitted,

Dated:  April 7, 2022

By:  Charles Verhoeven
Charles Verhoeven
Melissa Baily
Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

David M. Cooper
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Counsel for Defendant-Cross-Petitioner Google LLC*