QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:21-cv-07559-WHA<br>Related to Case No. 3:20-cv-06754-WHA<br><br>**GOOGLE LLC'S RESPONSE TO SONOS, INC.'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>Date: May 12, 2022<br>Time: 8:00 a.m.<br>Location: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Second Amended Complaint Filed: February 23, 2021 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF THE ISSUES TO BE DECIDED ...........................................................1

III. STATEMENT OF RELEVANT FACTS ............................................................................1

IV. LEGAL STANDARD ..........................................................................................................5

V. ARGUMENT .........................................................................................................................5

    A. The Court Should Defer Ruling on Sonos's Motion to Amend Until The Federal Circuit Decides Sonos's And Google's Petitions For Permission To Appeal. ...........................................................................................................................5

    B. *Foman* Factor 4: Sonos's Revised Claims Are Either Futile On Their Face Or May Become Futile. ...............................................................................................6

    C. *Foman* Factor 1: Sonos's Motion Evinces Bad Faith and Dilatory Motive ...............8

    D. *Foman* Factor 3: Allowing Amendment Would Unduly Prejudice Google.............10

VI. CONCLUSION ..................................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*,
　No. 18-CV-06663-TSH, 2019 WL 861422 (N.D. Cal. Feb. 22, 2019) .............................. 9

*Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*,
　677 F.3d 1361 (Fed. Cir. 2012) ...................................................................................... 5

*Edwards Lifesciences LLC v. Cook Inc.*,
　No. C 03-03817JSW, 2008 WL 913328 (N.D. Cal. Apr. 2, 2008) ...................................... 9

*Fluidigm Corp. v. IONpath, Inc.*,
　No. C 19-05639 WHA, 2020 WL 1433178 (N.D. Cal. Mar. 24, 2020) .............................. 7

*Foman v. Davis*, 371 U.S. 178, 182 (1962) .............................................................................. 5

*Griggs v. Pace Am. Grp., Inc.*,
　170 F.3d 877 (9th Cir. 1999) .......................................................................................... 9

*Johnson v. Buckley*,
　356 F.3d 1067 (9th Cir. 2004) ........................................................................................ 7

*Leadsinger, Inc. v. BMG Music Pub.*,
　512 F.3d 522 (9th Cir. 2008) .......................................................................................... 5

*People.ai, Inc. v. Clari Inc.*,
　No. C 21-06314 WHA, 2022 WL 228306 (N.D. Cal. Jan. 26, 2022) ....................... 5, 7, 10

*Quidel Corp. v. Siemens Med. Sols. USA, Inc.*,
　No. 16-CV-3059-BTM-AGS, 2019 WL 1409854 (S.D. Cal. Mar. 27, 2019) ...................... 9

*Salameh v. Tarsadia Hotel*,
　726 F.3d 1124 (9th Cir. 2013) ........................................................................................ 5

*Sonos, Inc. v. Google LLC*,
　No. 2022-134 (Fed. Cir. Mar. 28, 2022) ......................................................................... 4

*Sonos, Inc. v. Google LLC*,
　No. 2022-144 (Fed. Cir. Apr. 7, 2022) ............................................................................ 4

**FEDERAL CASES**

Fed. R. Civ. P. 15(a) .................................................................................................................. 5

## I. INTRODUCTION

As explained in the Motion to Stay that Google is filing concurrently herewith, Google respectfully requests that the Court postpone ruling on Sonos's Motion for Leave to File a Third Amended Complaint (Dkt. 159, "Motion to Amend") until the United States Court of Appeals for the Federal Circuit ("Federal Circuit") rules on the parties' petitions for permission to appeal pursuant to 28 U.S.C. § 1292(b). To do otherwise would risk inconsistent rulings and duplicative litigation.

If the Court is inclined to rule on Sonos's Motion to Amend before the Federal Circuit rules on the parties' petitions for interlocutory appeal, the Court should deny Sonos's Motion to Amend because the *Foman* factors weigh against amendment. Sonos's proposed amendments are either facially futile or have the potential to become futile. Two of Sonos's theories of knowledge for willful and indirect infringement were either already rejected by the Court or are facially deficient, and the third theory could be reversed on appeal. Moreover, Sonos's decision to seek amendments based on allegations that the Court has previously rejected or that Sonos has known about for months, if not years—and Sonos's decision to pursue those amendments just days after filing a petition for interlocutory appeal, and without meeting and conferring with Google—evinces undue delay, bad faith, and dilatory motive. As explained in more detail in Google's Motion to Stay, Sonos's proposed amendments also present a risk of undue prejudice to Google as they increase the likelihood of duplicative and unnecessary litigation.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should defer ruling on Sonos's Motion to Amend until the Federal Circuit rules on Sonos's and Google's petitions for permission to appeal the Court's Order granting Google's motion to dismiss without prejudice.

