CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:     +1 312 754 0002
Facsimile:      +1 312 754 0003

*Attorneys for Plaintiff Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>          *Plaintiff*,<br><br>    *v.*<br><br>GOOGLE LLC,<br><br>          *Defendant*. | Case No. 3:21-cv-07559-WHA<br>Related to Case No. 3:20-cv-06754-WHA<br><br>**SONOS, INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date: May 12, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William Alsup<br><br>Second Amended Complaint Filed:<br>February 23, 2021 |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Sonos's proposed Third Amended Complaint alleges exactly what this Court set out in its Order granting in part Google's motion to dismiss. Nonetheless, Google opposes the motion on the grounds of bad faith and delay, undue prejudice, and futility.  None of Google's objections have merit.

Sonos's motion is timely and is made in good faith.  Sonos sought leave to amend within fourteen days of this Court's order granting Google's motion to dismiss in part and expressly permitting Sonos to seek such leave.  Any "delay" was caused by Google.  Google filed a declaratory judgment action in this Court to ensure that there would be two district court actions in this matter, then inexplicably delayed post-transfer in bringing its motion to dismiss before this Court.  Google cannot credibly fault Sonos for not moving quickly enough to amend.

Sonos's motion does not unduly prejudice Google.  Most of the amendments involve theories and facts of which Google was concededly already on notice, including facts related to Google's own conduct.  Google complains that adjudication of Sonos's motion for leave to amend risks duplicative litigation of issues that may be taken up by the Federal Circuit on interlocutory appeal.  But the clearest potential overlap between the amendments and such appeal comes from *Google's* cross-petition to the Federal Circuit, *filed one week after Sonos moved to amend the complaint*.  The Court should reject Google's gambit, and resolve this motion on the merits.

Sonos's proposed Third Amended Complaint is not futile.  It plausibly alleges Google's presuit knowledge of Sonos's patents and Google's knowledge of infringement (within the framework articulated by this Court in its order on Google's motion to dismiss), as well as continuing willful infringement.  The proposed complaint also alleges Google's accused software components have no substantial noninfringing use—allegations to which Google raises no objection.

The Court should grant Sonos's motion for leave to file its proposed third amended complaint.

II.   **STATEMENT OF ISSUES TO BE DECIDED**

1.      Should this Court grant Sonos's Motion for Leave to File Third Amended Complaint?

2.      Should this Court defer ruling on Sonos's Motion for Leave to Amend on the chance that the Federal Circuit agrees to review Google's subsequently filed cross-petition for interlocutory review?

III.   **STATEMENT OF RELEVANT FACTS**

Sonos incorporates by reference its Statement of Relevant Facts, Dkt. 159 at 1-3, with the following addition.

On March 29, 2022, Sonos petitioned the Court of Appeals for the Federal Circuit to permit appeal, pursuant to 28 U.S.C. § 1292(b).  The petition asks the Court of Appeals to resolve the split in authority identified by this Court, Dkt. 156, regarding the relevance of the filing of an infringement complaint on a defendant's post-filing knowledge of infringement.  As this Court noted, this question arises under the pleading standards for both willful and indirect infringement. On March 30, 2022, Sonos filed the instant Motion for Leave to File Third Amended Complaint, Dkt. 159, seeking leave to amend the complaint.  On April 7, 2022, Google filed a cross-petition for interlocutory review with the Court of Appeals for the Federal Circuit.  In that cross-petition, Google noted that it did not oppose Sonos's petition for review but also requested that the Court of Appeals accept for review and reverse a different holding in the Court's order.  Specifically, Google seeks to challenge on appeal this Court's holding that Sonos could demonstrate knowledge for purposes of willfulness and indirect infringement based on Google's filing of a declaratory judgment action in this matter.

