CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Plaintiff Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:21-cv-07559-WHA <br> Related to Case No. 3:20-cv-06754-WHA <br><br> **SONOS, INC.'S OPPOSITION TO GOOGLE LLC'S MOTION TO STAY ISSUES RELATING TO SONOS, INC.'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT PENDING INTERLOCUTORY APPEAL** <br><br> Date: May 26, 2022 <br> Time: 8:00 a.m. <br> Place: Courtroom 12, 19th Floor <br> Judge: Hon. William Alsup <br><br> Second Amended Complaint Filed: February 23, 2021 |

## I. INTRODUCTION

Google "requests a stay of *all* issues relating to Sonos's Motion to Amend until the Federal Circuit rules on Google's and Sonos's petitions for permission to appeal." Dkt. 166 at 1 (emphasis added). Google contends that a "tailored stay" would "promote judicial economy" and "avoid duplicative motion practice." *Id.* But as previewed in Sonos's Reply in Support of Motion for Leave to File Third Amended Complaint, there is nothing "tailored" about Google's request to defer resolution of the motion for leave to amend, and *no* reason to wait for the Federal Circuit to resolve Sonos's petition for interlocutory review. Dkt. 168 at 2-5, 9. Rather, Google manufactures potential overlap between Sonos's proposed amendments and the potential appeal by asking the Federal Circuit to rule on an issue ancillary to this Court's certification order. *Id.* at 1-4.

By its request, Google in effect asks this Court to stay enforcement of its order permitting Sonos "to amend to try again" and to "make the willfulness allegations … by way of amendment in the Texas action now that it has come to this district." Dkt. 156 at 10. It makes little sense to stay enforcement of that order and defer ruling on the motion to amend based on the mere possibility that the Federal Circuit will agree to hear, and then rule in Google's favor on, one discrete question—especially where the issue raised by Google (i) was not one on which the Court identified any kind of deep split in authority and (ii) has no impact on much of the proposed amendments. The Court should deny Google's stay motion.

## II. STATEMENT OF ISSUES TO BE DECIDED

Should this Court stay enforcement of its Order, Dkt. 156, and hold Sonos's motion to amend in abeyance until the Federal Circuit acts on Google's cross-petition for permission to appeal under 28 U.S.C. § 1292(b), and Sonos's earlier petition for permission to appeal?

## III. STATEMENT OF RELEVANT FACTS

Amidst a backdrop of over five years of Sonos and Google discussing the breadth and depth of Sonos's patent portfolio vis-à-vis the accused products, and an ongoing International Trade Commission litigation concerning these same accused products and certain other Sonos patents, on September 28, 2020, Sonos provided Google with a pre-filing copy of the original complaint in this matter, which alleged that Google directly and indirectly infringes, *inter alia*, U.S. Patent Nos.

10,469,966 ("'966 Patent") and 10,779,033 ("'033 Patent").[1] Dkt. 136 (Joint Case Management Statement) at 1.  Before midnight that same day, and shortly before Sonos filed its complaint in the Western District of Texas, Google filed its own complaint in this District seeking declaratory judgment of non-infringement.  *Google LLC v. Sonos, Inc.*, Case No. 3:20-cv-06754-WHA (N.D. Cal. Sept. 28, 2020) (hereinafter, "DJ Case"), Dkt. 1.  The Court stayed Google's DJ Case after finding that Google's DJ Case was an exception to the first-to-file rule.  DJ Case, Dkt. 36 at 4 ("Google's choice of forum is entitled to no weight.").  While Google's case was stayed, Sonos continued to litigate its claims in the Western District of Texas, which included (i) Sonos providing Google with a draft First Amended Complaint on January 8, 2021, the purpose of which was to set forth Google's infringement of U.S. Patent No. 10,848,885 ("'885 Patent"), which had just issued, and (ii) Sonos filing, over a month later, this same First Amended Complaint.  Dkt. 49.  Shortly thereafter, on February 18, 2021, Sonos filed a Second Amended Complaint—which is the currently operative complaint, pending resolution of Sonos's fully briefing motion for leave to amend (Dkt. 159)—the purpose of which was to withdraw claims of infringement for a patent not at issue in this motion.  Dkt. 50-2.  Although Google answered Sonos's original Complaint, and despite the Second Amended Complaint being substantively identical to the original Complaint vis-à-vis the '966 and '033 Patents, Google, on March 9, 2021, changed course and moved to dismiss Sonos's claims of willful and indirect infringement for the '966, '033, and '885 Patents.[2]  Dkt. 55.  When the Texas action was transferred to this Court on September 27, 2021 the Texas court had not ruled on Google's motion.  Dkt. 117.  Once the Texas Action was transferred to this District, this Court held a case management conference on October 7, 2021.  During that conference, Google informed the Court that it intended to refile its motion to dismiss that was originally filed in the Western District of Texas on March 9.  Dkt. 159-2 at 17:1-18:3.  Accordingly, this Court ordered Google to "refile those motions …." *Id.* at 18:2-3.  Google waited another two months before

---

[1] The Complaint also alleged infringement of U.S. Patent No. 9,967,615 ("'615 Patent"), which was not at issue in Google's motion to dismiss, as well as other patents that have since been withdrawn from the case.

