QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

*Attorneys for GOOGLE, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:21-cv-07559-WHA<br>Related to Case No. 3:20-cv-06754-WHA<br><br>**REPLY IN SUPPORT OF GOOGLE LLC'S MOTION TO STAY ISSUES RELATING TO SONOS, INC.'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT PENDING INTERLOCUTORY APPEAL**<br><br>Date:     May 26, 2022<br>Time:     8:00 a.m.<br>Location: Courtroom 12, 9th Fl.<br>Judge:    Hon. William Alsup<br><br>Second Amended Complaint Filed: February 23, 2021 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. The *Landis* Test, Rather Than The *Nken* Test, Applies To Google's Motion ............1

    B. The *Landis* Factors Weigh Heavily In Favor Of A Stay ..........................................3

        1. *Landis* Factors Two And Three Weigh In Favor Of A Stay Because Refusing To Stay The Issues In Sonos's Motion to Amend Could Result In Duplicative Litigation .................................................................3

        2. *Landis* Factor One Favors A Stay Because Sonos Has Not Identified Any Legitimate Prejudice .........................................................................5

    C. A Stay Is Also Warranted Under The *Nken* Test ......................................................7

        1. *Nken* Factor One Favors A Stay Because Google Has Raised Serious Questions On Appeal ................................................................................7

        2. *Nken* Factor Two Favors A Stay Because The Risk Of Duplicative Litigation Poses Irreparable Harm To Google .............................................7

        3. *Nken* Factor Three Favors A Stay Because A Stay Will Not Substantially Injure Sonos .......................................................................9

        4. *Nken* Factor Four Favors A Stay Because A Stay Is In The Public Interest ......................................................................................................9

III. CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aliphcom v. Fitbit, Inc.*,
  154 F. Supp. 3d 933 (N.D. Cal. 2015) .................................................................................. 5

*Am. Hotel & Lodging Ass'n v. City of Los Angeles*,
  No. CV 14-09603-AB(SSX), 2015 WL 10791930 (C.D. Cal. Nov. 5, 2015) ........................ 2, 3

*Apple Inc. v. Princeps Interface Techs. LLC*,
  No. 19-CV-06352-EMC, 2020 WL 1478350 (N.D. Cal. Mar. 26, 2020) .............................. 4, 5

*Apple Inc. v. Samsung Elecs. Co.*,
  No. 11-CV-01846-LHK, 2016 WL 9021536 (N.D. Cal. Mar. 22, 2016) ................................. 4

*Aronson v. Gannett Publ'g Servs., LLC*,
  No. EDCV19996PSGJEMX, 2020 WL 8610851 (C.D. Cal. Dec. 15, 2020) .......................... 7

*Bascom Rsch. LLC v. Facebook, Inc.*,
  No. C 12-6293 SI, 2014 WL 12795380 (N.D. Cal. Jan. 13, 2014) .......................................... 2

*Blair v. Rent-A-Ctr., Inc.*,
  No. C 17-02335 WHA, 2018 WL 2234049 (N.D. Cal. May 16, 2018) ................................ 7, 8

*Brown v. Wal-Mart Stores, Inc.*,
  No. 5:09-CV-03339-EJD, 2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) .............................. 7

*Cardenas v. AmeriCredit Fin. Servs. Inc.*,
  No. C 09-04978 SBA, 2011 WL 846070 (N.D. Cal. Mar. 8, 2011) ........................................ 2

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ................................................................................................... 1

*Doe 1 v. AOL LLC*,
  719 F. Supp. 2d 1102 (N.D. Cal. 2010) ................................................................................... 2

*Finder v. Leprino Foods Co.*,
  No. 113CV02059AWIBAM, 2017 WL 1355104 (E.D. Cal. Jan. 20, 2017) ........................ 2, 8

*Freeman Expositions, Inc. v. Glob. Experience Specialists, Inc.*,
  No. SACV1700364CJCJDEX, 2017 WL 6940557 (C.D. Cal. June 27, 2017) ....................... 2

*Google LLC, v. Sonos, Inc.*,
  Case No. 3:20-cv-06754-WHA (N.D. Cal. Sept. 28, 2020) ..................................................... 5

*Gray v. Golden Gate Nat. Recreational Area*,
  No. C 08-00722 EDL, 2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ..................................... 9

