CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

GEORGE I. LEE (*pro hac* vice)
lee@ls3ip.com
SEAN M. SULLIVAN (*pro hac* vice)
sullivan@ls3ip.com
RORY P. SHEA (*pro hac* vice)
shea@ls3ip.com
J. DAN SMITH (*pro hac* vice)
smith@ls3ip.com
MICHAEL P. BOYEA (*pro hac* vice)
boyea@ls3ip.com
COLE RICHTER (*pro hac* vice)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:   +1 312 754 0002
Facsimile:   +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff and Counter-defendant,<br><br>v.<br><br>SONOS, INC.,<br><br>    Defendant and Counter-claimant. | Case No. 3:20-cv-06754-WHA<br>Related to Case No. 3:21-cv-07559-WHA<br><br>**DECLARATION OF COLE RICHTER IN SUPPORT OF SONOS, INC.'S OPPOSED MOTION REQUESTING PATENT SHOWDOWN TRIAL DATE TO BE MOVED** |

I, Cole Richter, declare as follows and would so testify under oath if called upon to do so:

1. I am an attorney with the law firm of Lee, Sullivan, Shea & Smith, LLP, counsel of record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing of the Bar of the State of Illinois. I make this declaration based on my personal knowledge, unless otherwise noted. If called, I can and will testify competently to the matters set forth herein.

2. I make this declaration in support of Sonos's Opposed Motion Requesting Patent Showdown Trial Date To Be Moved.

3. At least by March 2021, Sonos retained Dr. Kevin Almeroth as an expert witness in this matter, while the matter was pending in the Western District of Texas. Sonos retained Dr. Almeroth to provide opinions on claim construction issues, infringement, and validity of the patents in suit, including Sonos's U.S. Patent No. 10,848,885.

4. Dr. Almeroth has devoted more than 100 hours to this case to date, and his work is ongoing.

5. Immediately after this Court set the date for the showdown trial, Sonos's counsel contacted its experts to confirm their availability for trial. Dr. Almeroth informed counsel that he had a preplanned, international vacation scheduled from July 20, 2022 through August 10, 2022.

6. Dr. Almeroth informed me that his vacation was planned in August 2020 for travel in summer 2021. In late 2020, Dr. Almeroth delayed his trip due to COVID. His new itinerary was finalized in October 2021.

7. Counsel for Sonos contacted counsel for Google LLC ("Google") on April 15, 2022, informing Google that one of Sonos's experts had a conflict. The parties exchanged emails regarding Dr. Almeroth's conflict. Google disclosed that one of its experts also has a conflict the week of July 18, 2022. A true and correct copy of that email chain is attached as Exhibit A.

8. I estimate that finding, retaining, and educating a new technical expert in this matter would take at least six weeks.

9. On May 2, 2022, Sonos and Google met and conferred about the scheduling of the showdown trial and Sonos's request to move the trial, but were unable to reach agreement.

10. Sonos has two other experts it expects to testify at trial. Sonos's damages expert, Jim Malackowski, has a conflict August 15-26. Sonos's expert for the infringement and validity of U.S. Patent No. 9,967,615, Dr. Doug Schmidt, has a conflict August 23-26.

11. Attached as Exhibit A is a true and correct copy of a redacted and annotated copy of an email chain between Alyssa Caridis and Lindsay Cooper sent between April 15, 2022 and May 2, 2022.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 5th day of May, 2022 in Chicago, Illinois.

/s/ Cole Richter
Cole Richter

2   DECL. OF RICHTER ISO SONOS'S OPPOSED MOTION
REQ. PATENT SHOWDOWN TRIAL DATE TO BE MOVED

# EXHIBIT A

**From:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Sent:** Monday, May 2, 2022 8:24 AM
**To:** Caridis, Alyssa
**Cc:** QE-Sonos3; Sonos-NDCA06754-service
**Subject:** RE: Sonos v Google -- Showdown Trial

**This message originated from outside your organization**

Alyssa,

We will respond to Dan's letter. But several of the requests in Dan's letter were raised for the first time last Tuesday, April 26. It is obviously inappropriate for Sonos to use newly-raised issues as an excuse to slow down service of opening expert reports and shorten the time the parties have to brief Daubert issues.

