UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONOS, INC.,

    Plaintiff,

v.

GOOGLE LLC,

    Defendant.

No. C 21-7559 WHA

**ORDER RE MOTION FOR LEAVE TO AMEND AND MOTION TO STAY**

## INTRODUCTION

Plaintiff in this patent infringement action seeks leave to file its third amended complaint. To the extent stated, that motion is **GRANTED**. Defendant's corresponding motion to stay is **DENIED AS MOOT**.

## STATEMENT

A previous order herein dismissed with leave to amend Sonos, Inc.'s claims for enhanced damages and indirect infringement for three of the patents-in-suit, U.S. Patent Nos.: 10,469,966; 10,779,033; and 10,848,885. That March 16 order grappled with the dearth of authority regarding the appropriate pleading standard for enhanced damages and the key factual particularities at issue here (Dkt. No. 156).

Specifically, the order established the ground rule that the complaint must adequately allege willfulness but need not allege further circumstances warranting enhanced damages.

1  Further, the order clarified that knowledge (required for both willful and indirect infringement)
2  cannot be established by the filing of the complaint itself.  The order emphasized the efficacy of
3  a cease-and-desist letter in these circumstances.  Such a letter explains why the accused product
4  infringes and gives the infringer a fair chance to cease or to obtain a license.  The order,
5  nevertheless, found the filing of a declaratory relief action could conceivably concede the alleged
6  infringer's knowledge of the patents and of infringement sufficient for a willful infringement
7  claim.  After establishing these ground rules, the order dismissed Sonos' willful and indirect
8  infringement claims but allowed Sonos to amend and try again.

9  Due, in part, to the vast amount of judicial resources being consumed on these issues in the
10 district courts, that order certified the rulings for interlocutory appeal under 28 U.S.C. Section
11 1292(b).  Sonos filed a petition with the Court of Appeals for the Federal Circuit for review.
12 Alleged infringer Google LLC cross-petitioned for permission to appeal as well on a related
13 issue (Dkt. Nos. 161, 165).  The day after Sonos docketed its petition, it also moved for leave to
14 amend its pleading on these issues in this action.  Google opposes the motion for leave to amend
15 and moved to stay issues related to Sonos's motion for leave to amend.  During the pendency of
16 these motions, however, the Court of Appeals for the Federal Circuit summarily denied both
17 petitions regarding the March 16 order.  Google's motion is accordingly moot.

18 This order thus proceeds to consider Sonos' motion for leave to amend, and follows full
19 briefing and oral argument.

## ANALYSIS

21 Rule 15 states that leave to amend should be freely given when justice so requires.  A
22 district court will consider:  (1) bad faith; (2) undue delay; (3) prejudice to the opposing party;
23 (4) futility of amendment; and (5) repeated failure to cure deficiencies despite previous
24 amendments.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The touchstone of the evaluation is
25 prejudice to the opposing party.  Absent prejudice or a strong showing for another factor, a
26 presumption typically exists under Rule 15 in favor of granting leave to amend.  Delay alone
27 cannot justify denying leave to amend, but futility can.  *Johnson v. Buckley*, 356 F.3d 1067, 1077
28 (9th Cir. 2004).

1.   **FUTILITY.**

This order starts with futility. "A motion to make an amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation omitted). As in a motion to dismiss, an amended complaint properly states a claim when the factual allegations permit a reasonable inference, not just speculation, that defendants are liable for the misconduct alleged. All factual allegations rate as true, but legal conclusions merely couched as fact may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The March 16 order on Google's motion to dismiss the second amended complaint set the ground rules. That order did not find it necessary to reach several of the technicalities that this order now addresses — each in light of the tenets the March 16 order set forth.

*First*, Sonos' proposed third amended complaint seeks to rectify the willfulness allegations pertaining to the '966 and '033 patents. As the March 16 order reasoned, when the alleged infringer files a declaratory judgment action of noninfringement, "the patent owner . . . should be allowed to plead the infringer's conceded knowledge of the patents and that the infringer has had sufficient time to analyze the accused product vis-à-vis those patents (along with other specifics needed to show willfulness)" (Dkt. No. 156 at 8). Consequently, Sonos' proposed third amended complaint includes revised allegations regarding Google's filing of its declaratory judgment filing.

