CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (admitted *pro hac vice*)
shea@ls3ip.com
J. DAN SMITH, III (admitted *pro hac vice*)
smith@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
MICHAEL P. BOYEA (admitted *pro hac vice*)
boyea@ls3ip.com
JAE Y. PAK (admitted *pro hac vice*)
pak@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Plaintiff Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:21 cv 07559-WHA <br><br> **SONOS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF SONOS'S THIRD AMENDED COMPLAINT** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Sonos, Inc. ("Sonos") hereby respectfully submits this Administrative Motion to File Under Seal ("Administrative Motion") in connection with Sonos, Inc.'s Third Amended Complaint ("Sonos's TAC"). Specifically, Sonos seeks and order granting leave to file under seal the documents listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Exhibit CC to Sonos's TAC | Entire Document | Sonos |
| Exhibit CE to Sonos's TAC | Entire Document | Sonos |

## II. LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). *See* Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Ninth Circuit has recognized that two different standards may apply to a request to seal a document – namely the "compelling reasons" standard or the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the

1  case" must demonstrate that there are "compelling reasons" to keep the documents under seal.

2  *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (citing *Ctr.*

3  *for Auto Safety*, 809 F. 3d at 1101-1102).  What constitutes a compelling reason is left to the

4  "sound discretion of the trial court."  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435

5  U.S. at 599).

6  Under the compelling reasons standard, "a court may seal a record only if it finds a

7  'compelling reason' to support such treatment." *Blessing,* 2021 WL 6064006, at *12.  In applying

8  the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of

9  documents where court records could be used "as sources of business information that might

10 harm a litigant's competitive standing."  *See Ctr. for Auto Safety*, 809 F.3d at 1097.  "Confidential

11 business information in the form of 'license agreements, financial terms, details of confidential

12 licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."

13 *Hetland v. LendingTree, LLC,* No. 19-CV-02288-JSC, 2021 WL 2313386, at *1 (N.D. Cal. May

14 3, 2021) (quoting *Exeltis USA Inc. v. First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020

15 WL 2838812, at *1 (N.D. Cal. June 1, 2020)).

16 **III.   THE COURT SHOULD SEAL SONOS'S CONFIDENTIAL MATERIAL**

17 Exhibits CC and CE reference Sonos's confidential business information and include

18 confidential business agreements and licensing negotiations that are not public.  Compelling

19 reasons exist to seal this information.  First, public disclosure of this information would harm

20 Sonos's ability to negotiate future business agreements because it would give competitors access

21 to Sonos's confidential business information, including confidential business agreements.

22 Second, public disclosure would harm Sonos's competitive standing because competitors would

23 gain key insight into Sonos's business model and strategy.  A less restrictive alternative than

24 sealing the highlighted portions of Sonos's TAC and the exhibits in their entirety would not be

25 sufficient because the information sought to be sealed is Sonos's confidential business

26 information but is integral to the defenses in Sonos's TAC. *See* Declaration of Cole B. Richter in

27 Support of Administrative Motion ("Richter Decl.") filed concurrently herewith, ¶ 4.

28

## IV. CONCLUSION

In compliance with Civil Local Rule 79-5(c)(d)(e), unredacted versions of the above-listed documents accompany this Administrative Motion and redacted versions are filed publicly. A declaration in support of this Administrative Motion and a proposed order are concurrently filed herewith. For the foregoing reasons, Sonos respectfully requests that the Court grant Sonos's Administrative Motion.

Dated: July 8, 2022

By: */s/ Cole B. Richter*

Clement Seth Roberts
Bas de Blank
Alyssa Caridis
Evan D. Brewer

ORRICK, HERRINGTON & SUTCLIFFE LLP

Sean M. Sullivan (admitted *pro hac vice*)
Rory P. Shea (admitted *pro hac vice*)
J. Dan Smith, III (admitted *pro hac vice*)
Cole B. Richter (admitted *pro hac vice*)
Michael P. Boyea (admitted *pro hac vice*)
Jae Y. Pak (admitted *pro hac vice*)

LEE SULLIVAN SHEA & SMITH LLP

*Attorneys for Defendant Sonos, Inc.*