QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>            Plaintiff,<br><br>     vs.<br><br>GOOGLE LLC,<br><br>            Defendant. | CASE NO. 3:21-cv-07559-WHA<br>Related to CASE NO. 3:20-cv-06754-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF SONOS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 212)** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Sonos, Inc.'s ("Sonos") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (Dkt. 212) filed in connection with Sonos's Third Amended Complaint (Dkt. 211, "TAC"). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions Sonos Sought to Be Filed Under Seal | Portions Google Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Exhibit CD to Sonos's TAC | Entire Document | Entire Document | Google |
| Exhibit CI to Sonos's TAC | Entire Document | Portions outlined in red boxes | Google |
| Exhibit CJ to Sonos's TAC | Entire Document | Portions outlined in red boxes | Google |
| Exhibit CK to Sonos's TAC | Entire Document | Portions outlined in red boxes | Google |
| Exhibit CL to Sonos's TAC | Entire Document | Portions outlined in red boxes | Google |
| Exhibit CW to Sonos's TAC | Entire Document | None | Google |

4. I understand that the Court applies a "compelling reasons" standard to a sealing request made in connection with a complaint. *See, e.g.*, *Novartis Vaccines & Diagnostics, Inc. v. Genentech, Inc.*, No. 5:21-CV-04874-EJD, 2022 WL 689005, at *2 (N.D. Cal. Feb. 14, 2022); *Bunsow De Mory LLP v. N. Forty Consulting LLC*, No. 20-CV-04997-JSC, 2020 WL 7872199, at *1 (N.D. Cal. Sept. 21, 2020).

5. Exhibit CD contains information regarding confidential business agreements and licensing negotiations that are not public. I understand that public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities. A less restrictive alternative than sealing Exhibit CD would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but has been utilized by Sonos in support of Sonos's Third Amended Complaint.

6. The portions of Exhibits CI, CJ, CK, and CL outlined in red boxes contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, I understand that the public disclosure of such information could lead to competitive harm to Google as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. Although Sonos's Administrative Motion sought to seal the entirety of these exhibits, Google seeks to seal only the portions outlined in red boxes in the unredacted versions of Exhibits CI, CJ, CK, and CL filed in connection with this Declaration. A less restrictive alternative than sealing the portions outlined in red boxes would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but has been utilized by Sonos in support of Sonos's Third Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on July 15, 2022, in San Francisco, California.

DATED: July 15, 2022

By: /s/ Jocelyn Ma
Jocelyn Ma