QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Melissa Baily (Bar No. 237649)
melissabaily@quinnemanuel.com
Lindsay Cooper (Bar No. 287125)
lindsaycooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>    Defendant. | CASE NO. 3:21-cv-07559-WHA<br>Related to CASE NO. 3:20-cv-06754-WHA<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS ANSWER TO SONOS, INC.'S THIRD AMENDED COMPLAINT** |

I, Jocelyn Ma, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate at Quinn Emanuel Urquhart & Sullivan LLP representing Google LLC ("Google") in this matter. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Google's Administrative Motion to File Under Seal Portions of its Answer to Sonos, Inc.'s ("Sonos") Third Amended Complaint ("Answer"). If called as a witness, I could and would testify competently to the information contained herein.

3. Google seeks an order sealing the materials as listed below:

| Document | Portions to be Filed Under Seal | Designating Party |
|---|---|---|
| Google's Answer | Portions highlighted in green | Google |
| Exhibit 2 to Google's Answer | Entire Document | Google |
| Exhibit 3 to Google's Answer | Entire Document | Google |
| Exhibit 4 to Google's Answer | Entire Document | Google |

4. The portions of Google's Answer highlighted in green contain confidential business information, including terms to a confidential agreement and details regarding Google's business partnerships that are not public. Public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies and partnerships with other entities. If such information were made public, I understand that Google's competitive standing would be significantly harmed. I also understand that a less restrictive alternative than sealing the green-highlighted portions of Google's Answer would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but is necessary to the affirmative defenses in Google's Answer.

1       5.     Exhibit 2 contains confidential business information and is comprised of a confidential agreement that is not public. Public disclosure of this information would harm Google's competitive standing and its ability to negotiate future agreements by giving competitors access to Google's highly confidential business thinking and asymmetrical information about Google's collaboration strategies to other entities. If such information were made public, I understand that Google's competitive standing would be significantly harmed. I also understand that a less restrictive alternative than sealing Exhibit 2 would not be sufficient because the information sought to be sealed is Google's proprietary and confidential business information but is necessary to the affirmative defenses in Google's Answer.

     6.     Exhibits 3 and 4 contain references to Google's confidential business information and trade secrets, including details regarding source code, architecture, and technical operation of Google's products and functionalities that Sonos accuses of infringement. The specifics of how these functionalities operate is confidential information that Google does not share publicly. Thus, public disclosure of such information could lead to competitive harm to Google as competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products. I also understand that a less restrictive alternative than sealing Exhibits 3 and 4 would not be sufficient because the information sought to be sealed is Google's confidential business information and trade secrets but is necessary to the affirmative defenses in Google's Answer.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct. Executed on July 22, 2022, in San Francisco, California.

DATED: July 22, 2022

                              By:  /s/ Jocelyn Ma
                                      Jocelyn Ma

**ATTESTATION**

I, Charles K. Verhoeven, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1, I hereby attest that Jocelyn Ma has concurred in the aforementioned filing.

DATED: July 22, 2022

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven