1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Charles K. Verhoeven (Bar No. 170151)
2       charlesverhoeven@quinnemanuel.com
       Melissa Baily (Bar No. 237649)
3       melissabaily@quinnemanuel.com
       Lindsay Cooper (Bar No. 287125)
4       lindsaycooper@quinnemanuel.com
5    50 California Street, 22nd Floor
     San Francisco, California 94111
6    Telephone:     (415) 875-6600
     Facsimile:     (415) 875-6700
7

8    *Attorneys for GOOGLE LLC*

9
                          UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11

12   SONOS, INC.,                        CASE NO. 3:21-cv-07559-WHA
                                         Related to CASE NO. 3:20-cv-06754-WHA
13                      Plaintiff,
                                         **GOOGLE LLC'S ANSWER TO SONOS,**
14        vs.                            **INC.'S THIRD AMENDED COMPLAINT**

15   GOOGLE LLC,                         **DEMAND FOR JURY TRIAL**

16                      Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

Google LLC ("Google"), by and through its undersigned attorneys, hereby answers Sonos, Inc.'s ("Sonos") Third Amended Complaint (Dkt. 211) as follows:

**GENERAL DENIAL**

Unless expressly admitted below, Google denies each and every allegation Sonos has set forth in its Third Amended Complaint.

**INTRODUCTION**

1.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1, and therefore denies them.

2.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore denies them.

3.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3, and therefore denies them.

4.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4, and therefore denies them.

5.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore denies them.

6.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies them.

7.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore denies them.

8.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore denies them.

9.    Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, and therefore denies them.

10.    Google admits that Sonos has filed an ITC action, *In re Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1191, alleging infringement of five patents, and that Sonos purports to now bring a civil action for patent infringement arising under the patent laws of the United States.  Google denies that it infringes any

1    Sonos patent.  Except as expressly admitted, Google denies any remaining allegations in paragraph

2    10.

3                    **ASSERTION THAT GOOGLE BEGINS INFRINGING**

4         11.    Google denies the allegations in paragraph 11.

5         12.    Google admits that some of Sonos's products are compatible with certain third-party

6    music streaming services.  Google admits that Google Play Music was announced by May 2011,

7    and the Google Play Music integration was ready on April 10, 2014.  Google currently lacks

8    knowledge or information sufficient to form a belief as to the truth or falsity of any remaining

9    allegations contained in paragraph 12, and therefore denies them.

10        13.    Google denies that it copied Sonos.  Google admits that Sonos cited to a document

11   entitled, "Now You Can Stream Google Play Music Through Your Sonos System," and that

12   document purports to state, "This is the first time this sort of deep integration has happened between

13   a third party music service and Sonos."  However, Google denies that Sonos's selective quote

14   represents the document's full content and context.  Except as expressly admitted, Google denies

15   the remaining allegations in paragraph 13.

16        14.    Google admits that it released a product called "Chromecast Audio."  Except as

17   expressly admitted, Google denies the allegations in paragraph 14.

18        15.    Google denies that it copied Sonos or used "Sonos's patented technology."  Google

19   admits that Sonos cited to a document entitled, "Google launches new Chromecast and Chromecast

20   Audio streaming dongles," and that document purports to state, "Google is also working on multi-

21   room audio streaming using the Chromecast Audio, but it will not support the popular feature out

22   of the box."  Google admits that Sonos cited to a document entitled, "Google's Chromecast Audio

23   Adapter Gets Multi-Room Support Similar to Sonos," and that document purports to state,

24   "Google's recently-launched Chromecast Audio adapter is getting a major feature update this week:

25   Consumers will now be able to group multiple Chromecast audio adapters to stream their favorite

26   music simultaneously in more than one room, similar to the multi-room support available for

27   internet-connected loudspeakers like the ones made by Sonos."  Google admits that Sonos cited to

28   a document entitled, "New Chromecast Audio features let you play hi-res audio in every room at

once," and that document purports to state, "You control your Sonos experience with one app.  Well, thanks to a new software rollout, Chromecast Audio can pretty much do the same thing."  However, Google denies that Sonos's selective quotes represent the documents' full content and context.  Except as expressly admitted, Google denies the remaining allegations in paragraph 15.

16.    Google denies the allegations in paragraph 16.

**ASSERTION THAT GOOGLE'S INFRINGEMENT ACCELERATES**

17.    Google admits it has released certain products, including the Google Home Mini, Google Home, Google Home Max, and certain Pixel phones, tablets and laptops.  Google denies these products are infringing.  Except as expressly admitted, Google denies the allegations in paragraph 17.

18.    Google admits the Google Home was released in 2016.  Except as expressly admitted, Google denies the remaining allegations in paragraph 18.

19.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 19.

20.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 20.

21.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 21.

22.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 22.

23.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 23.

24.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 24.

25.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 25.

26.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 26.

27.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents.  Except as expressly admitted, Google denies the allegations in paragraph 27.

28.    Google denies that Sonos sent Bradley Riel and Tim Kowalski at Google a pre-filing copy of Sonos's complaint on September 28, 2021.  To the extent this is a typographical error and Sonos meant to refer to September 28, 2020, Google admits that Sonos purported to provide a pre-filing copy of its complaint to Google on September 28, 2020, the day before it filed this action.

29.    Google admits that Sonos's counsel sent Google's counsel a copy of an amended complaint and supplemental infringement contentions asserting a claim for infringement of the '885 patent on January 8, 2021.

30.    Google denies the allegations in paragraph 30.  Google denies that it had knowledge of the '033 and '966 patents before Sonos provided Google with a pre-filing copy of its original complaint on September 28, 2020.  Google further denies that it had knowledge of the '885 patent before Sonos shared a draft of its first amended complaint on January 8, 2021.

31.    Google denies that it is infringing any Sonos patent.  Except as expressly admitted, Google denies the allegations in paragraph 31.

32.    Google admits that Google released the Google Home Max and the Google Home Mini in 2017.  Google admits that Sonos cited to a document entitled, "Google's Home Max Goes After HomePod with a Big Ass Sonos Clone," and that document purports to state that Google's

Home Max was seen as a "Sonos Clone," a "not-so-subtle copy of the [Sonos] Play:5 speaker," and "something of a jab at Sonos." Google admits that Sonos cited to a document entitled, "Google Home Max vs. Sonos," and that document purports to state, "You can't help but look at Google Home Max . . . and come to the conclusion that Google is sticking its nose where Sonos has been for years." However, Google denies that Sonos's selective quotes represent the documents' full content and context. Except as expressly admitted, Google denies the remaining allegations in paragraph 32.

33.    Google admits that, at various points in time, Google and Sonos had discussions about licensing each other's patents. Except as expressly admitted, Google denies the allegations in paragraph 33.

34.    Google admits it released certain products, including Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point. Google admits that it released certain applications, including Google Play Music, Google Home, YouTube, and YouTube Music. Google denies these products are infringing. Except as expressly admitted, Google denies the allegations in paragraph 34.

35.    Google admits it released certain products, including the Pixel 3, Pixel 3 XL, Pixel 3a, Pixel 3a XL, Pixel 4, Pixel 4 XL, and Pixel 4a phones, the Pixel Slate tablet, and the Pixelbook and Pixelbook Go laptops. Google admits that it released certain applications, including Google Play Music, YouTube, and YouTube Music. Google denies these products and applications are infringing. Except as expressly admitted, Google denies the allegations in paragraph 35.

36.    Paragraph 36 contains no allegations that require a response.

37.    Google admits that Sonos has filed an ITC action, *In re Certain Audio Players and Controllers, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1191, alleging infringement of five patents and that the ITC instituted an investigation. Except as expressly admitted, Google denies any remaining allegations in paragraph 37.

38.    Google denies that it is infringing any Sonos patent. Google admits that Sonos cited to a document entitled, "Google Nest speakers are one step closer to replacing your Sonos system,"

and that document purports to state that Google is "one step closer to replacing your Sonos system" and "Just like Sonos, you can also change the volume on each speaker individually from the main interface."  Google admits that Sonos cited to a document entitled, "Google Home upgrade brings some of the best Sonos features to your speakers," and that document purports to state, "The new functionality appears to be the most direct challenge to the likes of Sonos, which has enjoyed enormous success by creating a series of connected speakers and soundbars that can play music simultaneously – or individually."  Google admits that Sonos cited to a document entitled, "New Google Nest release date, price, and rumors," and that document purports to state that  Google's new speaker "could be a new rival for the likes of the Sonos One, the best smart speaker you can buy in 2020."  However, Google denies that Sonos's selective quotes represent the documents' full content and context.  Except as expressly admitted, Google denies the remaining allegations in paragraph 38.

39.    Google denies that it is infringing any Sonos patent.  Google admits that Sonos cited to a document entitled, "House music: New multi-room audio control from Nest," and that document purports to state, "[c]ontrolling the audio throughout my home, no matter who's listening, has been incredibly helpful" and "[t]oday, we're expanding that control.  You can already manually group Nest devices in order to play the same music on various speakers at the same time, and now we're launching multi-room control so you can dynamically group multiple cast-enabled Nest devices (speakers, Smart Displays, Chromecasts) in real-time to fill multiple rooms with music."  However, Google denies that Sonos's selective quotes represent the document's full content and context. Except as expressly admitted, Google denies the allegations in paragraph 39.

40.    Google denies that it is using "Sonos's patented technology."  Google admits that Sonos cited to a document entitled, "Google's hardware extravaganza: Ad giant takes on Sonos, Roku, Linksys, Amazon, Oculus . . . you name it," and that document purports to state, "[n]o market is safe from [the] search engine monster . . . offering new products to compete with Sonos in the music streaming market."  However, Google denies that Sonos's selective quote represents the document's full content and context.  Except as expressly admitted, Google denies the allegations in paragraph 40.

1    **ASSERTION THAT GOOGLE'S CONTINUED INFRINGEMENT FORCES THIS SUIT**

2    41.    Google admits that the patents asserted in the ITC action are different from the

3    patents asserted in Sonos's Third Amended Complaint.  Google denies that it is infringing any Sonos

4    patent.  Except as expressly admitted, Google denies any remaining allegations in paragraph 41.

5    42.    Google denies that it is infringing any Sonos patent.  Google denies the allegations

6    in paragraph 42.

7    43.    Google denies the allegations in paragraph 43.

8    44.    Google denies that Sonos's patents-in-suit claim inventions or innovations, and

9    denies that they are novel, non-obvious, or fundamental.  Google currently lacks knowledge or

10   information sufficient to form a belief as to the truth or falsity of the remaining allegations contained

11   in paragraph 44, and therefore denies them.

12   45.    Google denies that the '966 and '885 patents cover a Sonos invention and that they

13   are novel or non-obvious.  Google currently lacks knowledge or information sufficient to form a

14   belief as to the truth or falsity of any remaining allegations contained in paragraph 45, and therefore

15   denies them.

16   46.    Google admits that Sonos purported to provide a pre-filing copy of its Complaint to

17   Google on September 28, 2020, the day before it filed this case.  Google also admits that Sonos

18   purported to provide a pre-filing copy of its first amended complaint on January 8, 2021.  Google

19   denies that it is infringing any Sonos patent and denies any remaining allegations in paragraph 46.

20   47.    Google denies that it is infringing any Sonos patent.  Google admits that Sonos cited

21   to a document entitled, "Alphabet Inc." and that document purports to be a December 2018 market

22   report by Royal Bank of Canada.  However, Google denies that Sonos's characterization represents

23   the document's full content and context.  Except as expressly admitted, Google denies the remaining

24   allegations of paragraph 47.

25   48.    Google admits that Sonos cited to a document entitled, "Alphabet Inc." and that

26   document purports to be a December 2018 market report by Royal Bank of Canada.  However,

27   Google denies that Sonos's characterization represents the document's full content and context.

28   Except as expressly admitted, Google denies the remaining allegations of paragraph 48.

49.    Google admits that it sometimes offers discounts on its products.  Google admits that Sonos cited to a document entitled, "Amazon and Google are losing money in a speaker price war," and that document purports to state, "Amazon and Google both discounted their home speakers so deeply over the holidays that they likely lost a few dollars per unit . . . hoping to lock in customers and profit from later sales of goods and data about buying habits."  Google admits that Sonos cited to a document entitled, "The Fight for Smart Speaker Market Share," and that document purports to state that companies like Google are using their "smart speaker" devices as "'loss leader[s]' to support advertising or e-commerce."  However, Google denies that Sonos's selective quotes represent the documents' full content and context.  Except as expressly admitted, Google denies the remaining allegations in paragraph 49.

50.    Google admits that it released YouTube Music and Google Play Music.  Google denies copying any of Sonos's patented inventions.  Google admits that Sonos cited to a document entitled, "The Smart Audio Report," and that document purports to state that an NPR "smart speaker" survey found that 28% of survey respondents agreed that "[g]etting [a] Smart Speaker led [them] to pay for a music service subscription" and 26% of respondents use their smart speakers "regularly" to "add [items] to shopping list."  Google admits that Sonos cited to a document entitled, "The Fight for Smart Speaker Market Share," and that document purports to state that companies like Google are using their "smart speaker" devices as "'loss leader[s]' to support . . . e-commerce."  However, Google denies that Sonos's selective quotes represent the documents' full content and context.  Except as expressly admitted, Google denies the remaining allegations of paragraph 50.

51.    Google denies the allegations in paragraph 51.

52.    Google denies the allegations in paragraph 52.

## ASSERTION THAT ADDITIONAL FACTS ESTABLISH THAT GOOGLE'S INFRINGEMENT HAS BEEN AND CONTINUES TO BE WILLFUL

53.    Google denies the allegations in paragraph 53.  Google denies that it had knowledge of the '033 and '966 patents before Sonos provided Google with a pre-filing copy of its original complaint on September 28, 2020.  Google further denies that it had knowledge of the '885 patent before Sonos shared a draft of its first amended complaint on January 8, 2021.

54.    Google denies that Sonos sent Bradley Riel and Tim Kowalski at Google a pre-filing copy of Sonos's complaint on September 28, 2021.  To the extent this is a typographical error and Sonos meant to refer to September 28, 2020, Google admits that Sonos purported to provide a pre-filing copy of its complaint to Google on September 28, 2020, the day before it filed this action. Google also admits that Sonos purported to provide a pre-filing copy of its first amended complaint on January 8, 2021. Except as expressly admitted, Google denies the remaining allegations of paragraph 54.

55.    Google admits that it filed a complaint in this district seeking a declaratory judgment of non-infringement for the '615, '033, and '966 patents on September 28, 2020.  Google further admits that it filed a second amended complaint seeking a declaratory judgment of non-infringement for the '615, '033, '966, and '885 patents on February 4, 2022.  Except as expressly admitted, Google denies the remaining allegations of paragraph 55.

56.    Google admits that it represented to the Court and to Sonos that it had a basis to file its declaratory judgment action under Federal Rule of Civil Procedure 11.  Except as expressly admitted, Google denies the remaining allegations of paragraph 56.

57.    Paragraph 57 contains no allegations that require a response.

58.    Google admits that it represented to the Court and to Sonos that it had a basis to file its declaratory judgment action under Federal Rule of Civil Procedure 11.  Except as expressly admitted, Google denies the remaining allegations of paragraph 58.

59.    Google denies the allegations in paragraph 59.

60.    Google denies the allegations in paragraph 60.  Google denies that it had knowledge of the '033 and '966 patents before Sonos provided Google with a pre-filing copy of its original complaint on September 28, 2020.  Google further denies that it had knowledge of the '885 patent before Sonos shared a draft of its first amended complaint on January 8, 2021.

61.    Google admits that it had a basis to file its declaratory judgment action under Federal Rule of Civil Procedure 11.  Except as expressly admitted, Google denies the remaining allegations of paragraph 61.

62.    Google denies the allegations in paragraph 62.

63.     Google denies that it had knowledge of the '033 and '966 patents before Sonos provided Google with a pre-filing copy of its original complaint on September 28, 2020.  Google further denies that it had knowledge of the '885 patent before Sonos shared a draft of its first amended complaint on January 8, 2021.  Except as expressly admitted, Google denies the remaining allegations of paragraph 63.

64.     Google denies the allegations in paragraph 64.

65.     Google denies the allegations in paragraph 65.

## THE PARTIES

66.     Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66, and therefore denies them.

67.     Google admits that Google LLC is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

68.     Google admits that it is a technology company and has a presence in this District. Except as expressly admitted, Google denies any remaining allegations in paragraph 68.

69.     Google admits that it markets and sells products to consumers in the United States, including to consumers in the Northern District of California.  Google denies that these products infringe any Sonos patent.  Except as expressly admitted, Google denies any remaining allegations in paragraph 69.

## JURISDICTION AND VENUE

70.     Google admits that this action alleges claims arising under the patent laws of the United States, Title 35 of the United States Code.  Google admits that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Google denies any remaining allegations in paragraph 70.

71.     Google admits that this Court has personal jurisdiction for the purposes of this particular action.  Google admits that it has conducted and does conduct business in the State of California.  Google denies that it has committed acts of infringement within the Northern District of California, or any other District, and any remaining allegations in paragraph 71, and specifically denies that it has committed any acts of infringement.

72. Google admits that this Court has personal jurisdiction for the purposes of this particular action. Google admits that it is registered to do business in the State of California and that it has an office in Mountain View, which is located in the Northern District of California. Except as expressly admitted, Google denies any remaining allegations in paragraph 72.

73. Google admits that venue is proper in this District for purposes of this particular action. Google denies that it has committed acts of infringement within the Northern District of California, or any other District, and any remaining allegations in paragraph 73.

**THE PATENTS-IN-SUIT**

**U.S. Patent No. 9,967,615**

74. Google admits that what appears to be a copy of United States Patent No. 9,967,615 ("the '615 patent") is attached as Exhibit A to Sonos's Third Amended Complaint and that, on its face, the '615 patent is entitled "Networked Music Playback," lists Sonos, Inc. as the Applicant and Assignee, and bears an issue date of May 8, 2018. Google denies that the '615 patent was duly and legally issued. Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 74, and therefore denies them.

75. To the extent the allegations in paragraph 75 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '615 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 75.

76. To the extent the allegations in paragraph 76 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '615 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 76.

77. To the extent the allegations in paragraph 77 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context. Google denies the allegations to the extent they do not accurately represent the '615 patent. Except as expressly admitted, Google denies the remaining allegations in paragraph 77.

78.     To the extent the allegations in paragraph 78 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '615 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 78.

79.     To the extent the allegations in paragraph 79 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '615 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 79.

80.     To the extent the allegations in paragraph 80 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '615 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 80.

81.     To the extent the allegations in paragraph 81 purport to describe or quote the '615 patent, Google asserts that the '615 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '615 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 81.

## U.S. Patent No. 10,779,033

82.     Google admits that what appears to be a copy of United States Patent No. 10,779,033 ("the '033 patent") is attached as Exhibit B to Sonos's Third Amended Complaint and that, on its face, the '033 patent is entitled "Systems And Methods For Networked Music Playback," and bears an issue date of September 15, 2020.  Google denies that the '033 patent was duly and legally issued.  Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 82, and therefore denies them.

83.     Google admits that, on their faces, the '033 patent and '615 patent purport to be continuations of application No. 13/341,237, filed on December 30, 2011, now U.S. Patent No. 9,654,821.  Google reasserts and incorporates its responses to paragraphs 75 through 82 of Sonos's Third Amended Complaint.  Google currently lacks knowledge or information sufficient to form a

belief as to the truth or falsity of any remaining allegations contained in paragraph 83, and therefore denies them.

84.    To the extent the allegations in paragraph 84 purport to describe or quote the '615 or '033 patents, Google asserts that the '615 or '033 patents are the best source of their full content and context.  Google denies the allegations to the extent they do not accurately represent the '615 or '033 patents.  Except as expressly admitted, Google denies the remaining allegations in paragraph 84.

85.    To the extent the allegations in paragraph 85 purport to describe or quote the '033 patent, Google asserts that the '033 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '033 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 85.

### U.S. Patent No. 10,469,966

86.    Google admits that what appears to be a copy of United States Patent No. 10,469,966 ("the '966 patent") is attached as Exhibit C to Sonos's Third Amended Complaint and that, on its face, the '966 patent is entitled "Zone Scene Management," and bears an issue date of November 5, 2019.  Google denies that the '966 patent was duly and legally issued.  Google currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 86, and therefore denies them.

87.    To the extent the allegations in paragraph 87 purport to describe or quote the '966 patent, Google asserts that the '966 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '966 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 87.

88.    To the extent the allegations in paragraph 88 purport to describe or quote the '966 patent, Google asserts that the '966 patent is the best source of its full content and context.  Google denies the allegations to the extent they do not accurately represent the '966 patent.  Except as expressly admitted, Google denies the remaining allegations in paragraph 88.

89.    To the extent the allegations in paragraph 89 purport to describe or quote the '966 patent, Google asserts that the '966 patent is the best source of its full content and context.  Google

1    denies the allegations to the extent they do not accurately represent the '966 patent.  Except as

2    expressly admitted, Google denies the remaining allegations in paragraph 89.

3        90.    To the extent the allegations in paragraph 90 purport to describe or quote the '966

4    patent, Google asserts that the '966 patent is the best source of its full content and context.  Google

5    denies the allegations to the extent they do not accurately represent the '966 patent.  Except as

6    expressly admitted, Google denies the remaining allegations in paragraph 90.

7        91.    To the extent the allegations in paragraph 91 purport to describe or quote the '966

8    patent, Google asserts that the '966 patent is the best source of its full content and context.  Google

9    denies the allegations to the extent they do not accurately represent the '966 patent.  Except as

10   expressly admitted, Google denies the remaining allegations in paragraph 91.

11       92.    To the extent the allegations in paragraph 92 purport to describe or quote the '966

12   patent, Google asserts that the '966 patent is the best source of its full content and context.  Google

13   denies the allegations to the extent they do not accurately represent the '966 patent.  Except as

14   expressly admitted, Google denies the remaining allegations in paragraph 92.

15       93.    To the extent the allegations in paragraph 93 purport to describe or quote the '966

16   patent, Google asserts that the '966 patent is the best source of its full content and context.  Google

17   denies the allegations to the extent they do not accurately represent the '966 patent.  Except as

18   expressly admitted, Google denies the remaining allegations in paragraph 93.

19                        **U.S. Patent No. 10,848,885**

20       94.    Google admits that what appears to be a copy of United States Patent No. 10,848,885

21   ("the '885 patent") is attached as Exhibit D to Sonos's Third Amended Complaint and that, on its

22   face, the '885 patent is entitled "Zone Scene Management," and bears an issue date of November

23   24, 2020.  Google denies that the '885 patent was duly and legally issued.  Google currently lacks

24   knowledge or information sufficient to form a belief as to the truth or falsity of any remaining

25   allegations contained in paragraph 94, and therefore denies them.

26       95.    Google admits that, on their faces, the '966 patent and '885 patent purport to be

27   continuations of application No. 13/896,829, filed on May 17, 2013.  Google currently lacks

28

1  knowledge or information sufficient to form a belief as to the truth or falsity of any remaining

2  allegations contained in paragraph 95, and therefore denies them.

3      96.    To the extent the allegations in paragraph 96 purport to describe or quote the '885

4  patent, Google asserts that the '885 patent is the best source of its full content and context.  Google

5  denies the allegations to the extent they do not accurately represent the '885 patent.  Except as

6  expressly admitted, Google denies the remaining allegations in paragraph 96.

7      97.    To the extent the allegations in paragraph 97 purport to describe or quote the '885

8  patent, Google asserts that the '885 patent is the best source of its full content and context.  Google

9  denies the allegations to the extent they do not accurately represent the '885 patent.  Except as

10  expressly admitted, Google denies the remaining allegations in paragraph 97.

11  **<u>CLAIM 1: INFRINGEMENT OF U.S. PATENT NO. 9,967,615</u>**

12      98.     Google reasserts and incorporates its responses to paragraphs 1 through 97 of

13  Sonos's Third Amended Complaint.

14      99.    Google denies the allegations in paragraph 99.

15      100.   Google admits that Sonos served Google with infringement contentions in the course

16  of this litigation.   Except as expressly admitted, Google denies the remaining allegations in

17  paragraph 100.

18      101.   Google admits that, at various points in time, Google and Sonos had discussions

19  about licensing each other's patents.  Google further admits that Sonos purported to provide a pre-

20  filing copy of its Complaint to Google on September 28, 2020.  Except as expressly admitted,

21  Google denies the allegations in paragraph 101.

22      102.   Google denies the allegations in paragraph 102.

23      103.   Google denies the allegations in paragraph 103.

24      104.   Google denies the allegations in paragraph 104.

25      105.   Google denies the allegations in paragraph 105.

26      106.   Google denies the allegations in paragraph 106.

27      107.   Google denies the allegations in paragraph 107.

28      108.   Google denies the allegations in paragraph 108.

109.    Google denies the allegations in paragraph 109.

110.    Google denies the allegations in paragraph 110.

111.    Google denies the allegations in paragraph 111.

112.    Google denies the allegations in paragraph 112.

113.    Google denies the allegations in paragraph 113.

114.    Google denies the allegations in paragraph 114.

115.    Google denies the allegations in paragraph 115.

116.    Google denies the allegations in paragraph 116.

117.    Google denies the allegations in paragraph 117.

118.    Google denies the allegations in paragraph 118.

119.    Google denies the allegations in paragraph 119.

120.    Google denies the allegations in paragraph 120.

121.    Google denies the allegations in paragraph 121.

122.    Google denies the allegations in paragraph 122.

123.    Google denies the allegations in paragraph 123.

124.    Google denies the allegations in paragraph 124.

125.    Google denies the allegations in paragraph 125.

126.    Google denies the allegations in paragraph 126.

127.    Google denies the allegations in paragraph 127.

128.    Google denies the allegations in paragraph 128.

129.    Paragraph 129 contains no allegations that require a response.

130.    Paragraph 130 contains legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations of paragraph 130, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.  On May 2, 2022, Sonos informed Google that it will no longer seek lost profits as part of its requested damages award in this case.

131.    Google denies the allegations of paragraph 131, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

132.    Google denies the allegations of paragraph 132, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

133.    Google denies the allegations of paragraph 133, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## CLAIM II: INFRINGEMENT OF U.S. PATENT NO. 10,779,033

134.    Google reasserts and incorporates its responses to paragraphs 1 through 133 of Sonos's Third Amended Complaint.

135.    Google denies the allegations in paragraph 135.

136.    Google admits that Sonos served Google with infringement contentions in the course of this litigation.   Except as expressly admitted, Google denies the remaining allegations in paragraph 136.

137.    Google admits that Sonos purported to provide a pre-filing copy of its complaint to Google on September 28, 2020, the day before it filed this case.  Google denies it is infringing any claim of the '033 patent and denies any remaining allegations in paragraph 137.

138.    Google denies the allegations in paragraph 138.

139.    Google denies the allegations in paragraph 139.

140.    Google denies the allegations in paragraph 140.

141.    Google denies the allegations in paragraph 141.

142.    Google denies the allegations in paragraph 142.

143.    Google denies the allegations in paragraph 143.

144.    Google denies the allegations in paragraph 144.

145.    Google denies the allegations in paragraph 145.

146.    Google denies the allegations in paragraph 146.

1    147.    Google denies the allegations in paragraph 147.

2    148.    Google denies the allegations in paragraph 148.

3    149.    Google denies the allegations in paragraph 149.

4    150.    Google denies the allegations in paragraph 150.

5    151.    Google denies the allegations in paragraph 151.

6    152.    Google denies the allegations in paragraph 152.

7    153.    Google denies the allegations in paragraph 153.

8    154.    Google denies the allegations in paragraph 154.

9    155.    Google denies the allegations in paragraph 155.

10    156.    Google denies the allegations in paragraph 156.

11    157.    Google denies the allegations in paragraph 157.

12    158.    Google denies the allegations in paragraph 158.

13    159.    Google denies the allegations in paragraph 159.

14    160.    Google denies the allegations in paragraph 160.

15    161.    Google denies the allegations in paragraph 161.

16    162.    Google denies the allegations in paragraph 162.

17    163.    Paragraph 163 contains no allegations that require a response.

18    164.    Paragraph 164 contains legal conclusions to which no response is required.  To the

19    extent a response is required, Google denies the allegations of paragraph 164, specifically denies

20    that it has committed any acts of infringement, and further specifically denies that Sonos is entitled

21    to any of the requested relief.  On May 2, 2022, Sonos informed Google that it will no longer seek

22    lost profits as part of its requested damages award in this case.

23    165.    Google denies the allegations of paragraph 165, specifically denies that it has

24    committed any acts of infringement, and further specifically denies that Sonos is entitled to any of

25    the requested relief.

26    166.    Google denies the allegations of paragraph 166, specifically denies that it has

27    committed any acts of infringement, and further specifically denies that Sonos is entitled to any of

28    the requested relief.

ANSWER TO SONOS'S THIRD AMENDED COMPLAINT

167.   Google denies the allegations of paragraph 167, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

### CLAIM III: INFRINGEMENT OF U.S. PATENT NO. 10,469,966

168.   Google reasserts and incorporates its responses to paragraphs 1 through 167 of Sonos's Third Amended Complaint.

169.   Google denies the allegations in paragraph 169.

170.   Google admits that Sonos served Google with infringement contentions in the course of this litigation.   Except as expressly admitted, Google denies the remaining allegations in paragraph 170.

171.   Google admits that Sonos purported to provide a pre-filing copy of its complaint to Google on September 28, 2020, the day before it filed this case.  Google denies it is infringing any claim of the '966 patent and denies any remaining allegations in paragraph 171.

172.   Google denies the allegations in paragraph 172.

173.   Google denies the allegations in paragraph 173.

174.   Google denies the allegations in paragraph 174.

175.   Google denies the allegations in paragraph 175.

176.   Google denies the allegations in paragraph 176.

177.   Google denies the allegations in paragraph 177.

178.   Google denies the allegations in paragraph 178.

179.   Google denies the allegations in paragraph 179.

180.   Google denies the allegations in paragraph 180.

181.   Google denies the allegations in paragraph 181.

182.   Google denies the allegations in paragraph 182.

183.   Google denies the allegations in paragraph 183.

184.   Google denies the allegations in paragraph 184.

185.   Google denies the allegations in paragraph 185.

186.   Google denies the allegations in paragraph 186.

187.    Google denies the allegations in paragraph 187.

188.    Google denies the allegations in paragraph 188.

189.    Google denies the allegations in paragraph 189.

190.    Google denies the allegations in paragraph 190.

191.    Google denies the allegations in paragraph 191.

192.    Google denies the allegations in paragraph 192.

193.    Google denies the allegations in paragraph 193.

194.    Google denies the allegations in paragraph 194.

195.    Google denies the allegations in paragraph 195.

196.    Paragraph 196 contains no allegations that require a response.

197.    Paragraph 197 contains legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in paragraph 197.

198.    Google denies the allegations of paragraph 198, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.  On May 2, 2022, Sonos informed Google that it will no longer seek lost profits as part of its requested damages award in this case.

199.    Google denies the allegations of paragraph 199, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

200.    Google denies the allegations of paragraph 200, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

201.    Google denies the allegations of paragraph 201, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## CLAIM IV: INFRINGEMENT OF U.S. PATENT NO. 10,848,885

202.    Google reasserts and incorporates its responses to paragraphs 1 through 201 of Sonos's Third Amended Complaint.

1      203.    Google denies the allegations in paragraph 203.

2      204.    Google admits that Sonos served Google with infringement contentions in the course

3  of this litigation.   Except as expressly admitted, Google denies the remaining allegations in

4  paragraph 204.

5      205.    Google admits that Sonos purported to provide a pre-filing copy of its first amended

6  complaint on January 8, 2021.  Google denies it is infringing any claim of the '885 patent and denies

7  any remaining allegations in paragraph 205.

8      206.    Google denies the allegations in paragraph 206.

9      207.    Google denies the allegations in paragraph 207.

10      208.    Google denies the allegations in paragraph 208.

11      209.    Google denies the allegations in paragraph 209.

12      210.    Google denies the allegations in paragraph 210.

13      211.    Google denies the allegations in paragraph 211.

14      212.    Google denies the allegations in paragraph 212.

15      213.    Google denies the allegations in paragraph 213.

16      214.    Google denies the allegations in paragraph 214.

17      215.    Google denies the allegations in paragraph 215.

18      216.    Google denies the allegations in paragraph 216.

19      217.    Google denies the allegations in paragraph 217.

20      218.    Google denies the allegations in paragraph 218.

21      219.    Google denies the allegations in paragraph 219.

22      220.    Google denies the allegations in paragraph 220.

23      221.    Google denies the allegations in paragraph 221.

24      222.    Google denies the allegations in paragraph 222.

25      223.    Google denies the allegations in paragraph 223.

26      224.    Google denies the allegations in paragraph 224.

27      225.    Google denies the allegations in paragraph 225.

28      226.    Google denies the allegations in paragraph 226.

227.    Google denies the allegations in paragraph 227.

228.    Paragraph 228 contains no allegations that require a response.

229.    Google denies the allegations of paragraph 229, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.  On May 2, 2022, Sonos informed Google that it will no longer seek lost profits as part of its requested damages award in this case.

230.    Paragraph 230 contains legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in paragraph 230.

231.    Google denies the allegations of paragraph 231, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

232.    Google denies the allegations of paragraph 232, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

233.    Google denies the allegations of paragraph 233, specifically denies that it has committed any acts of infringement, and further specifically denies that Sonos is entitled to any of the requested relief.

## PRAYER FOR RELIEF

The paragraphs under the "Prayer for Relief" heading set forth the statement of relief requested by Sonos, to which no response is required.  Google denies that it has committed any acts of infringement, further denies that Sonos is entitled to any of the requested relief, and denies any allegations in these paragraphs.

## JURY DEMAND

Google admits that Sonos sets forth a demand for a trial by jury.  Google likewise demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed

affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses, at law or in equity, that may exist now or may be available in the future based on discovery and further investigation in this action.

## FIRST DEFENSE: NON-INFRINGEMENT

1.      Google does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of, any valid and enforceable claim of the '615, '033, '966, and '885 patents ("Asserted Patents"), including under the doctrine of equivalents or reverse doctrine of equivalents.

## SECOND DEFENSE: INVALIDITY

2.      The claims of the Asserted Patents are invalid and unenforceable for failure to comply with the conditions for patentability under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

3.      By way of example, the asserted claims of the asserted '966 and '885 patents are invalid based on, for instance, one or more of U.S. Patent No. 7,571,014 (Lambourne), Canadian Patent No. 2,533,852 (Millington), U.S. Patent No. 8,239,559 (Rajapaske), Sonos Forums and several prior art systems such as a Sonos system, Bose system, or Squeezebox, and one or more other prior art references, including references listed on the face of the '885 and '966 patents.  By way of example, the asserted claims of the asserted '615 and '033 patents are invalid based on, for instance, one or more prior art systems and publications such as the Tungsten System, NexusQ System, YouTube Remote System, Twonky System, Airplay System, Sonos5 System, Squeezebox System, or Spotify System, U.S. Patent Publication No. 2005/251566 (Weel), U.S. Patent No. 8,050,652 (Qureshey), U.S. Patent Pub. No. 2008/0120501 (Jannick), U.S. Patent No. 7,720,686 (Volk), the DLNA Networked Devices Interoperability Guidelines (DLNA), and one or more other prior art references, including references listed on the face of the '615 and '033 patents.

## THIRD DEFENSE: PROSECUTION HISTORY ESTOPPEL

4.      By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the

1    prosecution of the patent applications that led to the issuance of the Asserted Patents, Sonos's claims

2    of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel.

3    **FOURTH DEFENSE: UNCLEAN HANDS**

4        5.     By virtue of Sonos's negligent, willful and other wrongful conduct, the equitable

5    doctrine of unclean hands bars Sonos from recovering against Google.

6        6.     The doctrine of unclean hands bars Sonos from recovering against Google with

7    respect to the '615 and '033 patents.  For example, Sonos has referred to the '615 and '033 patents

8    as "cloud queue patents": "Two of the patents-in-suit are what we call our cloud queue patents, and

9    they deal with exactly how music streaming on a cloud gets transferred between a device, let's say

10   a cell phone, and a speaker and how do you take a queue that's queued up in the cloud and transfer

11   that queue of music from one device to another."  *See* Ex. 1 at 17:3-8.  Both patents claim priority

12   through a series of continuation applications to U.S. Application No. 13/341,237, filed on December

13   30, 2011, and name Mr. Tad Coburn as an inventor.  But Sonos did not introduce the alleged notion

14   of a cloud-based queue into its patents until 2019.  *See, e.g.*, '033 prosecution history (November 1,

15   2019 amendment adding notion of "remote playback queue").

16       7.     In approximately 2013, Google and Sonos began collaborating with respect to

17   integrating Google Play Music with Sonos devices.  The parties entered into several contracts that

18   relate to that collaboration, including a November 2013 Content Integration Agreement, ████

19   ████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████

21   ███████, and that Sonos would not ███████████████████ any right, title or interest

22   in such work.  Ex. 2 at Recitals & § 3.4.  ████████████████████████████

23   ██████████████████████████████████████████

24       8.     Many of Sonos's infringement allegations are directed at Google technologies that

25   arise out of or are related to work done by Google as part of these collaborations.  For example, at

26   the same time that the Content Integration Agreement was signed, in November 2013, Google told

27   Sonos that it was considering ████████████████████ for certain aspects of development

28   related to the collaborations.  Ex. 3.  "Tad" Coburn, then a Principal Software Engineer at Sonos,

acknowledged Google's idea as ███████████ while noting that it ████████████████

████    *Id.*  Google went on to develop its technology, and the details of Google's development

work were known to Sonos at the time in connection with the parties' collaborations.  Sonos also

understood – and acknowledged at the time – that Google would be using its technology not just in

connection with Sonos devices but also in connection with other devices.

9.    Technology that Google was developing in 2013 and 2014 (which Sonos was aware

of in connection with the parties' collaborations), including this cloud queue technology, is in

relevant respects, analogous to technology that Sonos now accuses of infringing its patents.

10.    At no time during the parties' collaborations did Sonos indicate to Google that

Google's development work was improper in any respect.  To the contrary, Sonos encouraged

Google to continue that development work.  And Sonos agreed both that ████████████████

████████████████████████████████████████

the November 2013 Content Integration Agreement, and that Sonos would not ██████████████

████████████    any right, title or interest in such work:

████████████████████████████████████████

Ex. 2 § 3.4.

11.    To the extent Sonos contends that Google infringes the '615 and '033 patents, and to

the extent Sonos contends that it conceived of the alleged invention of the '615 and '033 patents

prior to the parties' collaborations, Sonos wrongfully encouraged Google to develop the now-

accused technology during the parties' collaborations, including in the context of an ████████

████████████████████████████████████████

████████████████████    In the alternative, to the extent Sonos contends that Google

infringes the '615 and '033 patents, on information and belief, Sonos wrongfully used information it learned from Google's development work to introduce amendments to the claims of the '615 and '033 patents after the parties' collaborations and despite Sonos's agreement ███████████ ███████████████████████████████████████████████████████████████████ ███ In either circumstance, Sonos's conduct was willful, wrongful, and egregious, and the doctrine of unclean hands applies.

12.     The doctrine of unclean hands also bars Sonos from recovering against Google with respect to the '885 and '966 patents.  For example, Google shared information with Sonos regarding the technology now accused of infringing the '885 and '966 patents.  Both patents claim priority through a series of continuation applications to U.S. Patent No. 8,483,853, filed on September 11, 2007.  But Sonos did not introduce the alleged notion of transitioning "zone players" from standalone mode to group mode upon "invocation" until 2019.  *See e.g.,* '885 prosecution history (September 19, 2019 amendment).  Years earlier, Google disclosed the concept of overlapping groups to Sonos, as well as the concept of having a newly-added speaker override previous casting. Ex. 4.

13.     To the extent Sonos contends that Google infringes the '885 and '966 patents, and to the extent Sonos contends that it conceived of the alleged invention of the '885 and '966 patents prior to the parties' collaborations on this functionality, Sonos wrongfully encouraged Google to develop the now-accused technology.  In the alternative, to the extent Sonos contends that Google infringes the '885 and '966 patents, on information and belief, Sonos wrongfully used information it learned from Google's development work to introduce amendments to the claims of the '885 and '966 patents after the parties' discussions.  In either circumstance, Sonos's conduct was willful, wrongful, and egregious, and the doctrine of unclean hands applies.

## FIFTH DEFENSE: EQUITABLE ESTOPPEL

14.     Sonos's claims for relief are barred, in whole or in part, by the doctrine of equitable estoppel.

15.     Google incorporates by reference its response in paragraphs 5 through 13 as if fully restated in this paragraph.

16.    For example, to the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaborations, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaborations, including in the context of an agreement providing that ███████████████████████████████████████████ ███████████████████████████████████████████████ Sonos's conduct led Google to reasonably infer that Google owned any intellectual property stemming from the development of now-accused technology and/or that Sonos did not intend to enforce its purported intellectual property rights with respect to that technology.

17.    To the extent Sonos contends that Google infringes the '885 and '966 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '885 and '966 patents prior to the parties' collaborations, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaborations.  Sonos's conduct led Google to reasonably infer that Google owned any intellectual property stemming from the development of now-accused technology and/or that Sonos did not intend to enforce its purported intellectual property rights with respect to that technology.

18.    Google relied on Sonos's conduct by, for instance, proceeding with the development and commercialization of its technology.

19.    Google would be materially harmed if Sonos were permitted to assert that Google infringes the asserted patents, and Sonos's assertion would be inconsistent with Sonos's earlier conduct.  Google has invested in the development and commercialization of now-accused technology and, had Sonos brought its claims without delay, Google could have taken action to avoid any purported claim of infringement and thereby moot those claims.

## SIXTH DEFENSE: WAIVER

20.    Sonos's claims for relief are, in whole or in part, barred by the doctrine of waiver.

21.    Google incorporates by reference its response in paragraphs 5 through 19 as if fully restated in this paragraph.

22.    For example, to the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaborations, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaborations, including in the context of an agreement providing that ███████████████████████████████████████████████ ██████████████████████████████████████████████████ Sonos thereby, and with full knowledge of the material facts, intentionally relinquished its right to bring an action based on the '615 and '033 patents, or intentionally acted inconsistently with claiming such rights.

23.    To the extent Sonos contends that Google infringes the '885 and '966 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '885 and '966 patents prior to the parties' collaborations, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaborations.  Sonos thereby, and with full knowledge of the material facts, intentionally relinquished its right to bring an action based on the '885 and '966 patents, or intentionally acted inconsistently with claiming such rights.

## SEVENTH DEFENSE: IMPLIED LICENSE

24.    Sonos's claims of infringement are barred, in whole or in part, by the doctrine of implied license.

25.    Google incorporates by reference its response in paragraphs 5 through 23 as if fully restated in this paragraph.

26.    For example, to the extent Sonos contends that Google infringes the '615 and '033 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '615 and '033 patents prior to the parties' collaborations, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaborations, including in the context of an agreement providing ████████████████████████████████████████████████████ █████████████████████████████████████████████ As a result of Sonos's conduct, Google reasonably inferred that Sonos consented to any alleged use by Google of the now-accused technology.

27.     To the extent Sonos contends that Google infringes the '885 and '966 patents, and to the extent Sonos purportedly conceived of the alleged invention of the '885 and '966 patents prior to the parties' collaborations, Sonos wrongfully encouraged Google to develop the now-accused technology during the parties' collaborations.  As a result of Sonos's conduct, Google reasonably inferred that Sonos consented to any alleged use by Google of the now-accused technology.

**EIGHTH DEFENSE: PATENT EXHAUSTION**

28.     Sonos's claims are barred, in whole or in part, by the doctrine of patent exhaustion.

29.     Google incorporates by reference paragraphs 5 through 27 as if fully restated in this paragraph.

30.     Under the doctrine of patent exhaustion, Sonos's claims are barred to the extent any of the allegedly infringing conduct is premised on or related to products made, sold, used, imported, or provided by any licensed entity (whether express or implied) to the Asserted Patents or related patents.

**NINTH DEFENSE: LIMITATION ON LIABILITY**

31.     Sonos's claims, and the damages sought by Sonos, are limited and/or barred, in whole or in part, by the parties' 2013 Content Integration Agreement.

32.     Google incorporates by reference its response in paragraphs 5 through 30 as if fully restated in this paragraph.

33.     The 2013 Content Integration Agreement limits ███████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████ Ex. 2.  Sonos's allegations with respect to the '615 and '033 patents relate to the subject matter of the 2013 Content Integration Agreement, including because, pursuant to that agreement, ███████████████████████████████████████████ ███████████████████████ Especially in light of the facts recounted in paragraphs 5 through 23, there was no gross negligence, willful misconduct, breach of confidentiality, or willful misappropriation on behalf of Google.  Accordingly, any recovery for the purported infringement of the '615 and '033 patents is limited to ████████

**TENTH DEFENSE: DAMAGES LIMITATIONS**

34.    On information and belief, Sonos's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288.  To the extent that Sonos, its predecessors, or any of their licensees of the Asserted Patents failed to properly mark any relevant products or materials as required by 35 U.S.C. § 287, Sonos's damages are barred, in whole or in part.

**ELEVENTH DEFENSE: PROSECUTION LACHES**

35.    One or more of the Asserted Patents are unenforceable, in whole or in part, against Google under the doctrine of prosecution laches.

36.    For example, Sonos's '033 patent was filed on April 19, 2019 and issued on September 15, 2020.  The application that issued as the '033 patent is a continuation of U.S. Application No. 15/872,500, filed on January 16, 2018, which is a continuation of U.S. Application No. 14/520,578, filed on October 22, 2014, which is a continuation of U.S. Application No. 13/341,237, filed on December 30, 2011.

37.    Sonos unreasonably delayed pursuing the claims of the '033 patent for approximately eight years.  Indeed, Sonos did not pursue claims directed at a "remote playback queue" until it filed the '033 patent.  Specifically, approximately eight years after the written description of the '033 patent was filed as the '237 application, Sonos amended its claims to introduce the alleged notion of a "remote playback queue."  *See, e.g.*, '033 prosecution history (November 1, 2019 amendment adding notion of "remote playback queue").  The claims of the '033 patent issued with claims reciting a "remote playback queue" on September 15, 2020, approximately two weeks prior to the filing of this lawsuit.

38.    While Google contends that Sonos's '033 patent does not provide written description support for the "remoted playback queue" amendment, to the extent Sonos disagrees Sonos has not identified any reason why it could not have presented the claims earlier.  The specification and figures of the '033 patent are the same as those filed in the continuation applications that the '033 patent claims priority to, and Sonos pursued over one overlapping claims in the nearly eight years before it pursued the "remote playback queue" claims.

39.    As a result of Sonos's unexplained and unreasonable delay, Google has been prejudiced.  For example, Google invested time and resources in the development of the accused cloud queue technology and its collaborations with Sonos based on its understanding that ███ ███████████████████████████████████████████████  Sonos's silence and years of delay in ultimately pursuing claims that it now contends to cover this technology is highly prejudicial to Google.

40.    As another example, Sonos's '966 patent was filed on April 12, 2019 and issued on November 5, 2019.  The patent is a continuation of U.S. patent application Ser. No. 15/130,919, filed on April 15, 2016, entitled "ZONE SCENE ACTIVATION," which is a continuation of U.S. patent application Ser. No. 14/465,457, filed on August 21, 2014, entitled "METHOD AND APPARATUS FOR UPDATING ZONE CONFIGURATIONS IN A MULTI-ZONE SYSTEM," which is a continuation of U.S. patent application Ser. No. 13/896,829, filed on May 17, 2013, entitled "METHOD AND APPARATUS FOR UPDATING ZONE CONFIGURATIONS IN A MULTI-ZONE SYSTEM," which is a continuation of U.S. patent application Ser. No. 11/853,790, filed September 11, 2007, entitled "CONTROLLING AND MANIPULATING GROUPINGS IN A MULTI-ZONE MEDIA SYSTEM," which claims priority to U.S. Provisional Application No. 60/825,407 filed on September 12, 2006.

41.    Similarly, Sonos's '885 patent was filed on April 12, 2019, and is also a continuation of and claims priority to U.S. patent application Ser. No. 15/130,919, filed on April 15, 2016, entitled "ZONE SCENE ACTIVATION," which is a continuation of U.S. patent application Ser. No. 14/465,457, filed on August 21, 2014, entitled "METHOD AND APPARATUS FOR UPDATING ZONE CONFIGURATIONS IN A MULTI-ZONE SYSTEM," which is a continuation of U.S. patent application Ser. No. 13/896,829, filed on May 17, 2013, entitled "METHOD AND APPARATUS FOR UPDATING ZONE CONFIGURATIONS IN A MULTI-ZONE SYSTEM," which is a continuation of U.S. patent application Ser. No. 11/853,790, filed September 11, 2007, entitled "CONTROLLING AND MANIPULATING GROUPINGS IN A MULTI-ZONE MEDIA SYSTEM," which claims priority to U.S. Provisional Application No. 60/825,407 filed on September 12, 2006, entitled "CONTROLLING AND MANIPULATING GROUPINGS IN A MULTI-ZONE MEDIA SYSTEM."

42.    The claims that issued in the '996 and '885 patents purport to require a first zone player to be added to two different "zone scenes" and to continue playing in a "standalone mode" until either of the two different "zone scenes" are activated.  For example, independent claim 1 of the '885 patent recites "(i) receiving, from a network device over a data network, a first indication that the first zone player has been added to a first zone scene comprising a first predefined grouping of zone players including at least the first zone player," "(ii) receiving, from the network device over the data network, a second indication that the first zone player has been added to a second zone scene comprising a second predefined grouping of zone players including at least the first zone player," and "after receiving the first and second indications, continuing to operate in the standalone mode until a given one of the first and second zone scenes has been selected for invocation." Similarly, independent claim 1 of the '966 patent recites that "while operating in a standalone mode" the system performs the steps of "creat[ing] a first zone scene comprising a first predefined grouping of zone players including at least the first zone player and a second zone player . . . creat[ing] a second zone scene comprising . . . at least the first zone player and a third zone player."

43.    Sonos delayed in filing the claims of the '966 and '885 patents.  In the nearly thirteen years between Sonos's alleged priority date and the filing of the '966 and '885 patents, Sonos obtained numerous patents and overlapping and repetitive claims.  But Sonos unreasonably delayed filing the claims in the '966 and '885 patent for over a decade.  While Google contends that Sonos's '966 and '885 patents do not provide written description support for at least the requirement that a first zone player be added to two different "zone scenes" and to continue playing in a "standalone mode" until either of the two different "zone scenes" are activated, to the extent Sonos disagrees, there was no reason for Sonos not to pursue these claims earlier.

44.    As a result of Sonos's unexplained and unreasonable delay, Google has been prejudiced.  For example, Google invested time and resources in the development of the accused technology during Sonos's delay.  Google is also prejudiced because certain prior art may no longer be available now that over a decade has passed.  Further, as a result of its delay, Sonos was able to draft claims in view of new information and products that were not available at the time of its initial filing, rather than the written description which does not support Sonos's claims.

## REQUEST FOR RELIEF

WHEREFORE, Google respectfully requests that the Court enter judgment in its favor and against Sonos as follows:

1) Dismissing, with prejudice, Sonos's Third Amended Complaint against Google;

2) Denying all relief that Sonos seeks in its Third Amended Complaint and all amendments thereto;

3) Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google its costs and attorney fees; and

4) Awarding any other relief the Court deems just and equitable.

DATED: July 22, 2022                              QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                                  By:  /s/ Charles K. Verhoeven
                                                       Charles K. Verhoeven
                                                       *Attorneys for GOOGLE LLC*

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Google respectfully demands a trial by jury on all issues triable by jury.

DATED: July 22, 2022                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:    */s/ Charles K. Verhoeven*
       Charles K. Verhoeven
       *Attorneys for GOOGLE LLC*