# EXHIBIT 1

Pages 1 - 27

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

| | |
|---|---|
| GOOGLE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | NO. C 20-06754 WHA |
| ) | |
| SONOS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

San Francisco, California
Thursday, November 19, 2020

**TRANSCRIPT OF TELEPHONIC PROCEEDINGS**

**TELEPHONIC APPEARANCES**:

For Plaintiff:
        QUINN, EMANUEL, URQUHART & SULLIVAN LLP
        50 California Street, 22nd Floor
        San Francisco, California 94111
  **BY:** **CHARLES K. VERHOEVEN, ATTORNEY AT LAW**
        **MELISSA J. BAILY, ATTORNEY AT LAW**
        **LINDSAY M. COOPER, ATTORNEY AT LAW**

For Defendant:
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        The Orrick Building
        405 Howard Street
        San Francisco, California 94105
  **BY:** **CLEMENT S. ROBERTS, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported Remotely By:  Ana M. Dub, RMR, RDR, CRR, CCRR, CRG
                     CSR No. 7445, Official U.S. Reporter

1  forum.  That's not forum shopping.  That is a legitimate choice
2  of forum where they have a substantial presence and where the
3  time to trial allows us to get to trial quickly.
4       Yes, they would like to go to trial much more slowly.
5  They would prefer a venue where they don't have to face a quick
6  trial, absolutely.
7       And Mr. Verhoeven, my learned colleague, says that,
8  you know, once we decide we're going to be in Texas or we file,
9  they have the right to challenge it.  They sure do.  But the
10 proper way to challenge it is through a 1404(a) motion brought
11 in western Texas, through a motion to transfer.
12      And, Your Honor, by the way, if you grant our motion, they
13 can still do that.  There's nothing about this court declining
14 declaratory judgment jurisdiction that prohibits them from
15 bringing a motion to transfer in front of that court.  So they
16 absolutely do, if they think this is a more convenient venue,
17 have the right to file a motion to transfer in that district.
18 And if they can show that this district is clearly more
19 convenient, which they cannot, then the case would be
20 transferred.
21      But to accuse us of forum shopping and saying that that
22 district has absolutely no connection is just wrong.  They have
23 a thousand engineers there.
24      And, Your Honor, he says:  Well, you know, the only
25 connection Sonos can point to is the cloud infrastructure, and

1  the cloud infrastructure doesn't have a connection.
2      Your Honor, I think that's a gross oversimplification.
3  Two of the patents-in-suit are what we call our cloud queue
4  patents, and they deal with exactly how music streaming on a
5  cloud gets transferred between a device, let's say a cell
6  phone, and a speaker and how do you take a queue that's queued
7  up in the cloud and transfer that queue of music from one
8  device to another. And that inherently deals with the
9  structure, function, and operation of the cloud infrastructure.
10     And that cloud infrastructure, as we understand it, is, in
11 fact, developed in Austin. And we pointed out that they are
12 recruiting for engineers for that infrastructure, for the
13 development of that infrastructure, in Austin and that their
14 own websites say and talk about the fact that Austin is a hub
15 for that technology.
16     Now, I will readily admit that there is also accused
17 technology that was developed in Northern California for sure.
18 But to say that it has no connection to the lawsuit, that's
19 absolutely, absolutely not true.
20     Your Honor, if I had a couple more minutes, I'd love to
21 respond to his other points, but I do want to be respectful of
22 your time.
23         **THE COURT:** I could have sworn that there was a Sonos
24 lawsuit. Is it Judge Chen?
25         **MR. ROBERTS:** That's correct, Your Honor. They

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Monday, November 23, 2020

*Ana M. Dub*

Ana M. Dub, CSR No. 7445, RDR, CRR, CCRR, CRG, CCG
Official Reporter, U.S. District Court