CLEMENT SETH ROBERTS (STATE BAR NO. 209203)
croberts@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ALYSSA CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
EVAN D. BREWER (STATE BAR NO. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

SEAN M. SULLIVAN (admitted *pro hac vice*)
sullivan@ls3ip.com
RORY P. SHEA (admitted *pro hac vice*)
shea@ls3ip.com
J. DAN SMITH, III (admitted *pro hac vice*)
smith@ls3ip.com
COLE RICHTER (admitted *pro hac vice*)
richter@ls3ip.com
MICHAEL P. BOYEA (admitted *pro hac vice*)
boyea@ls3ip.com
JAE Y. PAK (admitted *pro hac vice*)
pak@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W Randolph St., Floor 5W
Chicago, IL 60661
Telephone:    +1 312 754 0002
Facsimile:    +1 312 754 0003

*Attorneys for Sonos, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 3:21-cv-07559-WHA<br>Related to Case No. 3:20-cv-06754-WHA<br><br>**DECLARATION OF COLE B. RICHTER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 222)** |

1  I, Cole B. Richter, declare as follows and would so testify under oath if called upon to do
2  so:

3  1. I am an attorney with the law firm of Lee Sullivan Shea & Smith LLP, counsel of
4  record to Sonos, Inc. ("Sonos") in the above-captioned matter. I am a member in good standing
5  of the Bar of the State of Illinois. I have been admitted *pro hac vice* in this matter. I make this
6  declaration based on my personal knowledge, unless otherwise noted. If called, I can and will
7  testify competently to the matters set forth herein.

8  2. I make this declaration in support of Google's Administrative Motion to Consider
9  Whether Another Party's Material Should be Sealed filed on July 22, 2022 (Dkt. 222)
10 ("Administrative Motion"), in connection with Google's Answer to Sonos, Inc.'s Third Amended
11 Complaint ("Google's Answer").

12  3. Sonos seeks an order sealing the materials as listed below:

| Document | Portions Google Sought to Be Filed Under Seal | Portions Sonos Seeks to Be Filed Under Seal | Designating Party |
|---|---|---|---|
| Google's Answer | Portions highlighted in green | Same portions highlighted in green by Google | Sonos |
| Exhibit 2 to Google's Answer | Entire document | Entire document | Sonos |
| Exhibit 3 Google's Answer | Entire document | Entire document | Sonos |

4. I understand that the Ninth Circuit has recognized two different standards that may apply to a request to seal a document, the "compelling reasons" standard and the "good cause" standard. *Blessing v. Plex Sys., Inc.*, No. 21-CV-05951-PJH, 2021 WL 6064006, at *12 (N.D. Cal. Dec. 22, 2021) (citing *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016)). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* Accordingly, I understand courts in this district apply a "compelling reasons" standard to a sealing request made in connection with a motion for summary judgment. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021).

1

Decl. of Richter iso Google's Admin. Motion to
Consider Whether Another Party's Material
Should Be Sealed (Dkt. 277)
3:20-cv-06754-WHA

5.  I further understand that confidential technical information about product features, architecture, and development satisfies the "compelling reason" standard. *See Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons to seal where court filings contained "highly sensitive information regarding [an entity's confidential] product architecture and development"); *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6199629, at *4 (N.D. Cal. Nov. 27, 2013) (sealing exhibit containing "significant references to and discussion regarding the technical features" of a litigant's products). Under this "compelling reasons" standard, the Court should order the above-listed documents sealed.

6.  Google's Answer and Exhibit 3 reference and contain Sonos's confidential business information and trade secrets, including details regarding the source code, architecture, and technical operation of various products. The specifics of how these functionalities operate is confidential information that Sonos does not share publicly. Thus, public disclosure of such information may lead to competitive harm as Sonos's competitors could use these details regarding the architecture and functionality of these products to gain a competitive advantage in the marketplace with respect to their competing products. A less restrictive alternative than sealing said documents would not be sufficient because the information sought to be sealed is Sonos's confidential business information and trade secrets and Google contends that this information is necessary to Google's Answer. *See* Declaration of Jocelyn Ma in Support of Google LLC's Administrative Motion to Seal, ¶¶ 4, 6 (Dkt. 221-1).

7.  Google's Answer and Exhibit 2 reference Sonos's confidential business information and include confidential business agreements and licensing negotiations that are not public. Public disclosure of this information would harm Sonos's competitive standing and its ability to negotiate future business agreements because it would give competitors access to Sonos's confidential business strategies. If such information were made publicly available, I understand that Sonos's competitive standing would be significantly harmed. A less restrictive alternative than sealing said documents would not be sufficient because the information sought to be sealed

2

DECL. OF RICHTER ISO GOOGLE'S ADMIN. MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL
SHOULD BE SEALED (DKT. 277)
3:20-CV-06754-WHA

is Sonos's confidential business information and trade secrets and Google contends that this information is necessary to Google's Answer. *See* Declaration of Jocelyn Ma in Support of Google LLC's Administrative Motion to Seal, ¶¶ 4, 5 (Dkt. 221-1).

    8.   Sonos's request is narrowly tailored to protect its confidential information.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 29th day of July, 2022 in Chicago, Illinois.

                                               */s/ Cole B. Richter*
                                               COLE B. RICHTER

3

Decl. of Richter iso Google's Admin. Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 277)
3:20-cv-06754-WHA