UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONOS, INC.,

        Plaintiff,

  v.

GOOGLE LLC,

        Defendant.

No. C 21-07559 WHA

**ORDER RE MOTIONS TO SEAL**

       This order addresses pending motions to seal filed in connection with the Sonos's third amended complaint and Google's answer (Dkt. Nos. 160, 212–14, 221–22).

       There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). But a good cause standard applies to the sealing of documents that are unrelated or only tangentially related to the underlying claim. *Id*. at 1098–99. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

Here, both parties have requested to seal material in connection with Sonos's third amended complaint and Google's answer (Dkt. Nos. 160, 212–14, 221–22). Upon review, this order rules as follows:

| **Dkt. No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 160-2 | Exh. 2 | **DENIED.** | Google seeks to seal general, technical information regarding its systems and operations (Dkt. Nos. 163–64). Google's support for sealing is insufficient because it is overbroad and nonspecific. Given the nature of the information at issue, |

| | | | |
|---|---|---|---|
| | | | Google does not describe with particularity how disclosure of this general information would cause it competitive harm.  It merely provides the generic, boilerplate assertion that "competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products" (Ma Decl. ¶ 5). Google cites no authority indicating why this high-level information is sealable. *See Finjan, Inc. v. Sophos, Inc.*, 2015 WL 5012679, at *5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick).  The public interest in disclosure therefore outweighs Google's interest in keeping the material sealed. |
| 160-3 | Exh. 3 | **DENIED.** | Google clarified in its supporting declaration that it does not seek to seal this material (Dkt. No. 163). |
| 212-2 | Exh. CD to Sonos's Third Amended Compl. | **GRANTED.** | Google asks to seal confidential licensing negotiations, public disclosure of which may cause Google competitive harm (Ma Decl.). |
| 212-3 | Exh. CI | **GRANTED.** | Google asks to seal portions of Sonos's infringement contention chart, public disclosure of which may cause Google competitive harm (Ma Decl.) |
| 212-4 | Exh. CJ | **GRANTED.** | *See entry for Dkt. No. 212-3.* |
| 212-5 | Exh. CK | **GRANTED.** | *See entry for Dkt. No. 212-3.* |
| 212-6 | Exh. CL | **GRANTED.** | *See entry for Dkt. No. 212-3.* |
| 212-7 | Exh. CW | **DENIED.** | Google clarified in its supporting declaration that it does not seek to seal this material (Dkt. No. 217). |
| 213-3; 214-3 | Exh. CC | **GRANTED.** | Google asks to seal confidential licensing negotiations, public disclosure of which may cause Google competitive harm (Ma Decl.). |
| 213-4; 214-4 | Exh. CE | **GRANTED.** | *See entry for Dkt. No. 214-4.* |
| 221-3; 222-2 | Google's Answer | **GRANTED.** | The parties ask to seal references to confidential business negotiations and agreements, public disclosure of which may cause both parties harm (Ma Decl.; Richter Decl.). |

| | | | |
|---|---|---|---|
| 221-4; 222-3 | Exh. 2 | **GRANTED.** | *See entry for Dkt. No. 221-3.* |
| 221-5; 222-4 | Exh. 3 | **GRANTED.** | *See entry for Dkt. No. 221-3.* |
| 221-6 | Exh. 4 | **GRANTED.** | *See entry for Dkt. No. 221-3.* |

The parties should please note, in the future, at trial or otherwise, the sealing calculus may change with respect to any of the foregoing documents. All relevant documents shall be refiled in full compliance with this order no later than **MAY 31, 2023**, at **NOON**.

**IT IS SO ORDERED.**

Dated: February 24, 2023.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE