UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONOS, INC.,

           Plaintiff,

     v.

GOOGLE LLC,

           Defendant.

No.  C 20-06754 WHA
No.  C 21-07559 WHA

(Consolidated)

**FINAL PRETRIAL ORDER**

For **GOOD CAUSE**, and after a final pretrial conference, the following constitutes the final pretrial order and includes rulings on the motions *in limine*, disputes in the joint proposed final pretrial statement, and other rulings made during the final pretrial conference:

1. This case will go to **TRIAL** on **MONDAY, MAY 8, 2023,** starting at **7:30 A.M.** each day and running until **1:00 P.M.** each day.  Jury selection will take place **TODAY, MAY 4, 2023, at 8:00 A.M.**

2. Rulings on the motions *in limine*, disputes in the joint proposed final pretrial statement, and other rulings made during the final pretrial conference are summarized below.  Rulings on evidentiary objections will be taken up in turn as the parties seek to introduce evidence at trial.

3. A jury of 6 jurors and 2 alternate jurors shall be used.  No one will be prevented from serving due to their vaccination status.

United States District Court
Northern District of California

4. Counsel submitted different versions of the neutral statement of the case to be read to the jury during *voir dire* because they were "unable to come to agreement" after a meet and confer (Dkt. No. 641 at 2).  At the final pretrial conference, however, counsel for Google skimmed and promptly agreed to using Sonos's statement.  Moving forward, counsel shall please make a good faith effort to come to agreement during the meet and confer before filing material related to lingering disputes.

5. Issues concerning jury instructions will be addressed at a later time during a charging conference.

## RULINGS ON MOTIONS *IN LIMINE*

### 1. DEFENDANT'S MOTIONS *IN LIMINE* NOS. 1 & 2.

Google filed two motions *in limine* to exclude evidence related to Sonos's damages theory.  Specifically, Google's first motion *in limine* would exclude the entire expert report and all testimony of Sonos's damages expert Dr. James Malackowski, as well as related opinion and testimony of Sonos's technical expert Dr. Kevin Almeroth.  According to Google, Sonos's damages theory is unreliable in light of its use of a noncomparable mobile app, If This Then That ("IFTTT"), as its foundation.  As such, Google asserts that all associated expert opinion must be excluded.  Meanwhile, Google's second motion *in limine* would exclude portions of the expert report and select testimony of Dr. Malackowski.  According to Google, Sonos's apportionment on account of the revenue split between an app developer and app store is inappropriate, and this is not proper opinion evidence because Dr. Malackowski uses basic math and public data.

As stated on the record, Google's motion is **DEFERRED.**  There are serious questions about Sonos's damages theory and associated opinion offered by Dr. Malackowski and Dr. Almeroth.  For now, Sonos will be allowed to put this evidence on, with the understanding that the undersigned may strike it from the record, tell the jury to disregard it, and grant one of these motions *in limine* under Rule 50, if appropriate, having benefitted from hearing the evidence and cross-examination.  Separately, the judge urges counsel to consider having both sides' damages experts testify back-to-back to assist the jury.

United States District Court
Northern District of California

1

2         **2.**      **DEFENDANT'S MOTION *IN LIMINE* NO. 3.**

3         Google's third motion *in limine* would exclude portions of the expert reports and

testimony of Dr. Malackowski and Dr. Almeroth regarding whether purported non-infringing

alternatives infringe unasserted patents.

        This motion is **DENIED AS MOOT**, with the understanding that Sonos will not be offering

opinions that purported non-infringing alternatives infringe unasserted patents.

        **3.**      **DEFENDANT'S MOTION *IN LIMINE* NO. 4.**

        Google's fourth and final motion *in limine* would exclude references to Google's alleged

anticompetitive conduct and financial information unrelated to accused products.

        To the extent stated herein, this motion is **GRANTED IN PART** and **DENIED IN PART**.

Google's motion is **GRANTED** with respect to references to alleged anticompetitive conduct

based on salacious headlines and news articles, as these headlines and articles would be

irrelevant, prejudicial, and rank hearsay.  Google's motion is **DENIED** with respect to

references to alleged anticompetitive conduct based on financial data that is related to accused

products.  This data provides a legitimate basis for alleging anticompetitive conduct, and

experts are paid to draw conclusions based on such data subject to cross-examination, after all.

Google's motion is **DENIED AS MOOT** with respect to references to alleged anticompetitive

conduct based on financial data that is related to unaccused products, recognizing Sonos has

agreed not to reference such data.

        As its final argument with respect to this motion *in limine*, Google introduced a dispute

that was only raised in the joint proposed final pretrial statement with respect to the accused

products for the '966 patent (Dkt. No. 615 at 4–6).  Seeing that this dispute was not addressed

in this motion, it will be taken up separately below.

        **4.**      **PLAINTIFF'S MOTION *IN LIMINE* NO. 1.**

        Sonos's first motion *in limine* would limit the testimony of Google's damages expert, Dr.

W. Christopher Bakewell.  To the extent stated herein, this motion is **GRANTED IN PART** and

**DENIED IN PART**.

28

United States District Court
Northern District of California

Although Sonos raised four arguments in its motion, it stated at the final pretrial conference that only one was still in dispute and "everything else is either mooted by [Google's] representations or they're details of exhibits or arguments that we can deal with as the trial progresses." After seeking clarification, Google did not object. As such, Sonos's motion is **DENIED AS MOOT** with respect to all issues except the prior patent licensing negotiations undertaken by Sonos and Google before their litigation commenced in 2020 (Dkt. No. 591 at 6). According to Sonos, Dr. Bakewell should be precluded from testifying regarding the resulting licensing settlement proposal between the parties and term sheet.

As stated on the record, the motion is **GRANTED** with respect to this issue. Dr. Bakewell — and counsel for both sides, for that matter — will not be allowed to enter the licensing proposal, term sheet, and other related items into evidence due to the risk of unfair prejudice under Rule 403. If a cease-and-desist letter exists, however, it may be entered into evidence.

### 5. PLAINTIFF'S MOTION *IN LIMINE* NO. 2.

Sonos's second motion *in limine* would limit the testimony of Google's technical expert Dr. Dan Schonfeld based on the contents of his expert report. Sonos argues that the following should be excluded: (1) any opinion involving invalidity of the '966 patent, on account of improper cross-referencing of opinion involving invalidity of the '885 patent; (2) any opinion that the asserted claims of the '885 and '966 patents are invalid as obvious over Bose prior art; and (3) any opinion that "No Standalone Mode" was a purported non-infringing alternative before the jury. This motion is **DENIED**. Specifically, it is **DENIED AS MOOT** with respect to opinion concerning the purported non-infringing alternative, which will now be tried before the jury, as discussed at a prior hearing. Otherwise, the motion is **DENIED WITHOUT PREJUDICE**.

As stated on the record, with respect to cross-referencing opinion involving invalidity, Sonos will be allowed to make question-by-question objections on this issue at trial, and Google will be allowed to point to where in its report it cross-references and what it cross-references to. Google has brought this upon itself by having a convoluted expert report. But striking all expert opinion on the invalidity of the '966 patent would be too much. Note it would allow Sonos to seek a summary judgment ruling of no invalidity by way of a motion *in*

*limine*, which our court of appeals cautions against.  *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 & n.4 (9th Cir. 2013)).  What's more, a prior order expressly requested that Sonos state its views on how to proceed with the pending round of summary judgment motions once an order granted Google's motion for reconsideration and withdrew the entry of summary judgment in favor of Sonos on validity of the '885 patent.  Sonos requested a supplemental expert report.  It did not request to move for summary judgment of no invalidity with respect to either patent then, and it cannot do so now on the eve of trial.

With respect to the Bose prior art, there appear to be underlying questions of fact that require jury resolution, such as which Bose components the Bose Lifestyle 50 System encompasses.  Moreover, there is no harm in allowing Google to put this evidence on with the understanding that it may be struck from the record under Rule 50, if appropriate, upon a renewed motion to exclude this evidence once it has been presented.

### 6. PLAINTIFF'S MOTION *IN LIMINE* NO. 3.

Sonos's third motion *in limine* relates to invalidity based on lack of written description or enablement of the '885 and '966 patents.  Specifically, Sonos moved to exclude invalidity arguments and evidence based on a lack of written description or enablement, as well as "any argument that if the '885 and '966 patents are enabled, the prior art must be as well" (Dkt. No. 596 at 3).  In its opposition, Google only took issue with the latter portion of this statement, which allegedly mischaracterized its arguments.  In any event, at the final pretrial conference, the parties agreed that they should come to an agreement that would render this entire motion moot.

As stated on the record, the parties shall meet and confer on this point, put their agreement in writing, and file it.  The motion is **DENIED AS MOOT**, without prejudice to renewing this motion if the parties fail to come to an agreement after all.

### 7. PLAINTIFF'S MOTION *IN LIMINE* NO. 4.

Sonos's fourth motion *in limine* would preclude Google from referencing unasserted or no longer asserted patents.

United States District Court
Northern District of California

As stated on the record, this motion is **DENIED**.  To the extent that Sonos plans to mention unasserted patents to support its theory of willful infringement, Google should have the right to mention what became of those unasserted patents.  Google may also tell the jury that it respects patents and has its own patent portfolio, as counsel suggested it would, but going into greater depth in terms of quantity or quality of patent puts Google at risk of evidentiary objections that are likely to be sustained.

### 8.   PLAINTIFF'S MOTION *IN LIMINE* NO. 5.

Sonos's fifth and final motion *in limine* would exclude argument, evidence, or references that Sonos acted improperly in pursuing the asserted patents.  According to Google's opposition, not only was this motion overbroad, but it was also based on three arguments that Google does not intend to raise.

This motion is **DENIED AS MOOT**, with the understanding that Google will not raise the arguments Sonos discussed in its motion.  This is without prejudice to Sonos objecting to other arguments at trial related to Sonos acting improperly.

### RULINGS ON DISPUTES FROM JOINT PROPOSED FINAL
### PRETRIAL STATEMENT

### 1.   DERIVATION DEFENSE.

In the joint proposed final pretrial statement, the parties disputed whether Google had a properly disclosed derivation defense (Dkt. No. 615 at 2, 5).  An order requested supplemental briefing on this issue (Dkt. No. 626).  In Google's supplemental brief, it stated that it was "willing to drop its derivation defense in an effort to narrow the scope of issues for trial" (Dkt. No. 650 at 2).  The undersigned will hold Google to it.  With the understanding that the derivation defense is no longer in the case, this dispute is moot.

### 2.   ACCUSED PRODUCTS FOR '966 PATENT.

In the joint proposed final pretrial statement, Sonos suggested that the jury will be asked to determine whether computing devices with (1) the Google Home app, (2) the YouTube Music app, or (3) the Google Play Music app infringe.  Google countered that computing devices running the YouTube Music app and the Google Play Music app were not properly

United States District Court
Northern District of California

disclosed as accused products.  This order agrees.  The undersigned "denied a motion" at the hearing with respect to this dispute, but since there was no motion and the undersigned has adjusted his position somewhat, a brief explanation is provided below.

At the final pretrial conference, Google projected slides with language allegedly from the cover pleading for the '966 patent infringement contentions to support its argument that computing devices running the YouTube Music app and the Google Play Music app were not properly disclosed as accused products.  Because the parties did not argue this as a motion with exhibits — but instead as a couple sentences in the joint proposed final pretrial statement with no cites — the undersigned was unable to review this document in advance of the hearing.  And counsel never provided or lodged the slides with the relevant language, nor did counsel provide a cite to allow for finding this needle in the haystack of our voluminous record.

But the undersigned did review another document that supports Google's argument: Sonos's most recently amended infringement claim chart for the '966 patent, served on December 16, 2022 (Dkt. No. 430-2; 431-7).  Sonos argued at the hearing that this very document supports its theory that computing devices with the Google Home app, the YouTube Music app, or the Google Play Music app installed infringe.  That is flatly contradicted by the claim chart language, however, which provides that the accused products or "cast-enabled computing devices" run the "Google Home app, *either alone or together with* one or more of these other Cast-enabled apps," such as the YouTube Music app or the Google Play Music app (Dkt. No. 431-7 at 1) (emphasis added).  In other words, the document that Sonos claims supports its arguments fails to do so.

In sum, the accused products are those computing devices with the Google Home app installed, irrespective of whether they happen to have the YouTube Music app or the Google Play Music app installed.  Computing devices without the Google Home app and with the YouTube Music app and/or the Google Play Music app installed are not accused products.

### 3.    DR. SCHONFELD'S TESTIMONY RE. SUPPLEMENTAL REPORT.

According to Sonos, Dr. Schonfeld should not be allowed to testify to new opinions disclosed in his supplemental reply report first served on April 14.  According to Google, this

report was required so that Dr. Schonfeld could respond to new opinions that Dr. Almeroth was permitted to serve on March 21; Dr. Almeroth was allowed to file a supplemental report on the validity of the '885 patent after an order on reconsideration withdrew summary judgment entered in Sonos's favor on that issue.

As stated on the record, by **TOMORROW, MAY 5, at 12 P.M.**, Sonos shall file a copy of Dr. Schonfeld's supplemental reply report with portions that it alleges are new opinions highlighted.  By **SATURDAY, MAY 6, at 12 P.M.**, Google may file a response.  The undersigned will then evaluate whether any material in Dr. Schonfeld's report should be struck.

### 4.    OPENING AND CLOSING STATEMENTS.

Each side will have 35 minutes for its opening statement.  The time allotted for closing statements will be decided at a later date.

### 5.    TIM KOWALSKI AS WITNESS.

Sonos served an objection to Google's inclusion of its employee Tim Kowalski on its amended witness list because Kowalski was not included in Google's initial witness list and has not been deposed in this case.  Google stated at the hearing that Mr. Kowalski was listed on its "may call" list, and that he is knowledgeable about a comparable patent license that may be relevant for assessing damages.  As stated on the record, Sonos may have a one-day deposition of Mr. Kowalski before **TUESDAY, MAY 9, at 12:00 P.M.**  If Google does not produce Mr. Kowalski, he will be barred from testifying.

### OTHER RULINGS FROM FINAL PRETRIAL CONFERENCE

### 1.    AFFIRMATIVE DEFENSES.

Note each side shall have 14 hours to present *all* of the issues to be tried in this case.  No additional time will be allotted to affirmative defenses.

### 2.    STIPULATED MOTIONS *IN LIMINE*.

This order **GRANTS** the stipulated motions *in limine* included in the joint proposed final pretrial statement (Dkt. No. 615 at 13–14).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.     STIPULATIONS RE. TIMELY EXCHANGES.**

In their joint proposed final pretrial statement, the parties stipulated to a scheme for revealing witnesses, exhibits, and demonstratives, with times set for exchanging lists and oppositions, meeting and conferring, and then filing briefs covering lingering disputes.  As stated on the record, the parties' proposal of filing briefs with lingering disputes by 11:30 P.M. each night before our 7:30 A.M. start time is cutting it too close.  The parties shall file their briefs with lingering disputes **NO LATER THAN 7:30 P.M.** each night of trial.  Until the parties file revised stipulations regarding timely exchanges to accommodate this deadline, the deadlines in the undersigned's Standing Order for Civil Jury Trials shall govern.

In addition, the parties shall file any objections regarding opening statement demonstratives by **5:00 P.M.** in lieu of 9:00 P.M., on **SUNDAY, MAY 7**, the day before trial begins.  They shall file revised stipulations regarding this particular exchange to accommodate this deadline.

**IT IS SO ORDERED.**

Dated:  May 4, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE