# VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form and all of my instructions to you. Your answer to each question must be unanimous.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of law as our verdict in this case.

## THE '885 PATENT

1. **INVALIDITY VS. VALIDITY.**

   Has Google proven, by clear and convincing evidence, that claim 1 of the '885 patent is invalid?

   Yes _____    No __✓__

   If you answered "Yes" to Question 1, the asserted claim of the '885 patent is invalid, and you should skip to Question 3. If you answered "No," the asserted claim of the '885 patent is valid, and you should proceed to Question 2.

2. **INFRINGEMENT VS. NON-INFRINGEMENT (NEW VERSION).**

   Has Sonos proven, by a preponderance of the evidence, that Google infringes claim 1 of the '885 patent with respect to the *new version* of the accused products?

   Yes __✓__    No _____

   If you answered "Yes" to Question 2, both the original and new versions of the accused products infringe the asserted claim of the '885 patent. If you answered "No," only the original accused products infringe the asserted claim of the '885 patent (as the judge has already determined). In any case, proceed to Question 3.

## THE '966 PATENT

3. **INVALIDITY VS. VALIDITY.**

    Has Google proven, by clear and convincing evidence, that any of the following asserted claims of the '966 patent are invalid?

    |      |       | Yes | No |
    |------|-------|-----|-----|
    | (i)  | Claim 1 | ___ | ✓ |
    | (ii) | Claim 2 | ___ | ✓ |
    | (iii)| Claim 4 | ___ | ✓ |
    | (iv) | Claim 6 | ___ | ✓ |
    | (v)  | Claim 8 | ___ | ✓ |

    If you answered "Yes" to all parts of Question 3 and "Yes" to Question 1, all asserted patent claims are invalid and your work is done. Skip to the end of the Verdict Form and sign it.

    If you answered "Yes" to all parts of Question 3 and "No" to Question 1, the asserted claim of the '885 patent is valid and the asserted claims of the '966 patent are invalid. Skip to Question 6.

    If you answered "Yes" to at least one part, but not all parts, of Question 3, the corresponding asserted claim(s) of the '966 patent is invalid. Hereafter, you will not need to answer questions with respect to infringement of any invalid asserted claims. The remaining asserted claims are valid. Proceed to Question 4.

4. **INFRINGEMENT VS. NON-INFRINGEMENT (ORIGINAL & NEW VERSION).**

    A. As to any valid asserted claims of the '966 patent, has Sonos proven, by a preponderance of the evidence, that Google infringes any of the following with respect to the *original version* of the accused products?

    |      |       | Yes | No |
    |------|-------|-----|-----|
    | (i)  | Claim 1 | ___ | ✓ |
    | (ii) | Claim 2 | ~~✓~~ | ✓ |
    | (iii)| Claim 4 | ___ | ✓ |
    | (iv) | Claim 6 | ~~✓~~ | ✓ |
    | (v)  | Claim 8 | ~~✓~~ | ✓ |

If you answered "No" to all parts of Question 4A, the original accused products do not infringe the asserted claims of the '966 patent, and you only need to calculate damages for the original accused products' infringement of the asserted claim of the '885 patent. Skip to Question 6.

If you answered "Yes" to one or more parts, the original accused products infringe the corresponding asserted claims of the '966 patent. Please answer the corresponding one or more parts of Question 4B below. For example, if you answered "Yes" to part (i) of Question 4A, you should answer part (i) of Question 4B, whereas if you answered "No" to part (i) of Question 4A, you should not answer part (i) of Question 4B.

B. As to any valid asserted claims of the '966 patent, has Sonos proven, by a preponderance of the evidence, that Google infringes any of the following with respect to the *new version* of the accused products?

   (i)   Claim 1?   Yes ____   No ✓
   (ii)  Claim 2?   Yes ____   No ✓
   (iii) Claim 4?   Yes ____   No ✓
   (iv)  Claim 6?   Yes ____   No ✓
   (v)   Claim 8?   Yes ____   No ✓

If you answered "No" to all parts of Question 4B, the new versions of the accused products do not infringe the asserted claims of the '966 patent, and you only need to calculate damages for any infringement of asserted claims of the '885 and '966 patents by the original accused products.

If you answered "Yes" to one or more parts, both the original and new versions of the accused products infringe the corresponding asserted claims of the '966 patent. In any case, proceed to Question 5.

5. WILLFUL INFRINGEMENT.                    n/a.

If any of the asserted claims of the '966 patent is valid and infringed, has Sonos proven, by a preponderance of the evidence, that Google has infringed any of those asserted claims willfully?

   Yes ____   No ____

If you answered "Yes" to Question 5, Google committed willful infringement of the '966 patent. If you answered "No," Google did not commit willful infringement of the '966 patent. In any case, proceed to Question 6.

## DAMAGES

6. DAMAGES AWARD.

   If no claim is valid and infringed, skip this question.

   If any of the asserted claims of the '885 and '966 patents is valid and infringed, what damages award do you find is adequate to compensate Sonos for Google's infringement? Use one, but only one, of the two methods below, whichever you find most applicable:

   A. PER UNIT ROYALTY         $     2.30

      × NUMBER OF UNITS              14,133,558

      = TOTAL                  $  $32,507,183.40

   B. LUMP SUM                 $ _____

              *    *    *

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations. The foreperson should then sign and date the Verdict Form in the spaces below, and notify the Court Security Officer that you have reached a verdict.

The foreperson should retain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

Dated: 05/26, 2023.   By: /s/ [signature]
                              Foreperson