UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>  Defendant. | No. C 20-06754 WHA<br>No. C 21-07559 WHA<br><br>**SCHEDULING ORDER AFTER REMAND** |

In a joint statement following remand (Dkt. No. 903), the parties agree that to implement the Federal Circuit's mandate will require reinstating the jury's verdict (Dkt. No. 774), entering judgment on the verdict (*see* Dkt. No. 787), and deciding the parties' post-trial motions: (1) Sonos's motion seeking injunctive relief and additional damages (Dkt. No. 820), as well as (2) Sonos's motion under Rules 50 and 59, and (3) Google's motion under Rules 50 and 59 (Dkt. Nos. 823, 824). Both sides request that the Court deem those motions as timely refiled upon entry of the new judgment — plus request *five* pages of supplemental briefing to address intervening changes of law as to the above motions. The joint statement remains ambiguous as to whether the parties are requesting five pages in sum or five pages for one topic plus some uncapped amount for everything else.

For scheduling purposes only, Google's supplemental brief is due by **9:00 A.M. ON NOVEMBER 12, 2025**. And, Sonos's supplemental brief is due by **9:00 A.M. ON NOVEMBER 25, 2025**. Each side is granted a grand total of **EIGHT PAGES** in supplemental briefing. That said,

both sides may take additional pages as needed to list or otherwise make obvious any statements in the preexisting briefing that the party accepts can be *stricken* from our case because the statements are overtaken by new law or otherwise mooted or waived. (As one example, a party may submit copies of its prior briefing with strikeouts showing issues, arguments, or citations the party accepts are out of the case.) Each side shall by **NOON** the day of its respective deadline submit **TWO CHAMBERS COPIES** of its supplemental *and* original briefing on each motion (the latter of which may be replaced with any struck-out copies of the original motion briefing, if relevant). We will hear argument on all three motions in person at **8:00 A.M. ON WEDNESDAY, DECEMBER 10, 2025** in Courtroom 12, San Francisco.

Note well that the judge expects to retire on or before December 31 and is not sure there will be time enough to rule on all the motions. Counsel is encouraged to please try to reduce the number of issues to the ones that really count.

Also, counsel have forecast they want to mediate their dispute but also that they will not get to work on the idea until March 2026. The undersigned would encourage them to get to work a lot sooner —ideally in time to give both sides something to be thankful for this year. Regardless, both sides shall file a joint statement listing clearly any and all further issues they have culled from contention in our case by **11:59 P.M. ON SUNDAY, DECEMBER 7TH**. Any request to vacate our in-person hearing must be received by then.

**IT IS SO ORDERED.**

Dated: October 31, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2