2. Whether the Court should deny Sonos's Motion to Amend.

## III. STATEMENT OF RELEVANT FACTS

On September 28, 2020, Sonos sent Google a draft complaint alleging infringement of five patents, namely U.S. Patent Nos. 9,967,615 ("the '615 patent"); 10,779,033 ("the '033 patent");

9,344,206 ("the '206 patent"); 10,469,966 ("the '966 patent"); and 9,219,460 ("the '460 patent"), which it planned to file in the Western District of Texas the next day. Dkts. 1 ¶¶ 83, 95, 107, 120, 133; 156 at 1. That night, Google filed a declaratory judgment complaint in the Northern District of California seeking a declaratory judgment of non-infringement of the same patents. *Google LLC, v. Sonos, Inc.*, Case No. 3:20-cv-06754-WHA (N.D. Cal. Sept. 28, 2020) ("DJ Action"), Dkt. 1. The next morning, Sonos filed the instant action in the Western District of Texas. Dkt. 1. Sonos subsequently amended its complaint to add a claim of infringement for U.S. Patent No. 10,848,885 ("the '885 patent") on February 17, 2021. Dkt. 49.

Sonos filed the operative second amended complaint on February 23, 2021, asserting claims for direct, indirect, and willful infringement of the '615, '033, '996, '885, and '206 patents.[1] Dkt. 51 ("SAC"). To establish the knowledge element of its willful and indirect infringement claims for the '033, '966, and '885 patents, the SAC contends that Google had knowledge of the '033 and '966 patents when Sonos sent Google a draft of its original complaint on September 28, 2020, and of the '885 patent when Sonos provided Google with a draft of its first amended complaint on January 8, 2021. *Id.* ¶¶ 92-95 ('033 patent); ¶¶ 117-20 ('966 patent); ¶¶ 130-33 ('885 patent). The SAC also claims that Google had notice of the '033, '996, and '885 patents as a result of the parties' previous patent disputes and licensing discussions regarding other non-asserted patents in Sonos's patent portfolio. *See, e.g.*, *id.* ¶¶ 20, 22, 26.

On March 9, 2021, Google moved to dismiss Sonos's willful and indirect infringement claims for the '033, '966, and '885 patents. Dkt. 55. Since the motion was still pending when the case was transferred from the Western District of Texas to this Court, this Court ordered Google to re-file the motion to conform with the Local Rules for the Northern District of California on October 7, 2021. DJ Action, Dkt. 73 at 18:2-3, 18:13-14. After the Court granted Google's précis requesting permission to re-file the motion to dismiss on December 30, 2021 (Dkt. 133), Google filed its motion to dismiss on January 10, 2022. Dkt. 138.

---

[1] On February 4, 2022, the parties stipulated to dismissal of claims and counterclaims regarding the '206 patent. Dkt. 151.

On March 16, 2022, the Court granted Google's motion to dismiss without prejudice. Dkt. 156 ("Order"). Recognizing that the standard for pleading willful infringement "is a recurring issue in patent litigation," the Court attempted to set forth the "proper pleading standard." *Id.* at 2-3. Although "[n]o post-*Halo* appellate authority addresses any pleading requirements for enhanced damages, or for that matter, willful infringement," the Court held that "knowledge of the patent and knowledge of infringement must be pled with plausibility." *Id.* at 4. It then emphasized that "[m]ere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough" to establish a specific intent to infringe. *Id.* The Court also "join[ed] those district courts that do not generally allow the complaint to serve as notice." *Id.* at 8. However, the Court noted that a "different calculus" applies "when the controversy is initiated by the accused infringer by way of a declaratory relief action" and held that "the patent owner, by way of a counterclaim, should be allowed to plead the infringer's conceded knowledge of the patents and that the infringer has had sufficient time to analyze the accused product vis-à-vis those patents." *Id.*

Applying this standard, the Court found that "Sonos has not plausibly alleged Google had the requisite knowledge" to support its willful infringement claims for the '033, '966, and '885 patents. *Id.* at 9. First, the Court rejected Sonos's claim that the courtesy copies of the original complaint and first amended complaint established Google's knowledge of the '033, '966, and '885 patents. *Id.* Second, it found Sonos's allegations of the parties' previous patent disputes and licensing discussions insufficient to establish knowledge of the patents at issue. *Id.* at 9-10. However, the Court permitted Sonos to amend its complaint to plead willful infringement based on Google's declaratory judgment complaint. *Id.* at 10.

The Court also dismissed Sonos's claims for indirect infringement without prejudice on the same ground. *Id.* at 10-12. The Court noted that "[l]ike willful infringement, both forms of indirect infringement—induced and contributory infringement—require knowledge of the patent and knowledge of infringement." *Id.* at 10. Accordingly, the Court concluded that "[e]verything discussed above for willfulness applies here." *Id.* at 11. In addition, for contributory infringement, the Court held that Sonos did not adequately plead the requisite lack of substantial noninfringing uses. *Id.* at 11-12.

Recognizing that "reasonable minds may differ" on the pleading standard for "pleading willfulness and indirect infringement (on the knowledge point, not on the issue of substantial noninfringing uses), and recognizing the vast amount of resources being consumed in the district courts over such pleading issues," the Court certified the issue for interlocutory appeal under § 1292(b). *Id.* at 13. Sonos petitioned the Federal Circuit for permission to appeal the Court's Order on March 28, 2022, seeking review of the pleading standard for post-filing knowledge for both willful and indirect infringement. *See Sonos, Inc. v. Google LLC*, No. 2022-134 (Fed. Cir. Mar. 28, 2022). On April 7, 2022, Google filed a cross-petition for permission to appeal the Court's holding that a patentee can adequately plead willfulness and the knowledge element of indirect infringement merely by alleging that accused infringer filed a declaratory judgment complaint alleging non-infringement of the patents at issue. *See Sonos, Inc. v. Google LLC*, No. 2022-144 (Fed. Cir. Apr. 7, 2022) ("Cross-Petition").

On March 30, 2022, Sonos moved for leave to file a third amended complaint. *See* Motion to Amend. Sonos's proposed third amended complaint ("TAC") adds the following allegations regarding Google's knowledge of the '033, '966, and '885 patents: (1) Google's declaratory judgment complaint supposedly demonstrates that Google knew of the '966, '033, and '885 patents prior to Sonos bringing each respective claim of infringement,[2] and (2) Google supposedly "should have known about the '966, '033, and '885 Patents and Google's infringement thereof based on the parties' multi-jurisdictional patent dispute as well as a five-year history where Sonos had repeatedly informed Google of the breadth and depth of Sonos's patent portfolio and its applicability to the accused Google products, including for patents in the same family as the asserted patents." *Id.* at 12-13. The TAC also provides additional allegations on the issues of specific intent and lack of substantial noninfringing uses and adds claims pursuant to 35 U.S.C. § 271(f). *See* Dkt. 159-9 ¶¶ 103-07, 140-41, 173-76, 207-10 (specific intent); 109-13, 143-47, 179-82, 212-15 (substantial noninfringing uses); ¶¶ 114-26, 148-60, 183-93, 216-25 (§ 271(f)).

---

[2] Although Google's original declaratory judgment complaint did not seek a declaratory judgment of non-infringement of the '885 patent, Sonos appears to contend that the original declaratory judgment complaint nevertheless establishes that Google knew of the patent before Sonos filed its claim for infringement of the '885 patent. *See* Dkt. 159 at 12-13; DJ Action, Dkt. 1.

On April 13, 2022, Google moved to stay all issues relating to Sonos's Motion to Amend pending interlocutory appeal. Dkt. 166 ("Motion to Stay"). As explained in more detail in the Motion to Stay, a tailored stay would facilitate the efficient resolution of this case by allowing this Court to benefit from the Federal Circuit's guidance and avoiding duplicative litigation without delaying the progress of the case. *Id.*

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). In the Ninth Circuit, district courts may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[3] "The touchstone of the evaluation is prejudice to the opposing party." *People.ai, Inc. v. Clari Inc.*, No. C 21-06314 WHA, 2022 WL 228306, at *1 (N.D. Cal. Jan. 26, 2022). "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

## V. ARGUMENT

### A. The Court Should Defer Ruling on Sonos's Motion to Amend Until The Federal Circuit Decides Sonos's And Google's Petitions For Permission To Appeal.

As explained in Google's concurrently-filed Motion to Stay, Google respectfully requests that the Court postpone ruling on Sonos's Motion to Amend until after the Federal Circuit resolves the parties' petitions for interlocutory appeal. As Google explained in its Motion to Stay, ruling on Sonos's Motion to Amend without the Federal Circuit's guidance risks inconsistent rulings and duplicative litigation. *See* Motion to Stay at 9-11. If the Federal Circuit grants interlocutory review

---

[3] Ninth Circuit law applies to a motion for leave to amend a pleading because it "raises an issue not unique to patent law." *Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, 677 F.3d 1361, 1374 (Fed. Cir. 2012).

after the Court rules on Sonos's Motion to Amend, the Federal Circuit could modify the Court's pleading standards for willful and indirect infringement and require the parties to re-litigate the sufficiency of Sonos's pleadings. *Id.* at 10. And since resolution of Google's cross-petition could result in the dismissal of Sonos's willful and indirect infringement claims for the '033, '966, and '885 patents with prejudice, it would be more efficient to defer deciding Sonos's Motion to Amend until after the Federal Circuit clarifies the proper pleading standard to employ in assessing the merits of the motion. *Id.* at 11.

Furthermore, waiting to resolve the sufficiency of Sonos's revised willful and indirect infringement claims until after the Federal Circuit rules on Sonos's and Google's petitions for interlocutory appeal will not significantly delay the resolution of the case. *Id.* at 11-12. The parties will continue to litigate Sonos's direct infringement claims and prepare for the patent showdown. *Id.* Discovery also would not be delayed because (1) the parties are already diligently conducting discovery in advance of the patent showdown and, (2) the Court's Order specifies that "even under the strictest of pleading standards, and even if all its willfulness claims were struck, Sonos would be entitled to pursue in discovery issues concerning Google's pre-suit knowledge of the specific patents-in-suit and of infringement." Order at 10. Accordingly, a deferred ruling on Sonos's Motion to Amend will facilitate the efficient resolution of this case and preserve judicial and party resources.

If the Court is inclined to rule on Sonos's Motion to Amend before the Federal Circuit rules on the parties' petitions for interlocutory appeal, the Court should deny Sonos's Motion because the *Foman* factors are either neutral[4] or weigh against amendment.

### B. *Foman* Factor 4: Sonos's Revised Claims Are Either Futile On Their Face Or May Become Futile.

"Amendment is futile if the complaint would fail to state a claim for relief." *People.ai*, 2022 WL 228306, at *2. "As in a motion to dismiss, a complaint must allege facts sufficient to state a facially plausible claim for relief. That means the factual allegations permit a reasonable inference,

---

[4] *Foman* factor two ("repeated failure to cure deficiencies by amendments previously allowed") is neutral given that this is the first time Sonos has moved for leave to amend in response to an order on a motion to dismiss.

not just speculation, that defendants are liable for the misconduct alleged." *Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 1433178, at *1 (N.D. Cal. Mar. 24, 2020). Futility "alone can justify denial of a motion for leave to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Here, two of Sonos's theories of knowledge for its willful and indirect infringement claims are futile because they were already rejected by the Court or are facially deficient. Sonos's third theory could similarly become futile if the Federal Circuit grants Google's cross-petition for interlocutory review and reverses the Court's finding that a declaratory judgment complaint for non-infringement can create a basis for alleging the knowledge requirement of willful and indirect infringement.

Sonos's first theory of willful and indirect infringement—that Google had knowledge of the '966, '033, and '885 patents as a result of the parties' previous patent disputes and licensing discussions—has already been rejected by this Court. Sonos's proposed TAC seeks to add allegations that Google "should have known about the '966, '033, and '885 Patents and Google's infringement thereof based on the parties' multi-jurisdictional patent dispute as well as a five-year history where Sonos had repeatedly informed Google of the breadth and depth of Sonos's patent portfolio and its applicability to the accused Google products, including for patents in the same family as the asserted patents." Motion to Amend at 13 (citing TAC ¶¶ 17-31, 37-40). But the Court rejected this exact theory of pre-suit knowledge in its Order: "Mere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough" to plead the requisite knowledge for willful and indirect infringement. Order at 4. Because this theory of liability was already dismissed, it is clearly futile. *See People.ai*, 2022 WL 228306, at *4 (finding amendment "futile" because "the additional factual allegations that [the plaintiff] inserted into its proposed second amended complaint do not address the deficiencies pointed out in the order granting [the defendant] judgment on the pleadings"); *Fluidigm Corp.*, 2020 WL 1433178, at *3 ("[T]he Court is unsure why our patent owner again included several theories of liability in its proposed second amended complaint that were already dismissed. For example, the January 24 order made clear that mere knowledge of a prior patent conveys no knowledge whatsoever of later patents in the same family. Yet this theory remains in the proposed complaint.").

Sonos's second theory—that Google's declaratory judgment complaint establishes knowledge of the '885 patent—is facially deficient. Google's original declaratory judgment complaint did not seek a declaratory judgment of non-infringement of the '885 patent. DJ Action, Dkt. 1. In fact, the '885 patent did not even issue until November 24, 2020, two months *after* Google filed its original declaratory judgment complaint. *See* Dkt. 51-45 at 1. Thus, there is no plausible way that Google's declaratory judgment complaint could have established knowledge of the '885 patent.

Sonos's third theory—that Google's declaratory judgment complaint of non-infringement establishes the requisite knowledge for willful and indirect infringement—could become futile. While the Court previously suggested that a complaint seeking a declaratory judgment of non-infringement could establish knowledge for both willful and indirect infringement, Google respectfully disagrees. A declaratory judgment complaint demonstrates a good-faith belief in non-infringement, not knowledge of infringement. *See* Cross-Petition at 26-27. Permitting declaratory judgment complaints to establish willful and indirect infringement would also contravene the Declaratory Judgment Act and patent policy by punishing parties for seeking a determination of their rights. *Id.* 27-28. Accordingly, Google raised the issue with the Federal Circuit in its Cross-Petition for interlocutory appeal. *See id.* If the Federal Circuit grants Google's Cross-Petition, it could reverse the Court's holding that a declaratory judgment complaint of non-infringement demonstrates the requisite knowledge for willful and indirect infringement. Motion to Stay at 11. And in that circumstance, Sonos's additional allegations of lack of substantial non-infringing use could not even save its indirect infringement claims. If the Federal Circuit grants Google's Cross-Petition and reverses the Court's holding, Sonos's willful and indirect infringement claims would have to be dismissed with prejudice.

### C.   *Foman* Factor 1: Sonos's Motion Evinces Bad Faith and Dilatory Motive

Sonos contends that "there is no evidence of undue delay, bad faith, or dilatory motive" because it filed its Motion to Amend fourteen days after the Court granted Google's motion to dismiss and its proposed amended complaint allegedly "responds to the Court's pleading 'ground rules.'" Motion to Amend at 8-9. This mischaracterizes the facts.

First, as discussed above, Sonos's proposed amendments include allegations regarding the parties' previous licensing discussions about unasserted patents that the Court has already explicitly rejected. *Supra* Section V.B. Because Sonos is merely trying to renew allegations that the Court has previously rejected, Sonos's amendment evinces bad faith. *See Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BTM-AGS, 2019 WL 1409854, at *3 (S.D. Cal. Mar. 27, 2019) ("Bad faith exists where the proposed amendment suggests that the movant is 'merely . . . seeking to prolong the litigation by adding new but baseless legal theories.'") (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)).

Second, Sonos's proposed TAC seeks to add allegations and theories that Sonos has been aware of for months, if not years. Sonos knew it intended to pursue claims under § 271(f) at least as early as September 10, 2021 when it served its Final Infringement Contentions in the Western District of Texas and included theories pursuant to § 271(f). *See* Ex. 1; TAC ¶¶ 114-26, 148-60, 183-93, 216-25. Sonos also knew of the additional licensing discussions between Sonos and Google that it seeks to add to the TAC at least as early as December 16, 2021, when it identified those exact licensing discussions in its response to the Court's request for information regarding Google's précis request. *See* Dkt. 129; TAC ¶¶ 20-27. Likewise, Sonos could have asserted that Google's declaratory judgment complaint established pre-suit notice of the '033, '966, and '885 patents in both its first amended and second amended complaints. *See* TAC ¶¶ 55-63. Sonos was served with the declaratory judgment complaint on September 30, 2020, and subsequently amended its complaint on February 17, 2021 and February 23, 2021. Dkts. 49, 51; DJ Action, Dkt. 8. This delay is similarly evidence of bad faith. *Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-CV-06663-TSH, 2019 WL 861422, at *2 (N.D. Cal. Feb. 22, 2019) ("Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early."); *see also Edwards Lifesciences LLC v. Cook Inc.*, No. C 03-03817JSW, 2008 WL 913328, at *2 (N.D. Cal. Apr. 2, 2008) ("Courts do not look favorably upon the assertion of new legal theories, when the factual basis of those legal theories was known to the party for a significant amount of time prior to filing a motion for leave to amend.").

Third, Sonos filed its Motion to Amend after it filed its petition for permission to appeal the Court's Order—and without attempting to confer with Google about the motion. By filing its Motion to Amend days after its petition for appeal, Sonos only increased the chance of duplicative and unnecessary litigation. It is entirely possible that the parties could fully brief this motion, the Court could rule on it, the Federal Circuit could modify the pleading standard the Court used to rule on the motion, and the parties would have to re-litigate the motion according to a different pleading standard. If Sonos had informed Google of its desire to amend its complaint, the parties could have worked together to determine an efficient schedule for Sonos to amend its complaint in light of Sonos's petition for interlocutory appeal.

When viewed individually and in isolation, Sonos's plain defiance of the Court's Order, attempt to add allegations it is has known about for months, and disregard for resolving issues without court intervention evidence "undue delay, bad faith [and] dilatory motive."

### D.  *Foman* Factor 3: Allowing Amendment Would Unduly Prejudice Google.

Both the timing of Sonos's Motion to Amend and the substance of Sonos's proposed TAC present a risk of undue prejudice to Google. Since Sonos filed its Motion to Amend while its petition for permission to appeal the Court's Order was pending, it is possible that the parties will fully brief the motion only to have the Court lose jurisdiction to rule on it, or have the Federal Circuit subsequently modify the controlling pleading standards for willful and indirect infringement. Motion to Stay at 10. If the Federal Circuit were to adopt different pleading standards for willful and indirect infringement than this Court, it could require the parties to re-litigate the adequacy of Sonos's pleadings. And if the Federal Circuit specifically reversed this Court's holding that a declaratory judgment complaint of non-infringement can establish the knowledge element of willful and indirect infringement for pleading purposes, Sonos's willful and indirect infringement claims for the '033, '966, and '885 patents would have to be dismissed with prejudice, rendering the instant Motion to Amend superfluous. Such possibilities would unduly prejudice Google by imposing unnecessary further expense, particularly after Google has already filed two versions of its original motion to dismiss, one in the Western District of Texas and one in the Northern District of California. *See, e.g.*, *People.ai*, 2022 WL 228306, at *4 (finding undue prejudice to defendant where

defendant "already exerted significant time and expense in drafting two Rule 12 motions" and "[g]ranting leave to amend would impose further unnecessary expense on [defendant]").

Furthermore, as discussed *supra* Section V.B, Sonos's proposed TAC seeks to add allegations that the Court already rejected as insufficient to adequately plead the requisite knowledge for willful and indirect infringement. Accordingly, granting Sonos's Motion to Amend would prejudice Google by requiring that it to move to strike or dismiss allegations the Court already found deficient. *See id.* (concluding that "[p]rejudice, the lynchpin of the analysis for a leave to amend, favors [the defendant]" because the plaintiff's "revisions do not address the substantive issues upon which the Rule 12(c) order found the asserted claims of the patents-in-suit patent ineligible").

## VI.    CONCLUSION

For the foregoing reasons, Google requests that the Court defer ruling on Sonos's Motion to Amend until the Federal Circuit rules on the parties' petitions for interlocutory appeal. In the alternative, Google requests that the Court deny Sonos's Motion to Amend.

DATED: April 13, 2022                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


By     */s/ Charles K. Verhoeven*
       Charles K. Verhoeven
       Melissa Baily
       Lindsay Cooper

       *Attorneys for GOOGLE, LLC*

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on April 13, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED: April 13, 2022                              QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Charles K. Verhoeven*
CHARLES K. VERHOEVEN

*Attorneys for GOOGLE, LLC*