IV.   **ARGUMENT**

  **A.  There Is No Reason To Defer Ruling On Sonos's Motion To Amend**

Google's lead argument in opposition to Sonos's motion is not based on the merits, but instead asks the Court to "postpone ruling on Sonos's Motion to Amend until after the Federal

1   Circuit resolves the parties' petitions for interlocutory appeal." Dkt. 167 at 5.  There is no reason

2   to delay ruling.  Moreover, any delay would prejudice Sonos in the upcoming showdown trial.[1]

3   In the Court's Order Re Motion to Dismiss and Certification Under 28 U.S.C. § 1292(b),

4   the Court ruled on two distinct questions that are relevant here.  ***First***, the Court recognized a split

5   in authority on the "circumstances" in which "the complaint itself" may "serve as notice of

6   infringement" for purposes of pleading both willfulness and indirect infringement.  Dkt. 156 at 7-

7   8, 11.  The Court held that it "joins those district courts that do not generally allow the complaint

8   to serve as notice."  *Id.* at 8, 11 ("Everything discussed above for willfulness applies here. This

9   means that without a notice letter or circumstances like the examples described previously, the

10  complaint will generally not be adequate to serve as notice for either willful or indirect

11  infringement.").  In light of that split, the Court certified those issues for interlocutory appeal under

12  28 U.S.C. § 1292(b).  *See* Dkt. 156 at 13 ("recognizing the vast amount of resources being

13  consumed in the district courts over such pleading issues").  ***Second***, the Court held that while it

14  agreed with Google that Sonos could not prove knowledge by using Sonos's complaint—an issue

15  on which courts have disagreed, Dkt. 156 at 7-8, 11—in any event, Sonos "should be allowed to

16  plead the infringer's knowledge of the patents," *inter alia*, based on Google's "commence[ment of]

17  its own declaratory relief claim first."  *Id.* at 10, 11 (noting that "[e]verything discussed above for

18  willfulness applies" for purposes of indirect infringement as well).  In sum, while the Court

19  recognized a split in authority on when a complaint is or is not "adequate to serve as notice for

20  either willful or indirect infringement," the Court identified no such split on the question of the

21  "calculus" that "applies when the controversy is initiated by the accused infringer by way of a

22  declaratory relief action."  *Id.* at 8, 11.

23  The Court ***expressly permitted*** Sonos to move for leave to amend in order to "plead the

24  infringer's knowledge of the patents and that the infringer has had sufficient time to analyze the

25  accused product vis-à-vis those patents (along with other specifics needed to show willfulness)"

26

27  _____

28  [1] Sonos will respond separately in opposition to Google's Motion to Stay, Dkt. 166, and so here
    only briefly responds to Google's related arguments raised in opposition to Sonos's motion for
    leave to amend.

SONOS'S REPLY IN SUPP. OF MOT. FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT
3:21-CV-07559-WHA

1    "by way of amendment in the Texas action now that it has come to this district." *Id.* at 10. And

2    while Google has now cross-petitioned the Federal Circuit for interlocutory review of *that* question

3    (only after Sonos filed the present motion), it identified only one other case purportedly in conflict

4    with this Court's ruling on the declaratory judgment question. *See Sonos, Inc.'s Opposition to*

5    Google LLC's Cross-Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b), Federal

6    Circuit Case No. 22-0134, Dkt. 11 at 3. And that case creates no square disagreement. *Id.* at 3-4.

7    In the absence of a real or substantial split on that question, there is little reason to think that the

8    Federal Circuit will exercise its discretion to reach that issue, let alone any serious reason to think

9    the Federal Circuit will disagree with this Court if it does take up the issue. *Id.* at 2-7. There is

10   therefore no reason for this Court to delay resolving this motion on the merits while the Federal

11   Circuit considers granting review on the distinct questions presented in the petition and cross-

12   petition.

13        Similarly, and beyond those two discrete legal questions outlined above, this Court granted

14   Google's motion to dismiss in part on the basis of Sonos not including sufficiently detailed

15   allegations regarding Google's knowledge based on correspondence between the parties and the

16   "current multi-jurisdictional patent dispute." *See* Dkt. 156 at 9-10 (discussing adequacy of Sonos's

17   allegations regarding knowledge *aside from* the question of pleading knowledge based on the filing

18   of Sonos's complaint or Google's declaratory judgment action). The Court also—and again outside

19   of the scope of the two issues on which the parties each seek interlocutory review—concluded that

20   Sonos "failed to properly allege there are no substantial noninfringing uses for the accused

21   products." *Id.* at 12-13. Sonos promptly moved to amend its complaint to rectify each of these

22   issues, which are distinct from either basis on which the parties seek interlocutory review.

23        Moreover, Google offers no explanation in its opposition as to what any of three other sets

24   of proposed amendments have to do the pending petition and cross-petition for interlocutory

25   review. *Compare* Dkt. 167 at 4 ("The TAC also provides additional allegations on the issues of

26   specific intent and lack of substantial noninfringing uses and adds claims pursuant to 35 U.S.C.

27   § 271(f)), *with id.* at 5-6 (not discussing these proposed amendments). This is yet another reason

28   to reject Google's request to delay resolution of the motion to amend.

Finally, delaying ruling on the motion to amend will prejudice Sonos. In Case No. 20-cv-06754, the Court set a showdown trial for July 18, 2022. That trial is expected to include Sonos's allegations of willful infringement of the '885 and '615 patents. (It will not include allegations of indirect infringement per this Court's order re showdown procedures. *See* 20-cv-06754, Dkt. 68 at 2-3.) The parties therefore need clarity on whether Sonos's willfulness allegations are sufficient to proceed to trial well before any ruling from the Federal Circuit can reasonably be expected.

**B. Sonos's Motion Is Timely & In Good Faith**

There is no evidence, much less any *strong* evidence of "undue delay, bad faith or dilatory motive on the part of Sonos. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("[c]ourts may decline to grant leave to amend only if there is strong evidence" of one of the *Foman* factors). Indeed, as discussed above, in asking the Court to delay resolution of this motion to amend, Google faults Sonos for moving *too quickly* and not waiting for the Federal Circuit to rule on the parties' competing petitions for interlocutory review. More generally, for the reasons discussed above, there was nothing improper in Sonos (a) seeking interlocutory review of a legal question that the Court certified for such review while (b) seeking leave to amend the complaint to cure *other* issues identified by the Court as requiring amendment. Google oddly faults Sonos for failing to "inform[] Google of its desire to amend its complaint," Dkt. 167 at 10, something that can hardly have come as a surprise after this Court ordered that "Sonos … will be allowed to amend to try again" and that "Sonos may move for leave to amend its complaint." Dkt. 156 at 10, 13 (granting motion to dismiss claims without prejudice).

Google's other arguments also miss the mark. First, Google contends that "[b]ecause Sonos is merely trying to renew allegations that the Court has previously rejected, Sonos's amendment evinces bad faith." Dkt. 167 at 9. But Google misreads the Court's order. The Court concluded that Sonos's prior allegations regarding Sonos's correspondence with Google failed to "adequately allege[] that, due to its correspondence and their current multi-jurisdictional patent dispute, Google should have known about the pertinent patents and of infringement," holding that "Sonos's allegations on that issue are merely rote recitations of the claim." Dkt. 156 at 9. In the proposed

SONOS'S REPLY IN SUPP. OF MOT. FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT
3:21-CV-07559-WHA

Third Amended Complaint, Sonos adds significant detail about the parties' communications, *see, e.g.*, Dkt. 159-9 at ¶¶ 17-31, 37-40, and expands on its allegations to make clear how they implicate the Court's discussion of the policy rationale supporting cease-and-desist letters, as Sonos explained in its motion for leave to amend, Dkt. 159 at 9-10.  In other words, Sonos's TAC cures the very "inadequacies" at the root of the Court's order.  *Id.*  Google fails to respond to this argument.

Next, Google accuses Sonos of bad faith because Sonos's proposed amendments purportedly "add allegations and theories that Sonos has been aware of for months, if not years." Dkt. 167 at 9.  But Sonos explained that any delay here is entirely of Google's making, given Google's litigation choices, which include waiting months to file its motion to dismiss before this Court. Dkt. 159 at 2-4.  Google simply ignores this inconvenient fact.  Similarly, Sonos is puzzled by Google's suggestion that Sonos has acted in bad faith in seeking leave to amend to incorporate claims of which Google agrees it has been on notice since at least "September 10, 2021" and "December 16, 2021."  Dkt. 167 at 9.  As Sonos explained, it is Google, not Sonos, that is responsible for the unusual procedural posture of this district court litigation, Dkt. 159 at 2-4, and Google cannot credibly contend that it has been prejudiced as a result.  What's more, Sonos acted promptly to address the issues raised by Google, seeking leave to amend within 14 days of the Court's ruling.  Moreover, for at least three sets of proposed amendments, Google offers no substantive criticism at all.  *See* Dkt. 167 at 6-8 (not discussing amendments related to specific intent, lack of substantial noninfringing uses, or § 271(f)).  And for another, Google's chief complaint is that Sonos is doing exactly what this Court ruled Sonos could do.  *See id.* (not contending that amendment related to declaratory judgment action as to two of the patents-in-suit is futile but arguing that it could *become* futile if the law of the case changes in the future).  This is all evidence of good faith, not bad.

### C.  There Were No Prior Failures To Cure

Google concedes that there were no "repeated failure[s] to cure deficiencies by amendments previously allowed" and that "this is the first time Sonos has moved for leave to amend in response

to an order on a motion to dismiss." Dkt. 167 at 6.  This factor does not weigh against amendment in any way.

### D.  There Is No Undue Prejudice To Google

Sonos explained at length why there is no undue prejudice to Google in permitting Sonos to amend.  Dkt. 159 at 5-7.  Google bears the burden of showing prejudice, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987), and it cannot do so here where it has been on notice of the facts and theories underlying Sonos's proposed willfulness and indirect infringement amendments and has had ample opportunity to obtain discovery related thereto.

Indeed, Google's only "prejudice" arguments are just repackaged reiterations of Google's arguments regarding other *Foman* factors like bad faith and futility.  *See* Dkt. 167 at 10-11.  Google is wrong here for the same reason they are wrong elsewhere.  Similarly, Google complains that it will be prejudiced by Sonos seeking leave to amend to add allegations regarding, *inter alia*, Google's filing of a declaratory judgment complaint as evidence of knowledge, because Google has sought interlocutory review of that issue.  But Sonos moved to amend on March 30, 2022.  Google did not file its cross-petition with the Federal Circuit until April 7, 2022.  If Google has been prejudiced by that sequence of events, it has only itself to blame.

### E.  The Amendments Are Not Futile

As Sonos explained, for this *Foman* factor, "the Court must accept the factual allegations in the proposed amended complaint as true and construe them in the light most favorable to Plaintiffs[.]"  *Valenzuela v. Best-Line Shades, Inc.*, No. 19-CV-07293-JSC, 2020 WL 4039134, at *2 (N.D. Cal. July 17, 2020).  Accordingly, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).

Google advances two arguments regarding futility, neither of which meets that high standard.  According to Google, Sonos's revised claims in the proposed Third Amended Complaint "are either futile on their face *or may become futile*."  Dkt. 167 at 6 (emphasis added and capitalization removed).  Sonos addresses below Google's arguments regarding facial futility, which are unavailing.  But as a threshold matter, Google's argument that Sonos's allegations "may

*become* futile" if the Federal Circuit (1) grants Google's cross-petition for interlocutory review and (2) reverses the portion of this Court's order that Google challenges, merely heaps speculation upon speculation. In its opposition to Sonos's motion for leave to amend, Google offers not a single authority denying leave to amend based upon such a remote possibility.

Aside from raising the theoretical possibility that the Federal Circuit will grant interlocutory review and reverse the part of this Court's order that did *not* involve a split in authority, Google offers two reasons why it believes Sonos's amendments are futile on their face. First, Google contends that Sonos's supplemented allegations regarding the facts and circumstances of the parties' communications regarding Sonos's patent portfolio relies on a "theory of liability" that "was already dismissed." Dkt. 167 at 7. But as explained above, the Court's Order dismissed what it concluded were Sonos's "rote recitations," dismissed claims exclusively "without prejudice," and gave Sonos permission to "move for leave to amend," Dkt. 156 at 9, 13. Contrary to Google's argument, the Court did not hold that these allegations were *categorically irrelevant*, or dismissed with prejudice, just that as pleaded, Sonos failed to plausibly allege Google's knowledge, and that "[m]ere knowledge" of a patent family, *id.* at 4—that is, such knowledge standing alone—is not enough. As Sonos explained in the motion for leave to amend, Sonos seeks to elaborate on those allegations to make clear how they implicate the Court's discussion of the policy rationale supporting cease-and-desist letters. Dkt. 159 at 9-10. Google fails to engage with Sonos's additional allegations or respond to that argument entirely.

Next, Google argues that "Sonos's theory" "that Google's declaratory judgment complaint establishes knowledge of the '885 patent is facially deficient" because the '885 patent did not issue until shortly after Google filed its original declaratory judgment complaint, and so, as a result, was not included in that complaint. Dkt. 167 at 8. First of all, Google apparently concedes that Sonos's proposed amendments are *not* futile with respect to Sonos's allegations regarding Google's declaratory judgment complaint for the '996 and '033 patents. Sonos agrees.

Regardless, Sonos does not rely on the filing of Google's declaratory judgment action *standing alone* to prove knowledge of the '885 patent. Sonos alleges, among other things, that "Google was, for some time periods, at least willfully blind to the fact that the '885 Patent existed

1    and, for other time periods, had actual knowledge of the '885 Patent.  Further, this knowledge and

2    repeated and persistent disclosure establishes that Google, for some time periods, had at least failed

3    to investigate whether it infringed the '885 Patent despite the existence of a high risk of

4    infringement and, for other time periods, had actual knowledge of a credible and specific allegation

5    of infringement of the '885 Patent."  Dkt. 159-9 ¶ 227; Dkt. 159 at 10 (quoting *Corephotonics, Ltd.*

6    *v. Apple, Inc.*, No. 17-CV-06457-LHK, 2018 WL 4772340, at *9 (N.D. Cal. Oct. 1, 2018) ("Post-

7    *Halo*, courts have recognized that allegations of willful blindness can satisfy the knowledge

8    requirement for willful infringement.")).

9          Finally, Google apparently concedes that it would not be futile for Sonos to amend

10   regarding lack of substantial non-infringing use for contributory infringement, specific intent to

11   cause others to infringe, or liability under § 271(f), as Google does not appear to discuss these

12   proposed amendments at all in its argument, beyond the single sentence, discussed above, regarding

13   § 271(f) under *Foman* Factor 1.

14          **F.  Many Of The Proposed Amendments Remain Unaddressed By Google**

15          Google asks the Court to deny amendment entirely, yet only objects to a subset of Sonos's

16   proposed amendments.  To take only a few of the starkest examples, Google offers *no* reason why

17   leave to amend should be denied as to (1) the allegations supporting Google's specific intent to

18   cause others to infringe and (2) the lack of substantial non-infringing use for contributory

19   infringement.  And as noted above, Google apparently concedes that amendment is not futile with

20   respect to Sonos's allegations regarding Google's declaratory judgment complaint for the '996 and

21   '033 patents under this Court's rulings.  On that issue, Google simply asks the Court to either defer

22   ruling on the motion to amend in its entirety, or to deny the motion to amend in its entirety, Dkt.

23   167 at 11, with no tailoring of the relief requested by Google to the actual arguments it advances.

24   Because Google does not adequately support the scope of the relief it seeks, the Court should not

25   endorse Google's arguments.

26   **V.    CONCLUSION**

27          The Court should grant Sonos, Inc.'s Motion for Leave to File Third Amended Complaint.

28

SONOS'S REPLY IN SUPP. OF MOT. FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT
3:21-CV-07559-WHA

Dated:  April 20, 2022

By:  */s/Alyssa Caridis*

CLEMENT SETH ROBERTS
BAS DE BLANK
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

SEAN M. SULLIVAN
COLE B. RICHTER

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Plaintiff Sonos, Inc.*