[2] Google did not move to dismiss Sonos's willfulness or indirect infringement claims for the '615 Patent.

1  submitting a précis request on December 9, 2021, and ultimately a motion to dismiss on January 10, 2022, seeking to dismiss Sonos's claims of willful and indirect infringement for the '966, '033, and '885 Patents.  Dkts. 125, 138.  On March 16, 2022, the Court granted Google's motion, dismissing Sonos's claims of willful and indirect infringement for the '966, '033, and '885 Patents without prejudice, but expressly stating "Sonos will be allowed to make the willfulness allegations either by way of a counterclaim in the declaratory relief action or by way of amendment in the Texas action now that it has come to this district."  Dkt. 156 at 10; *see also id.* ("It will be allowed to amend to try again.").

On March 29, 2022, Sonos petitioned the Court of Appeals for the Federal Circuit to permit appeal, pursuant to 28 U.S.C. § 1292(b).  The petition asks the Court of Appeals to resolve the split in authority identified by this Court, Dkt. 156, regarding the relevance of the filing of an infringement complaint on a defendant's post-filing knowledge of infringement.  As this Court noted, this question arises under the pleading standards for both willful and indirect infringement.  On March 30, 2022, Sonos filed a Motion for Leave to File Third Amended Complaint, Dkt. 159, seeking leave to amend the complaint.  On April 7, 2022, Google filed a cross-petition for interlocutory review with the Court of Appeals for the Federal Circuit.  In that cross-petition, Google noted that it did not oppose Sonos's petition for review if the Federal Circuit also accepted for review Google's challenge to a different holding in the Court's order.  Specifically, Google seeks to reverse on appeal this Court's holding that Sonos could demonstrate knowledge for purposes of willfulness and indirect infringement based on Google's filing of a declaratory judgment action.  And on April 13, 2022, Google opposed Sonos's motion for leave to amend, Dkt. 167, and filed the instant motion to stay issues relating to Sonos's motion for leave to amend, Dkt. 166.

**IV.    LEGAL STANDARD**

"Whether to issue a stay is within the district court's discretion."  *Blair v. Rent-A-Ctr., Inc.*, No. C 17-02335 WHA, 2018 WL 2234049, at *1 (N.D. Cal. May 16, 2018).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).  "This requires the court to weigh four

factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 1-2 (quoting *Nken*, 556 U.S. at 434). "In the Ninth Circuit, courts weigh these factors using a sliding scale approach, under which 'a stronger showing of one element may offset a weaker showing of another.'" *Id.* at 2 (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011)). But two factors—likelihood of success on the merits of the appeal, and irreparable harm to the applicant absent a stay—are the "most critical." *Hernandez v. Wells Fargo Bank, N.A.*, No. C 18-07354 WHA, 2020 WL 10689800, at *1 (N.D. Cal. Mar. 19, 2020) (quoting *Leiva-Perez*, 640 F.3d at 964). This Court applies the *Nken* factors when deciding whether to stay proceedings pending an interlocutory appeal. *See, e.g.*, *Hernandez*, 2020 WL 10689800, at *1 (applying *Nken* factors to motion to stay action pending resolution of Rule 23(f) petition for review); *Taylor v. W. Marine Prods., Inc.*, No. C 13-04916 WHA, 2014 WL 12644014, at *1-2 (N.D. Cal. Oct. 20, 2014) (same).

Google ignores *Nken* and asserts that an alternate legal standard, known as the *Landis* factors, applies. Dkt. 166 at 4. Under *Landis*, courts "weigh[]" "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (applying *Landis* factors) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Google offers no explanation as to why the *Landis* test applies over the traditional stay test described in *Nken*. The only thing Google says on the subject is to contend that courts apply the *Landis* test "[w]hen considering whether to stay proceedings pending interlocutory appeal." Dkt. 166 at 4 (citing three district court cases). None of the three cases Google string cites are binding or persuasive. One of the three cases is *Kuang v. United States Department of Defense*, No. 18-CV-03698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019), and the other two are out-

1  of-District cases that rely on *Kuang* and employ similar analysis; Sonos therefore focuses on the
2  court's analysis in *Kuang*.

3  In *Kuang*, Judge Tigar acknowledged that the Ninth Circuit had no binding precedent, and
4  explained that "courts" within the Ninth Circuit "that have directly confronted the question" "have
5  reasoned that the *Nken* test is applicable when there is a request to stay a district court's judgment
6  or order pending an appeal of the same case, while *Landis* applies to the decision to stay
7  proceedings, regardless whether the stay is based on a direct appeal or an independent case."
8  *Kuang*, 2019 WL 1597495, at *3 (citations and internal quotation marks omitted). *Kuang* does not
9  hold that a stay request should uniformly be evaluated under the *Landis* test where the stay is
10 premised on a pending petition for interlocutory appeal. Rather, *Kuang* acknowledged that judges
11 frequently *do* apply the *Nken* test to interlocutory appeals. *Id.* at *2 (collecting cases "that have
12 applied the *Nken* test to determine whether to grant a stay of proceedings pending interlocutory
13 appeal"). *Kuang* ultimately applied the *Landis* factors to the Department of Defense's request to
14 stay all proceedings pending the Department's interlocutory appeal of a preliminary injunction
15 relating to the Department's procedures for issuing security clearances for new recruits in the armed
16 forces. In other words, *Kuang* applied the *Landis* factors where the Department sought a stay of
17 *proceedings* versus a stay of a specific order, with the former governed by *Landis* and the latter by
18 the *Nken* factors.

19 While there is no reason for this Court to depart from its prior practice of using the *Nken*
20 factors to resolve motions to stay pending interlocutory appeals, *supra* 4, even under *Kuang*'s
21 analysis of the distinction between the *Nken* and *Landis* tests, Google's motion to stay should be
22 resolved under the traditional *Nken* stay factors.

23 The Court's order granting in part Google's motion to dismiss held that "Sonos will be
24 allowed" "to plead the infringer's knowledge of the patents" based on facts related to Google's
25 filing of a "declaratory relief claim first." Dkt. 156 at 10. Google's motion in effect asks the Court

to stay enforcement of that order.³ For example, Google notes that "[r]ather than dismissing the SAC with prejudice, the Court ordered dismissal without prejudice based on the finding that a declaratory judgment complaint for non-infringement can create a basis for alleging the knowledge requirement of willful and indirect infringement." Dkt. 166 at 7 (citing Dkt. 156 at 10-11). According to Google, this result would be nullified "if the Federal Circuit grants Google's cross-petition *and reverses the finding* that a declaratory judgment complaint can establish such knowledge." *Id.* (emphasis added).

Google is therefore asking the Court to not enforce a reasoned opinion and order that it decided prior to Google filing its cross-petition. That is not a request to stay proceedings so much as a request to stay an order of the Court. *See Kuang*, 2019 WL 1597495, at *3 (noting that courts "have reasoned that the *Nken* test is applicable when there is a request to stay a district court's judgment or order pending an appeal of the same case, while *Landis* applies to the decision to stay proceedings"). Indeed, in *Kuang*, the court applied *Landis* where the Department of Defense sought "to stay further district court *proceedings* until 'the Ninth Circuit and, if necessary, the Supreme Court,' resolve DoD's interlocutory appeal." *Id.* at *1 (emphasis added).

Here, by contrast, the parties are proceeding with briefing the showdown summary judgment motions, *see* Dkt. 166 at 7-8, fact and expert discovery, and pretrial exchanges, regardless of whether the Court stays its Order allowing Sonos to seek leave to amend its complaint. Thus, the relief that Google seeks is a stay of enforcement of this Court's Order at Dkt. 156. Google asks this Court to hold that "ruling in abeyance to allow an appellate court the time necessary to review it." *Nken*, 556 U.S. at 421. Accordingly, the *Nken* test applies.

## V. <u>ARGUMENT</u>

### A. Under *Nken*, Google's Stay Motion Must Be Denied

Google's stay request cannot meet the exacting requirements of the *Nken* test. Sonos explains first why Google's request for relief fails as a threshold matter based on the lack of

---

³ While Google also asks the Court to defer ruling on Sonos's motion for leave to amend even as to proposed amendments with which Google identifies no problem at all, *see* Dkt. 168 at 9, that is hardly an argument *in favor* of a stay.

1  probable irreparable injury.  Sonos then discusses the remaining factors in turn.

*Google will not be irreparably injured absent a stay*

Google does not, and cannot, point to any irreparable injury that it will suffer absent a stay of enforcement of this Court's Order.  The only possible injury that Google identifies is a risk of duplicative or unnecessary litigation.  But as this Court has noted, "[f]or requests to stay, 'many courts … have concluded that incurring litigation expenses does not amount to an irreparable harm.'"  *Taylor*, 2014 WL 12644014, at *1 (collecting cases).  Moreover, insofar as Google only objects to a subset of Sonos's proposed amendments, it is even more unclear what injury (much less irreparable injury) Google might suffer absent a stay.  *See* Dkt. 168 at 9; *see also Blair*, 2018 WL 2234049, at *2 (party seeking stay did not demonstrate irreparable harm where their "appeal concerns only a portion of the claims at issue in this case").

Even if such a risk of duplicative or unnecessary litigation could constitute irreparable injury—as opposed to the ordinary course of complex litigation—that risk is merely possible, rather than probable.  That is not enough.  *See Leiva-Perez*, 640 F.3d at 970 (movant "must show that irreparable harm is *probable*" (emphasis added)).  Because Google cannot show probable irreparable harm, "a stay may not issue, regardless of [Google's] proof regarding the other stay factors."  *Taylor*, 2014 WL 12644014, at *1 (quoting *Leiva-Perez*, 640 F.3d at 965).

*Google makes no strong showing of likelihood of success on the merits*

In its stay motion, Google offers no explanation, much less a "strong showing" of likelihood of success on the merits of its potential appeal.  Google cannot reasonably do so here, where there is no guarantee or strong indication that the Federal Circuit will even agree to hear Google's cross-petition for interlocutory review, much less rule in Google's favor to reverse this Court on an issue about which this Court identified no substantial split.  *Compare* Dkt. 156 at 2-8 (exploring various splits in authority regarding knowledge standard outside of the context of first-filed DJ actions), *with* 8-9 (identifying no split in authority regarding the question of what "calculus … applies when the controversy is initiated by the accused infringer by way of a declaratory relief action").

Because Google's request for a stay does not satisfy either of these first two "most critical" factors, *see Hernandez*, 2020 WL 10689800, at *1 (quoting *Leiva-Perez*, 640 F.3d at 964), Google's motion should be denied.[4]

### *Issuance of the stay will injure Sonos*

The only injury that Google identifies is the possibility of duplicative or unnecessary litigation. By contrast, Sonos will actually be prejudiced by the issuance of a stay.

Because Sonos sought interlocutory review only of the Court's holding regarding the relevance of the filing of an infringement complaint on a defendant's post-filing knowledge of infringement, Sonos's proposed amendments in the Third Amended Complaint focused on rectifying the other deficiencies identified by the Court's order. For example, in Google's own characterization, Sonos's TAC "adds … allegations regarding" (1) "Google's declaratory judgment complaint[,]" (2) the parties' multi-jurisdictional patent dispute and prior history, "additional allegations on the issues of [(3)] specific intent and [(4)] lack of substantial noninfringing uses" and (5) "claims pursuant to 35 U.S.C. § 271(f)." Dkt. 166 at 3-4. These issues have nothing to do with Sonos's petition and, beyond (1), have little to do with Google's cross-petition. There is no reason to leave these issues in limbo.

Google suggests that a stay would not harm Sonos because regardless of a stay, Sonos is entitled to seek discovery on Google's pre-suit knowledge of the specific patents-in-suit and of infringement. Dkt. 166 at 7-8. But delaying amendment prejudices Sonos in other ways, including as to the upcoming showdown trial. Google suggests that "[t]he upcoming patent showdown is limited to 'claims for direct infringement …,' and thus would be unaffected by the stay." Dkt. 166 at 7. But that ignores Sonos's proposed amended claims for willful infringement of the '885 Patent.

---

[4] For the same reasons that Google does not make a strong showing of likelihood of success on the merits, and for the reasons discussed in Sonos's Reply in Support of Motion for Leave to File Third Amended Complaint, Dkt. 168 at 3-4, Google does not have a "substantial case for relief on the merits." *Dekker v. Vivint Solar, Inc.*, No. C 19-07918 WHA, 2020 WL 2322916, at *2 (N.D. Cal. May 11, 2020) (quoting *Leiva-Perez*, 640 F.3d at 967-68). But even if Google did, Google's motion would still fail for failure to show irreparable harm and because "the balance of hardships easily tips in favor of [Sonos], not [Google]," *id.*, as discussed above.

1  Google should not be permitted to argue that a stay of Sonos's motion to amend would keep
2  willfulness out of the showdown trial.

3  Additionally, forcing Sonos to wait to amend its complaint—in response to questions that
4  have already been ruled on, *see* Dkt. 156—allows Google to delay responding to Sonos's
5  allegations, which leaves Sonos guessing as to what Google's defenses to Sonos's allegations
6  actually are.  And if enforcement of the Court's order (and resolution of the motion to amend) is
7  stayed, then Sonos will not have confirmation that Google or the Court agree that the amendments
8  meet the pleading standard until some indefinite point in the future.

9  There is no reason to delay resolution of the concrete dispute currently before the Court.
10 The "balance of hardships" does not "tip[] sharply" in Google's favor, *Leiva-Perez*, 640 F.3d at
11 970, so its stay should be denied.

12 ***The public interest is disserved by delay***

13 Google admits that "this Court currently retains jurisdiction over the issues presented in its
14 Order."  Dkt. 166 at 5.  No public interest is served by setting aside that jurisdiction and delaying
15 enforcement of a valid court order on the chance that a discretionary cross-petition for interlocutory
16 review is granted, and reversal ordered on appeal.  But even if the Court were convinced that the
17 public interest does not weigh heavily against a stay, Google shows neither probable irreparable
18 harm nor strong likelihood of success on the merits, and so this factor alone could not tip the scales.

19 **B. Even If The Court Applies The *Landis* Factors, Google's Stay Motion Should Be**
20 **Denied**

21 For the reasons discussed above, *Nken* provides the proper framework for deciding this
22 request to stay enforcement of the Court's order.  But even if the *Landis* factors are instead applied,
23 Google's stay motion should be denied.

24 ***Granting the stay will harm Sonos***

25 As described above, granting the stay would prejudice Sonos by leaving Sonos's proposed
26 amendments in limbo, while Google is able to shield disclosure of its defenses and responses to
27 those amendments without being required to either bring a renewed motion to dismiss or agree that
28 it will not so move.  Granting the stay will also hinder Sonos's ability to prove willfulness as to the

1 '885 Patent at the upcoming patent showdown trial.  (Google does not dispute that Sonos has
2 adequately pled willfulness of the '615 Patent.)

### *Google will not suffer hardship or inequity by going forward*

On the flip side, the only harm that Google identifies in a stay being denied is that there is a chance that, under the right sequence of events, Google *might* be required to brief or argue issues that are later mooted.  For example, Google argues that "[t]he risk of duplicative litigation is especially pronounced if the Court grants Sonos's Motion to Amend, Google moves to dismiss Sonos's TAC, the Federal Circuit reshapes the Court's holdings with respect to these issues on interlocutory appeal, and the parties have to re-litigate both a motion to amend and a motion to dismiss." Dkt. 166 at 6.  A lot of conditional possibilities have to occur in order for Google to be inconvenienced or burdened here.

Similarly, Google suggests that "*if* the Federal Circuit grants Google's cross-petition *and* reverses the finding that a declaratory judgment complaint can establish such knowledge, Sonos would not have a basis to plead willful and indirect infringement[,]" and "[a]s a result, Sonos's willful and indirect infringement claims for the '033, '966, and '885 patents would have to be dismissed with prejudice." *Id.* at 7 (emphases added).  That assertion makes little sense.  Google seems to assume, in this scenario, that the Federal Circuit would have not only (1) granted its cross-petition and (2) reversed the Court's ruling regarding the effect of a declaratory judgment complaint, but also (3) that the Federal Circuit would rule against Sonos on the merits of that petition, *and* (4) that Sonos's *other* amendments to the proposed Third Amended Complaint *are also* futile, under either this Court's Order, Dkt. 156, or the future ruling of the Federal Circuit. That long chain of suppositions demonstrates just how remote Google's feared scenario really is.

### *The orderly course of justice disfavors a stay*

For the same reasons that the other *Landis* factors weigh against granting Google's stay motion, this factor too weighs against a stay.  *Cf.* Dkt. 166 at 7 (arguing this factor on the same factual basis—the potential for duplicative litigation—as the "hardship or inequity" factor).

### VI. <u>CONCLUSION</u>

The Court should deny Google LLC's Motion to Stay.

Dated: April 27, 2022

By: */s/ Alyssa Caridis*
CLEMENT SETH ROBERTS
BAS DE BLANK
ALYSSA CARIDIS
EVAN D. BREWER

ORRICK, HERRINGTON & SUTCLIFFE LLP

SEAN M. SULLIVAN
COLE B. RICHTER

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Plaintiff Sonos, Inc.*