*Gustavson v. Mars, Inc.*,
  No. 13-CV-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ................................. 4

*Hart v. Charter Commc'ns, Inc.*,
  No. SACV170556DOCRAOX, 2019 WL 7940684 (C.D. Cal. Aug. 1, 2019) ........................ 2

*Hawai'i v. Trump*,
  233 F. Supp. 3d 850 (D. Haw. 2017) ....................................................................................... 8

*Johnson v. City of Mesa*,
  No. CV-19-02827-PHX-JAT, 2022 WL 137619 (D. Ariz. Jan. 14, 2022) .............................. 1

*Johnson v. Serenity Transportation, Inc.*,
  No. 15-CV-02004-JSC, 2018 WL 9782170 (N.D. Cal. Oct. 12, 2018) .................................... 9

*Johnson v. Starbucks Corp.*,
  No. 18-CV-06842-KAW, 2019 WL 3220273 (N.D. Cal. July 17, 2019) ................................ 4

*Kuang v. United States Dep't of Def.*,
  No. 18-CV-03698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) ............................. 2, 3

*Landis v. North American Co.*,
  299 U.S. 248 (1936) ................................................................................ 1, 2, 3, 4, 5, 6

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) .............................................................................................. 7

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ........................................................................................... 1

*Mauia v. Petrochem Insulation, Inc.*,
  No. 18-CV-01815-TSH, 2020 WL 1031911 (N.D. Cal. Mar. 3, 2020) ............................... 8

*Nat'l Ass'n of Afr.-Am. Owned Media v. Charter Commc'ns, Inc.*,
  No. CV 16-609-GW(FFMX), 2016 WL 10647193 (C.D. Cal. Dec. 12, 2016) ................... 2

*Nken v. Holder*,
  556 U.S. 418 (2009) ........................................................................................ 1, 2, 6, 7, 8, 9

*Peck v. Cty. of Orange*,
  528 F. Supp. 3d 1100 (C.D. Cal. 2021) .............................................................................. 2

*Risinger v. SOC LLC*,
  No. 212CV00063MMDPAL, 2015 WL 7573191 (D. Nev. Nov. 24, 2015) .................... 8, 9

*Romero v. Securus Techs., Inc.*,
  383 F. Supp. 3d 1069 (S.D. Cal. 2019) ........................................................................... 7, 9

*Salhotra v. Simpson Strong-Tie Co., Inc.*,
  No. 19-CV-07901-TSH, 2022 WL 1091799 (N.D. Cal. Apr. 12, 2022) .......................... 8, 9

*Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*,
  No. CV 20-4085-DMG(KSX), 2021 WL 945237 (C.D. Cal. Feb. 22, 2021) ..................... 9

*Sweet v. City of Mesa*,
  No. CV-17-00152-PHX-GMS, 2022 WL 912561 (D. Ariz. Mar. 29, 2022) ...................... 2

*Taylor v. W. Marine Prod., Inc.*,
  No. C 13-04916 WHA, 2014 WL 12644014 (N.D. Cal. Oct. 20, 2014) ............................. 8

*Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC*,
  No. 12-00704 DKW-RLP, 2014 WL 12576648 (D. Haw. Jan. 14, 2014) .......................... 2

**Statutory Authorities**
28 U.S.C. § 1292(b) ................................................................................................................ 3
35 U.S.C. § 271(f) .................................................................................................................. 6

## I. INTRODUCTION

Sonos's Opposition (Dkt. 179, "Opp.") argues that the *Nken* test, rather than the *Landis* test, should apply to Google's Motion to Stay (Dkt. 166, "Mot."). In making its case for the application of the *Nken* test, a test used for motions to stay a district court's judgment or order pending an appeal, Sonos misrepresents Google's Motion as a motion to stay enforcement of the Court's Order granting Google's motion to dismiss (Dkt. 156, "Order"). But Google **prevailed** on its motion to dismiss and is clearly not asking the Court to stay enforcement of an order granting its own motion. Rather, Google's Motion clearly asks the Court to stay all proceedings related to Sonos's motion for leave to amend (Dkt. 159, "Motion to Amend"), which renders the *Landis* test applicable.

Regardless of whether the *Landis* test or the *Nken* test applies, a stay is warranted in these circumstances. The novelty of the issues sought to be appealed, the risk of duplicative litigation, and the lack of potential injury to Sonos all weigh in favor of a stay until the Federal Circuit rules on the parties' petitions for interlocutory appeal.

## II. ARGUMENT

### A. The *Landis* Test, Rather Than The *Nken* Test, Applies To Google's Motion

Contrary to Sonos's assertions, it is the *Landis* test,[1] rather than the *Nken* test,[2] that applies to Google's Motion. The "majority approach taken by courts in [the Ninth Circuit]" is that the *Nken* test "appli[es] when there is a request to stay a district court's judgment or order pending an appeal of the same case" while the *Landis* test "applies to the decision to stay proceedings." *Johnson v. City of Mesa*, No. CV-19-02827-PHX-JAT, 2022 WL 137619, at *2 n.1 (D. Ariz. Jan. 14, 2022)

---

[1] Under the test enunciated in *Landis v. North American Co.*, 299 U.S. 248 (1936), courts examine (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

[2] Under the test enunciated in *Nken v. Holder*, 556 U.S. 418, 434 (2009), courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

(internal marks and citation omitted).[3] In other words, district courts in the Ninth Circuit apply the *Nken* test when deciding "the choice between relief and no relief" during interlocutory appeal, but use the *Landis* factors when considering "the choice between litigating or not litigating" pending interlocutory appeal. *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019). "This is because the *Nken* test applies when the parties seek to stay the *effect* of a court's order (usually an injunction) to preserve the status quo ante, while *Landis* applies to the decision to stay *proceedings* and arises out of the Court's inherent power to manage its docket." *Sweet v. City of Mesa*, No. CV-17-00152-PHX-GMS, 2022 WL 912561, at *3 (D. Ariz. Mar. 29, 2022) (internal marks and quotations omitted) (italics in original).

Recognizing that the *Nken* test is only applicable "when there is a request to stay a district court's judgment or order pending an appeal of the same case," Sonos mischaracterizes the relief sought in Google's Motion and claims that "Google's motion in effect asks the Court to stay enforcement of that order." Opp. at 6-7. Google clearly is not seeking to stay enforcement of the Court's Order. The Court **granted** Google's motion to dismiss; Google would have no reason to ask the Court to stay enforcement of the Order and prevent the dismissal of Sonos's willful and indirect infringement claims for the '033, '996, and '885 patents.

By contrast, Google's Motion plainly seeks a stay of proceedings on all issues relating to Sonos's Motion to Amend. *See, e.g.*, Mot. at 2 (Google "move[s] to stay **all issues** relating to

---

[3] *See also Sweet v. City of Mesa*, No. CV-17-00152-PHX-GMS, 2022 WL 912561, at *2-3 (D. Ariz. Mar. 29, 2022); *Peck v. Cty. of Orange*, 528 F. Supp. 3d 1100, 1105-06 (C.D. Cal. 2021); *Hart v. Charter Commc'ns, Inc.*, No. SACV170556DOCRAOX, 2019 WL 7940684, at *3-4 (C.D. Cal. Aug. 1, 2019); *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *2-4 (N.D. Cal. Apr. 15, 2019); *Freeman Expositions, Inc. v. Glob. Experience Specialists, Inc.*, No. SACV1700364CJCJDEX, 2017 WL 6940557, at *1 n.3 (C.D. Cal. June 27, 2017); *Finder v. Leprino Foods Co.*, No. 113CV02059AWIBAM, 2017 WL 1355104, at *2-3 (E.D. Cal. Jan. 20, 2017); *Nat'l Ass'n of Afr.-Am. Owned Media v. Charter Commc'ns, Inc.*, No. CV 16-609-GW(FFMX), 2016 WL 10647193, at *6 n.11 (C.D. Cal. Dec. 12, 2016); *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, No. CV 14-09603-AB (SSX), 2015 WL 10791930, at *2-3 (C.D. Cal. Nov. 5, 2015); *Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC*, No. 12-00704 DKW-RLP, 2014 WL 12576648, at *1-2 (D. Haw. Jan. 14, 2014); *Bascom Rsch. LLC v. Facebook, Inc.*, No. C 12-6293 SI, 2014 WL 12795380, at *2 (N.D. Cal. Jan. 13, 2014); *Cardenas v. AmeriCredit Fin. Servs. Inc.*, No. C 09-04978 SBA, 2011 WL 846070, at *2 (N.D. Cal. Mar. 8, 2011); *Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1107 n.1 (N.D. Cal. 2010).

[Sonos's] Motion [to Amend] until the [Federal Circuit] rules on Sonos's and Google's petitions for permission to appeal pursuant to 28 U.S.C. § 1292(b)"), *id*. at 5 ("Google respectfully requests a stay of *all issues* relating to Sonos's Motion to Amend until the Federal Circuit rules on Google's and Sonos's petitions for permission to appeal pursuant to § 1292(b)"); *id*. ("Whether *all issues* relating to Sonos's Motion to Amend should be stayed until the Federal Circuit rules on Sonos's and Google's petitions for permission to appeal pursuant to § 1292(b)") (emphasis added). Since Google's Motion to Stay presents "the choice between litigating or not litigating" the issues presented in Sonos's Motion to Amend, rather than the effect of the Court's order granting Google's motion to dismiss, the *Landis* factors govern the motion. *Kuang*, 2019 WL 1597495, at *3.

      B.    **The *Landis* Factors Weigh Heavily In Favor Of A Stay**

          1.    ***Landis* Factors Two And Three Weigh In Favor Of A Stay Because Refusing To Stay The Issues In Sonos's Motion to Amend Could Result In Duplicative Litigation**

Proceeding to litigate Sonos's Motion to Amend while the Federal Circuit considers the same issues could result in inconsistent rulings and unnecessary litigation. Sonos does not deny that if Google's cross-petition for interlocutory review is granted, the question of whether a declaratory judgment complaint for non-infringement can create a basis for alleging the knowledge requirement of willful and indirect infringement will be subject to interlocutory appellate review. *See* Mot. at 9.

Sonos mischaracterizes Google's concern over duplicative litigation as merely a concern regarding "incurring litigation expenses." Opp. at 8, 11. But as Google clearly explained in its Motion and Sonos does not dispute, a stay would conserve judicial resources as well.[4] Proceeding to litigate Sonos's Motion to Amend could mean that the parties fully brief and argue the motion only to have the Federal Circuit grant interlocutory review and deprive the Court of the jurisdiction needed to rule on the motion. Mot. at 10. Any ruling on Sonos's Motion to Amend could also require subsequent modification or reconsideration if the Federal Circuit permits interlocutory appeal and modifies either the pleading standards for willful and indirect infringement or the finding that a declaratory judgment complaint for non-infringement can create a basis for alleging the knowledge requirement of willful and

---

[4] As discussed in Section II.C.2 below, Google's concern regarding party resources is legitimate, and Sonos did not even attempt to address the cases Google cited in support of its position.

1  indirect infringement. *Id.* Sonos provides no legitimate basis for discarding these concerns and
2  proceeding to litigate issues that will be implicated by the Federal Circuit's ruling on Sonos's and
3  Google's petitions for interlocutory appeal. Indeed, "[c]onsiderations of judicial economy are highly
4  relevant" in determining whether the third *Landis* factor weighs in favor of a stay. *Apple Inc. v.
5  Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 WL 9021536, at *2 (N.D. Cal. Mar. 22, 2016);
6  *see also Johnson v. Starbucks Corp.*, No. 18-CV-06842-KAW, 2019 WL 3220273, at *2 (N.D. Cal.
7  July 17, 2019) ("Requiring the case to proceed will result in . . . the expenditure of limited judicial
8  resources for a merits rulings that may be abrogated by the Ninth Circuit's ruling."); *Gustavson v.
9  Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) ("Here, judicial
10 economy will best be served if this Court does not expend the resources required to resolve a class
11 certification motion, only to have to re-visit the decision whether to certify or decertify a class following
12 a controlling decision from the Ninth Circuit.").

13 Sonos also argues that the risk of duplicative litigation is "remote" because the Federal
14 Circuit is unlikely to grant Google's cross-petition for interlocutory review. Opp. at 8, 11. But as
15 Google clearly set out in its cross-petition, the Court's finding that a declaratory judgment complaint
16 of non-infringement creates a basis for willfulness and the knowledge element of indirect
17 infringement is a novel holding. Dkt. 166-4 at 11. Further, the Court's finding presents an issue of
18 first impression for the Federal Circuit, which has not considered whether a declaratory non-
19 infringement complaint, standing alone, establishes the requisite knowledge for willfulness and
20 indirect infringement. *Id.* at 25-29.

21 Sonos also insists that the Federal Circuit is unlikely to grant Google's cross-petition because
22 this Court did not identify any split in authority on this issue in its Order. Opp. at 8. But as Google
23 clearly explained in its cross-petition, other courts have disagreed with this Court's finding, holding
24 that a declaratory judgment complaint suggests a "reasonable, good-faith belief in noninfringement"
25 that "can ***negate*** the specific intent required for induced infringement," rather than support it. Dkt.
26 166-4 at 26 (quoting *Apple Inc. v. Princeps Interface Techs. LLC*, No. 19-CV-06352-EMC, 2020
27 WL 1478350, at *4 (N.D. Cal. Mar. 26, 2020)) (emphasis added).

28

Since a stay would reduce the risk of duplicative litigation and allow the case to benefit from the Federal Circuit's guidance, the second and third *Landis* factors strongly support a stay.

### 2. *Landis* Factor One Favors A Stay Because Sonos Has Not Identified Any Legitimate Prejudice

*Landis* factor one also clearly counsels in favor of a stay because Sonos has not identified any legitimate prejudice that it will suffer if Google's Motion is granted. Sonos broadly claims that it will be harmed by the resulting delay from a stay. Opp. at 9-11. But courts "are generally unwilling to presume delay is harmful without specific supporting evidence." *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal. 2015).

Sonos's claim that a stay would "leave[] Sonos guessing as to what Google's defenses to Sonos's allegations actually are" is disingenuous at best. Opp. at 10. Sonos is well aware of Google's defenses because Google has **already answered the exact same claims in the related declaratory judgment case**. *See Google LLC, v. Sonos, Inc.*, Case No. 3:20-cv-06754-WHA (N.D. Cal. Sept. 28, 2020) ("DJ Action"), Dkt. 199 (setting forth Google's affirmative defenses to Sonos's claims for infringement of the same patents that Sonos asserts in this case).

Sonos's argument that "[g]ranting the stay will also hinder Sonos's ability to prove willfulness as to the '885 Patent at the upcoming patent showdown trial" is likewise without merit. Opp. at 10-11. First, since the showdown "applies only to claims for direct infringement" (DJ Action, Dkt. 68 at 2), it is not clear that the showdown trial will address willfulness, and Sonos cites no authority in support of its position that it will. Second, as Google previously explained in its opposition to Sonos's Motion to Amend, both of Sonos's proposed theories of knowledge for the '885 patent are futile. The Court has already expressly rejected Sonos's first theory—that Google had knowledge of the '885 patent as a result of the parties' previous patent disputes and licensing discussions regarding unrelated patents. Dkt. 167 at 9-11; *see also* Order at 4 ("Mere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough."). And Sonos's second theory—that Google's declaratory judgment complaint demonstrates knowledge of the '885 patent—is factually inaccurate. Dkt. 167 at 9-11. Google's original declaratory judgment complaint did not

seek a declaratory judgment of non-infringement of the '885 patent because the '885 patent did not even issue until two months *after* Google filed its declaratory judgment complaint. *Id.* at 11.

In its discussion of *Nken* factor three, Sonos also suggests that it will be injured because its Third Amended Complaint adds "issues [that] have nothing to do with Sonos's petition" and "little to do with Google's cross-petition." Opp. at 9. Sonos lists five new categories of allegations that it claims "have nothing to do with [its] petition" (*id.*), but categories 1-3 unambiguously relate to the issues presented in Google's cross-petition. Sonos's new claims regarding (1) "Google's declaratory judgment complaint[,]" (2) "the parties' multi-jurisdictional patent dispute and prior history," and (3) "additional allegations on the issue[] of . . . specific intent" all relate to the new allegations Sonos added to demonstrate willfulness and the knowledge element of indirect infringement. *Id.* at 9. But as Google explained in its opposition to Sonos's Motion to Amend, Sonos's proposed amendments were either already rejected by this Court—as is the case with Sonos's new allegations of knowledge based on the parties' prior licensing discussions of other, non-asserted patents (Dkt. 167 at 10)—or are squarely at issue in Google's pending cross-petition— as is the case with Sonos's new allegations regarding Google's declaratory judgment complaint (*id.* at 11). Sonos also suggests that it will be prejudiced by a stay if it is not allowed to add allegations from category 4 regarding "lack of substantial noninfringing uses" to its complaint. Opp. at 9. But if the Federal Circuit rules for Google, it would order the dismissal of Sonos's indirect infringement claims for the '033, '966, and '885 patents with prejudice. Dkt. 167 at 11. In that that circumstance, Sonos's additional allegations regarding lack of substantial non-infringing use could not revive its indirect infringement claims. *Id*. Finally, while it is true that there is little potential for the parties' petitions for appeal to impact Sonos's proposed 35 U.S.C. § 271(f) claims, these claims standing alone do not warrant denying Google's Motion. Sonos's § 271(f) claims are already part of the case because Sonos has asserted identical § 271(f) counterclaims in the parties' related declaratory judgment action (*see* Dkt. 159-9; DJ Action, Dkt. 170), and Google has already answered these counterclaims. See DJ Action, Dkt. 199.

Because Sonos has not identified any legitimate prejudice associated with a stay, *Landis* factor one weighs in favor of a stay and the Court should grant Google's Motion.

### C. A Stay Is Also Warranted Under The *Nken* Test

As discussed above, Google respectfully submits that the *Nken* Test is inapplicable here. However, if the Court elects to use the *Nken* Test to evaluate Google's Motion to Stay, a stay is still warranted.

#### 1. *Nken* Factor One Favors A Stay Because Google Has Raised Serious Questions On Appeal

"[T]o justify a stay [under the *Nken* test], petitioners need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Instead, "the 'minimum quantum of likely success necessary to justify a stay' is a 'reasonable probability' of success, 'a substantial case on the merits,' or 'that serious questions are raised.'" *Aronson v. Gannett Publ'g Servs., LLC*, No. EDCV19996PSGJEMX, 2020 WL 8610851, at *2 (C.D. Cal. Dec. 15, 2020) (quoting *Leiva-Perez*, 640 F.3d at 967-68). As explained above, Google's cross-petition presents novel legal issues, including issues of first impression at the Federal Circuit and issues that have caused a split among district courts. *Supra* § B.1. These issues qualify as "serious questions" for the purposes of the *Nken* test, as "[d]istrict courts in this circuit often find that serious legal questions are presented when novel issues or matters of first impression are raised." *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1074 (S.D. Cal. 2019); *see also Blair v. Rent-A-Ctr., Inc.*, No. C 17-02335 WHA, 2018 WL 2234049, at *2 (N.D. Cal. May 16, 2018) (finding that a petition for interlocutory appeal "raised a serious question" and satisfied the first *Nken* factor "because our court of appeals has not yet addressed this argument"); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *2-3 (N.D. Cal. Nov. 15, 2012) (weighing the first *Nken* factor in favor of stay because the defendant's petition for interlocutory appeal "presents a case of first impression to the Ninth Circuit").

#### 2. *Nken* Factor Two Favors A Stay Because The Risk Of Duplicative Litigation Poses Irreparable Harm To Google

As discussed above, the potential for duplicative litigation establishes that Google will suffer irreparable harm absent a stay. *Supra* § B.1. Sonos characterizes Google's concern as a minor concern regarding "incurring litigation expenses." Opp. at 8. But this concern is legitimate, and

Sonos did not even attempt to address the cases Google cited in support of its position. *See* Mot. at 10-11 (citing *Mauia v. Petrochem Insulation, Inc.*, No. 18-CV-01815-TSH, 2020 WL 1031911 (N.D. Cal. Mar. 3, 2020) and *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017)); *see also Salhotra v. Simpson Strong-Tie Co., Inc.*, No. 19-CV-07901-TSH, 2022 WL 1091799, at *2 (N.D. Cal. Apr. 12, 2022) ("If the case were to proceed with dispositive motions or trial, and if the Court were reversed on appeal, both parties would suffer irreparable harm in spending substantial time and resources on litigation"); *Finder*, 2017 WL 1355104, at *4 (even where the amount of litigation to be avoided "is largely dependent on the outcome of the interlocutory appeal," "forcing a party to conduct 'substantial, unrecoverable, and wasteful' . . . pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay"); *Risinger v. SOC LLC*, No. 212CV00063MMDPAL, 2015 WL 7573191, at *2 (D. Nev. Nov. 24, 2015) ("[T]he costs of continued litigation will likely be high enough to constitute a serious irreparable harm to [the petitioner].")

By contrast the two cases Sonos cites, *Blair* and *Taylor*, are distinguishable. Opp. at 8. In *Blair*, the Court found that the defendant failed to establish irreparable harm from continuing litigation expenses because the defendant would have to incur the expenses "[r]egardless of the outcome of the appeal." *Blair*, 2018 WL 2234049, at *2. But here, Google has demonstrated that litigating Sonos's Motion to Amend while the Federal Circuit considers the parties' petitions for appeal presents an unnecessary risk of duplicative litigation. *Supra* § B.1. *Taylor* is likewise inapplicable here. *See Taylor v. W. Marine Prod., Inc.*, No. C 13-04916 WHA, 2014 WL 12644014, at *1 (N.D. Cal. Oct. 20, 2014). Unlike Google, the defendant in *Taylor* did not contend that it would suffer unnecessary litigation expenses pending appeal as a result of needless and potentially redundant motion practice. Instead, the defendant in *Taylor* claimed that it would suffer harm from litigation expenses pending appeal because settlement would only be possible after a ruling from the court of appeals. *Id.*

### 3.   *Nken* Factor Three Favors A Stay Because A Stay Will Not Substantially Injure Sonos

Third, Sonos will not be substantially injured by a limited stay. Courts regularly find that a stay of issues on appeal pending disposition of a petition for appeal does not present a risk of substantial injury. *See, e.g.*, *Salhotra*, 2022 WL 1091799, at *2 (finding that the third *Nken* factor weighed in favor of a stay because the stay was limited to the issues on appeal); *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, No. CV 20-4085-DMG (KSX), 2021 WL 945237, at *3 (C.D. Cal. Feb. 22, 2021) (same). As Google explained above, a tailored stay would not prevent Sonos from learning Google's defenses because Google has already answered the same claims in the parties' related declaratory judgment case. *Supra* § B.2. In addition, Google's requested stay would not impede Sonos's ability to prove willfulness as to the '885 patent at the showdown trial. *Id.* It is not clear that the patent showdown will address willful infringement, and even if it does, Sonos's proposed Third Amended Complaint does not state a viable claim for willful infringement of the '885 patent. *Id.* "Simply put, a brief stay pending disposition of the petition will not unduly delay these proceedings or harm [Sonos]." *Johnson v. Serenity Transportation, Inc.*, No. 15-CV-02004-JSC, 2018 WL 9782170, at *4 (N.D. Cal. Oct. 12, 2018).

### 4.   *Nken* Factor Four Favors A Stay Because A Stay Is In The Public Interest

Sonos insists, without authority, that the public interest will not be served by "delaying enforcement of a valid court order on the chance that a discretionary cross-petition for interlocutory review is granted, and reversal ordered on appeal." Opp. at 10. But as Google explained above, Google's cross-petition raises serious questions, including novel legal issues that have split district courts. *Supra* § 1. Contrary to Sonos's unsupported position, multiple courts have found that a stay pending appeal is in the public interest where it will "avoid unnecessary litigation and conserve judicial resources." *Risinger*, 2015 WL 7573191, at *2 ("A stay pending appeal will avoid unnecessary litigation and conserve judicial resources. It is therefore in the public interest."); *see also Romero*, 383 F. Supp. 3d at 1077 ("the public also has an interest in efficient use of judicial resources"); *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL

6934433, at *3 (N.D. Cal. Dec. 29, 2011) ("The public interest lies in proper resolution of the important issues raised in this case, and issuance of a stay would avoid wasting resources on a class action litigation which might be changed in scope on appeal.").

## III.     CONCLUSION

For the foregoing reasons, Google requests that the Court grant its Motion to Stay and stay all issues relating to Sonos's Motion to Amend.

DATED: May 4, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By     */s/ Charles K. Verhoeven*
Charles K. Verhoeven
Melissa Baily
Lindsay Cooper

*Attorneys for GOOGLE, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on May 4, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

　　　　　　　　　　　　　　　　　　　　　/s/ Charles K. Verhoeven
　　　　　　　　　　　　　　　　　　　　　Charles K. Verhoeven