We offered to meet and confer on the showdown trial schedule last Friday at 11am PT. We didn't hear from you. We remain willing to meet and confer on the showdown trial schedule, and we can be available today at 2:30 PT.

With respect to Dr. Almeroth, we do not believe a previously-scheduled vacation constitutes a valid conflict, and we do not believe the Court will view it as a valid conflict either. If Sonos approaches the Court to move the date based on this purported conflict, we will respond accordingly.

Lindsay

**From:** Caridis, Alyssa <acaridis@orrick.com>
**Sent:** Friday, April 29, 2022 11:51 AM
**To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Sonos v Google -- Showdown Trial

[EXTERNAL EMAIL from acaridis@orrick.com]

Lindsay,

As spelled out in Dan's letter from Tuesday night, Google's damages discovery is woefully lacking. While many discovery requests remain outstanding, we have limited (for the purposes of the showdown procedure) what we are seeking in the near term in order to streamline the disputes. Dan's letter requested that the information be provided by the end of the week (today). If Google is not planning to provide that information today, please provide us a time on Monday to meet and confer to discuss the issues so that we can promptly raise those issues before the Court. It goes without saying that without this information we are not in a position to provide expert reports.

As to *Daubert* briefing, back when the parties were contemplating a fall trial, Sonos proposed a schedule (that Google never agreed to) which built in *Daubert* briefing. Obviously things have changed. Regardless, the point still stands that Google is free to bring a challenge as an MIL.

As to the trial conflict, Kevin Almeroth has a long-standing international family trip that cannot be moved. As you are well aware, Sonos engaged and disclosed Dr. Almeroth, and he began working on this case, well before it was transferred to this district. Please explain your objection to approaching the Court to seek a new date (especially because we raised this issue the day after the Court set the showdown trial date). What Google expert has a conflict, and what is Google's plan to "make it work"?

If Google is planning to produce the requested financial information from Dan's e-mail today, then let's hop on the phone this afternoon to discuss scheduling. Otherwise, let's plan to cover both topics on Monday.

Alyssa

**From:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Sent:** Wednesday, April 27, 2022 12:14 PM
**To:** Caridis, Alyssa <acaridis@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Sonos v Google -- Showdown Trial

Alyssa,

We asked for more detail on Sonos's expert's "immovable commitment." You didn't provide any detail, aside from the dates of the purported conflict. What is the nature of the conflict? If it is a previously-scheduled vacation, we do not agree that such a conflict warrants moving the trial date. As noted, one of our experts is scheduled to attend another trial that week but we are willing to make it work.

We have provided everything your April 15 email requested, including (1) a supplemental financial production, (2) a date for our 30(b)(6) witness on financial topics prior to May 6, and (3) a date for Ken Mackay's deposition the week of May 9. There is no reason Sonos should not be in a position to serve opening expert reports on May 10.

Your statement that "[a]ny trial in July is going to require both parties to make accommodations " is misplaced. Our proposed schedule makes plenty of accommodations. The original proposal that we made to Sonos on March 2 had over four weeks between opening and responsive expert reports; our current proposal shortens that to three weeks. The original proposal had almost three weeks for expert discovery; our current proposal shortens that to just one week.

Your statement that nothing "guarantees a party the right to file a full-fledged Daubert brief" is also misplaced. Sonos **agreed** to a schedule that built in time for Daubert briefing on March 3, 2022. *See* email from C. Richter (agreeing to submit Daubert briefs by July 27, Daubert responses by August 10, and Daubert replies by August 19). Further, while we appreciate your offer to shorten the briefing deadlines, these are deadlines that are set by the local rules and we have serious concerns about shortening them at the Court's expense for the convenience of the parties. As we explained more than a month ago, Judge Alsup denied the parties' stipulated Daubert schedule in at least one other showdown case because it did not give him enough time to consider the briefing before the showdown trial.

As for your statement that "there is no way to know whether any party even has a ground to file a Daubert challenge," your emails below indicate that Sonos is planning to serve an opening damages report and Sonos's damages contentions

2

confirm that a Daubert challenge will be necessary.  Sonos appears to be seeking over $█████ in damages, and has not offered any acceptable theories for apportioning to the purported benefits of the patents-in-suit.

We are available to discuss on Friday at 11am PT.

Lindsay


**From:** Caridis, Alyssa <acaridis@orrick.com>
**Sent:** Monday, April 25, 2022 6:15 PM
**To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Sonos v Google -- Showdown Trial

[EXTERNAL EMAIL from acaridis@orrick.com]


Lindsay,

Any trial in July is going to require both parties to make accommodations.  If your primary concern is compliance with LPR 7-2(a), and Google desires to file a *Daubert* motion, Sonos would not oppose a request to shorten the default briefing schedule.  But your insistence that a schedule be purpose-built specifically around *Daubert*s is inappropriate. The parties haven't even exchanged expert reports, so there is no way to know whether any party even has a ground to file a *Daubert* challenge.  Your statement that Sonos is attempting to "shorten[] the Daubert briefing schedule" is misplaced.  There is no such schedule.  And we are not aware of any authority in the Federal Rules, the Local Rules, or the rules of this Court that guarantees a party the right to file a full-fledged *Daubert* brief.  Parties are always free to file *Daubert* challenges as a motion in limine (and under Sonos's proposed schedule, that timing works, as MILs mut be exchanged June 23).

Google's proposed schedule requires the exchange of expert reports before the parties complete briefing on summary judgment. Our schedule has opening expert reports being served the second business day after that briefing is compelte. Additionally, we are still waiting for a deposition date for Google's 30(b)(6) witness on financial topics. And Google's alleged supplementation of the "financial information originally produced at GOOG-SONOSNDCA-00055305" does not solve the myriad other issues with Google's damages-related document productions (as Google itself acknowledged in its April 4 letter).  We will follow up shortly on those issues.  You are correct that Sonos has been on notice that it should be ready for a prompt patent showdown since the fall—as has Google.  And as my original e-mail sets forth, Sonos's proposed schedule gets us there.  But litigation and discovery are two-way streets.  Insisting that Sonos file its opening expert reports in two weeks' time when Google has yet to even provide a name or date for its damages 30(b)(6) deponent is simply untenable.

In order to try to add some additional time back in the schedule, we'd be willing to agree to the following dates (just listing expert dates here since it appears we're in agreement on pretrial exchanges):

- May 23 – opening reports
- June 10 – rebuttal reports
- June 20 – close of expert discovery

With regard to the trial, one of our technical experts has an immovable commitment that requires he be out of the country starting on Wednesday, July 20, and continuing through August 10. Can you provide additional context into your witness's conflict? And given that both parties have a conflict, would Google be willing to approach the Court and ask for a revised date?

We're happy to discuss at your convenience.

Alyssa


**From:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Sent:** Wednesday, April 20, 2022 1:49 PM
**To:** Caridis, Alyssa <acaridis@orrick.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Sonos v Google -- Showdown Trial


Alyssa,

Sonos's proposed schedule is not workable. We have been telling Sonos for months that we need to build in enough time for Daubert briefing, and while we appreciate your suggestion that the parties are free to file Daubert motions "if/when they see fit," in practice the schedule does not allow for it. Under LR 7-2(a), motions must be noticed "not less than 35 days after filing of the motion." Under Sonos's proposal, in order to notice a Daubert motion for the date of the PTC, the moving party would need to file their Daubert motion by June 8 – before responsive reports are served, and 2.5 weeks before the close of expert discovery. And even on that schedule, we'd only be giving the Court two business days to issue a ruling.

Sonos has been on notice that it should be ready for a "prompt" patent showdown since last fall. Sonos should be prepared to serve its opening expert reports earlier than May 23, and Sonos's suggestion that the parties shift the burden to the Court by shortening the Daubert briefing schedule is unfair and inappropriate. We suggest the following schedule:

   Opening reports – May 10

   Responsive reports – May 31

   Close of expert discovery – June 7

   Parties exchange exhibit and witness lists – June 21

   Sonos provides Google with draft of the PTO – June 21

   Google provides Sonos with its proposed redlines/portions of the PTO – June 28

   Parties meet and confer on PTO – June 30

We strongly disagree with your suggestion that Sonos's inability to serve opening expert reports is somehow Google's fault. Even before Mr. Mo's deposition yesterday it was not true that "Google has yet to make a single fact witness available." In addition to Mr. Mo and Mr. Patil, we've made four other witnesses available for deposition (Ken Mackay, David Nicholson, Kelly Kenison, Ali Mills). It is Sonos that has refused to take these depositions. We supplemented the financial information originally produced at GOOG-SONOSNDCA-00055305 yesterday and will investigate providing a

4

30(b)(6) promptly.  Finally, we have already offered – and Sonos has already accepted – Mr. Mackay for deposition on May 10.

Can you please provide more detail on Sonos's expert's immovable commitment the week of July 18?  One of our experts is scheduled to be in trial that week, but we are willing to proceed and make it work, for example by taking his testimony out of turn if necessary.

Lindsay


**From:** Caridis, Alyssa <acaridis@orrick.com>
**Sent:** Tuesday, April 19, 2022 11:38 AM
**To:** Lindsay Cooper <lindsaycooper@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** RE: Sonos v Google -- Showdown Trial

**[EXTERNAL EMAIL from acaridis@orrick.com]**

Lindsay,

In light of the fact that we have not heard from you, we understand that the parties are in agreement that FRCP26(a)(2)(D) does not apply and there will be no expert reports served today.  Of course that means we need to reach an agreement on when reports *will* be served.  Please let us know if you agree with the schedule below or if you would like to discuss. Obviously we would prefer to reach agreement without Court involvement.

Alyssa


**From:** Caridis, Alyssa
**Sent:** Friday, April 15, 2022 6:25 PM
**To:** 'Lindsay Cooper' <lindsaycooper@quinnemanuel.com>
**Cc:** QE-Sonos3 <qe-sonos3@quinnemanuel.com>; Sonos-NDCA06754-service <Sonos-NDCA06754-service@orrick.com>
**Subject:** Sonos v Google -- Showdown Trial

Lindsay,

In light of the trial date set by Judge Alsup yesterday, we propose the following schedule:
- May 23 – Parties Serve Opening Expert Reports
- June 13 – Parties Serve Rebuttal Expert Reports
- June 24 – Close of Expert Discovery

—Parties are free to file Daubert motions / motions to exclude if/when they see fit—
- June 21 – Parties exchange exhibit and witness lists
- June 21 – Sonos provides Google with draft of the PTO
- June 28 – Google provides Sonos with its proposed redlines / portions of the PTO
- June 30 – Parties meet and confer on PTO

(We can discuss the parameters of some of the pre-trial exchanges later; we're just trying to put the large pieces in places now.)

5

We note that the above schedule is contingent on Google promptly (1) supplementing its financial-related document production as set forth in Dan's March 28 letter (while you responded on April 4, many of the issues remain outstanding), (2) making prepared 30(b)(6) deponents on Sonos's financial topics available for deposition prior to May 6, and (3) providing Mr. MacKay for deposition the week of May 9. As you are aware, these issues have been outstanding for weeks and we will need to move for relief if we do not get commitments from Google by Wednesday.

Further, please be aware that at least one of Sonos's experts has a pre-existing, immovable commitment the week of July 18, so we may need to seek relief from that trial date. Let us know if any of Google's witnesses are similarly situated.

Finally, please confirm that Google agrees that the parties will not operate under the deadlines set by FRCP 26(a)(2)(D). Given that Google has yet to make a single fact witness available (in addition to outstanding written/document discovery issues), we are obviously not in a position to serve expert reports next week. If Google has a different view, please let us know immediately so that we may seek relief from the Court.

Let us know if you'd like to discuss.

Alyssa

**Alyssa Caridis**

Pronouns: she/her/hers

Los Angeles
T 2136122372
acaridis@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of