The proposed pleading alleges Google "represented to the Court and to Sonos that it had a Rule 11 basis to file its DJ action" (Proposed Third Amd. Compl. ¶ 56). Sonos then avers, "In order to have conducted this investigation and to have formed a reasonable belief as to Google's alleged non-infringement of the asserted patents in time for its filing on September 28, 2020, Google was conducting its investigation days, weeks, or months prior to September 28, 2020" (*id.* ¶ 60). In the alternative, Sonos alleges that even if Google did, in fact, learn of the relevant patents-in-suit when it received a draft of Sonos' complaint:

> Google took action right away to (i) confer with Google engineers concerning the operation of the accused products, (ii) review the

3

> specifications, claims, and file histories of the asserted patents, and (iii) compare the operation of the accused products to the claims of the asserted patents and allegedly conclude that, for one or more reasons, the accused products, according to Google, did not practice one or more elements of the asserted claims.

(*id.* ¶ 61). In either case, Sonos alleges "Google learned of the asserted patents and learned of its alleged infringement thereof" (*id.* ¶ 63).

True, the March 16 order found that the eleven-hour period between Google receiving Sonos' draft complaint and the filing of its declaratory judgment action "was not enough time to provide an alleged infringer a meaningful opportunity to cease infringing and negotiate a license" (Dkt. No. 156 at 9). Now, however, Sonos has revised its allegations on this point and plausibly alleged Google had adequate notice to assess the allegations of infringement in the draft complaint. On the one hand, according to Sonos, Google had been preparing a declaratory judgment action for some time on the relevant patents, which demonstrates knowledge of the patents and knowledge of infringement. Or, on the other hand, Google expedited its review of its technology and Sonos' patents in order to beat the clock and file a declaratory judgment action first. In light of the requirements of Rule 11, as Sonos avers, this order finds it plausible that Google performed all this analysis. That is enough for our present purposes to allow the issue of willfulness to go forward with respect to the '966 and '033 patents.

Google did not dispute this conclusion in its briefing, resting instead on now-mooted arguments about Federal Circuit intervention (Opp. at 8). At oral argument, however, Google pivoted. It sprung a new argument on Sonos that Sonos had not adequately alleged Google's specific intent to infringe. In doing so, Google acknowledged the implications of its declaratory judgment filing. It admitted that it had thoroughly investigated the '033 and '966 patents. It further admitted that it investigated whether its accused products infringed. Google insisted, however, that the results of this investigation suggested just the opposite of a specific intent to infringe: instead, it suggested a good faith belief of noninfringement. After all, Google argued, if the declaratory judgment filing showed that it had a Rule 11 basis for asserting its knowledge of the patents, it also necessarily suggested a Rule 11 basis for asserting noninfringement. Therefore, Google contended, Sonos could not rely on the declaratory judgment action to

plausibly allege that it had any specific intent to infringe, let alone that it had plausibly engaged in the kind of egregious behavior warranting enhanced damages.

This is putting the cart before the horse, and then flipping the cart over. If Google has its way, any accused infringer that wins the race to file a declaratory judgment action would avoid litigating willfulness by merely claiming innocence. At this stage, Sonos's allegations are accepted as true. The March 16 order squarely addressed what is necessary to allege specific intent. Specifically, the order stated:

> With respect to willfulness, this order agrees that specific intent to infringe be pled with plausibility. *This means that knowledge of the patent and knowledge of infringement must be pled with plausibility*.

(Dkt. No. 156 at 4 (emphasis added)). As stated above, Sonos has adequately alleged that Google investigated the '033 and '966 patents and that Google understands how the accused products infringe. That is enough at this stage to allege specific intent. Further murky questions about the reality of Google's subjective intent and potential egregious behavior will be dealt with at later stages as a more complete record is developed (*see also* Dkt. No. 156 at 6–7).

*Second*, the willfulness allegations pertaining to the '885 patent have a further wrinkle because Sonos initially asserted that patent in the first amended complaint, not the original pleading. To recap, Sonos filed the original complaint on September 29, 2020, but the '885 patent did not issue until November 24, 2020. Sonos provided Google a draft of its first amended complaint during a meet-and-confer required under the Western District of Texas's Local Rule CV-7(g) on January 8, 2021, wherein Sonos first included infringement allegations pertaining to the '885 patent. Sonos eventually filed its first amended complaint forty days later, on February 17, 2021. The March 16 order addressed Sonos' second amended complaint, which it filed in order to drop U.S. Patent No. 9,219,460.

As relevant here, the March 16 order reasoned that circumstances may exist where willful infringement can be properly alleged despite the absence of a conventional notice letter from the patent owner, but that patent owners bear the burden of plausibly alleging adequate notice was given such that the accused infringer had an opportunity to assess the allegations of infringement (Dkt. No. 156 at 6–9). Sonos has done so here. Sonos provided ample infringement allegations

5

for the '885 patent in the draft complaint it gave to Google, including a representative claim chart for claim 1 (First Amd. Compl. ¶¶ 134–44). The proposed third amended complaint also notes that at the January 8 meet-and-confer Sonos provided Google with supplemental infringement contentions detailing Google's infringement of the '885 patent (Proposed Third Amd. Compl. ¶ 29). Critically, Sonos did not file its first amended complaint immediately after the meet-and-confer with Google. A jury could plausibly conclude that the forty-day notice provided Google adequate time to assess Sonos' allegations as to the '885 patent.

At the motion hearing, Google objected that allowing a court-mandated meet-and-confer to serve as the foundation for a willfulness allegation would open the door to a willfulness claim in every case in any jurisdiction obliging such a conference. This is not persuasive. To repeat, our focus is on whether the accused infringer had a meaningful opportunity to investigate allegations of infringement, whether notice was provided through a letter or otherwise. Here, moreover, Sonos did not merely do the minimum to satisfy its obligations under the local rules. As stated above, Sonos alleges it provided supplemental infringement contentions to Google, and Google then had five weeks to evaluate the '885 patent. Neither the provision of infringement contentions nor the five-week gap were required by the local rule. These allegations rank as sufficient to support Sonos's willful infringement claim.

*Third*, the proposed pleading revises Sonos' indirect infringement allegations. The March 16 order determined that the standards for alleging knowledge of the patent and knowledge of infringement to state a claim for indirect infringement mirror those standards for willful infringement (Dkt. No. 156 at 11). Accordingly, for the same reasons discussed above, Sonos has adequately alleged knowledge for the purposes of indirect infringement.

*Fourth*, the March 16 order also dismissed Sonos' contributory infringement claim for the additional reason that the second amended complaint failed to plead the requisite lack of substantial noninfringing uses (*ibid.*). The proposed third amended complaint contains further allegations identifying the accused software components, such as the "Cast" feature in various YouTube apps, and explaining that those components lack any substantial noninfringing use (Proposed Third Amd. Compl. ¶¶ 109–12, 143–46, 178–81, 212–14). Google asserted no

arguments regarding the adequacy of the contributory infringement allegations on this point in its briefing. These additional allegations rank as sufficient. *See Koninklijke Philips N.V. v. Soll Med. Corp.*, 656 Fed. App'x 504, 523–25 (Fed. Cir. 2016).

In sum, this order finds that the revisions proposed in Sonos' third amended complaint are not futile, and that this favors granting leave to amend.

### 2.  THE OTHER *FOMAN* FACTORS.

This order can quickly address the remaining *Foman* factors.

*First*, Sonos' motion does not evince bad faith or a dilatory motive. Google argues here that Sonos seeks to add allegations and theories that it had been aware of for months or even years (Opp. 9). But here, in this action, we are still in the opening forays. Moreover, the March 16 order expressly permitted Sonos the opportunity to revise its allegations regarding pre-suit notice via the declaratory judgment action. The Federal Circuit's denial of Google's petition to appeal has mooted Google's other argument regarding the risk of duplicative litigation. Further, when discussing futility, this order did not need to reach Sonos' revised allegations regarding its correspondence with Google regarding unasserted patents. This order will not now conclude that those allegations demonstrate bad faith given the lack of appellate authority on the pleading standard for willful infringement.

*Second*, permitting amendment here would not unduly prejudice Google. Once again, Google raises the specter of Federal Circuit intervention for this factor, but that is now inapposite. *Third*, Sonos has not repeatedly failed to cure deficiencies in its pleading.

In sum, this order finds the *Foman* factors favor granting leave to amend.

## CONCLUSION

For the foregoing reasons, Sonos' motion for leave to amend is **GRANTED**. Google's motion to stay is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: June 7, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE